**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LE BON BRUCE WALKER | * |
| | * |
| Plaintiff | * |
| | * |
| vs. | *   Case No. 1:06-cv-00603-GK |
| | * |
| NEIL SELDMAN, et al. | * |
| | * |
| Defendants | * |

**ANSWER OF DEFENDANT, NEIL SELDMAN**

COMES NOW the Defendant, Neil Seldman, by his undersigned counsel, pursuant to Fed. R. Civ. P. Rules 8 and 12 and in answer to the Verified Complaint, states as follows:

**FIRST DEFENSE**

Counts I and II of the Verified Complaint fail to state claims upon which relief can be granted.

**SECOND DEFENSE**

The claims of the Plaintiff in Counts I and II of the Complaint are barred, in whole or in part, by the doctrine of laches.

**THIRD DEFENSE**

That the claims of the Plaintiff in Counts I and II of the Verified Complaint are barred, in whole or in part, by the doctrine of waiver.

**FOURTH DEFENSE**

That the claims of the Plaintiff in Counts I and II of the Verified Complaint are barred, in whole or in part, by the doctrine of estoppel.

**FIFTH DEFENSE**

That the claims of the Plaintiff in Counts I and II of the Verified Complaint are barred, in whole or in part, by the applicable statute of limitations.

**SIXTH DEFENSE**

That the claims of the Plaintiff in Counts I and II of the Verified Complaint are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

**SEVENTH DEFENSE**

The claims of the Plaintiff in Counts I and II of the Verified Complaint are barred, in whole or in part, by virtue of the fraudulent, illegal and wasteful conduct of Le Bon Walker, who made payments for substandard work performed by Veteran's, Inc., a company which he solely owned, and made unallocated payments to himself, Veteran's, Inc. and his son during his tenure as managing member of Selker, LLC, formerly known as Seldman Walker, LLC, and by virtue of his failure to make capital contributions as required pursuant to the terms of the Operating Agreements for this entity.

**EIGHTH DEFENSE**

Plaintiff has failed to join necessary parties.

**NINTH DEFENSE**

That the claims of the Plaintiff in Counts I and II of the Verified Complaint are barred, in whole or in part, by the doctrine of unclean hands.

## **TENTH DEFENSE**

That in response to the specific allegations contained in the Verified Complaint, this Defendant states as follows:

1. That he admits the allegations contained in Paragraph 1 of the Verified Complaint.

2. That he admits the allegations contained in Paragraph 2 of the Verified Complaint.

3. That he admits the allegations contained in Paragraph 3 of the Verified Complaint to the extent that Plaintiff is referring to a "Deed of Appointment of Substitute Trustees" recorded on December 14, 2001 and not a "Deed of Appointment of Trust," as alleged.

4. That he admits the allegations contained in Paragraph 4 of the Verified Complaint Plaintiff is referring to a "Deed of Appointment of Substitute Trustees" recorded on December 14, 2001.

5. That he denies the allegations contained in Paragraph 5 of the Verified Complaint, as alleged.

6. That he admits the allegations contained in Paragraph 6 of the Verified Complaint.

7. That he admits the allegations contained in Paragraph 7 of the Verified Complaint to the extent that the referenced Deed of Trust was executed on January 27, 2000, and not January 7, 2000, as alleged.

8. That he denies the allegations contained in Paragraph 8 of the Verified Complaint, as alleged.

9. That he denies the allegations contained in Paragraph 9 of the Verified Complaint, as alleged.

10. That he denies the allegations contained in Paragraph 10 of the Verified Complaint, as alleged.

11. That he denies the allegations contained in Paragraph 11 of the Verified Complaint, as alleged.

12. That he admits the allegations contained in Paragraph 13 of the Verified Complaint.

13. That he denies the allegations contained in Paragraph 14 of the Verified Complaint.

14. That he denies the allegations contained in Paragraph 15 of the Verified Complaint.

15. That he denies the allegations contained in Paragraph 16 of the Verified Complaint, as alleged.

16. That he admits that Walker was incarcerated in 2001, and denies the balance of the allegations contained in Paragraph 17 of the Verified Complaint.

17. That he denies the allegations contained in Paragraph 18 of the Verified Complaint.

18. That he denies the allegations contained in Paragraph 19 of the Verified Complaint.

19. That in response to Paragraph 20, he adopts and incorporates by reference his responses to Paragraphs 1-19.

20. That he denies the allegations contained in Paragraph 21 of the Verified Complaint.

21. That he denies the allegations contained in Paragraph 22 of the Verified Complaint.

22. That he denies the allegations contained in Paragraph 23 of the Verified Complaint.

23. That he denies the allegations contained in Paragraph 24 of the Verified Complaint.

24. That in response to Paragraph 25, he adopts and incorporates by reference his responses to Paragraphs 1-24.

25. That he denies the allegations contained in Paragraph 26 of the Verified Complaint.

26. That he denies the allegations contained in Paragraph 27 of the Verified Complaint.

27. That he denies the allegations contained in Paragraph 28 of the Verified Complaint.

28. That he denies that Plaintiff is entitled to any of the requested relief as alleged in paragraphs "a" through "g."

WHEREFORE, this Defendant, having fully answered the Verified Complaint filed herein by the Plaintiff, prays that this Court enter an Order dismissing all counts of the Verified Complaint, with costs, including reasonable attorney's fees.

Respectfully Submitted

MILES & STOCKBRIDGE P.C.

__/s/ James A. Sullivan, Jr._____
G. VANN CANADA, JR. (D.C. Bar #366414)
JAMES A. SULLIVAN, JR. (D.C. Bar #475145)
11 North Washington Street
Suite 700
Rockville, Maryland 20850
Telephone: (301) 762-1600

Attorneys for Defendant, Neil Seldman

## LCvR 5.4(b)(5) CERTIFICATE

I HEREBY CERTIFY that the original signed document is in the possession of the undersigned and that it is available for review upon request by a party or by the Court.

____/s/ James A. Sullivan, Jr._____
James A. Sullivan, Jr.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of May, 2006, a copy of the foregoing was mailed via first class mail, postage prepaid, to the following:

> Le Bon Bruce Walker
> 203 Seaton Place, N.E.
> Washington, D.C. 20003

____/s/ James A. Sullivan, Jr._____
James A. Sullivan, Jr.