**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| LEBON BRUCE WALKER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  1:06CV00603 |
| | ) | |
| NEIL SELDMAN, ET AL., | ) | |
| | ) | |
| Defendants | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF MOTION TO DISMISS**

Defendants Dianne Stewart ("Stewart") and Elizabeth Menist ("Menist"), by counsel, file their Memorandum of Points and Authorities in support of their Motion to Dismiss, and state as follows:

This case represents an improper attempt by *pro se* plaintiff LeBon Bruce Walker ("Walker") to retry a case that has been decided in the Superior Court for the District of Columbia, and affirmed on appeal.  As outlined below, this Court lacks jurisdiction to consider Walker's claims under Fed. R. Civ. Pro. Rule 12(b)(1) and the *Rooker-Feldman* doctrine.  Likewise, Walker's claims in this case are barred by the doctrines of *res judicata* and collateral estoppel, and the applicable statutes of limitations.   Furthermore, Walker has failed to state a claim under the RICO statutes or under 42 U.S.C. § 1983, and has not alleged facts to support his punitive damages claim.

## I.    BACKGROUND FACTS

This case arises out of Walker's default on a promissory note securing a second mortgage on property located at 1922 3rd Street, N.W. in Washington, D.C. (Complaint, ¶

6).  Defendants Stewart and Menist acted as substitute trustees for the Deed of Trust

securing the note (Complaint, ¶¶ 3, 4).

According to the Complaint, in January 2000 defendant Neil Seldman loaned

$174,000 to Walker (Complaint, ¶ 6).  Walker executed a Promissory Note and Deed of

Trust, securing the loan with property he owned at 1922 3rd Street, N.W., Washington,

D.C.  (Complaint, ¶¶ 6, 7).  After Walker was incarcerated some time in 2001, he

defaulted on the loan (Complaint, ¶ 17).  With proper notice to Walker, Seldman

foreclosed on the secured property through the substitute trustees, Stewart and Menist

(Complaint, ¶ 18).  Walker contends that the foreclosure was "illegal" since he was not

afforded his right to cure the default pursuant to D.C. statutory law (Complaint, ¶ 18).

## II.    PROCEDURAL HISTORY

Walker initially filed his Complaint on May 12, 2003 in the Superior Court of the

District of Columbia, Civil Action No. 03-0003882.  The action was entitled <u>LeBon

Bruce Walker v. Neil Seldman, Barry Mitchell, Bruce Mitchell, Elizabeth Menist, Dianne

Stewart, and Carole McIntyre</u>.  The Superior Court Complaint alleged wrongful

foreclosure, breach of contract, fraud and sought compensatory and punitive damages.

Defendants moved for summary judgment in December 2003.  The motion was

granted, and Walker moved belatedly for reconsideration.  While the court granted

Walker's motion for reconsideration, Walker was sanctioned for his numerous discovery

abuses.  The case proceeded to trial in April 2005 on the sole issue of whether Walker

had a right to cure the default and prevent foreclosure.  One week before the trial, Stewart

and Menist moved to dismiss the case in its entirety on grounds that Walker could not

state a claim, and for his failure to prosecute the case.  Defendant's motion was granted

and the case was dismissed.  Walker again moved for reconsideration, but this motion was denied by Order dated May, 2005 (Exhibit A)[1].

Walker filed an appeal to the District of Columbia Court of Appeals, and the decision of the Superior Court was affirmed by Judgment Order dated December 21, 2005 (Exhibit B).  Walker's petition for rehearing or rehearing *en banc* was denied by the Court of Appeals by its Order dated February 14, 2005 (Exhibit C).

On March 31, 2006, Walker filed an identical action in the U.S. District Court for the District of Columbia.  The factual allegations track exactly those in his Superior Court case.  For a second time, Stewart and Menist are named as defendants in their capacities as substitute trustees under the Deed of Trust that Walker executed to secure his Promissory Note to Seldman (Complaint ¶¶ 3, 4, *compare* Superior Court Complaint ¶¶ 6, 7, 17).  Because of his incarceration, Walker was unable to pay on the note and defaulted (Complaint, ¶17, *compare* Superior Court Complaint ¶ 14).  Again, he alleges that defendants failed to allow him to cure the default, and that the foreclosure was illegal (Complaint ¶¶ 18, 19, *compare* Superior Court Complaint ¶ 19, 20).  While the former complaint sought damages for wrongful foreclosure, breach of contract and fraud, the instant Complaint, using the same factual scenario, alleges violations of 18 U.S.C. § 1961, et seq. (RICO) and 42 U.S.C. §1983.  Walker's damages claim remains identical as well, seeking $1,000,000 in compensatory damages and punitive damages.

III.    **ARGUMENT**

A.    **MOTION TO DISMISS STANDARD**

Under Rule 12(b)(6) the court may dismiss a complaint for failure to state a claim where it is clear that no relief could be granted under any set of facts that could be proved

---

[1] The Order provides a comprehensive procedural history of this unusual case.

consistent with the allegations.  Mount v. Baron, 154 F. Supp. 2d 3 (D.C. Cir. 2001).  In testing the legal sufficiency of the allegations, the court need not accept Walker's "bare conclusions of law, or sweeping and unwarranted averments of fact…".  Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987).

### B.    THE COMPLAINT LACKS SUBJECT MATTER JURISDICTION

Walker lacks federal subject matter jurisdiction under Fed. R. Civ. Pro. Rule 12(b)(1).  It is clear that there is no diversity between Walker and defendants Stewart and Menist, or any of the defendants.  Jurisdiction apparently is premised on a federal question involving RICO and 42 U.S.C. § 1983.  As noted below, plaintiff cannot state a claim under either federal statute, thus his averments of federal jurisdiction are frivolous. Since Walker has not met the prerequisite for litigating a federal claim, jurisdiction is absent and this case should be dismissed.

The Complaint is also barred under the *Rooker-Feldman* doctrine.  "The *Rooker-Feldman* doctrine provides that 'a United States District Court has no authority to review final judgments of a state court in judicial proceedings.'"  Brown & Root, Inc. v. Breckenridge, 211 F.2d 194, 198 (4th Cir. 2000), *quoting* District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).  The court in Brown & Root explained that "jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." Id., *quoting* Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997), cert. denied, 524 U.S. 945, 118 S. Ct. 2359, 141 L.Ed.2d 727 (1998).  Additionally, the *Rooker-Feldman* doctrine "bars not only direct review of issues actually decided by the state court, but also

4

consideration of those claims which are 'inextricably intertwined' with state court decisions." Id.

The rationale for the doctrine is that a party losing in state court should be "barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. DeGrandy, 512 U.S. 997, 1005-06, 114 S. Ct. 2647, 129 L. Ed. 2d 775 (1994).

In the present case, Walker's claims are "inextricably intertwined" with the litigation in Superior Court for the District of Columbia, and represent nothing more than a collateral attack upon the rulings of the state and appellate courts. The entire premise of Walker's lawsuit is that he should have been allowed to cure his default on the promissory note, and thus the foreclosure was wrongfully conducted. The D.C. Superior Court ruled that the foreclosure was proper and that the "cure" statute was inapplicable to Walker's commercial building. This decision was affirmed on appeal. By this new action, Walker would have this Court overrule the decisions of the Superior Court and the Court of Appeals as to the propriety of the foreclosure. The instant case falls squarely within the parameters of the *Rooker-Feldman* doctrine and should be dismissed.

## C.    THE COMPLAINT IS BARRED BY RES JUDICATA AND COLLATERAL ESTOPPEL

Walker's Complaint is also barred by the doctrines of *res judicata* and collateral estoppel. The doctrine of *res judicata* bars relitigation of causes of action that were, or could have been, asserted in prior litigation between the same parties or those in privity with the parties. This court has long held that those who have contested an issue are

bound by the result, and that the matters are forever settled.  <u>Spilker v. Hankin</u>, 188 F.2d 35 (C.A.D.C. 1951).

The requirements of collateral estoppel are essentially the following: (1) the issue to be precluded is identical to the issue already litigated; (2) the issue was actually determined in the prior proceeding; (3) the determination of the issue was essential to the decision in the prior proceeding; (4) the prior judgment was final and valid; (5) the party against whom estoppel is asserted was a party to or in privity with a party in the prior action and had a full and fair opportunity to litigate the issue." <u>Weinberger v. Tucker</u>, 391 F.Supp.2d 241 (D.D.C. 2005).  Where there was a final judgment on the merits, as there was in this case, collateral estoppel operates to preclude the subsequent relitigation of the same issues, regardless of whether the subsequent suit is based on the same cause of action.  <u>Estate of Klieman v. Palestinian Authority</u>, ___ F. Supp.2d ___ (March 30, 2006) WL 832501.

Under either or both of these doctrines -- *res judicata* and collateral estoppel -- Walker's claims against Stewart and Menist must be dismissed.  Indeed, the Superior Court of the District of Columbia dismissed Walker's claims on the merits.  He cannot now reassert the same claims in a federal forum.

### D.     THE COMPLAINT IS BARRED BY THE APPLICABLE STATUTES OF LIMITATION

Walker filed this Complaint on March 31, 2006, complaining that he was damaged by the wrongful foreclosure on his property. Although Walker can state no cause of action against Stewart or Menist, his purported claims necessarily accrued on January 15, 2002 – the date of the foreclosure sale.  Subsequent events, including

Walker's repeated and unsuccessful forays into other courts, cannot serve to extend the limitations period.

Any cause of action that Walker seeks to assert for his personal damage as a result of the foreclosure would be governed by a four-year statute of limitations for civil RICO claims. *See, e.g*., Agency Holding Corp. v. Malley-Duff & Associates, Inc., 483 U.S. 143, 107 S.Ct. 2759, 2767, 97 L.Ed.2d 121 (1987).

Although 42 U.S.C. §1983 does not contain a statute of limitations, "it is well settled that federal courts may 'borrow' a limitations period from an analogous state cause of action to the extent that the state limitations period is not inconsistent with the underlying federal interests at stake." Does I Through III v. District of Columbia, 232 F.R.D. 18, 30 (2005), *citing* Wilson v. Garcia, 471 U.S. 261, 266-67, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985); Spiegler v. District of Columbia, 866 F.2d 461, 463-64 (D.C. Cir. 1989). In this instance, Walker is either arguing that Stewart and Menist breached contractual provisions under the promissory note, or were negligent in handling the foreclosure. Under either scenario, a three-year statute of limitations applies.[2] Furthermore, in actions where a limitations period is not otherwise prescribed, D.C. Code § 12-301(8) also imposes a three-year statute of limitations. Does I Through III v. District of Columbia, *supra*, 232 F.R.D. 18 at 31.

As a result, Walker's claims became time-barred in January 2006 for the RICO claim, and in January 2005 for his §1983 claim.

---

[2] *See* D.C. Code §12-301

### D.    WALKER HAS NOT STATED CLAIM FOR VIOLATION OF 18 U.S.C. §1961, ET SEQ. (RICO)

Walker's claim for damages under the Racketeer Influenced and Corrupt Organizations Act ("RICO") fails to state a claim upon which relief may be granted.  In Count I of his Complaint, Walker generally alleges that defendants Seldman, Stewart and Menist violated 18 U.S.C. §§ 1962, 1963 and 1964 of RICO by participating in the alleged "unlawful" foreclosure and conspiring to receive proceeds from the sale (Complaint, ¶ 22).  Whereas § 1962 sets forth the prohibited acts that constitute a criminal RICO violation, it is § 1964(c) – titled "Civil Remedies" – that affords private individuals the right to bring a claim for a violation of § 1962.  See 18 U.S.C. § 1964(c); see also International Data Bank, Ltd. v. Zepkin, 812 F.2d 149, 151 (4th Cir. 1987) (noting that "[u]nder 18 U.S.C. § 1964(c), a private right of action is permitted under RICO to '[a]ny person injured in his business or property by reason of a violation'" of § 1962).  18 U.S.C. § 1962(a) provides:

> It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities which affect, interstate commerce.

The statute further states, "It shall be unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), or (c) of this section." 18 U.S.C. § 1962(d).

In order to state a claim under RICO it is necessary to allege the following elements:

> (1) that the defendant (2) through the commission of two or more acts (3) constituting a "pattern" (4) of racketeering activity" (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce.

Moss v. Morgan Stanley, 719 F.2d 5, 17 (2nd Cir. 1982).

Walker has failed to allege that Stewart or Menist committed any predicate acts. Federal Rule of Civil Procedure 9(b) provides that "in all averments of fraud . . . the circumstances constituting fraud shall be stated with particularity." Rule 9(b) applies to claims arising under RICO, and extends to pleading predicate acts of mail and wire fraud. Feinstein v. Resolution Trust Corporation, 942 F.2d 34, 41 (1st Cir. 1991); Menasco, Inc. v. Waserman, 886 F.2d 681,684 (4th Circ. 1989); Kerby v. Mortgage Funding Corp., 992 F. Supp. 787, 799 (D. Md. 1998). Walker also has not alleged that Stewart or Menist mailed anything directly to him or to any other party. In fact, the Complaint is completely devoid of any allegations that these defendants used the mails for any purpose, much less a fraudulent purpose. Where Walker has failed to allege the required elements of a claim for violation of RICO, the claim must be dismissed. *See,* Browning Avenue Realty Corp. v. Rosenshein, 774 F.Supp. 129, 137 (S.D.N.Y. 1991).

In addition, Walker has alleged in conclusory fashion that Stewart and Menist conspired to violate RICO. In order to state a claim, Walker must allege that Stewart and Menist had

> 1) knowledge of the general nature of the conspiracy;
> 2) [an] agreement by [Stewart and Menist]:
>     (a) to personally commit a violation of sections 1962(a-c);
>     (b) to aid or abet a violation; or

(c) that another co-conspirator commit a violation; and
    3) injury caused by an act in furtherance of the conspiracy.

In Re American Honda Motor Co., 941 F.Supp. 528, 560 (D.Md. 1996).  This burden has

alternatively been stated as requiring the following:

> [The] plaintiff must allege that each defendant, by words or
> actions, manifested an agreement to commit two predicate
> acts in furtherance of the common purpose of the RICO
> enterprise.  Bare or conclusory allegations of participation
> in a conspiracy under 1962(d) will not avail on a motion to
> dismiss, and the plaintiff must plead allegations that each
> defendant knowingly agreed to participate in the
> conspiracy, particularly when the predicate acts alleged are
> fraud.

Laverpool v. New York City Transit Authority, 760 F.Supp. 1046, 1060 (E.D.N.Y. 1991.

In an effort to satisfy this requirement, Walker has vaguely alleged:

> Menist and Stewart who owed to Walker a duty of care in
> assuring that the foreclosure sale was carried out in
> accordance with DC law conspired with Seldman and
> received proceeds from an unlawful foreclosure sale are
> also guilty of theft, bribery and embezzlement in violation
> of §§§ 1962, 1963 and 1964 of the RICO Act.

(Complaint, ¶ 22). However the underlying RICO claim is predicated on mail fraud, and

nowhere in the Complaint does Walker allege that Stewart or Menist used or even knew

that the mails were being used to commit fraud.  It is beyond dispute that Walker has not

alleged that Stewart of Menist "manifested an agreement to commit two or more

predicate acts [of mail fraud]."  Id.

Defendants have not engaged in a "pattern" as required under RICO.  *See,*

Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346

(1985).  The lone foreclosure transaction could not represent a "pattern" of racketeering

activity as required under the statute.  The pattern requirement distinguishes "ordinary

claims of fraud best left to the 'state common law of fraud' …. from those activities of such a 'criminal dimension and degree' as to warrant the extraordinary remedies of RICO."  HMK Corp. v. Walsey, 828 F.2d 1071, 1076 (4th Cir. 1987).  Accordingly, Walker's Complaint asserting a violation of RICO should be dismissed with prejudice.

### E.    WALKER CANNOT STATE A  §1983 CLAIM AGAINST THESE DEFENDANTS

Walker's Complaint makes reference to a civil rights claim against Stewart and Menist under 42 U.S.C. § 1983.  Walker never alleges (nor can he allege) that the private individual defendants acted under color of state law; nor does Walker plead any facts showing that these defendants acted under color of state law.  A mortgage foreclosure by a private party is not an action under color of state law.  *See* Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 98 S. Ct. 1729, 56 L.Ed. 2d 185 (1978) (finding that warehouseman's private sale of goods as permitted by state law was not a state action); Reynolds v. Gateway Georgetown Condominium Association, Inc., 1986 WL 2808 (D.D.C. 1986) (not reported) (finding that foreclosure by private entity is not state action).  *See also* Bryant v. Jefferson Federal Savings and Loan Ass'n, 509 F.2d 511 (D.C. Cir. 1974) (recognizing the right of private parties to negotiate contracts concerning foreclosure and that foreclosure by private entity does not violate due process).  For these reasons, Count II of the Complaint must be dismissed.

### G.    WALKER CANNOT SUPPORT A CLAIM FOR PUNITIVE DAMAGES AGAINST THESE DEFENDANTS

Walker seeks $1,000,000 in punitive damages from Stewart and Menist (Complaint, p. 6).  Generally, punitive damages are not favored in law.  Sere v. Group Hospitalization, Inc., 443 A.2d 33 (D.C. 1982), *cert. denied*, 459 U.S. 912 (1982).  The

purpose of such damages is punishment for outrageous conduct which is malicious, wanton, reckless, or in willful disregard for another's rights and deterrence from similar activity in the future.  Nepera Chem. Inc.v. Sea-Land Service, Inc., 794 F.2d 688 (D.C. Cir. 1986); *see also* Vassiliades v. Garfinkel's, 492 A.2d 580 (D.C. 1985).  It is clear that the conduct of a defendant must be unlawful, and accompanied by fraud, ill will, disregard of a plaintiff's rights or other circumstances tending to aggravate the injury. Dyer v. William S. Bergman, 657 A.2d 1132 (D.C. 1995).

    In this instance, Stewart and Menist merely acted as substitute trustees on the Deed of Trust securing the promissory note between Walker and Seldman.  Walker has not alleged conduct on the part of these defendants that amounted to malicious, reckless or outrageous behavior to support a punitive damage claim.  Moreover, the foreclosure was found to be proper, and not illegal, as alleged.  Where the allegations in the Complaint fail to support a claim for punitive damages, it should be dismissed.

## IV.    CONCLUSION

    Walker already received a decision on the merits of his claims against Stewart and Menist in May, 2005 by the Order denying reconsideration of the dismissal of his suit in the District of Columbia Superior Court, which was affirmed on appeal.  He cannot now restate his claim in a different forum based on frivolous federal claims.  For the reasons stated, the Complaint should be dismissed with prejudice.

WHEREFORE, the Motion to Dismiss of defendants Dianne Stewart and Elizabeth Menist should be granted, and the Complaint dismissed with prejudice, with an award to defendants for their costs, including reasonable attorneys' fees.

**DIANNE STEWART and ELIZABETH MENIST**

By: _____
Counsel

David D. Hudgins, D.C. Bar No. 362451
HUDGINS LAW FIRM
515 King Street, Suite 400
Alexandria, VA  22314
(703) 739-3300

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Memorandum was sent via electronic filing and mailed, postage prepaid, this 10th day of May, 2006 to:

LeBon Bruce Walker
203 Seaton Place, NE
Washington, D.C.  20002

James Sullivan
Miles & Stockbridge
11 N. Washington St., Suite 700
Rockville, MD  20850

Carole McIntyre
1922 3rd St. NW #9
Washington, D.C.  20001

By: _____
Counsel

13