SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

| | |
|---|---|
| LE BON BRUCE WALKER,<br>　　　　　　Plaintiff | :<br>:<br>: |
| v. | : Civil Action No. 03-3882<br>: Calendar 14 |
| NEIL SELDMAN, et al.,<br>　　　　　　Defendants. | :<br>: |

### ORDER

This matter is before the court in an unusual procedural posture. On April 25, 2005, the court dismissed this action for want of prosecution. Two days later, on April 27, 2005, Plaintiff filed a notice of appeal from that ruling. Thereafter, on May 4, 2005, Plaintiff filed with this court a motion for reconsideration of the April 25th order, in the nature of a motion pursuant to Super. Ct. Civ. R. 59(e). Ordinarily, absent a remand, the filing of Plaintiff's notice of appeal would deprive the trial court of jurisdiction to grant (but not to deny) Plaintiff's motion. Smith v. Pollin, 90 U.S. App. D.C. 178, 179; 194 F.2d 349, 350 (1952). However, on July 19, 2005, the District of Columbia Court of Appeals entered an order dismissing the appeal as premature because of the pendency of Plaintiff's Rule 59(e) motion in the trial court. Accordingly, Plaintiff's motion is now before the court on the merits. The matter is also before the court on Defendant Neil Seldman's motions to release the *lis pendens* and his motion for attorneys' fees and costs.[1]

Plaintiff has presented nothing in his motion for reconsideration that was not before the court on April 25, 2005. The decision to dismiss this action after denying Plaintiff's untimely

---

[1] Plaintiff opposed both of Defendant Seldman's motions and also filed on May 11, 2005, a belated written opposition to Defendants' motion to dismiss, which Defendants filed before the trial date of April 25, 2005.



EXHIBIT A

request for a continuance was not one the court took lightly. The court made its decision only after hearing at length from Plaintiff and Ms. Edwards, who at that time was under suspension and could appear only as a fact witness, as well as counsel for Defendants. However, in light of certain representations in Plaintiff's pleadings, the court will address some of the points Plaintiff has raised.

First, Plaintiff asserts in footnote one of his reply to Defendants' opposition to his Rule 59 motion and again on page five of the same pleading that the court's law clerk told Ms. Edwards on April 22, 2005, that, given her inability to produce a substitute lawyer for the Plaintiff, the court would in all likelihood grant a continuance on the morning of trial, the following Monday. This is emphatically not true. By April 22, 2005, the court had already received Defendants' written motion to dismiss. It would not have allowed its clerk to offer any opinion on the likely outcome on the morning of trial, especially with such a motion pending, and the law clerk has assured the court he said no such thing. At most, the clerk would have conveyed to Ms. Edwards what the court told its clerk to convey, which was to tell Ms. Edwards to appear on Monday to explain the circumstances and be available to Plaintiff as a witness should he seek a continuance.

Second, the court learned of Ms. Edwards suspension at about the same time as Defendants, by reading the slip opinion from the Court of Appeals. Ms. Edwards did _not_ contact the court in March or early April to request a continuance or to suggest any other problem adhering to the April 25th trial date, even though all parties knew that the suspension was _then_ scheduled to take effect on April 18, 2005. During this time, Defendants' counsel represented to the court's staff members that he had made numerous attempts to contact Ms. Edwards, to no avail, to determine whether Plaintiff would be ready to proceed to trial on April 25, 2005. When

2

Ms. Edwards finally contacted the court in response to an inquiry about the status of the April 25th trial date, Ms. Edwards emphatically stated that Plaintiff was not seeking a continuance, he would appear ready for trial on April 25th, and would be represented either by Ms. Edwards (with dispensation from the Court of Appeals) or by substitute counsel who was prepared to take the matter to trial. Based on those representations, the court advised counsel for Defendants to prepare for trial and directed both sides to file their trial briefs, the deadline for which had previously been extended. If Ms. Edwards had requested a continuance in early April, the court might have been willing to grant a brief continuance of the trial date, even over the objection of the Defendants. Instead, it was not until April 22, 2005, the Friday before trial, that Ms. Edwards first advised the court that Plaintiff would not be represented for trial on Monday.[2]

When Monday came, Plaintiff appeared with Ms. Edwards and without counsel and requested a continuance. Defendants objected and pressed for a ruling on their previously filed motion to dismiss. After hearing at length from all parties, the court denied the request for a continuance. It was not a step the court took lightly. The court fully understood that if the matter proceeded to trial and resulted in a verdict for the Defendants, a reviewing court would have to decide whether the court had properly exercised its discretion.[3]

---

[2] Plaintiff argues that it is not his fault, and not Ms. Edwards' fault, that the substitute counsel Ms. Edwards had lined up backed out at the last minute, and the substitute for the substitute had a scheduling conflict. Without getting into the middle of Ms. Edwards' negotiations with substitute counsel, the court can appreciate the reluctance of new counsel to make a commitment while at the same time Ms. Edwards was attempting to secure a reprieve from the Court of Appeals. In any event, whether or not it was Plaintiff's fault or Ms. Edwards' fault for Plaintiff's appearance without counsel, it was certainly not Defendants' fault.

[3] In exercising its discretion, the court considered the complexity of the case. Plaintiff characterizes the case as complex, but it had actually devolved into a relatively straightforward matter. While Plaintiff undoubtedly preferred to be represented by counsel, as a result of earlier rulings sanctioning Plaintiff for his earlier procedural defaults or those of his counsel, Plaintiff's witnesses were limited to himself and opposing parties, the case was to be tried without a jury, and the entire case turned on a single disputed factual issue: was the property in question Plaintiff's personal residence for purposes of his statutory right of redemption after he defaulted on his mortgage. Before ordering Plaintiff to proceed on the morning of trial, the court made a judgment that Plaintiff was fully capable of presenting his case in its pared-down procedural posture.

3

The court did not dismiss Plaintiff's case as a sanction, and the decisions addressing that issue are inapposite. Instead, the court denied Plaintiff's last minute motion for a continuance and directed him to proceed without counsel. Plaintiff had a choice, which the court carefully explained to him. He could proceed over his objection, and preserve the issue for appeal. If he prevailed at trial the issue would be moot. If he lost, he could argue on appeal that the court should not have required him to proceed without counsel. Or he could do what he did, which was to elect not to proceed. When Plaintiff announced that he was not prepared to proceed to trial, the court granted Defendants' motion to dismiss for failure to prosecute pursuant to Super. Ct. Civ. R. 41(b).

The Court of Appeals will now have to review the record without knowing what the outcome at trial would have been. Nonetheless, the record is clear. Plaintiff had an opportunity to seek a continuance of the trial based on his lawyer's unfortunate predicament, but chose not to. Plaintiff's counsel could have withdrawn and assisted Plaintiff in <u>fully</u> engaging new counsel in time to try this relatively uncomplicated case, but chose not to. When Plaintiff's last minute request for a continuance was heard and denied, based largely on unfair prejudice to the Defendants, Plaintiff could have elected to proceed to trial while preserving his objection, but chose not to. On this record, the court fails to see any grounds on which to reconsider and reverse the rulings made on April 25, 2005, after careful consideration.

The matter is also before the court on Defendant Seldman's motion for an order releasing the *lis pendens* and his motion for attorneys' fees and costs. The court's dismissal for want of prosecution on April 25, 2005, was an adjudication on the merits. The judgment of dismissal was not docketed until April 27, 2005, and therefore Defendant Seldman's motion for attorneys' fees was timely filed on May 11, 2005, pursuant to Super. Ct. Civ. R. 54(d)(2)(B). Defendant is

4

the prevailing party and, as such, is entitled to costs under Rule 54 and to attorneys' fees pursuant to the Deed of Trust that was foreclosed. The court is not unmindful of the prejudice to Defendant Seldman created by the *lis pendens* and of the financial burden of having to advance his attorneys' fees to defend against Plaintiff's action to set aside the foreclosure. However, it is apparent the Plaintiff intends to appeal this court's judgment of dismissal. Until he does, and the Court of Appeals decides the issue, it cannot be determined with finality that Defendant is the prevailing party. If the court should cancel the lis pendens prematurely, it would permit Defendant Seldman to dispose of the property and frustrate Plaintiff's ability to obtain full relief should he ultimately prevail. The court is confident that it exercised its discretion in this matter fairly and properly, but Plaintiff has a right to have that question reviewed on appeal. Until then, the court will defer ruling on Defendant Seldman's motion to cancel the *lis pendens* and his motion for costs and attorneys' fees. See Breiner v. Daka, Inc., 806 A.2d 180, 183 (D.C. 2002).

Accordingly, it is this 25th day of July, 2005,

ORDERED that Plaintiff's motion for reconsideration be, and it hereby is, denied; and it is further

ORDERED that the court will defer ruling on Defendant Seldman's motion for attorneys' fees and costs and his motion for cancellation and release of notice of *lis pendens* until the time for noting an appeal from this order has expired or until the disposition of any appeal that may be taken.

/s/ Frederick H. Weisberg
JUDGE FREDERICK H. WEISBERG

5

Copies to:

Lucy Edwards
3001 Georgia Avenue, N.W.
Washington, D.C. 20001

James Sullivan
Miles & Stockbridge
11 North Washington Street, Suite 700
Rockville, MD 20850

Craig Brodsky
One South Street, 20th Floor
Baltimore, MD 21202

Le Bon Bruce Walker
203 Seaton Place, N.E.
Washington, DC 20002

DOCKETED In Chambers   JUL 2 6 2005

MAILED From Chambers   JUL 2 6 2005