**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LE BON BRUCE WALKER | * |
| | * |
| Plaintiff | * |
| | * |
| vs. | *   Case No. 1:06-cv-00603-GK |
| | * |
| NEIL SELDMAN, et al. | * |
| | * |
| Defendants | * |

**ANSWER OF DEFENDANT, NEIL SELDMAN TO AMENDED VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE, ILLEGAL SALES OF COMPANY PROPERTY, CIVIL RIGHTS VIOLATIONS, CONSPIRACY, THEFT, BRIBERY, EMBEZZLEMENT UNDER THE RICO ACT**

COMES NOW the Defendant, Neil Seldman, by his undersigned counsel, pursuant to Fed. R. Civ. P. Rules 8 and 12 and in answer to the Amended Verified Complaint for Wrongful Foreclosure, Illegal Sales of Company Property, Civil Rights Violations, Conspiracy, Theft, Bribery, Embezzlement Under the Rico Act (the "Amended Complaint"), states as follows:

**FIRST DEFENSE**

Counts I through VI of the Complaint fail to state claims upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff, Le Bon Walker lacks the authority to sue this Defendant in a representative capacity for Selker, LLC and has failed to comply with the requirements of D.C. Code §§ 29-1015, 29-1043 and 29-1045, Fed. R. Civ. P. Rules 23.1 and 23.2

## THIRD DEFENSE

The claims of the Plaintiff in Counts I through VI of the Complaint are barred, in whole or in part, by virtue of the fraudulent, illegal and wasteful conduct of Le Bon Walker, who made payments for substandard work performed by Veteran's, Inc., a company which he solely owned, and made unallocated payments to himself, Veteran's, Inc. and his son during his tenure as managing member of Selker, LLC, formerly known as Seldman Walker, LLC, and by virtue of his failure to make capital contributions as required pursuant to the terms of the Operating Agreements for this entity.

## FOURTH DEFENSE

That the claims of the Plaintiff in Counts I through VI of the Complaint are barred, in whole or in part, by the doctrine of laches.

## FIFTH DEFENSE

That the claims of the Plaintiff in Counts I through VI of the Complaint are barred, in whole or in part, by the doctrine of waiver.

## SIXTH DEFENSE

That the claims of the Plaintiff in Counts I through VI of the Complaint are barred, in whole or in part, by the doctrine of estoppel.

## SEVENTH DEFENSE

That the claims of the Plaintiff in Counts I through VI of the Amended Complaint are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

**EIGHTH DEFENSE**

That the claims of the Plaintiff in Counts I through VI of the Amended Complaint are barred, in whole or in part, by the applicable statute of limitations.

**NINTH DEFENSE**

Plaintiff has failed to join necessary parties.

**TENTH DEFENSE**

That in response to the specific allegations contained in the Amended Complaint, this Defendant states as follows:

1. The first unnumbered paragraph of the Amended Complaint states a legal conclusion which requires no response from this Defendant.

2. That he admits the allegations contained in Paragraph 1 of the Amended Complaint.

3. That he denies the allegations of Paragraph 2 of the Amended Complaint, as alleged.

4. That he denies the allegations of Paragraph 3 of the Amended Complaint, as alleged.

5. That he denies the allegations contained in Paragraph 4 of the Amended Complaint, as alleged.

6. That he admits the allegations contained in Paragraph 5 of the Amended Complaint to the extent that Plaintiff is referring to a "Deed of Appointment of Substitute Trustees" recorded on December 14, 2001.

7. That he admits the allegations contained in Paragraph 6 of the Amended Complaint to the extent that Plaintiff is referring to a "Deed of Appointment of Substitute Trustees" recorded on December 14, 2001.

8. That he is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Amended Complaint, which are, therefore, denied.

9. The allegations contained within Paragraph 8 are vague, ambiguous and/or unintelligible and are, therefore, denied as alleged.

10. The allegations contained within Paragraph 9 are vague, ambiguous and/or unintelligible and are, therefore, denied as alleged.

11. The allegations contained within Paragraph 10 are vague, ambiguous and/or unintelligible and are, therefore, denied as alleged.

12. The allegations contained within Paragraph 11 are vague, ambiguous and/or unintelligible and are, therefore, denied as alleged.

13. That he is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Amended Complaint, which are, therefore, denied.

14. That he is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Amended Complaint, which are, therefore, denied.

15. That he is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Amended Complaint, which are, therefore, denied.

16. That he is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Amended Complaint, which are, therefore, denied.

17. That he admits the allegations contained in Paragraph 16 of the Amended Complaint.

18. That he admits the allegations contained in Paragraph 17 of the Amended Complaint; however denies that Seldman "executed" the Deed of Trust.

19. That he denies the allegations of Paragraph 18 of the Amended Complaint.

20. That he denies the allegations contained in Paragraph 19 of the Amended Complaint, as alleged.

21. That he admits that Walker relinquished his managerial duties to Seldman and that Seldman was responsible for the day-to-day operations of Selker by written agreement, but denies the balance of the allegations of Paragraph 20 of the Amended Complaint, as alleged.

22. That he denies the allegations of Paragraph 21 of the Amended Complaint.

23. That he denies the allegations of Paragraph 22 of the Amended Complaint.

24. That he denies the allegations of Paragraph 23 of the Amended Complaint.

25. That he denies the allegations of Paragraph 24 of the Amended Complaint.

26. That he denies the allegations of Paragraph 25 of the Amended Complaint, as alleged.

27. That he admits that Walker was incarcerated in 2001, and denies the balance of the allegations contained in Paragraph 26 of the Amended Complaint.

28. That he denies the allegations of Paragraph 27 of the Amended Complaint.

29. That he denies the allegations of Paragraph 28 of the Amended Complaint.

30. That he denies the allegations of Paragraph 29 of the Amended Complaint.

31. That he denies the allegations of Paragraph 30 of the Amended Complaint.

32. That he denies the allegations of Paragraph 31 of the Amended Complaint, as alleged.

33. That he denies the allegations of Paragraph 32 of the Amended Complaint, as alleged.

34. That he denies the allegations of Paragraph 33 of the Amended Complaint, as alleged.

35. That he denies the allegations of Paragraph 34 of the Amended Complaint, as alleged.

36. That Paragraph 35 contains no factual allegations and therefore does not warrant a response.

37. That in response to Paragraph 36, he adopts and incorporates by reference his responses to Paragraphs 1-35.

38. That he denies the allegations of Paragraph 37 of the Amended Complaint.

39. That he denies the allegations of Paragraph 38 of the Amended Complaint as alleged.

40. That he denies the allegations of Paragraph 39 of the Amended Complaint as alleged.

41. That he denies the allegations of Paragraph 40 of the Amended Complaint.

42. That he denies the allegations of Paragraph 41 of the Amended Complaint.

43. That he denies the allegations of Paragraph 42 of the Amended Complaint.

44. That he denies the allegations of Paragraph 43 of the Amended Complaint.

45. That he denies the allegations of Paragraph 44 of the Amended Complaint.

46. That he denies the allegations of Paragraph 45 of the Amended Complaint.

47. That in response to Paragraph 46, he adopts and incorporates by reference his responses to Paragraphs 1-45.

48. That he denies the allegations of Paragraph 47 of the Amended Complaint.

49. That he denies the allegations of Paragraph 48 of the Amended Complaint.

50. That he denies the allegations of Paragraph 49 of the Amended Complaint.

51. That he denies the allegations of Paragraph 50 of the Amended Complaint.

52. That in response to Paragraph 51, he adopts and incorporates by reference his responses to Paragraphs 1-50.

53. That he denies the allegations of Paragraph 52 of the Amended Complaint.

54. That he denies the allegations of Paragraph 53 of the Amended Complaint.

55. That he denies the allegations of Paragraph 54 of the Amended Complaint.

56. That he denies the allegations of Paragraph 55 of the Amended Complaint.

57. That he denies the allegations of Paragraph 56 of the Amended Complaint.

58. That in response to Paragraph 57, he adopts and incorporates by reference his responses to Paragraphs 1-56.

59. That he denies the allegations of Paragraph 58 of the Amended Complaint.

60. That he denies the allegations of Paragraph 59 of the Amended Complaint.

61. That in response to Paragraph 60, he adopts and incorporates by reference his responses to Paragraphs 1-59.

62. That he denies the allegations of Paragraph 61 of the Amended Complaint.

63. That he denies the allegations of Paragraph 62 of the Amended Complaint.

64. That he denies the allegations of Paragraph 63 of the Amended Complaint.

65. That in response to Paragraph 64, he adopts and incorporates by reference his responses to Paragraphs 1-63.

66. That he denies the allegations of Paragraph 65 of the Amended Complaint.

67. That he denies the allegations of Paragraph 66 of the Amended Complaint.

68. That he denies the allegations of Paragraph 67 of the Amended Complaint.

69. That he denies that Plaintiff is entitled to any of the requested relief as alleged in paragraphs "a" through "h."

WHEREFORE, this Defendant, having fully answered the Amended Complaint filed herein by the Plaintiff, prays that this Court enter an Order dismissing all counts of the Amended Complaint, with costs, including reasonable attorney's fees.

    Respectfully Submitted,

    MILES & STOCKBRIDGE P.C.


    __/s/ James A. Sullivan, Jr._____
    G. VANN CANADA, JR. (D.C. Bar #366414)
    JAMES A. SULLIVAN, JR. (D.C. Bar #475145)
    11 North Washington Street
    Suite 700
    Rockville, Maryland 20850
    Telephone: (301) 762-1600

    Attorneys for Defendant, Neil Seldman


## LCvR 5.4(b)(5) CERTIFICATE

I HEREBY CERTIFY that the original signed document is in the possession of the undersigned and that it is available for review upon request by a party or by the Court.

    ___/s/ James A. Sullivan, Jr._____
    James A. Sullivan, Jr.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of May, 2006, a copy of the foregoing was mailed via first class mail, postage prepaid, to the following:

>Le Bon Bruce Walker
>203 Seaton Place, N.E.
>Washington, D.C. 20003

>    /s/ James A. Sullivan, Jr.
>James A. Sullivan, Jr.