IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LE BON BRUCE WALKER, et al. | * | |
| Plaintiffs | * | |
| v. | * | Case No.: 06-CV-0603 |
| NEIL SELDMAN, et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT WOLDEHANNA'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant, Yohannes Woldehanna ("Mr. Woldehanna"), by his attorneys and pursuant to Rules 12(b) and 56 of the Federal Rules of Civil Procedure, hereby moves to dismiss the claims against him on the ground that the amended complaint fails to state a claim upon which relief may be granted or, alternatively, for summary judgment as there are no material facts in dispute and Mr. Woldehanna is entitled to judgment as a matter of law. The basis for Mr. Woldehanna's Motion is set forth in the attached memorandum of law, which is incorporated by reference herein.

WHEREFORE, Mr. Woldehanna requests that the Court grant his Motion and dismiss with prejudice the claims against Mr. Woldehanna or, alternatively, enter judgment in his favor, and order such other and further relief as may be appropriate.

Respectfully submitted,

_____/s/_____
F. Joseph Nealon (#218966)
Kirsten E. Keating (#453500)
Ballard Spahr Andrews & Ingersoll, LLP
601 13th Street, NW, Suite 1000 South
Washington, D.C. 20005
202-661-2200

Robert A. Scott
Ballard Spahr Andrews & Ingersoll, LLP
300 East Lombard Street, 18th Floor
Baltimore, Maryland 21202
(410) 528-5600

Dated: June 16, 2006        Counsel for Defendant Yohannes Woldehanna

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LE BON BRUCE WALKER, et al.      *

          Plaintiffs      *

v.      *      Case No.: 06-CV-0603

NEIL SELDMAN, et al.      *

          Defendants      *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WOLDEHANNA'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant, Yohannes Woldehanna ("Mr. Woldehanna"), by his attorneys, hereby submits this memorandum of law in support of his motion to dismiss or, in the alternative, for summary judgment, and states as follows:

### INTRODUCTION

Plaintiffs, Le Bon Bruce Walker ("Walker") and Selker, LLC (collectively "Plaintiffs"), brought this action against a total of 14 separate defendants, alleging a myriad of claims ranging from breach of contract to RICO violations. As shown below, Mr. Woldehanna is nothing but an innocent bystander in this dispute whose only role was as a third-party purchaser of certain real estate that was previously owned by Selker, LLC.

Plaintiffs do not allege -- nor could they truthfully do so -- that Mr. Woldehanna had any involvement with Selker, LLC, or with the disputed foreclosure sale which forms the basis of the vast majority of Plaintiffs' claims of wrongdoing in the amended complaint.

DMEAST #9542808 v2

Mr. Woldehanna's only connection to this dispute is that he purchased real estate located at 1934 3rd Street, NW, Washington, DC (the "Property"), which previously belonged to Selker LLC. Plaintiffs contend that another defendant, Neil Seldman, ("Seldman") who was the managing member of Selker, LLC, sold the Property to Mr. Woldehanna without proper authority to so, and for insufficient consideration. See Amended Complaint, ¶¶ 25; 32.

As shown below, the amended complaint must be dismissed because Plaintiff Walker lacks standing to bring this action, and because Walker cannot represent Selker, LLC, a limited liability company which can only appear by counsel. Moreover, the factual predicate of Plaintiffs' claims against Mr. Woldehanna is erroneous. Mr. Woldehanna *did not* purchase the Property from Selker, LLC but rather from a third party, and with no actual or constructive notice of Plaintiffs' claims regarding the Property. Finally, Plaintiffs admit in the amended complaint that Seldman was the managing member at the time the Property was sold by Selker, LLC. Therefore, Mr. Woldehanna is entitled to judgment as a matter of law.

## ARGUMENT

### I. Legal Standards.

In considering a motion to dismiss, the Court must accept the complaint's factual allegations as true, but the Court need not accept inferences or conclusory allegations unsupported by the facts set forth in the complaint, nor legal conclusions cast as factual allegations. Andrx Pharms., Inc. v. Biovail Corp. Int'l, 256 F.3d 799, 805 (D.C. Cir. 2001). In deciding whether to dismiss the complaint, the Court can consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference

into the complaint, and matters about which the Court may take judicial notice. <u>EEOC v. St. Francis</u>, 117 F.3d 621, 624 (D.C. Cir. 1997).

If, on a motion to dismiss, the moving party presents matters outside the complaint, the Court may treat the motion as one for summary judgment and dispose of the case under Rule 56. <u>See</u> Rule 12(b). Summary judgment should be entered when there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. Rule 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986); <u>Pilates, Inc. v. Georgetown Bodyworks Deep Muscle</u>, 157 F. Supp. 2d 75, 79 (D.D.C. 2001). Once the moving party demonstrates the absence of a genuine issue of material fact, the burden then shifts to the non-moving party to come forward with specific facts sufficient to create a triable issue. <u>Celotex</u>, 477 U.S. at 322; <u>Pilates</u>, 157 F. Supp. 2d at 79.

## II.     Plaintiff Walker Lacks Standing To Bring This Action.

The two plaintiffs in this case are Walker and Selker, LLC, a limited liability company formed under the laws of the District of Columbia. Amended Complaint, ¶¶ 1-2. Walker alleges that he is a member of Selker, LLC. <u>Id.</u>, ¶¶ 20-24. He further alleges that certain property and assets of Selker, LLC were improperly disposed of by the managing member of Selker, LLC, Seldman. <u>Id.</u>, ¶ 21. Walker seeks damages for this alleged improper disposition, and to set aside various property transfers. <u>Id.</u>, pp. 17-18.¶

The claims brought in Walker's name must be dismissed because Walker, as a member of Selker, LLC, is not a proper party to this action. Pursuant to the DC Limited Liability Company Act (the "LLC Act"), a member of a limited liability company ("LLC")

3

cannot be a party to a suit brought by or against the LLC except in narrow, limited circumstances:

> **§ 29-1015.   Parties to actions.**
>
> A member of a limited liability company is not a proper party to a proceeding by or against a limited liability company, except where (1) the object of the proceeding is to enforce a member's right against or liability to the limited liability company, or (2) as provided in § § 29-1043 through 29-1046.

DC Code, § 29-1015 (2001).

Neither of these two exceptions apply here. First, this is not an action brought by Walker *against* Selker, LLC to enforce a right Walker has against the LLC. Rather, it is a claim brought *by* Selker, LLC and Walker to enforce rights Selker, LLC allegedly has *against others*. See Amended Complaint. Accordingly, the first exception in § 29-1015 does not apply.

The second exception in § 29-1015 permits a member to bring a claim on behalf of the LLC as *a derivative action*, but only if the member complies with the provisions in § § 29-1043 through 29-1046. Those provisions require, inter alia, that the member bringing the action "fairly and adequately represent the interests of the members and the limited liability company in enforcing the right" of the LLC. § 29-1043. Further, the derivative complaint must "set forth with particularity the effort, if any, of the plaintiff to secure commencement of the action by a member or manager with the authority to do so or the reasons for not making the effort." § 29-1045; see also Rules 23.1 and 23.2 of the Federal Rules of Civil Procedure.

In the instant case, Walker has failed to bring this claim as a derivative action. Further, even if he did, the amended complaint fails to allege any facts showing that

Walker can "fairly and adequately represent" the interest of the other members of Selker, LLC. Indeed, the amended complaint makes clear that Walker is involved in numerous disputes with at least one other member, Seldman. Amended Complaint, ¶¶ 20-24. Finally, the amended complaint contains no allegations that Walker sought to secure commencement of this action by the LLC, as required by § 29-1045. See amended complaint. Accordingly, Walker is not a proper party to this action, and his claims should be dismissed.

### III.    Selker, LLC Must Be Represented By Counsel.

Walker also purports to bring this action on behalf of Selker, LLC. Amended Complaint, ¶¶ 1-2. As demonstrated above, Walker has not brought this case as a derivative claim, as required by the LLC Act. However, even if he did bring this claim derivatively, Walker cannot represent Selker, LLC in this Court because he is not a licensed attorney.

Numerous state and federal courts have held that LLCs are "artificial entities that, like corporations, may not appear without counsel." HB Management, LLC v. Hazel Brooks, 2005 D.C. Super. LEXIS 6 (Feb. 1, 2005), citing Monte Carlo, LLC v. Yorro, 761 N.Y.S.2d 766 (N.Y. Dist. Ct. 2003); Martinez v. Roscoe, 33 P.3d 887 (N.M. Ct. App. 2001); In Re: ICLNDS, 259 B.R. 289 (Bankr. N.D. Ohio 2001). As the court explained in HB Management, supra:

> These courts have employed reasoning similar to that applied by the D.C. Court of Appeals to the closely related issue of corporations appearing without counsel.
>
> In Shamey v. Hickey, 433 A.2d 1111 (D.C 1981), the Court of Appeals held that the sole shareholder of a closely held corporation could not circumvent the prohibition on a corporation appearing without counsel by assigning the

claim to himself and then suing in his own name. The reason for the rule against non-attorneys representing corporations is "'not the protection of stockholders but the protection of the courts and the administration of justice.'" Id. quoting Mercu-Ray Industries, Inc. v. Bristol-Myers Co., 392 F. Supp 16, 17 (S.D.N.Y.), aff'd 508 F.2d 837 (1974). Further, quoting J.H. Marshall & Assocs., Inc., supra, 313 A.2d at 595, the court noted:

> The courts themselves will not permit laymen to appear in court in a representative capacity. The policy of the courts and the legislature in this regard may not be circumvented by the subterfuge of a layman taking an assignment to permit him to carry on the *business* of practicing law.

Shamey, supra, 433 A.2d at 1112-3 (emphasis in original).

Likewise, in Monte Carlo, supra, the court noted that, "the rationale for barring corporations from appearing pro se [is] namely that nonlawyer agents are not accountable to the court." 761 N.Y.S.2d at 765, quoting Toren v. Anderson, Kill and Olick, 185 Misc. 2d 23, 710 N.Y.S.2d 799 (Sup. Ct., N.Y. County 2000). The Monte Carlo court, lacking direct authority, analogized between limited liability companies and corporations, noting, "As the courts have recognized, the rationale for that rule [requiring counsel for corporations] applies equally to *all artificial entities*." 761 N.Y.S.2d at 766 (emphasis added).

2005 D.C. Super. LEXIS, p. 9-11.

Because Walker is not a licensed attorney, he cannot represent Selker, LLC in this Court. Therefore, Selker, LLC's claims should be dismissed along with Walker's. HB Management, supra, 2005 D.C. Super. LEXIS, p. 16-18.

### IV. Mr. Woldehanna Did Not Purchase The Property From Selker, LLC.

Even if Plaintiffs' claims were not procedurally defective -- which they clearly are -- Mr. Woldehanna would *still* be entitled to judgment as a matter of law because the

factual and legal predicate for all of Plaintiffs' claims against Mr. Woldehanna is demonstrably false.

Contrary to the allegations in the amended complaint, Mr. Woldehanna *did not* purchase the Property from Selker, LLC. Rather, Mr. Woldehanna and his wife purchased it from an entity called 1934 3rd St. NW, LLC on October 1, 2004 for $472,000.00. See Deed dated October 1, 2004, and recorded in the land records on October 7, 2004, attached hereto as Exhibit 1.[1] At the time of the purchase, Mr. Woldehanna and his wife had no notice of Plaintiffs' claims. See Affidavit of Yohannes Woldehanna, attached hereto as Exhibit 2.

Although Plaintiffs allege in the amended complaint that a *lis pendens* was filed in the land records, amended complaint, ¶ 25, no copy of the alleged *lis pendens* is attached to the amended complaint. To survive summary judgment, Plaintiff must produce *evidence* that a *lis pendens* was filed prior to Mr. Woldehanna's deed, not a mere allegation. Winn v. United Press Intern., 938 F.Supp. 39, 41 (D.D.C. 1996) ("Where the non-moving party has the burden of proof at trial, on summary judgment the moving party need only demonstrate the absence of evidence supporting the non-movant's claim."), citing Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

Because Plaintiff has produced no evidence showing that a *lis pendens* was recorded prior to Mr. Woldehanna's deed, their claims fail as a matter of law because Mr. Woldehanna and his wife are by definition bona fide purchasers for value who took title to the Property free and clear of Plaintiffs' claims. See DC Code § 42-401; Kayfirst

---

[1] As deeds are part of the public record, the Court can consider them on a motion to dismiss. See United States v. Motto, 1997 U.S. Dist. LEXIS 10401, * 16 (E.D. Pa.); Schrager v. Grossman, 1995 U.S. Dist. LEXIS 18855, *6, n.2 (N.D. Ill.).

Corp. v. Washington Terminal Co., 813 F.Supp. 67, 72 (D.C.C. 1993) (holding that unrecorded trust instruments purporting to create easement rights were not effective against subsequent bona fide purchaser for value); see also Associates Financial Services of America, Inc. v. District of Columbia, 689 A.2d 1217, 1222-23 (D.C.App. 1997) ("[a] bona fide purchaser is one who acquires an interest in property for valuable consideration and without notice of any outstanding claims which are held against the property by third parties") (citation omitted).

The factual and legal predicate of all of Plaintiffs' claims is that Mr. Woldehanna purchased the Property from Selker, LLC. As show above, that allegation is demonstrably false. Because Plaintiffs cannot dispute that Mr. Woldehanna and his wife paid valuable consideration for the Property, or that they had no notice of Plaintiffs' claim, Mr. Woldehanna is entitled to judgment as a matter of law.

### V. Selker, LLC Sold The Property Before Walker Purportedly Revoked Seldman's Status as Managing Member.

Finally, Plaintiffs' claims fail as a matter of law because Plaintiffs admit in their amended complaint that Defendant Seldman was managing member of Selker, LLC until December 4, 2004, when Plaintiff Walker purportedly revoked his status. See First Amended Complaint ¶ ¶ 20; 24.

The Deed which transferred the Property from Selker, LLC to the entity from which Mr. Woldehanna purchased the Property, 1934 3rd Street, NW, LLC, was signed by Seldman on March 17, 2004 -- several months *before* Seldman's status was purportedly revoked. See Deed dated March 17, 2004 between Selker, LLC and 1934 3rd Street, NW, LLC, attached hereto as Exhibit 3. Thereafter, on October 1, 2004, the Property was transferred to Mr. Woldehanna. See Exhibit 1. Accordingly, by Plaintiffs'

own admissions, the Property was transferred at a time when Seldman *was* managing member of Selker, LLC and *prior to* Walker's purported attempt to revoke Seldman's status as managing member. See First Amended Complaint ¶ 24. Accordingly, Plaintiffs have no claim against Mr. Woldehanna and he is entitled to judgment as a matter of law.

### VI. All of Plaintiffs' Claims Are Without Merit.

To the extent Plaintiffs' RICO (Count I), Civil Rights (Count II), and Conspiracy to Commit Fraud (Count IV), are asserted against Mr. Woldehanna, those claims fail as a matter of law because Plaintiffs have not alleged sufficient facts to set forth cases of action on those Counts.[2]  Mr. Woldehanna hereby adopts the arguments made by Defendants Dianne Stewart and Elizabeth Menist, in their Motion to Dismiss filed on May 30, 2006, which is incorporated by reference herein.

---

[2] The only claims in the Amended Complaint asserted against Mr. Woldehanna are Counts I (RICO), II (Civil Rights), III (Fraudulent Conveyance) and IV (Conspiracy to Commit Fraud).

## CONCLUSION

For all of the foregoing reasons, Defendant Yohannes Woldehanna's Motion should be granted.

Respectfully submitted,

_____/s/_____
F. Joseph Nealon (#218966)
Kirsten E. Keating (#453500)
Ballard Spahr Andrews & Ingersoll, LLP
601 13th Street, NW, Suite 1000 South
Washington, D.C. 20005
202-661-2200

Robert A. Scott
Ballard Spahr Andrews & Ingersoll, LLP
300 East Lombard Street, 18th Floor
Baltimore, Maryland 21202
(410) 528-5600

Dated: June 16, 2006    Counsel for Defendant Yohannes Woldehanna

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LE BON BRUCE WALKER, et al. | * | |
| Plaintiffs | * | |
| v. | * | Case No.: 06-CV-0603 |
| NEIL SELDMAN, et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

UPON CONSIDERATION of the Motion to Dismiss or, in the Alternative, for Summary Judgment (the "Motion") filed by Defendant Yohannes Woldehanna ("Mr. Woldehanna"), and any opposition thereto, if any, it is on this ___ day of _____, 2006 by the United States District Court for the District of Columbia hereby

ORDERED that the Motion is GRANTED; and it is further

ORDERED that judgment is entered in Mr. Woldehanna's favor on all counts in the First Amended Complaint; and it is further;

ORDERED AND DECLARED that Yohannes Woldehanna and Betty Sintayehu own the Property at 1934 3rd Street, NW, Washington DC free and clear of any claim by Plaintiffs.

_____
JUDGE,
United States District Court for the District of Columbia

cc:      F. Joseph Nealon
           Kirsten E. Keating
           Ballard Spahr Andrews & Ingersoll, LLP
           601 13th Street, NW
           Suite 1000 South
           Washington, D.C. 20005

Robert A. Scott
Ballard Spahr Andrews & Ingersoll, LLP
300 East Lombard Street, 18th Floor
Baltimore, Maryland 21202

Le Bon Bruce Walker, *pro se*
203 Seaton Place NE
Washington, DC 20003

Selker, LLC
3001 Georgia Avenue, NW
Washington, DC 20001

James Andrew Sullivan, Jr., Esquire
Miles & Stockbridge, PC
11 North Washington Street
Suite 700
Rockville, Maryland 20850

David D. Hudgins, Esquire
Hudgins Law Firm
515 King Street
Suite 400
Washington, DC 22314

Institute for Local Self-Reliance
1315 5th Street SE
Minneapolis, MN 55414

Carol McIntyre
1922 3rd Street, NW #9
Washington, DC 20001

W.C. & A.N. Miller
Development Company
Realtor Brokers
4701 Sangamore Road
Bethesda, Maryland 20816

2

City Title & Escrow Co., Inc.
4400 Jenifer Street NW
Suite 350
Washington, DC 20015

Carolyn Davis
Eastern Market Real Estate
210 9th Street SE, Suite 100
Washington, DC 20003

Eastern Market Real Estate
7942 Wisconsin Avenue
Bethesda, MD 20814

First American Title Insurance Co.
401 E. Pratt Street, SE, Suite 323
Baltimore, Maryland 21202

Andrew Steed
503 Rhode Island Avenue NW
Washington, DC 20001

Eric Jemrey
1964 2nd Street NW
Washington, DC 20001

Jonas J. Monast
Urban Communities, LLC
1350 Meridian Pl, NW
Washington DC 20010

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of June, 2006 a copy of defendant Yohannes Woldehanna's motion to dismiss the amended complaint or, in the alternative, for summary judgment, memorandum in support and proposed order were served via e-filing and first class mail, postage pre-paid to:

Le Bon Bruce Walker, *pro se*
203 Seaton Place NE
Washington, DC 20003

Selker, LLC
3001 Georgia Avenue, NW
Washington, DC 20001

James Andrew Sullivan, Jr., Esquire
Miles & Stockbridge, PC
11 North Washington Street
Suite 700
Rockville, Maryland 20850

David D. Hudgins, Esquire
Hudgins Law Firm
515 King Street
Suite 400
Washington, DC 22314

Institute for Local Self-Reliance
1315 5th Street SE
Minneapolis, MN 55414

Carol McIntyre
1922 3rd Street, NW #9
Washington, DC 20001

W.C. & A.N. Miller
Development Company
Realtor Brokers
4701 Sangamore Road
Bethesda, Maryland 20816

DMEAST #9542808 v2

City Title & Escrow Co., Inc.
4400 Jenifer Street NW
Suite 350
Washington, DC 20015

Carolyn Davis
Eastern Market Real Estate
210 9th Street SE, Suite 100
Washington, DC 20003

Eastern Market Real Estate
7942 Wisconsin Avenue
Bethesda, MD 20814

First American Title Insurance Co.
401 E. Pratt Street, SE, Suite 323
Baltimore, Maryland 21202

Andrew Steed
503 Rhode Island Avenue NW
Washington, DC 20001

Eric Jemrey
1964 2nd Street NW
Washington, DC 20001

Jonas J. Monast
Urban Communities, LLC
1350 Meridian Pl, NW
Washington DC 20010

                                    /s/
                            Kirsten E. Keating