**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LE BON BRUCE WALKER * | |
| * | |
| Plaintiff * | |
| * | |
| vs. * | Case No. 1:06-cv-00603-GK |
| * | |
| NEIL SELDMAN, et al. * | |
| * | |
| Defendants * | |

**DEFENDANT, NEIL SELDMAN'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

COMES NOW the Defendant, Neil Seldman, by his undersigned counsel, pursuant to Fed. R. Civ. P. Rule 56 and LCvR 7(h) and files this Motion for Partial Summary Judgment and states that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law as to any and all claims asserted by Plaintiff, Le Bon Bruce Walker pertaining to the property located at 1922 3rd Street, N.W., Washington, D.C. Defendant, Neil Seldman, adopts and incorporates herein the attached Memorandum of Points and Authorities and Statement of Material Facts in Support of this Motion for Partial Summary Judgment.

WHEREFORE, Defendant, Neil Seldman respectfully requests that this Court grant this Motion for Partial Summary Judgment and enter judgment in favor of Defendant, Neil Seldman as to any and all claims related to the property located at 1922 3rd Street, N.W., Washington, D.C. and grant any further relief which this Court deems appropriate.

Respectfully Submitted,

MILES & STOCKBRIDGE P.C.


\_\_/s/ James A. Sullivan, Jr._____
G. VANN CANADA, JR. (D.C. Bar #366414)
JAMES A. SULLIVAN, JR. (D.C. Bar #475145)
11 North Washington Street
Suite 700
Rockville, Maryland 20850
Telephone: (301) 762-1600

Attorneys for Defendant, Neil Seldman


## **LCvR 5.4(b)(5) CERTIFICATE**

I HEREBY CERTIFY that the original signed document is in the possession of the undersigned and that it is available for review upon request by a party or by the Court.

\_\_\_/s/ James A. Sullivan, Jr._____
James A. Sullivan, Jr.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of June, 2006, a copy of the foregoing was mailed via first class mail, postage prepaid, to the following:

Le Bon Bruce Walker
203 Seaton Place, N.E.
Washington, D.C. 20003

Institute for Local Self-Reliance
1315 5th Street, SE
Minneapolis, MN 55414

W.C. & A.N. Miller Development Co.
Realtor Brokers
4701 Sangamore Road
Bethesda, Maryland 20816

City Title & Escrow Co., Inc.
4400 Jenifer Street, N.W.
Suite 350
Washington, D.C. 20015

Carol McIntyre
1922 3rd Street, NW, #9
Washington, D.C. 20001

Carolyn Davis
Eastern Market Real Estate
210 9th Street, S.E., Suite 100
Washington, D.C. 20003

Eastern Market Real Estate
7942 Wisconsin Avenue
Bethesda, Maryland 20814

First American Title Insurance Co.
401 E. Pratt Street, SE, Suite 232
Baltimore, Maryland 21202

Andrew Steed
503 Rhode Island Ave., N.W.
Washington, D.C. 20001

Eric Jemrey
1964 2nd Street, N.W.
Washington, D.C. 20001

Jonas J. Monast
Urban Communities, LLC
1350 Meridian Place, NW
Washington, D.C. 20010

                                                                                                                      ___/s/ James A. Sullivan, Jr._____
                                                                                                                        James A. Sullivan, Jr.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| LE BON BRUCE WALKER | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| vs. | * | Case No. 1:06-cv-00603-GK |
| | * | |
| NEIL SELDMAN, et al. | * | |
| | * | |
| Defendants | * | |

**DEFENDANT, NEIL SELDMAN'S MEMORANDUM**
**OF POINTS AND AUTHORITIES IN SUPPORT OF**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

COMES NOW the Defendant, Neil Seldman, by his undersigned counsel, pursuant to Fed. R. Civ. P. Rule 56 and LCvR 7(a) and (h), and files this Memorandum of Points and Authorities in Support of Motion for Partial Summary Judgment and for grounds in support thereof states as follows:

**I.     INTRODUCTION**

On March 31, 2006, Plaintiff, Le Bon Bruce Walker ("Walker") commenced the present case by filing a Verified Complaint. On May 8, 2006, Walker filed an "Amended Verified Complaint for Wrongful Foreclosure, Illegal Sales of Company Property, Civil Rights Violations, Conspiracy, Theft, Bribery, Embezzlement Under the Rico Act" (the "Amended Complaint").

In the Amended Complaint, Walker contends, inter alia, that Seldman illegally foreclosed on the property located at 1922 3rd Street, N.W., Washington, D.C. (the "1922 3rd Street

Property") and seeks to "set aside the sale of 1922 3rd Street, N.W., Washington, DC and return Walker's residential property to him." (See Amended Complaint at p.17).

Seldman has filed the present Motion for Partial Summary Judgment requesting summary judgment in his favor as to any and all claims related to the 1922 3rd Street Property because Walker's claims have already been litigated to a final judgment on the merits in the Superior Court of the District of Columbia in Case No. 03ca3882, which was affirmed by the District of Columbia Court of Appeals in Case No. 05-cv-1049.

## II. STATEMENT OF FACTS

On May 12, 2003, Walker filed a "Complaint for Wrongful Foreclosure, Breach of Contract Fraud and Damages" (the "Superior Court Complaint") in the Superior Court for the District of Columbia against Seldman and other defendants, including Elizabeth Menist, Dianne Stewart and Carole McIntyre, who are all defendants in the present case. (See Statement of Material Facts, ¶1). The case was docketed as Case No. 03ca3882 (the "Superior Court Case"). (See Statement of Material Facts, ¶2).

Pursuant to the Superior Court Complaint, Walker alleged claims for Wrongful Foreclosure (Count I), Conspiracy to Commit Fraud (Count II), Collusion and Unjust Enrichment (Count III), and Breach of Contract and Damages (Count IV) arising out of Walker's central allegation that "on January 15, 2002, Seldman illegally foreclosed on [the 1922 3rd Street Property] and subsequently vested title in himself." (See Statement of Material Facts, ¶3). Pursuant to the Superior Court Complaint, Walker sought, inter alia, to "[s]trike the foreclosure notice as invalid and vacate the foreclosure and transfer of title of the property by Seldman" and an award of compensatory and punitive damages. (See Statement of Material Facts, ¶4).

The trial in the Superior Court case was scheduled for April 25, 2005. (See Statement of Material Facts, ¶5). At that time, Walker made an oral motion for continuance, which the Superior Court denied. (See Statement of Material Facts, ¶5). When Walker chose not to proceed with the trial of his case, the Superior Court dismissed Walker's Superior Court Complaint for want of prosecution under SCR Civ. Rule 41(b). (See Statement of Material Facts, ¶5). Walker subsequently filed a Notice of Appeal in the District of Columbia Court of Appeals, which was docketed as Case No. 05-CV-1049. (See Statement of Material Facts, ¶6). After he had filed his notice of appeal, Walker filed a Motion for Reconsideration in the Superior Court. (See Statement of Material Facts, ¶7).

On July 26, 2005, the Superior Court entered an Order denying Walker's Motion for Reconsideration. (See Statement of Material Facts, ¶8). On December 21, 2005, the Court of Appeals granted a Motion for Summary Affirmance filed by Appellees, Neil Seldman, Elizabeth Menist and Dianne Stewart. (See Statement of Material Facts, ¶9). Walker subsequently filed a "Motion for Reconsideration of Judgment Order Granting Summary Affirmance and Denying Summary Reversal," which the Court of Appeals construed as a Petition for Rehearing or Rehearing En Banc, and which the Court of Appeals denied on February 14, 2006. (See Statement of Material Facts, ¶10).

Following the denial of the Petition for Rehearing or Rehearing En Banc, the Court of Appeals issued its Mandate. (See Statement of Material Facts, ¶11). Walker subsequently filed a Motion to Recall Mandate, which the Court of Appeals denied on April 6, 2006. (See Statement of Material Facts, ¶12).[1]

---

[1] The Superior Court subsequently granted Seldman's Motion for Cancellation and Release of Lis Pendens and Motion for Attorney's Fees and Costs which it had deferred ruling on pending the outcome of the appeal. (See Statement of Material Facts, ¶12 n.1). Walker has since appealed that ruling, and Seldman has filed a Motion for Summary Affirmance in that Appeal. (See Statement of Material Facts, ¶12 n.1).

Walker has now filed the present case alleging, once again, that Seldman illegally foreclosed on the property located at 1922 3rd Street, N.W., Washington, D.C. ("1922 3rd Street Property"). (See Statement of Material Facts, ¶13). Plaintiff has asserted claims for "Violations of 18 U.S.C. § 1961 et. seq., The Racketeer Influenced And Corrupt Organization Act ("RICO") By Defendants" (Count I), Violations Under 42 U.S.C. § 1983 (Count II); Fraudulent Conveyance (Count III); Conspiracy to Commit Fraud (Count IV); Collusion and Unjust Enrichment (Count V); and Breach of Contract and Damages (Count VI). (See Statement of Material Facts, ¶14). Pursuant to these claims, Walker again seeks to "set aside the sale of 1922 3rd Street, N.W., Washington, DC and return Walker's residential property to him" as well as compensatory and punitive damages. (See Statement of Material Facts, ¶15).

### III.    SUMMARY JUDGMENT STANDARD

Pursuant to Fed R. Civ. P. 56(b), "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." A party is entitled to summary judgment if the pleadings, depositions, and affidavits demonstrate that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. See Fed. Civ. P. R. 56(c); Tao v. Freeh, 27 F.3d 635, 638 (D.C. Cir. 1994); Johnson v. Dong Moon Joo, 2006 WL 627154 at *18 (March 12, 2006).

Defendant, as the moving party, bears the "initial responsibility of informing the district court of the basis for [its] motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits which [it] believe[s] demonstrate the absence of a genuine issue of material fact." Johnson, 2006 WL 627154 at *18 (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.

2d 265 (1986)).   Although the moving party bears the initial responsibility of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact, the burden shifts to the non-movant to "come forward with specific facts showing that there is a genuine issue for trial."  Matisushita Elec. Indus. Co. v. Zenith Radio Corp., 415 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

Although a court should view all inferences from the supporting records submitted by the nonmoving party, the mere existence of a factual dispute, by itself is not sufficient to bar summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); Johnson, 2006 WL 627154 at *18.  The factual dispute must affect the outcome of the litigation and must be supported by sufficient admissible evidence that a reasonable trier of fact could find for the non-moving party.  Laningham v. U.S. Navy, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987);  Johnson, 2006 WL 627154 at *18.

**IV.   ARGUMENT**

    **A.   Walker's Claims Are Barred by the Doctrine of *Res Judicata*.**

*Res judicata* bars a claim when there has been a final judgment on the merits in a prior suit involving the same parties or their privies and the same cause of action.  Lewandowski v. Property Clerk, 209 F. Supp.2d 19, 21 (D.D.C. 2002); see also Wilson v. Riggs Bank N.A., 2005 WL 758264 at *4 (April 3, 2005).  The doctrine of *res judicata* applies to all the parties' rights regarding matters that could have been litigated as well as those matters that were actually litigated.   Appalachian Power Co. v. E.P.A., 251 F.3d 1026, 1033-34 (D.C. Cir. 2001); Lewandowski, 209 F. Supp.2d at 21-22.  In other words:

> the parties to a suit and their privies are bound by a final judgment and may not relitigate any ground for relief which they already have had an opportunity to litigate-even if they chose not to exploit that opportunity-whether the initial judgment was erroneous or not.  The judgment bars any further claim based on

the same nucleus of facts, for it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which the litigant relies.

Wise v. Glickman, 257 F. Supp.2d 123, 128 (D.D.C. 2003).

The four factors that must exist for *res judicata* to apply are: 1) identity of the parties in both suits; (2) a judgment rendered by a court of competent jurisdiction; (3) a final judgment on the merits; and (4) an identity of the cause of action in both suits. U.S. Industries, Inc. v. Blake Constr. Co., Inc. 765 F.2d 195, 205 n.21 (D.C. Cir. 1985); Wise, 257 F. Supp.2d at 128.

The purpose of res judicata is to "`conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and to prevent serial forum-shopping and piecemeal litigation.'" Lewandowski, 209 F. Supp.2d at 22 (quoting Hardison v. Alexander, 655 F.2d 1281, 1288 (D.C. Cir. 1981)). "For purposes of determining whether two cases involve the same causes of action, the D.C. Circuit has adopted the `pragmatic, transactional' approach found in the Restatement (Second) of Judgments § 23(2) (1982)." Id. at 22-23 (citing U.S. Industries v. Blake Construction Co., 765 F.2d 195, 205 (D.C. Cir. 1985)). "Under the transactional approach, the court considers `whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'" Id. at 23. The doctrine of *res judicata* dictates that once a transaction has caused an injury, all claims arising from that transaction must be brought in one suit or be lost. Id.

*Res judicata* may be raised as an affirmative defense in federal court based upon a final state court judgment. See Lewandowski v. Property Clerk, supra. In fact, the Full Faith and Credit Act, 28 U.S.C. § 1738 requires a federal court to "`give the same preclusive effect to a state-court judgment as another court of that State would give.'" Exxon Mobil Corp. v. Saudi

Basic Industries Corp., 544 U.S. 280, 293, 125 S. Ct. 1517, 1527, 161 L. Ed. 2d 454 (2005)(quoting Parsons Steel, Inc. v. First Alabama Bank, 474 U.S. 518, 523, 106 S.Ct 768, 88 L.Ed.2d 877 (1986)).

In Lewandowski v. Property Clerk, supra, this Court dismissed a case on *res judicata* grounds under similar circumstances.  In Lewandowski, as in the present case, the plaintiff brought an action in the Superior Court for the District of Columbia and judgment was entered against him in that court.  The judgment was subsequently affirmed by the D.C. Court of Appeals.  The plaintiff then brought an action in the United States District Court for the District of Columbia seeking damages under 42 U.S.C. § 1983 arising out of the same facts and circumstances.  The Court held that "because the plaintiff lost his case in the Superior Court, `the mere transfer of [his] claim based upon the same transaction from the courts of one jurisdiction to those of the next, with the attendant change in governing law cannot suffice to escape claim preclusion.'"  Lewandowski, 209 F. Supp.2d at 23 (citing Smith v. Jenkins, 562 A.2d 610, 615 (D.C. 1989)).

Applying these principles to the case at hand, it is undisputed that Walker previously filed suit against Seldman in the Superior Court and asserted claims arising out of the foreclosure sale of the 1922 3rd Street Property.  There is no question that the claims in the Superior Court Case were based upon the exact same transaction as in the present case.  In both cases, Walker has sought to set aside the foreclosure sale and/or obtain a money judgment against Seldman based upon various legal theories.  As set forth above, the fact that Walker has alleged different theories in this case, which he did not assert in the Superior Court Case, is of no consequence because *res judicata* dictates that all claims arising from the foreclosure sale of the 1922 3rd Street Property had to be brought at one time.  Thus, any claims that Walker failed to bring in the

Superior Court Case arising out of the foreclosure sale of the 1922 3rd Street Property have been lost by virtue of the final judgment entered in that action.

There is no question that a final judgment was entered as to the claims Walker asserted in the Superior Court Case by virtue of the judgment of dismissal entered pursuant to SCR Civ. Rule 41(b), which was affirmed on appeal in the District of Columbia Court of Appeals.[2] See Ciralsky v. C.I.A., 355 F.3d 661, 672 n.11 (D.C. Cir. 2004) (the refiling of a suit that is dismissed with prejudice is blocked by the doctrine of res judicata). Because a valid final judgment on the merits in the prior Superior Court Case, which involved the same parties and the same transactional unit, was entered against Walker, principles of *res judicata* dictate that judgment must be entered against him in this case as to any and all claims related to the 1922 3rd Street Property asserted herein.

## V.     CONCLUSION

Based upon the foregoing reasons, any and all claims brought by Walker in the present case as they relate to the 1922 3rd Street Property are barred by the doctrine of *res judicata*. Consequently, partial summary judgment should be entered in favor of Defendant, Neil Seldman as to any and all claims in the Amended Complaint which relate to the 1922 3rd Street Property.

---

[2] Rule 41(b) expressly states that "[u]nless the Court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this Rule, other than a dismissal for lack of jurisdiction, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

Respectfully submitted,

MILES & STOCKBRIDGE P.C.


   /s/ James A. Sullivan, Jr.
G. VANN CANADA, JR. (D.C. Bar #366414)
JAMES A. SULLIVAN, JR. (D.C. Bar #475145)
11 North Washington Street
Suite 700
Rockville, Maryland 20850
Telephone: (301) 762-1600

Attorneys for Defendant, Neil Seldman


## LCvR 5.4(b)(5) CERTIFICATE

I HEREBY CERTIFY that the original signed document is in the possession of the undersigned and that it is available for review upon request by a party or by the Court.

   /s/ James A. Sullivan, Jr.
James A. Sullivan, Jr.


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of June, 2006, a copy of the foregoing was mailed via first class mail, postage prepaid, to the following:

> Le Bon Bruce Walker
> 203 Seaton Place, N.E.
> Washington, D.C. 20003
>
> Institute for Local Self-Reliance
> 1315 5th Street, SE
> Minneapolis, MN 55414

W.C. & A.N. Miller
Development Co.
Realtor Brokers
4701 Sangamore Road
Bethesda, Maryland 20816

City Title & Escrow Co., Inc.
4400 Jenifer Street, N.W.
Suite 350
Washington, D.C. 20015

Carol McIntyre
1922 3rd Street, NW, #9
Washington, D.C. 20001

Carolyn Davis
Eastern Market Real Estate
210 9th Street, S.E., Suite 100
Washington, D.C. 20003

Eastern Market Real Estate
7942 Wisconsin Avenue
Bethesda, Maryland 20814

First American Title Insurance Co.
401 E. Pratt Street, SE, Suite 232
Baltimore, Maryland 21202

Andrew Steed
503 Rhode Island Ave., N.W.
Washington, D.C. 20001

Eric Jemrey
1964 2nd Street, N.W.
Washington, D.C. 20001

Jonas J. Monast
Urban Communities, LLC
1350 Meridian Place, NW
Washington, D.C. 20010

                                                        /s/ James A. Sullivan, Jr.
                                                        James A. Sullivan, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LE BON BRUCE WALKER | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| vs. | * | Case No. 1:06-cv-00603-GK |
| | * | |
| NEIL SELDMAN, et al. | * | |
| | * | |
| Defendants | * | |

**DEFENDANT, NEIL SELDMAN'S
STATEMENT OF MATERIAL FACTS IN SUPPORT
OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

COMES NOW the Defendant, Neil Seldman, by his undersigned counsel, pursuant to Fed. R. Civ. P. Rule 56 and LCvR 7(h), and files this Statement of Material Facts in Support of Motion for Partial Summary Judgment and states that the following material facts are undisputed:

1. On May 12, 2003, Walker filed a "Complaint for Wrongful Foreclosure, Breach of Contract Fraud and Damages" (the "Superior Court Complaint") in the Superior Court for the District of Columbia against Seldman and other defendants, including Elizabeth Menist, Dianne Stewart and Carole McIntyre, who are all defendants in the present case.

2. The Superior Court Complaint was docketed as Case No. 03ca3882 (the "Superior Court Case"). A true and correct copy of the Superior Court Complaint is attached hereto as **Exhibit 1**.

3. Pursuant to the Superior Court Complaint, Walker alleged claims for Wrongful Foreclosure (Count I), Conspiracy to Commit Fraud (Count II), Collusion and Unjust

Enrichment (Count III), and Breach of Contract and Damages (Count IV) arising out of Walker's central allegation that "on January 15, 2002, Seldman illegally foreclosed on [the 1922 3rd Street Property] and subsequently vested title in himself." (See **Exhibit 1**, Superior Court Complaint at ¶20).

4.  Pursuant to the Superior Court Complaint, Walker sought, inter alia, to "[s]trike the foreclosure notice as invalid and vacate the foreclosure and transfer of title of the property by Seldman" and an award of compensatory and punitive damages. (See **Exhibit 1**, Superior Court Complaint at pp.10-11).

5.  The trial in the Superior Court case was scheduled for April 25, 2005. At that time, Walker made an oral motion for continuance, which the Superior Court denied. When Walker chose not to proceed with the trial of his case, the Superior Court dismissed Walker's Superior Court Complaint for want of prosecution under SCR Civ. Rule 41(b).

6.  Walker subsequently filed a Notice of Appeal in the District of Columbia Court of Appeals, which was docketed as Case No. 05-CV-1049.

7.  After he had filed his notice of appeal, Walker filed a Motion for Reconsideration in the Superior Court.

8.  On July 26, 2005, the Superior Court entered an Order denying Walker's Motion for Reconsideration. A true and correct copy of the Superior Court's Order denying Walker's Motion for Reconsideration is attached hereto as **Exhibit 2**.

9.  On December 21, 2005, the Court of Appeals granted a Motion for Summary Affirmance filed by Appellees, Neil Seldman, Elizabeth Menist and Dianne Stewart. A true and correct copy of the Court of Appeals' Order granting Summary Affirmance in favor of Appellees is attached hereto as **Exhibit 3**.

10. Walker subsequently filed a "Motion for Reconsideration of Judgment Order Granting Summary Affirmance and Denying Summary Reversal," which the Court of Appeals construed as a Petition for Rehearing or Rehearing En Banc, and which the Court of Appeals denied on February 14, 2006. A true and correct copy of the Court of Appeals' Order denying Walker's Petition for Rehearing or Rehearing En Banc is attached hereto as **Exhibit 4**.

11. Following the denial of the Petition for Rehearing or Rehearing En Banc, the Court of Appeals issued its Mandate.

12. Walker subsequently filed a Motion to Recall Mandate, which the Court of Appeals denied on April 6, 2006. A true and correct copy of the Court of Appeals' Order denying Walker's Motion to Recall Mandate is attached hereto as **Exhibit 5**.[3]

13. Walker has now filed the present case alleging, once again, that Seldman illegally foreclosed on the property located at 1922 3rd Street, N.W., Washington, D.C. ("1922 3rd Street Property").

14. Plaintiff has asserted claims for "Violations of 18 U.S.C. § 1961 et. seq., The Racketeer Influenced And Corrupt Organization Act ("RICO") By Defendants" (Count I), Violations Under 42 U.S.C. § 1983 (Count II); Fraudulent Conveyance (Count III); Conspiracy to Commit Fraud (Count IV); Collusion and Unjust Enrichment (Count V); and Breach of Contract and Damages (Count VI). (See Amended Complaint).

15. Pursuant to these claims, Walker again seeks to "set aside the sale of 1922 3rd Street, N.W., Washington, DC and return Walker's residential property to him" as well as compensatory and punitive damages. (See Amended Complaint at pp.17-18).

---

[3] The Superior Court subsequently granted Seldman's Motion for Cancellation and Release of Lis Pendens and Motion for Attorney's Fees and Costs which it had deferred ruling on pending the outcome of the appeal. (See **Exhibit 1** at pp.4-5). Walker has since appealed that ruling, and Seldman has filed a Motion for Summary Affirmance in that Appeal.

        Respectfully Submitted,

        MILES & STOCKBRIDGE P.C.


        __/s/ James A. Sullivan, Jr._____
        G. VANN CANADA, JR. (D.C. Bar #366414)
        JAMES A. SULLIVAN, JR. (D.C. Bar #475145)
        11 North Washington Street
        Suite 700
        Rockville, Maryland 20850
        Telephone: (301) 762-1600

        Attorneys for Defendant, Neil Seldman


### LCvR 5.4(b)(5) CERTIFICATE

I HEREBY CERTIFY that the original signed document is in the possession of the undersigned and that it is available for review upon request by a party or by the Court.

        ___/s/ James A. Sullivan, Jr._____
        James A. Sullivan, Jr.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of June, 2006, a copy of the foregoing was mailed via first class mail, postage prepaid, to the following:

    Le Bon Bruce Walker
    203 Seaton Place, N.E.
    Washington, D.C. 20003

    Institute for Local Self-Reliance
    1315 5th Street, SE
    Minneapolis, MN 55414

W.C. & A.N. Miller
Development Co.
Realtor Brokers
4701 Sangamore Road
Bethesda, Maryland 20816

City Title & Escrow Co., Inc.
4400 Jenifer Street, N.W.
Suite 350
Washington, D.C. 20015

Carol McIntyre
1922 3rd Street, NW, #9
Washington, D.C. 20001

Carolyn Davis
Eastern Market Real Estate
210 9th Street, S.E., Suite 100
Washington, D.C. 20003

Eastern Market Real Estate
7942 Wisconsin Avenue
Bethesda, Maryland 20814

First American Title Insurance Co.
401 E. Pratt Street, SE, Suite 232
Baltimore, Maryland 21202

Andrew Steed
503 Rhode Island Ave., N.W.
Washington, D.C. 20001

Eric Jemrey
1964 2nd Street, N.W.
Washington, D.C. 20001

Jonas J. Monast
Urban Communities, LLC
1350 Meridian Place, NW
Washington, D.C. 20010

                ___/s/ James A. Sullivan, Jr._____
                James A. Sullivan, Jr.