IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| LE BON BRUCE WALKER<br>203 SEATON PLACE NE<br>WASHINGTON DC 20002<br>                Plaintiff, | 03-0003882<br><br>Civil Action No.: _____<br>Involving Real Property |
| vs. | |
| NEIL SELDMAN<br>3362 TENNYSON LANE NW<br>WASHINGTON DC 20794 | RECEIVED<br>Civil Clerk's Office<br>MAY 1 2 2003<br>Superior Court of the<br>District of Columbia<br>Washington, D.C. |
| BARRY MITCHELL<br>TRUSTEE<br>700 E STREET SE<br>WASHINGTON, DC 20003 | |
| BRUCE MITCHELL<br>TRUSTEE<br>700 E STREET SE<br>WASHINGTON, DC 20003 | |
| ELIZABETH MENIST<br>SUBSTITUTE TRUSTEE<br>700 E ST SE<br>WASHINGTON DC 20003 | |
| DIANNE STEWART<br>SUBSTITUTE TRUSTEE<br>700 E ST SE<br>WASHINGTON DC 20003 | |
| CAROLE MCINTYRE<br>1922 3RD ST NW #9<br>WASHINGTON DC 20001<br>                Defendants. | |

**COMPLAINT FOR WRONGFUL FORECLOSURE,
BREACH OF CONTRACT FRAUD AND DAMAGES**
Plaintiff's Exhibit #1

EXHIBIT
1

COMES NOW, PLAINTIFF LE BON BRUCE WALKER AKA L.B. WALKER, (hereinafter called "Walker") by and through the undersigned attorney, Lucy R. Edwards, and for this cause of action states and alleges as follows:

1. The jurisdiction of the Court is found on DC Code §11-921 (1981 Ed).

2. Plaintiff Walker is a resident of the District of Columbia and is the co-owner of Selker, LLC. Walker is also the owner/former owner of 1922 3rd Street NW, WDC 20001.

3. Defendant Neil Seldman (hereinafter called "Seldman") resides in the District of Columbia and is the co-owner of Selker LLC.

4. Defendant Barry Mitchell (hereinafter called "Mitchell") is on information and belief a resident of the District of Columbia and is doing business in the District of Columbia. Mitchell is a named trustee of a deed of trust to secure a promissory note to Seldman dated January 27, 2000 as records Instrument # 8480, wherein Walker and his wife Patricia Walker (who joined therein for the sole and limited purpose of waiver of dower) were Grantors. (attached herein as Exhibit #1).

5. Defendant Bruce Mitchell (hereinafter called " B. Mitchell") is an individual doing business in the District of Columbia and a named trustee of a deed of trust to secure a promissory note to Seldman dated January 27, 2000 and recorded as Instrument #8480, wherein Walker and his wife (who joined therein for the sole and limited purpose of waiver of dower) were grantors.

6. Defendant Elizabeth Menist (hereinafter called "Menist") is an individual doing business in Washington, DC and the named substitute trustee under a Deed of Appointment of Substitute Trustees recorded on December 14, 2001 as Instrument #120908 pursuant to Deed of Trust recorded on January 28, 2000 as Instrument #8480. Menist signed on January 30, 2002, a Trustees' Deed

2

recorded at Instrument # 2014195 making Seldman and his wife, Laura Seldman, Grantees to 1922 3rd Street NW, WDC 20001. (attached as Exhibit #2).

7. Defendant Diane M. Stewart (hereinafter called "Stewart") is an individual doing business in the District of Columbia and is the substitute trustee under a Deed of Appointment of Substitute Trustee recorded on December 14, 2001 as Instrument #120908, pursuant to a Deed of Trust recorded on January 28, 2000 at Instrument #8480. Stewart signed on January 30, 2002 a Trustees Deed recorded as Instrument #2014195 making Seldman and his wife Grantees to 1922 3rd Street NW, WDC 20001.

8. Defendant Carole McIntyre is a resident of the District of Columbia and on information and belief is an employee of Seldman and or Selker LLC. McIntyre was previously employed by Walker as a general administrative assistant.

## FACTS

9. That on or about November, 1999, Walker and his wife Patricia Walker (who joined for the sole and limited purpose of waiver of dower) purchased the real property that is the subject of this Complaint and is described as Lot 10, Square 3089 in the land records at the Recorder of Deeds Office and known as 1922 3rd Street NW, Washington, DC 20001 (hereinafter called "the property").

10. That on or about January, 2000, Seldman loaned Walker the principal sum of One Hundred Seventy Four Thousand U.S. ($174,000) for purchase or money based upon the value of the property to be repaid with interest and to be used for business or investment purposes in real property to conduct business in the District of Columbia pursuant to Title 28-3301 of the District of Columbia Municipal Regulations.

11. That on or about January 27, 2000, Walker executed the aforementioned Deed of Trust

( Instrument #8480 ) against the property to secure the aforementioned promissory note to Seldman under the assumption that Seldman and Walker were to become business partners to invest in real property and to use the proceeds from payment on the note as investment and reinvestiment funds.

12. That on or about June 7, 2000, Seldman and Walker became business partners and managers doing business initially as Seldman Walker, LLC and subsequently the name was changed to Selker, LLC for the purposes described above. Walker retained an 80 percent interest and Seldman, a 20 percent interest in the business.

13. That the subject property is zoned "residential/single-family". Walker renovated the property by changing its floor plan layout to include ten (10) large bedroom suites, each made up of a single room, with an an adjoining bathroom and each containing a bedroom snack preparation bar, with some having a combination cook-top/refrigerator and some having a small range and small refrigerator. These studio bedrooms are and will be located on the 1st, 2nd and 3rd floor levels. The ground floor ( English basement) contains a living room, bedroom, kitchen, family room, 3 bathrooms and a boiler, utility, and storage rooms. Walker intended to rent the studio rooms within his residence to Howard University students, other students and young professionals. The renovations are incomplete and continuing and some of the completed rooms were occupied.

Walker and/or an individual on his behalf resided in the premises during the time in question. Rental payments obtained from the property were used to pay the first mortgage and the indebtedness secured by the aforementioned Deed of Trust for the note to Seldman. Walker fulfilled his payment obligation to Seldman from the funds generated by the rents obtained from the property up until June 2001. To date, the property is still zoned as " residential, single-family."

14. That on or about June, 2001, Walker relinquished his managerial duties of Selker, LLC

to Seldman and made Seldman responsible for the day-to-day operations of Selker LLC by written agreement. Walker also agreed to sell to Seldman an additional 30 percent interest in the business making Seldman's interest 50 percent while he was away. There has not been any actual consideration paid or tendered to Walker by Seldman for said 30 percent of Selker, LLC's equity. Walker never released his 50 percent interest in Selker, LLC and never received any consideration for his 30 percent that he sold to Selmman. Plaintiff relinquished his managerial duties solely due to the fact that he had been incarcerated.

15. That on or about June, 2001, Walker instructed McIntyre, who resided on the property, to remove all of the tenants and occupants, stop receiving rents and close down the property until he returned. During this period, Walker and his son sought to re-finance the property and Seldman agreed to support this venture and wait for the refinancing to be paid the balance on the note. Seldman agreed to cooperate with Walker in this manner to prevent Walker from filing a Bankruptcy in the U,S. Bankruptcy Court as Plaintiff indicated that he would do to protect his property.

16. That McIntyre failed to carry out Walker's instructions in regards to stopping the collection of rents on the property and continued to collect rents and pocket the profits in collusion with Seldman.

17. That on December 14, 2001 Seldman without any notice to Walker and in violation of the terms of the deed of trust to secure the note, Seldman recorded a Deed of Appointment of Substitute Trustees and named Menist and Stewart as substitute trustees under the aforementioned Deed. The substitute trustees signed on January 30th 2002, a Trustee's Deed naming Seldman and his wife Grantees.

18. That on the same day (December 14, 2001) Seldman recorded the deed substituting the

trustees, he also recorded a Notice of Foreclosure Sale of the property with the DC Office of Tax and Revenue and mailed same to Walker.(Attached herein as Exhibit 3). Prior to filing the foreclosure notice, Seldman sent, dated November 28, 2001, a "Notice of Default, Deed of Trust & Note dated January 27, 2000". In the notice, Seldman indicated to Walker that he should contact him before making a tender to cure his default for the correct payoff figure.

19. That on December 15, 2001, and December 26, 2001, and December 29, 2001 respectively, Walker pursuant to the Notice of Default dated November 28, 2001, sent three letters of intent to cure default and requested in each letter that Seldman tell him the amount of money needed in order to cure the default.( Attached herein as Exhibits 4-6). Walker received no response from Seldman regarding the letters seeking to cure. On or about January 20, 2002, Walker received a letter from Seldman's counsel (dated 12/27/01) indicating that any correspondences pertaining to the foreclosure of the property should be directed to his office and to contact his office (Scheuermann & Terhune) to receive the payoff value. At no time during this period did Seldman indicate to Walker that he was represented by counsel and that all correspondences should be directed to counsel. In addition, Walker's son, Bruce Walker attempted to contact Seldman by telephoning Seldman's Washington DC residence. Seldman was never available to Walker's son. He was told by a woman that answered Seldman's residence phone and identified herself as Seldman's wife, that Seldman was out of the city and could not be reached. Seldman at all times refused to tell Walker the proper amount that he needed to cure the default pursuant to the terms of the Deed of Trust.

20. That on January 15, 2002, Seldman illegally foreclosed on the property and subsequently vested title in himself. The foreclosure sale and transfer of title was illegally accomplished by

Seldman's appointment of substitute trustees Menist and Stewart on the same day of the recordation of the foreclosure notice, followed by the substitute trustees executing a deed of trust to Seldman as Grantee after Seldman personally filed the foreclosure notice, which was defective in that it was not in compliance with DC Code § 42-807 and to the extent that the premises were used as the residence of Plaintiff and others at his request, DC Code § 42-815.01, and foreclosed when he was unauthorized to do so. Moreover, at Walker's request, during his absence, Raymond Hawkins resided in Walker's English basement residence, (even though renovations were incomplete), to safeguard Walker's residence and to provide day-to-day maintenance the residence.

21. That prior to the date of the foreclosure sale and on information and belief to prevent Walker from filing suit for wrongful foreclosure, Seldman sent Walker a letter dated January 3, 2002, wherein he offered to make a cash payment to Walker (a verbal statement of $50,000) after the sale of the property at foreclosure. Walker notes that Seldman refused to give him the proper amount needed to reinstate the loan payments, but insisted instead on receiving the full value of the loan plus interest without any set-offs for payments previously made. To date, Walker has received no payments nor accounting from Seldman for the property.

22. That on information and belief, Seldman has sold valuable property belonging to Walker personally and to Selker LLC without consent and has mismanaged the business and the handling of funds. To date, Walker has received no profits from Selker, LLC pursuant to his 50 percent interest in the Company. In addition, Walker sent a certified letter to Seldman, requesting operating information pertaining to Selker, LLC. At this point, Seldman has not provided the company's operating information that Walker is entitled to and continues on information and belief to liquidate real property owned by Selker, LLC.

## COUNT I-WRONGFUL FORECLOSURE

23. The factual allegations set out in nos 1-22 are incorporated and referenced herein.

24. Seldman, Mitchell, B. Mitchell, Menist and Stewart participated in a scheme to illegally foreclose Walker's ownership rights to the property. In violation of the terms under the Deed of Trust (at Instrument #8480) wherein the Mitchells, the named trustees, were vested with sole authority to sell the real property, in case of default, Seldman illegally appointed substitute trustees Menist and Stewart who in turn executed an invalid Trustees' Deed wherein Seldman was made the Grantee. Seldman, himself, illegally signed and recorded a Notice of Foreclosure instead of the trustees. Seldman was without authority to make himself Grantee and was without authority to foreclose on the property. Mitchell, B. Mitchell, Menist and Stewart conspired to circumvent the terms of the deed of trust which provided specifically that any sale of the property be done by the trustees in order to let Seldman foreclose on the property and vest title in himself. All of the trustees are part of the same business and conduct business at the same address, and apparently conspired to divest Walker of his interest in the property.

25. Seldman wrongfully alleged that the total amount of the loan secured by the deed of trust at Instrument #8480 was $185,946.15, when in fact, Walker did not owe this amount. Moreover, Seldman wrongfully alleged that the proper amount needed to cure the default was the above amount plus interest and attorneys' fees. The foreclosure notice was invalid and the alleged foreclosure was invalid, in light of this fact and in light the fact that Seldman himself was unauthorized to foreclose on the property under the terms of the deed of trust.

## COUNT II -CONSPIRACY TO COMMIT FRAUD

26. The factual allegations and allegations set out in Nos. 1-25 are incorporated and

8

referenced herein.

27. All of the trustees having been a part of the same business at the same address conspired with Seldman to effect an illegal transfer of the property from Walker to Seldman. The trustees and Seldman fraudulently accomplished the issuance of an invalid Deed of Appointment of Substitute Trustees, for the express purpose of giving Seldman the unauthorized authority to foreclose on the property. The substitute Trustees then signed a fraudulent Trustees' Deed wherein they made Seldman and his wife, the grantees. Seldman fraudulently sought to prevent Walker from taking any action against him to prevent the foreclosure by asking Walker not to file bankruptcy and by offering Walker a cash settlement for the property.

## COUNT III-COLLUSION AND UNJUST ENRICHMENT

28. The factual allegations and allegations as set out in Nos. 1-27 are referenced and incorporated herein.

29. McIntyre, an employee of Selker, LLC and of Seldman on information and belief, failed to follow the instructions of Walker to stop taking rental payments from the tenants on the property and to remove all of the tenants and herself from the property. McIntyre stayed on and collected rents from the tenants and the tenants and shared them with Seldman.

30. Seldman and McIntyre unjustly enriched themselves from the rents and never gave any of those monies to Walker, nor did they apply such funds to the outstanding loan. Seldman never made any restitution to Walker following the foreclosure as he alleged he would do.

## COUNT IV-BREACH OF CONTRACT AND DAMAGES

31. Walker incorporates and references herein the facts as alleged in Nos. 1-30.

32. While Walker was away, Seldman failed to properly carry out his managerial duties of

Selker, LLC. Seldman breached the Operating Agreement between himself and Walker and failed to account for the profits and losses of Selker, LLC or to give to Walker the requested operating information about the company. Seldman on information and belief improperly sold property belonging to Selker, LLC without permission of his partner Walker and has failed to pay Walker his share of any profits generated by the Company. Seldman failed to pay to Walker any residual amount of funds due to him from the alleged foreclosure and for work performed by Walker on the property.

WHEREFORE PLAINTIFF WALKER respectfully prays that the Court:

1. Strike the foreclosure notice as invalid and vacate the foreclosure and transfer of title of the property by Seldman.

2. Prevent and/or set aside any sale of the property or transfer of title pending this litigation.

3. Void as fraudulently conveyed the Deed of Appointment of Substitute Trustee and Trustees' Deed both signed by Seldman wherein Seldman was Grantee.

4. Void all unauthorized and fraudulent conveyances of any of Selker, LLC's property[ies] sold and conveyed by Seldman.

5. a. Grant Compensatory and Actual damages in the amount of 50% of the value of the assets of Selker, LLC.

b. Grant Compensatory and Actual damages in the amount of ONE MILLION DOLLARS, ($1,000,000 dollars).

c. Punitive damages in the amount of THREE MILLION FIVE HUNDRED THOUSAND DOLLARS ($3,500,000) for the undue emotional and physical stress caused Walker

by the woeful and fraudulent actions of his business partner, Seldman.

6. Such other and further relief that the Court may deem just and proper

Respectfully submitted,

*Lucy R. Edwards*

Lucy R. Edwards, 197020
3001 Georgia Avenue NW
Washington, DC 20001-3807
(202) 829-9601

## VERIFICATION OF L.B. Walker

I, L. B. Walker, hereby certify that I have read the foregoing Complaint and that it is true to the best of my knowledge, information and belief.

_____
L.B. Walker

## NOTARY'S STATEMENT

I, __Jonathan J. Hakudin__, A notary Public hereby certify that on __May 9th__, 2003, L.B. Walker personally appeared before me and acknowledged the foregoing to be a true verification of the Complaint.

Witness my hand and seal this __9th__ day of __May__, 2003.

_____
Notary Public

My commission expires: __September 1, 2004__.