<u>IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA</u>

| | |
|---|---|
| Le Bon Bruce Walker, et al. | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 1:106-cv-00603-GK |
| Neil Seldman, et al. | ) ) ) |
| Defendants | ) ) |

<u>ANSWER FILED ON BEHALF OF CITY TITLE & ESCROW CO., INC.</u>

Comes now Defendant City Title & Escrow Co., Inc. ("City Title"), by and through counsel, and for Answer to the Amended Verified Complaint ("Amended Complaint")[1] respectfully shows the Court as follows:

<u>First Defense - This Court Lacks Subject Matter Jurisdiction</u>

1. This Court lacks subject matter jurisdiction in that the claim of diversity jurisdiction fails because there is not complete diversity of citizenship between Plaintiffs on the one hand and all Defendants on the other. Further the claim of Federal question jurisdiction fails because the two Federal statutes cited in the Amended Complaint cannot apply to the facts of this case and are frivolous.

<u>Second Defense - The Amended Complaint Fails to State a Claim for Which Relief
Can Be Granted as to City Title</u>

2. The Amended Complaint and each count thereof fails to state a relief for which can be granted against City Title.

---

[1] Despite being titled as a "verified" complaint, the Amended Complaint served on Defendant was not verified.

### Third Defense - The Claims Against City Title Are Time Barred

3. The claims against City Title are time barred by the applicable three year statute of limitations in that the transactions relevant hereto in which City Title was a participant occurred in 2000 and 2002 and this case was not filed until 2006.

### Fourth Defense - Mr. Walker is Estopped to Bring this Action Against City Title

4. Plaintiff is estopped from bringing this action by his own actions in that the settlements held by City Title that might be relevant to this action were either attended by Plaintiff Walker or were undertaken under an Amended Operating Agreement signed by Plaintiff Walker in which Defendant Seldman was appointed Managing Member of the Plaintiff Selker, LLC ("LLC") and was authorized to enter into the transactions in which City Title participated. These transactions occurred in 2000 and 2002 which was prior to the time that the Amended Complaint alleges that Mr. Walker terminated Mr. Seldman's authority to act for the LLC which he alleges took place in 2004.

### Fifth Defense - Mr. Walker Lacks Standing

5. Plaintiff Walker lacks standing to bring this action against City Title in that he claims that the subject properties were or are the property of the LLC. He does not allege that they belonged to him. Further the letter attached to the Amended Complaint as Exhibit 2 is legally inadequate to be deemed to be an Amendment to the LLC's Operating Agreement as would be required to remove Defendant Seldman as Managing Member. The Amended Complaint does not set forth the elements of a derivative action.

### Sixth Defense - Preclusive Prior Litigation

6. The claims regarding 1922-3rd Street, N.W. (the "Third Street property") are barred

by res judicata and collateral estoppel in that the issues raised by Plaintiffs in regard to this property in this case were previously decided by the Superior Court of the District of Columbia against Mr. Walker.

<u>Seventh Defense - No Pro Se Appearances for Entities Are Allowed</u>

7. The LLC appears herein pro se. Entity parties must be represented by counsel properly admitted to this Court.

<u>Seventh Defense - Specific Responses to the Allegations of the Amended Complaint</u>

As and for replies to the specific allegations of the Amended Complaint, City Title respectfully shows the Court as follows:

8. The allegations of the first sentence Paragraph 1 of the Amended Complaint are admitted. There are illegible markings on the Amended Complaint served on City Title. If those contain allegations, they are necessarily denied.

9. As to the allegations of Paragraph 2 of the Amended Complaint, City Title admits that the LLC exists and that it is located in the District of Columbia. City Title lacks sufficient information in regard to the other allegations of Paragraph 2 to form a belief and so denies the same.

10. As to the allegations of Paragraph 3 of the Amended Complaint, City Title admits that Mr. Seldman is a resident of the District of Columbia and that he was the Managing Member of the LLC at least through December of 2004. City Title lacks sufficient information in regard to the other allegations of Paragraph 3 to form a belief and so denies the same.

11. City Title lacks sufficient information in regard to the allegations of Paragraph 4 of the Amended Complaint to form a belief and so denies the same.

12. As to the allegations of Paragraph 5 of the Amended Complaint, City Title admits that

Ms. Stewart was one of the foreclosing Substitute Trustees in regard to the Third Street property and that the subject Deed of Trust was secured by said property. City Title lacks sufficient information to form a belief as to whether Ms. Stewart does business in the District of Columbia.

13.     As to the allegations of Paragraph 6 of the Amended Complaint, City Title admits that Ms. Menist was one of the foreclosing Substitute Trustees in regard to the Third Street property and that the subject Deed of Trust was secured by said property. City Title lacks sufficient information to form a belief as to whether Ms. Menist does business in the District of Columbia.

14.     City Title lacks sufficient information in regard to the allegations of Paragraph 7 of the Amended Complaint to form a belief and so denies the same.

15.     As to the allegations of Paragraph 8 of the Amended Complaint, City Title admits that W.C. & A.N. Miller is engaged in the business of operating a real estate brokerage. City Title lacks sufficient information to form a belief as to the balance of the allegations in Paragraph 8 but admits that W.C. & A.N. Miller may have performed brokerage services in connection with one or more of the transactions listed in Paragraph 16 of this Answer.

16.     As to the allegations of Paragraph 9 of the Amended Complaint, City Title admits that it is a real estate settlement company and that it operates in the District of Columbia. City Title was not involved with any property mentioned in the Amended Complaint other than the following:

      A. 1964-2nd Street, N.W. Washington, D.C. (the "Second Street property")

City Title handled two transactions regarding the Second Street property. The first was the acquisition of the Second Street property by the LLC which occurred in 2000 and as to which Mr. Walker was a participant. The second transaction occurred in 2002 and was a sale of the Second Street property by means of a deed signed by Neil Seldman as Managing Member pursuant to an

Amended Operating Agreement which was signed by Mr. Walker and which was presented to City Title as evidence of his authority.

### B. 1922-3rd Street, N.W. (the "Third Street property")

City Title avers that as to the Third Street property, it handled no transaction involving that property while it was the property of the LLC. The Third Street property had been foreclosed on and on information and belief Mr. Seldman was the purchaser at foreclosure. City Title did not have anything to do with the foreclosure or the settlement following foreclosure. In 2002 Mr. Seldman refinanced the property and at his request City Title conducted the closing for the refinancing. The refinancing did not affect the LLC's ownership which had been terminated by the foreclosure.

### C. 1350 Meridian Place, N.W., Washington, D.C. (the "Meridian property")

In 2000, City Title held the closing at which Selker, LLC purchased the Meridian Property and as to which Mr. Walker was a participant. In 2002, City Title handled the settlement of the sale of from the LLC to Urban Communities, LLC. Mr. Seldman signed the deed as Managing Member of the LLC pursuant to the Amended Operating Agreement aforesaid.

17. City Title lacks sufficient information to form a belief as to the allegations of Paragraph 10 of the Amended Complaint.

18. As to the allegations of Paragraph 11 of the Amended Complaint, City Title admits that First American is a title insurance company which does business in the District of Columbia. City Title lacks sufficient information in regard to the other allegations of Paragraph 1 to form a belief and so denies the same although it admits that First American may have provided title insurance in one or more of the transactions listed in Paragraph 16 of this Answer.

19. City Title lacks sufficient information to form a belief as to the allegations of

Paragraph 12 of the Amended Complaint and so denies the same, except City Title admits that Mr. Steed is a resident of the District of Columbia.

20. City Title lacks sufficient information to form a belief as to the allegations of Paragraph 13 of the Amended Complaint and so denies the same, except City Title admits that Mr. Woldehanna is a resident of the District of Columbia.

21. City Title lacks sufficient information to form a belief as to the allegations of Paragraph 14 and so denies the same, except City Title admits that Mr. Emery is a resident of the District of Columbia.

22. City Title lacks sufficient information to form a belief as to the allegations of Paragraph 15 of the Amended Complaint and so denies the same. City Title does not understand the claim that these defendants are "third party purchasers" and so denies the same. Urban Communities became a purchaser of the Meridian property as alleged in Paragraph 16 hereof. City Title does admit that Mr. Monast and Urban Communities are residents of the District of Columbia.

23. City Title lacks sufficient information to form a belief as to the allegations of Paragraph 16 of the Amended Complaint and so denies the same.

24. City Title lacks sufficient information to form a belief as to the allegations of Paragraph 17 of the Amended Complaint and so denies the same.

25. City Title lacks sufficient information to form a belief as to the allegations of Paragraph 18 of the Amended Complaint and so denies the same. Further, to the extent that Paragraph 18 states the legal conclusions of the pleader, no response is required but if a response is required those legal conclusions are denied.

26. City Title lacks sufficient information to form a belief as to the allegations of

Paragraph 19 of the Amended Complaint and so denies the same, except City Title admits that the LLC became the owner of the Meridian Place property at some time.

27. City Title lacks sufficient information to form a belief as to the allegations of Paragraphs 20-29 of the Amended Complaint and so denies the same.

28. The allegations of Paragraph 30 of the Amended Complaint are denied insofar as they allege that City Title acted in an unlawful or improper manner or that it handled any transaction for any LLC property as to which there was a lis pendens pending or as they might otherwise relate to City Title. City Title lacks sufficient information to form a belief as to the other allegations of Paragraph 30.

29. City Title lacks sufficient information to form a belief as to the allegations of Paragraphs 31-34 of the Amended Complaint and so denies the same.

30. The allegations of Paragraph 35 of the Amended Complaint require no response.

31. The allegations of Paragraph 36 of the Amended Complaint require no response but if a response is required, City Title realleges all of the foregoing and incorporates the same herein.

31. City Title lacks sufficient information to form a belief as to the allegations of Paragraphs 37 and 38 of the Amended Complaint and so denies the same.

32. The allegations of Paragraph 39 of the Amended Complaint are denied insofar as they allege that City Title acted in an unlawful or improper manner or as they might otherwise relate to City Title. City Title lacks sufficient information to form a belief as to the other allegations of Paragraph 39.

33. City Title lacks sufficient information to form a belief as to the allegations of Paragraphs 40--44 of the Amended Complaint and so denies the same.

34. The allegations of Paragraph 45 of the Amended Complaint are denied insofar as they allege that City Title acted in an unlawful or improper manner or as they might otherwise relate to City Title. City Title lacks sufficient information to form a belief as to the other allegations of Paragraph 45.

35. The allegations of Paragraph 46 of the Amended Complaint require no response but if a response is required, City Title realleges all of the foregoing and incorporates the same herein.

36. City Title lacks sufficient information to form a belief as to the allegations of Paragraphs 47--49 of the Amended Complaint and so denies the same.

37. The allegations of Paragraph 50 of the Amended Complaint are denied insofar as they allege that City Title acted in an unlawful or improper manner or as they might otherwise relate to City Title. City Title lacks sufficient information to form a belief as to the other allegations of Paragraph 50.

38. The allegations of Paragraph 51 of the Amended Complaint require no response but if a response is required, City Title realleges all of the foregoing and incorporates the same herein.

39. City Title lacks sufficient information to form a belief as to the allegations of Paragraph 52 of the Amended Complaint and so denies the same.

40. The allegations of Paragraph 53 of the Amended Complaint are denied as they relate to City Title or are intended to assert unlawful or improper conduct on its part or as they might otherwise relate to City Title. City Title lacks sufficient information to form a belief as to the other allegations of Paragraph 53.

41. City Title lacks sufficient information to form a belief as to the allegations of Paragraphs 54-56 of the Amended Complaint and so denies the same.

42. The allegations of Paragraph 57 of the Amended Complaint require no response but if a response is required, City Title realleges all of the foregoing and incorporates the same herein.

43. City Title lacks sufficient information to form a belief as to the allegations of Paragraph 58 of the Amended Complaint and so denies the same.

44. The allegations of Paragraph 59 of the Amended Complaint are denied insofar as they allege that City Title acted in an unlawful or improper manner or as they might otherwise relate to City Title. City Title lacks sufficient information to form a belief as to the other allegations of Paragraph 59.

45. The allegations of Paragraph 60 of the Amended Complaint require no response but if a response is required, City Title realleges all of the foregoing and incorporates the same herein.

45. The allegations of Paragraphs 61-63 of the Amended Complaint are denied as they relate to City Title if City Title is intended to be included by the references to "et. al." or "relevant Title Companies." City Title lacks sufficient information to form a belief as to the other allegations of Paragraphs 61-63 of the Amended Complaint.

46. The allegations of Paragraph 64 of the Amended Complaint require no response but if a response is required, City Title realleges all of the foregoing and incorporates the same herein.

47. City Title lacks sufficient information to form a belief as to the allegations of Paragraphs 65-67 of the Amended Complaint.

48. Any allegation of the Amended Complaint not explicitly admitted above is denied and strict proof demanded thereof.

Respectfully submitted,

_/s/ Robert N. Levin_
_____
Robert N. Levin, #79137
Law Offices of Robert N. Levin, PC
1901 Research Boulevard
Suite 400
Rockville, MD 20850
Tel:  (301) 517-8727
Fax:  (301) 762-4056
Email: r.levin@erols.com

G:\C.Title\pldg\Answer.wpd