UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Le Bon Bruce Walker, et al. | ) | |
| | ) | |
| v. | ) | Case No. 1:06-cv-00603-GK |
| | ) | |
| Neil Seldman, et al. | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES[1]

### I. Summary Judgment Is Appropriate in this Case

This Court recently set out the familiar teachings regarding motions for summary judgment in <u>Aliron Intern., Inc. v. Cherokee Nation Industries, Inc.</u>, 2006 WL 1793295, *2 (D.D.C. 2006) as follows:

> Summary judgment will be granted when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits or declarations, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c). A fact is "material" if it might affect the outcome of the action under the governing law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986).
>  The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The nonmoving party then must "go beyond the pleadings and by [its] own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. at 324 (internal quotations omitted); see Laningham v. U.S. Navy, 813 F.2d 1236, 1242 (D.C.Cir.1987) (nonmoving party has affirmative duty "to provide evidence that would permit a reasonable jury to find" in its favor).
>  In deciding a motion for summary judgment . . . the "court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). Ultimately, the court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Liberty Lobby, 477 U.S. at 251-52.

---

[1] Some of the issues presented herein are actually the stuff of a motion to dismiss in that determinations of those issues in City Title's favor would not end the case. To the extent that such issues are determined by the Court, City Title respectfully prays that they be treated under Rule 12(b)(6). The issues that might best be treated under that Rule are identified in connection with the arguments made below.

For reasons next shown below, the uncontroverted material facts demonstrate that City Title is entitled to judgment as a matter of law within the meaning of Rule 56(c), F.R.Civ.P.

## II. This Court Lacks Subject Matter Jurisdiction[2]

The first sentence of the Amended Verified Complaint[3] alleges that this Court has diversity jurisdiction citing what is in fact the federal question statute, 28 U.S.C. 1331 rather than the diversity statute, 28 U.S.C. 1332. Paragraph 1 of the Amended Complaint alleges that Plaintiff Walker is a resident of the District of Columbia while Paragraphs 12, 13, 14 and 15 of the Amended Complaint respectively allege that Defendants Steed, Woldehanna, Emery, Monast and Urban Communities, LLC are also residents of the District of Columbia. There is no diversity jurisdiction in this matter.

There is also no Federal question jurisdiction for reasons given in the Motion to Dismiss filed by Defendants Diane Stewart and Elizabeth Menist at pages 4-5 of their Memorandum which City Title adopts herein by reference.

## III. City Title Adopts the Dispositive Motions by Other Defendants

Defendants Diane Stewart and Elizabeth Menist have filed a Motion to Dismiss which demonstrates that the claims now asserted by Plaintiffs are barred by the adjudication of many of these same claims in Walker v. Seldman et al. in the Superior Court in CA NO. 03-3882, by the absence of Federal jurisdiction, by limitations, by failure to state a RICO claim, by failure to state a claim under §1983, and by the failure of Plaintiffs to state sufficient facts to justify punitive damages. City Title adopts the Motion to Dismiss filed by Defendants Steward and Menist and

---

[2] To the extent that the Court finds that this issue might best considered under Rule 12(b)(6), F.R.Civ.P., City Title respectfully prays that the Court regard this to be a motion to dismiss.

[3] The pleading served on City Title was in fact not verified.

2

incorporates the same herein by reference as fully as if that Motion had been repeated verbatim

Defendant Yohannes Woldehanna has filed a Motion to Dismiss or in the Alternative for Summary Judgment in which Mr. Woldehanna demonstrates that Plaintiff Walker lacks standing to bring this action, that because Selker, LLC is not represented by counsel its claim must be dismissed, that Mr. Woldehanna purchased one of the subject properties prior to the filing of a *lis pendens* by Mr. Walker, that at least one of the subject properties was sold prior to the alleged revocation of Defendant Seldman's authority as managing member of the LLC, and that various Counts of the Amended Complaint fail to contain sufficient factual allegations to make out claims for which relief can be granted. City Title adopts the Motion to Dismiss on the Alternative for Summary Judgment filed by Defendant Woldehanna and incorporates the same herein by reference as fully as if that Motion had been repeated verbatim.

Defendant Neil Seldman has filed a Motion for Partial Summary Judgment in which he demonstrates that the claims are barred by the prior adjudication in the Superior Court matter identified above. City Title adopts the Motion for Partial Summary Judgment filed by Defendant Seldman and incorporates the same herein by reference as fully as if that Motion had been repeated verbatim. In regard to the Superior Court matter, while City Title was not a party to that action it is entitled to assert the preclusive effects of that case under the doctrine of offensive collateral estoppel. Howard University v. Lacey, 828 A.2d 733, 736 (D.C. 2003).[4] City Title will supplement some of the arguments made in the dispositive motions listed above. In all instances City Title relies upon and claims the benefits of the arguments of its co-defendants.

---

[4] Because other Defendants are more familiar with the history of the earlier litigation, City Title will rely entirely on their arguments under this heading.

3

### III  The Uncontested Facts Demonstrate That City Title Is Not Guilty of Wrongdoing

As shown in the Statement of Material Facts filed herewith and the Affidavit of Wanda J. Carr of City Title upon which the Statement is largely based, the only transactions in which City Title had been involved that are of interest in this action were as follows: There were two closings at which the LLC acquired properties (Second Street and Meridian).  Mr. Walker personally participated in those transactions and cannot complain that they involved the sale or transfer of the LLC's property.  There was one transaction (Third Street property) which had been lost in a foreclosure.  As to that transaction, City Title did not handle the closing where the LLC lost title. It did handle a later refinancing of Third Street. There was a transaction in which the LLC conveyed a property to Mr. Seldman (Second Street property).  Mr. Seldman was the Managing Member authorized to act for the LLC at that time as demonstrated in Exhibit 2 to the Affidavit of Wanda J. Carr.  There was one transaction in which the LLC conveyed the Meridian property to Urban Communities, Inc.  Again, Mr. Seldman was acting in his capacity as Managing Member.

It is thus clear, City Title did not have "constructive notice" that Mr. Seldman's authority had been terminated because as shown in the Amended Complaint and Ms. Carr's Affidavit it had not been terminated at the time that City Title acted.  City Title did not "conspire" or "collude" or "defraud" anyone.

The only specific allegations against City Title & Escrow Co., Inc. ("City Title") appear at Paragraphs 9 and 30of the Amended Verified Complaint.  Paragraph 9 reads in its entirety as follows:

> Defendant City Title & Escrow Co., Inc. is a settlement company doing business in the District of Columbia and [sic] handled the sale/transfer of some of SELKER, LLC [sic] real property.

4

Paragraph 30 indicates that City Title and others unlawfully handled the sales of the subject real properties "without any written resolution by Walker." In fact, the transactions undertaken by City Title were undertaken with a "written resolution by Walker," to wit the Amended Operating Agreement which both Mr. Seldman and Mr. Walker signed and which is attached to Ms. Carr's Affidavit as Exhibit 2.

As the Court can see, all five of the subject transactions either occurred with Mr. Walker's active participation in 2000 or occurred in 2002 at times after City Title had been provided with the Amended Operating Agreement which authorized Mr. Seldman to act for the LLC. All of the 2002 transaction occurred prior to Mr. Walker's alleged revocation of Mr. Seldman's authority to act as the managing member.

### IV. The Claims on Behalf of Selker, LLC must Be Dismissed Because it Appears Herein Pro Se[5]

The various complaints filed on behalf of the LLC are not signed by an attorney. They are signed by Plaintiff Le Bon Bruce Walker who is not a lawyer.[6] It is black letter law that entities must be represented by counsel. As this Court recently held in Roosevelt Land, LP v. Childress, 2006 WL 1877014, *3 (D.D.C.):

> [A] corporate defendant may not appear in an action pro se. It must be represented and appear through counsel. See *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 94, 201-202 (1993) (noting that for nearly two hundred years the law has required that a corporation be represented in an action by a licensed attorney); *Lennon v. McClory*, 3 F.Supp.2d 1461, 1462 n. 1 (D.D.C.1998) ("A corporation cannot represent itself and cannot appear pro se. It must be represented by counsel or it will be treated as not having appeared at all, and default judgment

---

[5] This is another issue that may best be treated as a Motion to Dismiss.

[6] In fact, Mr. Walker identifies himself as a former inmate of "a correctional facility in Jessup, Maryland." Amended Verified Complaint, Paragraph 26.

5

may be entered against it.") Stongheart may not appear or submit filings through Childress.

There is no claim in these proceedings that City Title did anything other than handle the "sale/transfer" of real estate belonging to Selker, LLC (Paragraph 9 of the Amended Verified Complaint). Thus if the Court strikes the pleadings filed on behalf of the LLC, it must necessarily strike all claims against City Title.

## VI. No Count of the Amended Verified Complaint Is Legally Sufficient to State a Claim Against City Title

City Title respectfully adds the following to the Rule 12(b)(6) arguments raised by the other dispositive motions in this matter.

### Count I Fails to State a RICO Claim

Count I alleges that Defendant Seldman caused the LLC's properties to be sold for less than they were worth and then sought to "extort" money from Walker to cover the foreclosure deficiencies. Count I does not allege the necessary elements of a RICO claim. It certainly does not make out a case for "extortion."

In K.B.A. Const., LLC v. Home Acres Bldg. Supply Co., 2005 WL 2243098, *3 (W.D.Mich. 2005) the Court explained the legal meaning of "extortion" as follows:

> RICO's racketeering predicate section, 18 U.S.C. § 1961(1), adopts the definition of "extortion" from the definition within the Hobbs Act-"the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence or fear, or under color of official right." 18 U.S.C. § 1951(b)(2). Most of the case law describing extortion has described it in the context of traditional violence and threats to do physical violence against a person.

No acts of violence or threatened violence are alleged in the Amended Verified Complaint.

The elements of a RICO claim are found in the statute at 18 U.S.C. 1961(a) which provides, in pertinent part, as follows:

6

> It shall be unlawful for any person who has received any income derived . . . from a pattern of racketeering activity . . . in which such person has participated as a principal . . . to use or invest, directly or indirectly, any part of such income . . . in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

Count I does not allege any of those elements. Mr. Walker's theory seems to be that the LLC's real estate was sold unlawfully by Mr. Seldman. Even if that were true, which appears to be very doubtful, that would not constitute a RICO violation because it does not fit the requirements of that statute.

Count I mentions "money laundering" which would be a predicate crime for RICO purposes. It does not, however allege the necessary elements which appear in the money laundering statute, 18 U.S.C. 1956(a). A very recent case, <u>U.S. v. Morales-Rodriguez</u>, 448 F.3d 50, 61-62 (Cir. 1 2006), set out the elements of a money laundering case as follows:

> (1) that [defendant] knowingly conducted a financial transaction, (2) that he knew the transaction involved funds that were the proceeds of some form of unlawful activity, (3) that the funds involved were in fact the proceeds of a specified unlawful activity, and (4) that [defendant] engaged in the financial transaction knowing that it was designed in whole or in part to conceal or disguise the nature, location, source

There is not a word in the Amended Complaint that would support a money laundering claim against City Title.

City Title is not mentioned in Count I. Handling a "sale/transfer" of real property does not make City Title answerable under RICO.

Count I fails to state a claim for which relief can be granted.

<u>Count II Fails to State a §1983 Claim</u>

Count II does not allege that any Defendant was a state actor within the meaning of §1983.

In Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 928, 102 S.Ct. 2744, 2749 (1982) the Supreme Court reaffirmed the rule that there is no §1983 claim absent state action as follows:

> In *United States v. Price*, 383 U.S. 787, 794, n. 7, 86 S.Ct. 1152, 1157 n.7, 16 L.Ed.2d 267 (1966), we explicitly stated that the requirements of [the Fourteenth Amendment and §1983] were identical: "In cases under § 1983, 'under color' of law has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment."

Count II does not identify an act by City Title that denied either Plaintiff any of his or its civil rights.

Count II fails to state a claim for which relief can be granted.

### Count III Fails to State a Claim for Fraudulent Conveyance Against City Title

Count III alleges - again without benefit of any factual allegations - that all of the Defendants including City Title had "constructive notice that Seldman did not have [sic] written resolution [from Walker] to sell SELKER, LLC's real estate." If the real estate belonged to "SELKER. LLC" there would have been no need to see a resolution authorizing the sale from Mr. Walker. However, as shown above, City Title did have a "written resolution" from Mr. Walker, to wit, the Amended Operating Agreement, at the two times it acted to aid in the transfer of properties that belonged to the LLC.

In this case, Mr. Walker claims to be a 70% owner of the LLC. However, at paragraphs 12 and 14 of his sworn Superior Court Complaint which appears as Exhibit 1 to the Motion to Dismiss filed by Defendant Seldman, Mr. Walker admits to selling 50% of those interests to Mr. Seldman. He is, of course, judicially estopped to deny those allegations. U.S. v. Quinn, 403 F.Supp.2d 57, 64 (D.D.C. 2005)(The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding). All of his

claims in the instant action that depend upon his claim of majority ownership must fail. Thus, the claims that he had to personally approve the sale of the real estate or that he had authority to dismiss Mr. Seldman as managing member are without legal basis.

### Count IV Fails to State a Fraud Claim Against City Title[7]

Count IV alleges fraud on the part of Defendants Menist, Steward and Scheuremann. Amended Complaint, Paragraph 59. It alleges in with paragraph 60 that the other Defendants are liable because they "knew" that Mr. Seldman did not have authority to bind the LLC. Amended Complaint, Paragraph 59. The fact is, as shown above, Mr. Walker had authorized Mr. Seldman to act as Managing Member and so the allegation in Paragraph 59 is simply wrong.

Further, Count IV fails to state a claim for conspiracy because it does not allege the most critical element of this cause of action, an agreement to do something illegal. As stated in Weishap v. Sowers, 771 A.2d 1014, 1023 (D.C. 2001):

> The elements of civil conspiracy are: (1) an agreement between two or more persons; (2) to participate in an unlawful act, or in a lawful act in an unlawful manner; and (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement (4) pursuant to, and in furtherance of, the common scheme. (Citations to authorities and internal punctuation deleted for clarity)

There is no allegation of an unlawful agreement involving City Title.

### Count V Fails to State a Cause of Action for Collusion and Unjust Enrichment Against City Title

Black's Law Dictionary (8th ed. 2004) defines "collusion" as "An agreement to defraud another or to do or obtain something forbidden by law." Thus, the "collusion" claim is redundant to the conspiracy claim in Count IV and it fails for the same reason that Count IV fails, namely there

---

[7] The total failure to allege specific facts constituting fraud not only violate Rule 9(b), SCR, it also evidences the bad faith with which this suit was filed and pursued.

is no allegation that City Title entered into any agreement to do an unlawful act.

Further, Count V fails to state a cause of action for unjust enrichment against City Title. The elements of such a claim are well known and they are missing from Count V. As stated by the Court of Appeals in <u>Kramer Associates, Inc. v. Ikam, Ltd.</u>, 888 A.2d 247, 254 (D.C. 2005):

> Unjust enrichment occurs when a person retains a benefit (usually money) which in justice and equity belongs to another . . . The party who retains the benefit is obliged to make restitution to the person who conferred the benefit if the circumstances of its receipt or retention are such that, as between the two persons, it is unjust for [the recipient] to retain it. (Citations to authorities and internal punctuation deleted for clarity)

There is no allegation that City Title "retains a benefit" which belongs to "another."

<u>Count VI Fails to State a Breach of Contract Claim Against City Title</u>

Count VI alleges that Mr. Seldman breached an agreement said to exist between Mr. Seldman and Mr. Walker. There is not a word in Count VI that would involve City Title with that contract.

<u>Conclusion</u>

Mr. Walker has caused a great many people a great deal of money defending a clearly spurious lawsuit, a suit which he had previously lost in large measure in another spurious suit in the Superior Court. He has forced innocent parties to have to answer to the charges in this matter which are wholly without merit and it is respectfully submitted that the Court should end this case now by dismissing this case with prejudice and by assessing costs including reasonable attorneys' fees against Mr. Walker.

Respectfully submitted,

_____
Robert N. Levin, #79137
Law Offices of Robert N. Levin, PC
1901 Research Boulevard
Suite 400
Rockville, MD 20850
Tel:   (301) 517-8727
Fax:   (301) 762-4056
Email: r.levin@erols

G:\C.Title\pldg\MSJp&a.wpd