UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LE BON BRUCE WALKER
    Plaintiff,

v.       No.1: 06-CV-00603(GK)

NEIL SELDMAN, ET. AL.,
    Defendant

RECEIVED
AUG 3 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO W.C. & A.N. MILLER DEVELOPMENT COMPANY TO QUASH RETURN OF SERVICE

COMES NOW PLAINTIFFS LE BON BRUCE WALKER ("Walker") and SELKER, LLC and respectfully oppose Defendant W.C. & A.N. Miller Development's ("Miller") Motion to Quash Return of Service and state the following as grounds.

1. Plaintiffs maintain that service was properly effectuated upon Miller at its Bethesda Office. Walker et. al. note that Miller is registered to do business in the District of Columbia and Maryland.

2. Defendant argues that Plaintiffs failed to serve the designated registered agent. However, Miller fails to state who their registered agent is or to give the agent's address. The Motion only states that Walker, et. al. effectuated service upon an employer of the Corporation. Miller's position is inapposite to the Federal Rules of Civil Procedure regarding service of process upon corporations.

3. Fed. R. Civ. P. 4(d)(2) provides in pertinent part:

    An individual, corporation, or association that is subject to


RECEIVED
AUG 3 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

> service under subdivision (e), (f)or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons. To avoid costs, the plaintiff may notify such a defendant of the commencement of the action and request that the defendant waive service of a summons...

Walker submits in writing a request for waiver of service attached hereto as Exhibit #1 and mailed first-class, postage prepaid to Miller's counsel. Plaintiffs argue that Miller's counsel represents an agent authorized by law to receive service of process and any other legal document on behalf of the Corporation. See Fed. R. Civ. R. 4(d)(2)(A).

4. Concurrent with this provision of the Federal Rules of Civil Procedure, Fed. R. Civ. R 4 (h) (1) provides in pertinent part:

> [Services Upon Corporations and Associations]
> ...Unless otherwise provided by federal law, service upon a domestic or foreign corporation of upon a partnership or other unincorporated association that is subject to suit under a common name and from which a waiver of service has not been obtained and filed, shall be effectuated: (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision(e)(1), or delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the Defendant...

5. Although Walker et. al. maintain that service upon Miller has been properly effectuated, Plaintiffs also argue that, this Court should not enter an Order on the merits of the Motion until minimally, Walker et. al. receive notice from Miller on the request for waiver of service.

WHEREFORE the premises considered, Walker, et. al. pray that this Court deny the Motion to Quash Return of Service, and or in the alternative, defer any ruling pending Miller's Answer to Plaintiff's Request to waive service of process.

Respectfully submitted,

Le Bon Bruce Walker, *pro se*
203 Seaton Place, NE
Washington, DC 20002
(202) 491-2940

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of August, 2006, a copy of the foregoing was mailed first class, postage prepaid to the following:

Michael N. Russo, Esquire
125 West Street 4th Floor
Post Office Box 2289
Annapolis, Maryland 21404-2289

David D. Hudgins, Esquire
515 King Street, Suite 400
Alexandria, VA, 22314

James A. Sullivan, Jr., Esquire
MILES & STOCKBRIDGE
11 N. Washington Street, Suite 700
Rockville, MD 20850

Albert A. Foster, Jr., Esquire
Peter K. Tomopa, Esquire
Dillingham & Murphy, LLP
1155 Connecticut Ave NW Ste 1120
Washiington, DC 20036

Carole McIntyre
1922 3rd Street NW #9
Washington, DC 20001

George T. Masson, Jr, Esquire
1900 M Street NW Suite 410
Washington, DC 20036-3532

F. Joseph Nealon, Esquire
Kirsten E. Keating, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
601 13th Street NW Ste 1000 South
Washington, DC 20005

Robert A. Scott, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
300 East Lombard Street, 18th Floor
Baltimore, Maryland 21202

City Title & Escrow Co., Inc.
4400 Jenifer Street NW Ste 350
Washington, DC 20015

Jonas J. Monast
Urban Communities, LLC
1350 Meridian Pl NW
Washington, DC 20010

Le Bon Bruce Walker

JULY 28, 2006

FROM:   LE BON WALKER
        203 SEATON PLACE NE
        WASHINGTON, DC 20002
        (202) 491-2940

TO:     MR. GEORGE T. MASSON, JR., ESQUIRE
        1900 M STREET, NW, SUITE # 410
        WASHINGTON, DC 20036-3532

RE:     Waiver of Service upon W.C. & A.N. Miller Development Company; Civil Action
        No.: 06-CV-00603 (G.K.); United States District Court for the District of Columbia

Dear Mr. Masson,

Please be advised that on May 8, 2006, an action captioned Le Bon Bruce Walker, et.al. v. Neil Seldman, et. al. was filed in the United States District Court for the District of Columbia and assigned case No. 06-CV-00603 (G.K.). Your client, W.C. & A.N. Miller Development Company was named as a party Defendant to this action. A copy of the Amended Verified Complaint is enclosed herein.

This letter constitutes a formal request that your client waive service of the Summons, pursuant to Fed. R. Civ. P. 4(d)(2). Please be advised also that a copy of the Summons and Amended Verified was served upon an employee of W.C. & A.N. Miller Development Company at its Bethesda Office.

Please be advised that Fed. R. Civ. P. 4(d)(G) provides in pertinent part:

> .....if a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for

# EXHIBIT 1

the failure be shown; (3) A defendant that, before being served with process, timely returns a waiver so requested is not required to serve an answer to the complaint until 60 days after the date on which the request for waiver of service was sent.....(5) The costs to be imposed on a defendant under paragraph (2) for failure to comply with a request to waive service of a summons shall include the costs subsequently incurred in effecting service under subdivision (e), (f), or (h), together with the costs, including a reasonable attorney's fee of any Motion required to collect the costs of service.

A copy of this letter and of the Amended Verified Complaint is being mailed personally to the President of W. C. & A.N. Miller Development Company. Please do not hesitate to contact me at the telephone number cited above, should you have any questions about this request.

Very Truly Yours,

Le Bon Bruce Walker