**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LE BON BRUCE WALKER | * |
| | * |
| Plaintiff | * |
| | * |
| vs. | *   Case No. 1:06-cv-00603-GK |
| | * |
| NEIL SELDMAN, et al. | * |
| | * |
| Defendants | * |

**DEFENDANT, NEIL SELDMAN'S REPLY MEMORANDUM**
**IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

COMES NOW the Defendant, Neil Seldman, by his undersigned counsel, pursuant to Fed. R. Civ. P. Rule 56 and LCvR 7(d) and files this Reply Memorandum in Support of his Motion for Partial Summary Judgment and for grounds in support thereof states as follows:

**I.    INTRODUCTION**

In his Memorandum of Points and Authorities in Opposition to Defendant, Neil Seldman's Motion for Partial Summary Judgment, Walker maintains that principles of *res judicata* do not apply to his claims related to the 1922 3rd Street Property.[1]  Walker essentially argues:  1) that there was never a judgment on the merits in the Superior Court Case; 2) that the "final judgment rendered in [the Superior Court] was not identical to the issues before this Court"; and 3) that there has been no final judgment entered in Superior Court because of the pendency of a second appeal in which Walker is challenging an order granting Seldman's Motion for Attorneys' Fees and Costs and Motion for Cancellation and Release of Lis Pendens.

---

[1] In opposition to the present motion, Walker incorporates "his challenge to the *res judicata* and collateral estoppel issues raised by Menist and Stewart" in their Motion to Dismiss.  Because *res judicata* is the sole legal basis for Seldman's Motion for Partial Summary Judgment, this Reply Memorandum will only address Walker's arguments as to *res judicata*.

As set forth in more detail below, because each of these arguments is without merit, this Court should apply the well-settled principles of *res judicata* to bar Walker's claims as they relate to the 1922 3rd Street Property.

## II. ARGUMENT

### A. The Superior Court Judgment Dismissing Walker's Complaint Clearly Operated as a Judgment on the Merits in the Superior Court Case.

Walker's attempt to reargue the propriety of the dismissal of the Superior Court Case and to claim that the dismissal of his case was not on the merits is disingenuous.[2] The Order denying Walker's Motion for Reconsideration in the Superior Court case clearly states that "[w]hen Plaintiff announced that he was not prepared to proceed to trial, the court granted Defendants' motion to dismiss for failure to prosecute pursuant to Super. Ct. Civ. R. 41(b)." (See Motion for Partial Summary Judgment, **Exhibit 2**). Superior Court Civil Rule 41(b) expressly states: "[u]nless the Court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this Rule, other than a dismissal for lack of jurisdiction, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." (Emphasis supplied). Thus, there is no question that Walker's failure to prosecute his case in Superior Court, which led to the dismissal of his case, operated as a dismissal on the merits. Walker's attempt to suggest otherwise should be summarily rejected by this Court.

In fact, Walker previously attempted to argue that the dismissal of his case was not on the merits when he opposed Seldman's Motion for Attorneys' Fees and Costs and Motion for

---

[2] In his Opposition to the Motion to Dismiss filed by Menist and Stewart, Walker has set forth his "Disputes in Defendants' Version of Background Facts and Procedural History" in which he attempts to argue the merits of his claim and reargue the propriety of the Superior Court's dismissal of his case. Seldman certainly rejects these arguments including the notion that the "Defendants could not prove their claims that Walker did not have a right to cure his residential default under DC Code § 42-815.01." (See Opposition at 4 n.2). Nevertheless, regardless of what Walker claims the facts and procedural history to have been, Walker cannot escape the undisputed facts that there was a final judgment on the merits entered in the Superior Court and that the propriety of that judgment has been affirmed on appeal.

Cancellation and Release of Lis Pendens in the Superior Court. The Superior Court rejected his argument, in an Order granting Seldman's Motions, by stating that: "[i]t is both wrong and disingenuous for [Walker] to argue that the dismissal of this action was not a judgment on the merits. Pursuant to Super. Ct. Civ. R. 41(b), the dismissal is an adjudication on the merits. Moreover, [Walker's] election not to proceed to trial on April 25, 2005, deprived Defendants of their opportunity to demonstrate once and for all that [Walker's] challenge to the foreclosure was without merit." (A true and correct copy of the Superior Court's Order docketed on April 14, 2006 is attached hereto as **Exhibit 6**).

    **B. The Final Judgment Entered in the Superior Court Precludes Any and All Claims Arising out of the Foreclosure of the 1922 3rd Street Property Regardless of Whether Those Claims Were Brought in Superior Court.**

Walker attempts to argue that his claims should not be barred by *res judicata*, because he has raised different legal theories in the present case which he did not maintain in the Superior Court Case. This argument simply ignores the well-settled principles and authorities set forth in Seldman's Motion for Partial Summary Judgment. Once again, *res judicata* dictates that:

> the parties to a suit and their privies are bound by a final judgment and may not relitigate any ground for relief which they already have had an opportunity to litigate-even if they chose not to exploit that opportunity-whether the initial judgment was erroneous or not. <u>The judgment bars any further claim based on the same nucleus of facts, for it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which the litigant relies</u>.

Wise v. Glickman, 257 F. Supp.2d 123, 128 (D.D.C. 2003) (emphasis supplied).

Thus, contrary to Walker's argument, the proper analysis should focus on whether or not the core nucleus of facts asserted by Walker in the two cases is the same and not whether different legal theories have been presented. There is no question that in both the Superior Court Case and the present case, as it relates to the 1922 3rd Street Property, the same nucleus of facts

surrounding the foreclosure sale serves as the basis for all of Walker's claims regardless of the legal theories asserted therein. In both cases, Walker has alleged that the foreclosure sale was illegal and invalid and that the foreclosure sale should be set aside and/or he should be entitled to damages. Thus, even though Walker has asserted different legal theories in the present case which he failed to bring in the Superior Court Case arising out of the foreclosure sale of the 1922 3rd Street Property, all claims are precluded by virtue of the final judgment entered in the Superior Court Case.

### C. Walker's Second Appeal from an Order Granting Attorney's Fees and Costs and Cancelling and Releasing the Lis Pendens in Favor of Seldman Does Not Affect the Finality of the Judgment Entered in the Superior Court.

As set forth in Seldman's Motion for Partial Summary Judgment, after the Court of Appeals summarily affirmed the Judgment of Dismissal in the Superior Court case, the Superior Court subsequently granted Seldman's Motion for Cancellation and Release of Lis Pendens and Motion for Attorney's Fees and Costs which it had deferred ruling on pending the outcome of the appeal. (See Statement of Material Facts, ¶12 n.1 & Exhibit 6). Although Walker has since appealed that ruling, Walker's second appeal has no bearing on the preclusive effect of the underlying judgment in the Superior Court Case.

It is well-settled that the mere pendency of an appeal does not alter the *res judicata* effect of a judgment or order. Jordan v. WMATA, 548 A.2d 792, 795 n.4 (D.C. 1988) (citing Hunt v. Liberty Lobby, Inc., 707 F.2d 1493, 1497-98 (D.C. Cir. 1983)); see also, Patton v. Klein, 746 A.2d 866, 869 n.6 (D.C. 1999). Consequently, even assuming Walker's second appeal involved the underlying merits of the dismissal of the Superior Court Case, the pendency of the Second Appeal would not defeat the *res judicata* effect of the final judgment entered in the Superior Court.

Nevertheless, the second appeal merely involves the issues of whether the Superior Court properly awarded attorney's fees and costs to Seldman and whether the Superior Court properly cancelled and released the Notice of Lis Pendens, which Walker recorded among the Land Records of the Recorder of Deeds for the District of Columbia.  Clearly, the issue of whether or not the Superior Court properly dismissed the Superior Court case on the basis of Rule 41(b) has already been finally decided by the Court of Appeals in the first appeal.  Consequently, even if Walker were to prevail in his second appeal, this would have no effect upon the final judgment of dismissal entered in the Superior Court Case.

WHEREFORE, Defendant, Neil Seldman respectfully requests that this Court grant this Motion for Partial Summary Judgment and enter judgment in favor of Defendant, Neil Seldman as to any and all claims related to the property located at 1922 3rd Street, N.W., Washington, D.C. and grant any further relief which this Court deems appropriate.

Respectfully Submitted,

MILES & STOCKBRIDGE P.C.


__/s/ James A. Sullivan, Jr._____
G. VANN CANADA, JR. (D.C. Bar #366414)
JAMES A. SULLIVAN, JR. (D.C. Bar #475145)
11 North Washington Street
Suite 700
Rockville, Maryland 20850
Telephone: (301) 762-1600

Attorneys for Defendant, Neil Seldman

## LCvR 5.4(b)(5) CERTIFICATE

I HEREBY CERTIFY that the original signed document is in the possession of the undersigned and that it is available for review upon request by a party or by the Court.

                                                /s/ James A. Sullivan, Jr.
                                                James A. Sullivan, Jr.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of August, 2006, a copy of the foregoing was mailed via first class mail, postage prepaid, to the following:

        Le Bon Bruce Walker
        203 Seaton Place, N.E.
        Washington, D.C. 20003

        Carol McIntyre
        1922 3rd Street, NW, #9
        Washington, D.C. 20001

        Jonas J. Monast
        Urban Communities, LLC
        1350 Meridian Place, NW
        Washington, D.C. 20010

                                                /s/ James A. Sullivan, Jr.
                                                James A. Sullivan, Jr.