UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LE BON BRUCE WALKER, et al.<br><br>    Plaintiffs<br><br>v.<br><br>NEIL SELDMAN, et al.<br><br>    Defendants | Civil Action No. 1:06-CV-00603(GK) |

**REPLY TO OPPOSITION TO MOTION TO QUASH RETURN OF SERVICE**

Defendant W.C. and A.N. Miller Development Company (Miller), by and through undersigned counsel and pursuant to LCvR 7(d), hereby replies to Plaintiffs Le Bon Bruce Walker's and Selker LLC's Memorandum of Points and Authorities in Opposition to Miller's Motion to Quash Return of Service, and states as follows:

ARGUMENT

Plaintiffs do not dispute Miller's factual assertions regarding service in this matter and fail to show that Miller was properly served. Additionally, Plaintiffs "waiver of service" requests fail to meet the requirements of the FEDERAL RULES OF CIVIL PROCEDURE. Therefore, as a matter of law, Miller is entitled to the relief sought in its Motion to Quash Return of Service.

    I.    MILLER WAS NOT PROPERLY SERVED

Plaintiffs fail to present any evidence as required by the FEDERAL RULES OF CIVIL PROCEDURE that they properly served Miller. Plaintiffs bear the burden of showing that service in this case was properly made upon "an officer, managing or general agent, or [an] agent authorized by appointment or law to receive service of process" pursuant to FED. R. CIV. P.

4(h)(1).[1]  Systems <u>Signs Supplies v. United States Dep't of Justice</u>, 903 F.2d 1011 (5th Cir. 1990); <u>Klishewich v. Mediterranean Agencies, Inc.</u>, 42 F.R.D. 624 (E.D.N.Y. 1966); <u>Wirtz v. Mercantile Stores Co.</u>, 271 F.Supp. 830 (E.D. Okla. 1967); <u>Alloway v. Wain-Roy Corp.</u>, 52 F.R.D. 203 (D.C. Pa. 1971).  Without any demonstration that service of process was properly made, as a matter of law this Court is bound to quash Plaintiffs' inadequate service.

WHEREFORE, Defendant W.C. and A.N. Miller Development Company respectfully requests this Court to grant its Motion to Quash Return of Service and to quash Plaintiffs Le Bon Bruce Walker's and Selker LLC's return of service on Miller of Plaintiffs' verified complaint.

## II. PLAINTIFFS' REQUESTS FOR WAIVER OF SERVICE ARE WOEFULLY DEFICIENT

Plaintiffs seek to circumvent their failed attempt to properly serve process on Miller by requesting a waiver of service.  Mem. of P. & A. in Opp'n to W.C. & A.N. Miller Development Company [*sic*] to Quash Return of Service ¶ 3 *et seq*.  A cursory review of the requirements for requests for waiver of service per FED. R. CIV. P. 4(d)(2) shows that Plaintiffs' requests are inadequate.

Pursuant to FED. R. CIV. P. 4(d)(2), a request for waiver of service:

> (A) *shall* be in writing and *shall* be addressed directly to the defendant, if an individual, or else to an officer or managing or general agent (or other agent authorized by appointment or law to receive service of process) of a defendant subject to service under subdivision (h); (B) *shall* be dispatched through first-class mail or other reliable means; (C) *shall* be accompanied by a copy of the complaint and *shall* identify the court in which it has been filed; (D) *shall* inform the defendant, by means of text prescribed in an official form promulgated pursuant to Rule 84, of the consequences of compliance and of failure to comply with the request; (E) *shall* set forth the date on which the request is sent; (F) *shall* allow the defendant a reasonable time to return the waiver,

---

[1] Plaintiffs feebly attempt to pass their burden onto Miller by insinuating that Miller had a duty to identify its registered agent and that person's address. Mem. of P. & A. in Opp'n to W.C. & A.N. Miller Development Company [*sic*] to Quash Return of Service at ¶ 2.  Plaintiffs offer no authority to support this absurd proposition.

> which shall be at least 30 days from the date on which the request
> is sent [...]; **and** (G) *shall* provide the defendant with an extra
> copy of the notice and request, as well as a prepaid means of
> compliance in writing.

FED. R. CIV. P. 4(d)(2) (emphasis added).

### A.   INADEQUATE REQUEST TO MASSON

Plaintiffs claim to request the waiver directly from Miller's prior counsel in this matter, George T. Masson, Jr. of Hamilton and Hamilton, LLP. Exhibit 1 to Mem. of P. & A. in Opp'n to W.C. & A.N. Miller Development Company [*sic*] to Quash Return of Service. That request, however, is deficient in several respects.

Plaintiffs failed to employ the minimally required language in its request. *Compare* Exhibit 1 to Mem. of P. & A. in Opp'n to W.C. & A.N. Miller Development Company [*sic*] to Quash Return of Service *with* FED. R. APP. FORM 1A. Plaintiffs' extremely abbreviated quotation of FED. R. CIV. P. 4(d)[2] in their request fails to provide the least-acceptable language identified in Form 1A. *Id.* Moreover, Plaintiffs failed to supply to Mr. Masson an extra copy of the notice and request as well as a prepaid means of compliance in writing as required by Rule 4(d)(G).[3] Affidavit of George T. Masson, Jr., attached hereto as Exhibit 1, at ¶¶ 6-7. Consequently, Plaintiffs' request for waiver of service sent to Mr. Masson is defective as a matter of law.

---

[2] Plaintiffs erroneously cited FED. R. CIV. P. 4(d)(G). The correct citation is FED. R. CIV. P. 4(d)(2)-(3) and (5).
[3] Plaintiffs also neglected to mail the notice and request on the date that the request identifies, i.e. July 28, 2006. In fact, Plaintiffs sat on the notice and request and did not send the same until a week later on August 4, 2006. Affidavit of George T. Masson, Jr., attached hereto as Exhibit 1, at ¶ 5. Consequently, Plaintiffs do not satisfy FED. R. CIV. P. 4(d)(2)(E). Further, Undersigned counsel formally appeared in this action on Miller's behalf, and Mr. Masson and Hamilton and Hamilton, LLP simultaneously withdrew from Miller's representation, on August 3, 2006. Since Plaintiffs did not file their Opposition until August 3, 2006, and since Plaintiffs did not postmark their request for waiver of service until the following day, August 4, 2006, there is a strong presumption against any finding that Mr. Masson was a proper FED. R. CIV. P. 4(d)(2)(A) agent.

B.     INADEQUATE REQUEST TO MILLER

In the alternative, Plaintiffs claim to have sent a copy of the above-referenced written request to Miller's President. Exhibit 1 to Mem. of P. & A. in Opp'n to W.C. & A.N. Miller Development Company [*sic*] to Quash Return of Service. Neither Edward J. Miller, Jr., who is Miller's president, nor any other officer or duly authorized agent of Miller received Plaintiffs' request. Affidavit of Edward J. Miller, Jr., attached hereto as Exhibit 2, at ¶¶ 5-6. Even if a duly authorized agent of Miller actually received Plaintiffs' request, that request fails for the same reasons as Plaintiffs' request to Mr. Masson. *See* Part II.A, *supra*. Therefore, Plaintiff's "request for waiver of service" to Miller's President is also insufficient.

WHEREFORE, Defendant W.C. and A.N. Miller Development Company respectfully requests this Court to grant its Motion to Quash Return of Service, to quash Plaintiffs Le Bon Bruce Walker's and Selker LLC's return of service on Miller of Plaintiffs' verified complaint, and to quash Plaintiffs' requests for waiver of service.

Respectfully submitted,

Alfred L. Scanlan, Jr. (#395048)
ECCLESTON AND WOLF, P. C.
2001 S Street, N. W., Suite 310
Washington, DC 20009-1125
(202) 857-1696
*Attorneys for Defendant W.C. and A.N. Miller Development Company*

## LCvR 5.4(b)(5) CERTIFICATION

I HEREBY CERTIFY that the original signed document is in the possession of the undersigned and that it is available for review upon request by a party or by the Court.

_____
Alfred L. Scanlan, Jr.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of August 2006, a copy of the foregoing was sent via first class mail, postage prepaid, to:

Le Bon Bruce Walker
203 Seaton Place, N.E.
Washington, D.C. 20002

_____
Alfred L. Scanlan, Jr.