IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LE BON BRUCE WALKER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| **v.** | ) |
| | ) |
| NEIL SELDMAN, *et al.*, | ) CASE NO. 1:06-cv-00603-GK |
| | ) |
| | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANT INSTITUTE FOR LOCAL SELF-RELIANCE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56 and LCvR 7 (a) and (h), Defendant, Institute for Local Self-Reliance ("ILSR"), respectfully requests the Court to dismiss this action under the principles of res judicata and collateral estoppel. In the present case, Plaintiff, Le Bon Bruce Walker ("Walker"), restates allegations that were the subject of a prior litigation Walker filed in the Superior Court of the District of Columbia that was dismissed on the merits. ILSR respectfully requests the Court to dismiss the Complaint at the earliest possible time to relieve ILSR and the other defendants from the costs and vexation of addressing Walker's unmeritorious claims a second time.

**I.    STATEMENT OF FACTS**

The ILSR is a not-for-profit organization devoted to encouraging sustainable development in local communities. (*See* http://www.ilsr.org/20yrhist.html.)  Walker has alleged no direct relationship with ILSR. Instead, Walker alleges that ILSR's President,

Neil Seldman ("Seldman"), used ILSR to launder money as part of a scheme to defraud Walker. (Amended Complaint ¶¶ 40, 65, 67 e; Statement of Material Facts, ¶14.)

Walker's allegations that Seldman defrauded him were already aired in the Superior Court for the District of Columbia. On May 12, 2003, Walker filed a "Complaint for Wrongful Foreclosure, Breach of Contract Fraud and Damages" (the "Superior Court Complaint") in the Superior Court for the District of Columbia against Seldman and other defendants, including Elizabeth Menist, Dianne Stewart and Carole McIntyre, who are all defendants in the present case. (*See* Statement of Material Facts, ¶1.) The case was docketed as Case No. 03ca3882 (the "Superior Court Case"). (*See* Statement of Material Facts, ¶2.)

Pursuant to the Superior Court Complaint, Walker alleged claims for Wrongful Foreclosure (Count I), Conspiracy to Commit Fraud (Count II), Collusion and Unjust Enrichment (Count III), and Breach of Contract and Damages (Count IV) arising out of Walker's central allegation that "on January 15, 2002, Seldman illegally foreclosed on ["the 1922 3rd Street Property"] and subsequently vested title in himself." (*See* Statement of Material Facts, ¶3.) Pursuant to the Superior Court Complaint, Walker sought, inter alia, to "[s]trike the foreclosure notice as invalid and vacate the foreclosure and transfer of title of the property by Seldman" and an award of compensatory and punitive damages. (*See* Statement of Material Facts, ¶4.)

The trial in the Superior Court case was scheduled for April 25, 2005. (*See* Statement of Material Facts, ¶5.) At that time, Walker made an oral motion for continuance, which the Superior Court denied. (*See* Statement of Material Facts, ¶5.) When Walker chose not to proceed with the trial of his case, the Superior Court

2

dismissed Walker's Superior Court Complaint for want of prosecution under SCR Civ. Rule 41(b).  (*See* Statement of Material Facts, ¶5.)  Walker subsequently filed a Notice of Appeal in the District of Columbia Court of Appeals, which was docketed as Case No. 05-CV-1049. (*See* Statement of Material Facts, ¶6). After he had filed his notice of appeal, Walker filed a Motion for Reconsideration in the Superior Court. (*See* Statement of Material Facts, ¶7.)

On July 26, 2005, the Superior Court entered an Order denying Walker's Motion for Reconsideration.  (*See* Statement of Material Facts, ¶8.)  On December 21, 2005, the Court of Appeals granted a Motion for Summary Affirmance filed by Appellees, Neil Seldman, Elizabeth Menist and Dianne Stewart. (*See* Statement of Material Facts, ¶9.) Walker subsequently filed a "Motion for Reconsideration of Judgment Order Granting Summary Affirmance and Denying Summary Reversal," which the Court of Appeals construed as a Petition for Rehearing or Rehearing En Banc, and which the Court of appeals denied on February 14, 2006. (*See* Statement of Material Facts, ¶10.)

Following the denial of the Petition for Rehearing or Rehearing En Banc, the Court of Appeals issued its Mandate. (*See* Statement of Material Facts, ¶11.)  Walker subsequently filed a Motion to Recall Mandate, which the Court of Appeals denied on April 6, 2006. (*See* Statement of Material Facts, ¶12.)

Walker has now filed the present case alleging, once again, that Seldman illegally foreclosed on the property located at 1922 3rd Street, N.W., Washington, D.C. (the 1922 3rd Street Property). (*See* Statement Material Facts, ¶13.)  Plaintiff has asserted claims for "Violations of 18 U.S.C. § 1961 et. eq., The Racketeer Influenced And Corrupt Organization Act ("RICO") By Defendants" (Count I), Violations Under 42 U.S.C. §

3

1983 (Count II); Fraudulent Conveyance (Count III); Conspiracy to Commit Fraud (Count IV); Collusion and Unjust Enrichment (Count V); and Breach of Contract and Damages (Count VI). (*See* Statement of Material Facts, ¶15.)  Pursuant to these claims, Walker again seeks to "set aside the sale of 1922 3rd Street, NW, Washington, DC and return Walker's residential property to him" as well as compensatory and punitive damages for other, related claims.  (*See* Statement of Material Facts, ¶ 16.)

## II.     ARGUMENT

### A.     Walker's Claims are Barred by the Doctrines of Res Judicata and Collateral Estoppel.

ILSR moves for summary judgment[1] on the ground that the Superior Court action has already adjudicated the disputed claim on the merits, and, therefore, it should not be relitigated because of "claim preclusion" (res judicata) or "issue preclusion" (collateral estoppel).  "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.  Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry,* 449 U.S. 90, 94 (1980).

"As [the Supreme] Court and other courts have often recognized, res judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication."  *Id.* Such principles are particularly important here for a not-for-profit such

---

[1] The standards for summary judgment are well known to the Court and, therefore, require little citation. *See Tao v. Freeh,* 27 F.3d 635, 638 (D.C. Cir. 1994).

4

as ILSR, which otherwise will be required to fritter away its own resources in the defense of this unmeritorious law suit.

    **1.    Res Judicata Precludes Claims Related to the Property Located at 1922 3rd Street.**

Because the defense of res judicata is of jurisdictional character, courts can raise the issue *sua sponte. Stanton v. D.C. Court of Appeals,* 127 F.3d 72, 77 (D.C. Cir. 1997). The four factors that must exist for *res judicata* to apply are: (1) identity of the parties in both suits; (2) a judgment rendered by a court of competent jurisdiction; (3) a final judgment on the merits; and (4) an identity of the cause of action in both suits. *U.S. Industries Inc. v. Blake Constr. Co.,* 765 F.2d 195, 205 (D.C. Cir. 1985). Each of these factors applies here.

The parties are identical for purposes of res judicata because Walker (the party against whom it is asserted) was involved in both actions, and Courts no longer require an identity of defendants on whose behalf res judicata is asserted for claim preclusion to apply. *See Davis Wright & Jones v. National Union Fire Ins. Co.,* 709 F. Supp. 196, 201-203 (W. D. Wash.. 1989) (court finds sufficient identity of the parties to support claim preclusion, finding that "privity" is a matter of functional analysis, not rigid categories or rules); *McLaughlin v. Bradlee,* 599 F. Supp. 839, 846-848 (D.D.C. 1984) (Defendant who had not been a party to any of the three prior actions against the other defendants could still assert claim preclusion on the basis of earlier judgments), *aff'd,* 897 F.2d 1021 (9th Cir. 1990); *Betances v. Quiros,* 603 F. Supp. 201, 205-07 (D. P.R. 1985) (non-mutual claim preclusion invoked in favor of a defendant who was sued on the same cause of action as had been dismissed for failure to state a claim in prior action against several other defendants).

5

The second and third requirements for res judicata focusing on the nature of the prior action are also met. The Superior Court of the District of Columbia and the D.C. Court of Appeals are certainly courts of competent jurisdiction. Moreover, as set forth in more detail in Defendant Seldman's Reply Memorandum at 3-5(Document No. 43), the dismissal was on the merits under Super. Ct. R. 41 (b) and the pendancy of an appeal on Walker's appeal from an order granting attorney's fees and costs and canceling and releasing the Lis Pendens does not affect the finality of the judgment rendered in the Superior Court. *See also Proctor v. Millar Elevator Service Co.,* 8 F.3d 824 (D.C. Cir. 1993) (a dismissal for failure to prosecute typically acts as an adjudication on the merits).

Finally, because the D.C. Circuit applies a "transactional approach," the Court must treat all Walker's related claims as one identical claim for purposes of res judicata. *U.S. Industries Inc,* 765 F.2d at 205. Thus, even Walker's Racketeer Influenced and Corrupt Organization Act (RICO) claim is barred under the doctrine of res judicata. Although the elements of the RICO claim and the Superior Court action are not identical, the RICO claim will still be subject to dismissal as a product of the same transaction. *See Kolb v. Scherer Brothers Financial Services, Co.,* 6 F.3d 542 (8th Cir. 1993).

### 2.     Collateral Estoppel Precludes Adjudication of Related Issues.

In addition to res judicata, collateral estoppel precludes Walker from relitigating the issues previously litigated in the Superior Court action. "Under the doctrine of issue preclusion, binding effect [is to be given] to the first resolution of an issue. The law of collateral estoppel, of which issue preclusion is a part, is intended to protect parties from the burden of litigating the same issue following a final judgment and to promote judicial economy by preventing needless litigation. Its objective is judicial finality."

*Consolidated Edison v. Bodman,* 449 F.3d 1254, 1257-58 (D.C. Cir. 2006) (internal quotations and citations omitted).

"The doctrine of collateral estoppel, or issue preclusion, bars a party and its privies from relitigating an issue that was (1) actually litigated; (2) determined by a valid, final judgment on the merits; (3) after a full and fair opportunity for litigation by that party; and (4) under circumstances where the issue was essential to the judgment." *Weinberger v. Tucker,* 391 F. Supp. 2d 241, 243 (D.D.C. 2005).   Here again, each of these criteria are met.

The ultimate issue before the Court now is the same that was actually litigated before the Superior Court—whether Seldman defrauded Walker.  As such, collateral estoppel with respect to this particular issue should, therefore, be fatal to Walker's RICO claim (Count I), his § 1983 claim (Count II), his fraudulent conveyance claim (Count III), his conspiracy claim (Count IV), his collusion and unjust enrichment claim (Count V), and his breach of contract and damages claim (Count VI).

As set forth above, the second criteria is also met.  Walker litigated whether Seldman defrauded him in the Superior Court action.  There was a judgment on the merits under Super. Ct. R. 41 (b).  Moreover, Walker had an opportunity to litigate the issue fully and fairly.  He voluntarily decided not to proceed to trial, thereby prompting a default. Finally, the ultimate issue in question – whether Seldman defrauded Walker—is subsumed in the judgment under Super. Ct. R. 41 (b).   In any event, where there is a failure to prosecute, any ambiguities as to whether the issue was essential to the judgment is resolved against the defaulting party.  *See Wrenn v. Derwinski,* 791 F. Supp. 11, 13

(D.D.C. 1992) ("That ambiguity should be resolved against the plaintiff because it results from his failure to appear."), *aff'd,* 1993 WL 215228 (D.C. Cir. 1993).

**WHEREFORE,** it is requested that this matter be dismissed with prejudice, that defendant be awarded its costs and attorney's fees, and that this Court order such other and further relief as may be deemed just and proper.

    Respectfully submitted,
    /s/ Peter K. Tompa
    Albert A. Foster, Jr., Esquire
    Bar Number 464009
    aaf@dillinghammurphy.com

    Peter K. Tompa, Esquire
    Bar Number 413752
    pkt@dillinghammurphy.com

    Dillingham & Murphy, LLP
    1155 Connecticut Avenue N.W.
    Suite 1120
    Washington, D.C. 20036
    Telephone: (202) 835-9880
    Facsimile: (202) 835-9885
    Counsel for Institute for Local Self-Reliance

### LCvR5.4(b)(5) CERTIFICATE

I HEREBY CERTIFY that the original signed document is in the possession of the undersigned and that it is available for review upon request by a party or by the Court.

    Respectfully submitted,

    /s/ Peter K. Tompa
    Peter K. Tompa, Esquire

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of August 2006, a copy of the foregoing Memorandum of Points and Authorities was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ Peter K. Tompa
Peter K. Tompa, Esquire