IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LE BON BRUCE WALKER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| **v.** | ) |
| | ) |
| **NEIL SELDMAN,** *et al.,* | ) CASE NO. 1:06-cv-00603-GK |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT INSTITUTE FOR LOCAL SELF-RELIANCE'S
STATEMENT OF MATERIAL FACTS IN SUPPORT
OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

COMES NOW the Defendant, Institute for Local Self-Reliance ("ILSR"), by it's undersigned counsel, pursuant to Fed. R. Civ. P. Rule 56 and LCvR 7(h), and files this Statement of Material Facts in Support of Motion for Partial Summary Judgment and states that the following material facts are undisputed:

1.  On May 12, 2003, Le Bon Bruce ("Walker") filed a "Complaint for Wrongful Foreclosure, Breach of Contract Fraud and Damages" (the "Superior Court Complaint") in the Superior Court for the District of Columbia against Defendant Neil Seldman (Seldman) and other defendants, including Elizabeth Menist, Dianne Stewart and Carole McIntyre, who are all defendants in the present case.

2.  The Superior Court Complaint was docketed as Case No. 03ca3882 (the "Superior Court Case"). A true and correct copy of the Superior Court Complaint is

attached to the Statement of Material Facts in Support of Seldman's Motion for Partial Summary Judgment as **Exhibit 1**.[1]

3.      Pursuant to the Superior Court Complaint, Walker alleged claims for Wrongful Foreclosure (Count I); Conspiracy to Commit Fraud (Count II); Collusion and Unjust Enrichment (Count III); and Breach of Contract and Damages (Count IV) arising out of Walker's central allegation that "on January 15, 2002, Seldman illegally foreclosed on [the 1922 3rd Street Property] and subsequently vested title in himself." (*See* **Exhibit 1**, Superior Court Complaint at ¶20)

4.      Pursuant to the Superior Court Complaint, Walker sought, inter alia, to "[s]trike the foreclosure notice as invalid and vacate the foreclosure and transfer of title of the property by Seldman" and an award of compensatory and punitive damages. (*See* **Exhibit 1**, Superior Court Complaint at pp. 10-11)

5.      The trial in the Superior Court case was scheduled for April 25, 2005.  At that time, Walker made an oral motion for continuance, which the Superior Court dismissed Walker's Superior Court Complaint for want of prosecution under SCR Civ. Rule 41(b).

6.      Walker subsequently filed a Notice of Appeal in the District of Columbia Court of Appeals, which was docketed as Case No. 05-CV-1049.

7.      After he had filed his notice of appeal, Walker filed a Motion for Reconsideration in the Superior Court.

---

[1] The Court may take judicial notice of these exhibits because Seldman has already submitted them in the record.  *See Dixon v. Jacobs*, 427 F.2d 589, 596 (D.C. Cir. 1970).

8. On July 26, 2005, the Superior Court entered an Order denying Walker's Motion for Reconsideration. A copy is attached to the Statement of Material Facts in Support of Seldman's Motion for Partial Summary Judgment as **Exhibit 2**.

9. On December 21, 2005, the Court of Appeals granted a Motion for Summary Affirmance filed by Appellees, Neil Seldman, Elizabeth Menist and Dianne Stewart. A true and correct copy of the Court of Appeals' Order granting Summary Affirmance in favor of Appelles is attached to the Statement of Material Facts in Support of Seldman's Motion for Partial Summary Judgment as **Exhibit 3**.

10. Walker subsequently filed a "Motion for Reconsideration of Judgment Order granting Summary Affirmance and Denying Summary Reversal," which the Court of Appeals construed as a Petition for Rehearing or Rehearing En Banc, and which the Court of Appeals denied on February 14, 2006. A true and correct copy of the Court of Appeals Order denying Walker's Petition for Rehearing or Rehearing En Banc is attached the Statement of Material Facts in Support of Seldman's Motion for Partial Summary Judgment as **Exhibit 4**.

11. Following the denial of the Petition for Rehearing or Rehearing En Banc, the Court of Appeals issued its Mandate.

12. Walker subsequently filed a Motion to Recall Mandate, which the Court of Appeals denied on April 6, 2006. A true and correct copy of the Court of Appeals' Order denying Walker's Motion to Recall Mandate is attached the Statement of Material Facts in Support of Seldman's Motion for Partial Summary Judgment as **Exhibit 5.**

13. Walker has now filed the present case alleging, once again, that Seldman illegally foreclosed on the property located at 1922 3rd Street, N.W., Washington, DC ("1922 3rd Street Property").

14. Walker also alleges that Seldman used ILSR to launder money as part of this scheme to defraud Walker. (*See* Amended Complaint ¶¶ 40, 65, 67 e.)

15. Plaintiff has asserted claims for "Violations of 18 U.S.C. § 1961 et. seq., The Racketeer Influenced And Corrupt Organization Act ("RICO") by Defendants" (Count I); Violations Under 42 U.S.C. § 1983 (Count II); Fraudulent Conveyance (Count III); Conspiracy to Commit Fraud (Count IV); Collusion and Unjust Enrichment (Count V); and Breach of Contract and Damages (Count VI). (*See* Amended Complaint.)

15. Pursuant to these claims, Walker again seeks to "set aside the sale of 1922 3rd Street, N.W., Washington, DC and return Walker's residential property to him" as well as compensatory damages." (*See* Amended Complaint at pp. 17-18.)

Respectfully submitted,
/s/ Peter K. Tompa
Albert A. Foster, Jr., Esquire
Bar Number 464009
aaf@dillinghammurphy.com

Peter K. Tompa, Esquire
Bar Number 413752
pkt@dillinghammurphy.com

Dillingham & Murphy, LLP
1155 Connecticut Avenue N.W.
Suite 1120
Washington, D.C. 20036
Telephone: (202) 835-9880
Facsimile: (202) 835-9885
Counsel for Institute for Local Self-Reliance

4

## LCvR5.4(b)(5) CERTIFICATE

I HEREBY CERTIFY that the original signed document is in the possession of the undersigned and that it is available for review upon request by a party or by the Court.

Respectfully submitted,

/s/ Peter K. Tompa
Peter K. Tompa, Esquire

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of August, 2006, a copy of the Foregoing Statement of Material Facts was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ Peter K. Tompa
Peter K. Tompa, Esquire