UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Le Bon Bruce Walker, et al.          )
                                     )
v.                                   )    Case No. 1:06-cv-00603-GK
                                     )
Neil Seldman, et al.                 )

<u>DEFENDANT CITY TITLE & ESCROW CO., INC.'S MOTION TO STAY
INITIAL SCHEDULING CONFERENCE AND RELATED PROCEDURES
UNTIL THE COURT HAS RULED ON ALL PENDING DISPOSITIVE MOTIONS
AND UNTIL THE NEWLY ADDED DEFENDANT HAS REPLIED TO THE SUIT</u>

Comes now Defendant City Title & Escrow Co., Inc. moves for a stay in regard to the Initial Scheduling Conference and related procedures outlined in the Court's Order of August 17, 2006, ("Scheduling Order"). For reasons, Defendant respectfully shows the Court as follows:

1. The undersigned is aware of the requirement set out in the Scheduling Order that an alternative date which has been approved by all parties must be presented in a motion for an enlargement of time.[1] It is respectfully submitted that this is not a request for an extension or enlargement of time in the usual sense. As will be next shown, this case is simply not ready for any of the procedures outlined in the Court's Order of August 17, 2006.

2. On August 18, 2006, the Court granted a Motion that will allow a Second Amended Complaint to be filed in this action. Defendants are entitled to time to decide whether they need to file new answers or new or amended motions in response to the Second Amended Complaint. Of course, the new Defendant must be served and then be granted to time under the Rules to respond to the Second Amended Complaint. There is simply no way that all that is going to be done by

---

[1] In this case there are a large number of parties and working out a date when so many lawyers and parties can be available is very difficult. This problem is made worse by the Order allowing another amended complaint to be filed. It is understood that pleading will add at least one new party whose counsel cannot reasonably be expected to be ready for any hearing on September 8, 2006, assuming that the new party is even served by then.

September 8, 2006. If the newly added Defendant is not involved in the meet and confer procedures, the parties cannot present the Court with a true "Joint Meet and Confer Statement." Of course, the newly added Defendant is not bound by anything that has gone on in this case up until now.

3. Every Defendant already in this action has a dispositive motion pending. Plaintiffs have responded to some but not all of those motions. Plaintiffs' responses which have been filed have not shown anything approaching legal merit. It is difficult to believe that the newly added Defendant will not also file a dispositive motion. The impact of a new Answer or a new dispositive motion on the positions of the existing parties cannot be guessed at this time.

4. The Court has issued a number of Orders setting the dates by which Plaintiffs must respond to the various dispositive motions. Those dates fall well after September 8, 2006. Of course, assuming that Plaintiffs do file responses, Defendants will have the right to file replies and so it seem safe to assume that the Court will not dispose of all of the motions until late September or early October. It could very well be later if the new defendant files a dispositive motion, which appears to be almost a moral certainty.

5. Until the Court has ruled on the dispositive motions and until decisions are made about what effect the new pleading will have and until counsel for the new Defendant is heard from, it is not at all clear what issues will need to be addressed at the required meeting of counsel or in a Joint Meet and Confer Statement, if any.

6. To properly comply with the various steps leading to the Initial Scheduling Conference with a case involving this many parties and this many real estate transactions will be onerous and expensive and it is respectfully submitted that the Defendants should not have to go to the trouble and expense of fulfilling their obligations under the Scheduling Order until the Court has

acted on the dispositive motions.

7.     Plaintiffs recently filed a Motion to Stay these proceedings claiming that there is still litigation involving some of these same parties and some of these same transactions in the District of Columbia courts. Until the Court rules on the Motion, it cannot be assumed that this case will not be stayed.[2]

8.     On a personal level, the undersigned is scheduled to be out of the country (Canada) from September 1-10, 2006, on a long planned vacation. If absolutely required, the undersigned can be back on the morning of September 8, 2006, but would rather not. However, if the September 8, 2006, date holds for the Initial Scheduling Conference, the meeting of counsel and the preparation of the Joint Meet and Confer Statement must be complete by the end of August and it is not at all clear how that can be done with a brand new Complaint in the case which adds an additional party.

## Conclusion

Based upon the foregoing, City Title respectfully prays for an Order vacating the scheduling Order issued on August 17, 2006, and for a stay in any further pretrial proceedings not related to the dispositive motions until the Court has determined the many pending motions that might and, it is respectfully submitted, should eliminate the need for any proceedings in this case at all beyond an award of attorneys fees and costs against Plaintiffs.

---

[2] City Title is filing an Opposition to that Motion.

Respectfully submitted,

/s/
Robert N. Levin, #79137
Law Offices of Robert N. Levin, PC
1901 Research Boulevard
Suite 400
Rockville, MD 20850
Tel:  (301) 517-8727
Fax:  (301) 762-4056
Email:  r.levin@erols

Certificate of Service

    I hereby certify that on August 23, 2006, I caused copies of this document to be served by ECF on all parties except Plaintiffs who were served by US Mail on:

Le Bon Walker
203 Seaton Pl., N.E.
Washington, D.C. 20002

Selker, LLC
3001 Georgia Ave., N.W.
Washington, D.C. 20001

/s/
Robert N. Levin

G:\C.Title\pldg\motiontopostpone.wpd