UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Le Bon Bruce Walker, et al.        )
                                   )
v.                                 )        Case No. 1:06-cv-00603-GK
                                   )
Neil Seldman, et al.               )

DEFENDANT CITY TITLE & ESCROW CO., INC.'S
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS'
MOTION TO STAY PROCEEDINGS PENDING CASE IN DC SUPERIOR COURT

Comes now Defendant City Title & Escrow Co., Inc. ("City Title"), by and through counsel, and for opposition to Plaintiffs' Motion to Stay Proceedings Pending Case in DC Superior Court, respectfully shows the Court as follows:

The Good Faith Certification Is Made in Bad Faith

The Motion begins with a certification by Mr. Walker that he:

[A]ttempted to contact counsels [sic] for Appellees to gain their consent to the filing of this Motion. I was unable to reach any opposing counsels. [sic]

The undersigned has received no communication of any kind from Mr. Walker on any subject. The Court through its ECF system has provided copies of materials filed by Plaintiffs, none of which dealt with a Motion to Stay until the most recent notice from the Court regarding the instant Motion. However, City Title does not ask the Court to deny the Motion on so narrow an issue.

The Issues in the District of Columbia Courts Have Been Fully Adjudicated

As shown in many filings by Defendants, the District of Columbia action only concerned a foreclosure sale of 1922 3rd Street, N.W. Washington D.C. (the "Third Street property"). City Title was not party to the District of Columbia action, nor to the sale. However, a number of parties who or which were involved in that litigation have filed unrefuted evidence in this case that the litigation in the District of Columbia courts is over and was resolved in every instance against these Plaintiffs.

While it boldly claims that the D.C. action is not complete, the Motion does not identify a single issue that requires further airing in the District of Columbia courts or which would be permitted in those courts.

<u>The Obvious Purpose of the Motion Is to Avoid the Pending Dispositive Motions in this Case</u>

It is believed that all Defendants have now filed dispositive motions under Rules 12(b)(6) and/or 56, F.R.Civ.P. Many of those motions have argued res judicata or collateral estoppel grounds for disposing of this case, precisely because of the final adjudication in the District of Columbia litigation of the issues involving the Third Street property. Plaintiffs have filed no paper that raises any cognizable challenge to the finality of the judgments and dispositions by the Superior Court and the District of Columbia Court of Appeals. As recently explained by Judge Bates in <u>Paolone v. Mueller</u>, 2006 WL 2346448, *6 (D.D.C.):

> Under the doctrine of collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment in a case, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the earlier case. . . . In order for collateral estoppel to apply, (1) the issue must have actually been litigated, i.e., contested by the parties and determined by the court; (2) the issue must have been necessary to the court's disposition of the case; and (3) the relitigation bar in the second action must not create an unfairness against the party as to whom the issue preclusion would be imposed. (Citations omitted)

Ironically, the Motion shows exactly why there is nothing left to litigate in the D.C. courts and why this Court is bound by the determinations of those Courts. At page 1 of Plaintiffs' Memorandum, Mr. Walker states that he

> initiated actions . . . against Seldman and some of the same Defendants to this action alleging torts that were the same and/or similar to some of the torts listed in the instant action, excluding the § 1983 action.

As shown in City Title's Motion for Summary Judgment and the motions of other

2

Defendants, there can be no § 1983 action in this case because there is no state actor or state action involved in this case. Thus, net of the one exclusion noted by Mr. Walker, all of his claims in this action are precluded by the decisions of the District of Columbia courts.[1] Defendants could not have done a better job of showing why res judicata and collateral estoppel apply.

      Many of the Defendants' dispositive motions are not wholly dependent upon the outcome of the D.C. litigation, including City Title's.[2] There are a number of properties named in the Complaint in this action other than the Third Street property. As shown in City Title's Motion for Summary Judgment, it had nothing to do with the foreclosure or the transfer of title to the purchaser at foreclosure of the Third Street property and thus cannot be liable to anyone based upon a claimed deficiency in the foreclosure. Even if such a liability could be alleged against any of the Defendants, the final decisions of the Superior Court and the District of Columbia Court of Appeals cannot be disregarded by this Court.

.     There simply is no reason for Defendants to have to continue to suffer the dragging out of this utterly meritless case.[3]

## Conclusion

      It is respectfully submitted that this Court should decide that enough is enough. Mr. Walker has a demonstrated history in this and in the Superior Court action of costing many people many

---

[1] Mr. Walker is wrong even about the § 1983 action. Because the local courts have determined that the foreclosure was not wrongful, the factual predicates of alleged § 1983 action are not available to Plaintiffs.

[2] As shown in City Title's Motion for Summary Judgment, City Title handled the closing for a refinancing of the Third Street property after Mr. Selden bought the property at foreclosure.

[3] Defendant Dianne Stewart has filed an opposition to this Motion. City Title incorporates that opposition herein by reference.

dollars based upon facially meritless claims. If he is to be allowed to continue any litigation in this matter he should be required to put up a bond for costs that protects all of the Defendants. The Motion to Stay should be denied.

> Respectfully submitted,
>
> _____
> Robert N. Levin, #79137
> Law Offices of Robert N. Levin, PC
> 1901 Research Boulevard
> Suite 400
> Rockville, MD 20850
> Tel:   (301) 517-8727
> Fax:   (301) 762-4056
> Email: r.levin@erols

## Certificate of Service

I hereby certify that on August 23, 2006, I caused copies of this document to be served by ECF on all parties except Plaintiffs who were served by US Mail on:

> Le Bon Walker
> 203 Seaton Pl., N.E.
> Washington, D.C. 20002
>
> Selker, LLC
> 3001 Georgia Ave., N.W.
> Washington, D.C. 20001

>              /s/
> _____
> Robert N. Levin

G:\C.Title\pldg\stayoppp&a.wpd