# UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

LE BON BRUCE WALKER ET. AL.      :
    **Plaintiffs,**      :
     :

   **vs**

NEIL SELDMAN ET. AL.      :
     :
   **And**      :
     :

JOHN E. SCHEUERMANN, ESQUIRE      :
700 E STREET SE      :
WASHINGTON, DC 20003      :
     :

---

## SECOND AMENDED VERIFIED COMPLAINT TO ADD DEFENDANT JOHN E. SCHEUERMANN FOR WRONGFUL FORECLOSURE, ILLEGAL SALES OF COMPANY PROPERTY, CIVIL RIGHTS VIOLATIONS, CONSPIRACY, THEFT, BRIBERY, EMBEZZLEMENT UNDER THE RICO ACT

The jurisdiction of this Court is founded upon diversity of citizenship, 28 U.S.C. § 1331, 42 U.S.C. § 1983 and 18 U.S.C. § 1964 [c].

COMES NOW PLAINTIFF LE BON BRUCE WALKER (hereinafter called "Walker") *pro se* and for this cause of action hereby amends his first Amended Verified Complaint to add John E. Scheuermann ( hereinafter called "Scheuermann") as a party defendant and states and alleges as follows inclusive of allegations against Scheuermann:

1. Plaintiff Walker is an individual and resides in the District of Columbia.

2. Plaintiff SELKER, LLC is a Limited Liability Company wherein Walker has 70%

interest and it is located in the District of Columbia. SELKER, LLC was established for the purpose of owning, operating, renovating and developing real properties and any other lawful business that it may pursue. Walker is the managing member of SELKER, LLC.

3. Defendant, Neil Seldman ("hereinafter called "Seldman") is an individual who resides in the District of Columbia and who owns a 30% interest in SELKER, LLC. Seldman was the managing member of SELKER, LLC until his duties were revoked by Walker in December, 2004.

4. Defendant, the Institute for Local Self-Reliance ("hereinafter called "ILSR") is a non-profit organization formed by Seldman who operates as its president. ILSR receives funds from government organizations and private donations and operates in partnership with these entities to develop and implement environmentally sound economic development strategies. It operates out of Minneapolis, MN with local headquarters in Washington, DC.

5. Defendant Diane Stewart (hereinafter called, "Stewart") is an individual doing business in the District of Columbia and the Substitute Trustee under a Deed of Appointment of Trust recorded on December 14, 2001, pursuant to a Deed of Trust as Instrument No. 8480. Said Deed of Trust is secured by the real property located at 1922 3rd Street, NW, WDC 20001.

6. Elizabeth Menist (hereinafter called, "Menist") is an individual doing business in the District of Columbia and the Substitute Trustee under a Deed of Appointment to a Deed of Trust recorded on January 28, 2000 among the Land Records as Instrument No. 8480. Said Deed of Trust is secured by the real property located at 1922 3rd Street NW, WDC 20001.

**7. Defendant Scheuremann is an individual doing business in the District of Columbia and Seldman's former counsel who along with Menist and Stewart carried out the**

2

foreclosure sale on Walker's real property located at 1922 3rd Street, NW. Scheuremann shared and still shares the same office space as Menist and Stewart and he was listed on the foreclosure Notice as the contact person to stop the foreclosure.

8.    Defendant Carole McIntyre (hereinafter called "McIntyre") is an individual and former employee of SELKER, LLC, who on information and belief resides in West Virginia.

9.    Defendant W.C. & A.N. Miller Development Company (hereinafter called, " W.C. & A.N. Miller") is an entity doing business as agents and brokers. W. C. & A.N. Miller sold improved real estate belonging to SELKER, LLC.

10.    Defendant City Title & Escrow Co., Inc is a settlement company doing business in the District of Columbia and handled the sale/transfer of some of SELKER, LLC real property.

11.    Defendant(s) Carolyn Davis and Eastern Market Real Estate (hereinafter called "Davis and/or Eastern Market") are an individual and an entity respectively doing business in the District of Columbia and Maryland as real estate agents and escrow company and who handled the settlement of some of SELKER, LLC real property.

12.    Defendant First American Title Insurance Company ("hereinafter called "First American") is an entity doing business in the District of Columbia as a title insurance company and who participated in the sale of some SELKER, LLC real estate.

13 .    Defendant Andrew Steed (hereinafter called "Steed") is an individual who information and belief resides in the District of Columbia and who is the third party purchaser of the real property belonging to SELKER, LLC located at 503 Rhode Island Avenue NW, WDC 20001.

14.    Defendant Yohannes Woldehanna (hereinafter called "Woldehanna") is an individual who on information and belief resides in the District of Columbia and who is the third

party purchaser of the real property belonging to SELKER, LLC located at 1934 3rd Street NW, WDC 20001.

15. Defendant Eric J. Emery is an individual who on information and belief resides in the District of Columbia and who is the third party purchaser of real property located at 1964 2nd Street NW which belongs to SELKER, LLC.

16. Defendant Jonas J. Monast and Urban Communities, LLC are on information and belief an individual and an entity residing in and doing business in the District of Columbia and who are the third party purchasers of real property belonging to SELKER, LLC located at 1350 Meridian Place NW, WDC 20010.

17. On or about January 27, 2000, Seldman loaned Walker the principal sum of One Hundred Seventy-four Thousand U.S. Dollars ($174,000.00). Walker executed and delivered a promissory note bearing interest and terms of repayment.

18. On or about January 27, 2000, Seldman and Walker executed a Deed of Trust for land and premises, located at 1922 3rd Street NW, Washington, DC 20001, to secure the aforementioned promissory note later naming Defendants Menist and Stewart as Substitute Trustees to said Deed of Trust.

19. Walker owned and alleges that he still lawfully owns the 1922 3rd Street property as his residential address in fee simple. The 1922 3rd Street property consisted of eleven (11) bedroom suites some of which were rented by individuals. The rental payments from the 1922 3rd Street property were used *inter alia* to pay the first mortgage and the indebtedness to Seldman secured by the above referenced Deed of Trust.

20. On or about June 7, 2000, Seldman and Walker became business partners doing

business as Seldman-Walker, LLC and later as SELKER, LLC. The nature of the business is real estate development and property management. SELKER owns and manages several properties in the District of Columbia including properties located at 501 Rhode Island Avenue, NW, Washington, DC 20001, 1934 3rd Street NW, 1964 2nd Street NW and 1350 Meridian Place NW, Washington, DC 20010.

21. Walker was the original managing member of SELKER, LLC and on or about June, 2001, Plaintiff relinquished his managerial duties to Seldman making Defendant responsible for the day -to- day operations of SELKER by written agreement. Walker at the request of Seldman also transferred 20% of SELKER, a part of his 70% interests in SELKER, LLC to Seldman when he relinquished his managerial duties in 2001 for a consideration. Seldman never gave any consideration to Walker and therefore Walker retains his full interest in the Company.

22. Seldman did not perform his managerial duties of SELKER, LLC in that he did not supervise the proper redevelopment, sale and management of SELKER LLC'S real properties and he sold SELKER, LLC real estate without the written consent of Walker who still owns 70% of SELKER'S holdings. Seldman sold SELKER'S real properties at undervalued rates for the purposes of creating a deficit in the Company's finances. Walker alleges that Seldman sold Company assets in this manner to fraudulently obtain money from Plaintiff. (See Seldman 's request for money attached hereto as Exhibit #1).

23. Seldman kept McIntyre as an employee of SELKER , LLC after Walker told her that her services were no longer needed when Walker was manager of the Company. Although Walker instructed McIntyre to remove the tenants from his residence while he was away, McIntyre remained in the 1922 3rd Street residence and continued to collect the rents for Seldman. Walker received no

proceeds from this process and Seldman and McIntyre illegally collected rents belonging to Walker from his residence for their own use.

24.   Seldman, on information , and belief utilized funds from SELKER, LLC and Walker's former Company Veteran's Inc., to channel or launder funds from the ILSR and to replace funds unlawfully taken from the non-profit institute for his personal use or to use for profit.  Seldman carried out these acts by requesting funds from Walker and or Veterans Inc, or SELKER, LLC to "cover" budget shortages or funds that Seldman was supposed to have in ILSR's operating budget. On information and belief, Seldman by taking loans from Veterans, Inc. was manipulating funds into and out of the ILSR. Seldman asked Walker to advance funds from Veterans, Inc. to the ILSR so that Seldman could show additional money into the ILSR when he made his presentation to the ILSR's Board of Directors.  Seldman promised to get the money back to Plaintiff through the ILSR. Seldman, on information and belief, also removed funds from the ILSR by channeling funds through Veterans, Inc. and SELKER, LLC for development of real property in the District of Columbia including real property located at 1835 18th Street NE, Washington, DC ,while utilizing some of these funds for personal use or profit.

25.   Walker by letter to Seldman dated December 4, 2004,  revoked Defendant's managerial duties of SELKER  LLC under D.C. Code § 29-1019(a)(f) and unlawful acts outlined above and below. (See letter of revocation attached hereto as Exhibit #2).

26.  Despite the letter of revocation, Seldman continued in his role as manager of SELKER, LLC and refused to step down and to stop liquidating real property assets of SELKER, LLC without resolution signed by Walker authorizing sale of SELKER's real property assets in violation of DC Code § 29 et. seq.   Seldman even after the letter of revocation, sold the remaining real  property

6

belonging to SELKER, LLC (1934 3rd Street NW, Washington, DC ) without the written consent or resolution from Walker in spite of a notice of *lis pendens* recorded among the DC Land Records against this real property and in spite of an action brought against Defendants in the DC Superior Court regarding *inter alia* this property.

27.    On or about May, 2001, Walker was incarcerated at a correctional facility in Jessup, Maryland and during this period, Seldman without giving Walker a right to cure his residential default on the loan secured by the 1922 3rd Street property illegally foreclosed on the residential property. **Scheuermann was a party to the illegal foreclosure on Walker's property in that he apparently directed Menist and Stewart to initiate the foreclosure sale and wrongfully listed the property as an 11 unit apartment building, when he knew or had reason to know that the property was Walker's residence and it was zoned as an R-4 dwelling ( an R-4 dwelling is a single family residence). Walker contends that this was a deliberate attempt by Scheuremann and Seldman to avoid giving Plaintiff his right to cure his residential default, pursuant to DC Code § 42-815.01.**

28.    Menist and Stewart and **Scheuermann** carried out the illegal foreclosure in deference only to Seldman and deliberately failed to notify Walker of the impending foreclosure sale and deliberately failed to protect Walker by making sure that the foreclosure sale was carried out in accordance with DC Code §42-815.01. This property was Walker's residence and despite Plaintiff's letters to Seldman seeking the amount needed to cure the default, Seldman and **Scheuermann** never gave Walker that amount and illegally foreclosed on the residential property. (See letter from Walker to Seldman and Notice of Foreclosure attached hereto as Exhibits 3, 4, 5, and 6 respectively).(See also copy of letter from **Scheuermann** to Walker attached hereto as Exhibit #7).

29. Seldman, Menist and Stewart and **Scheuremann** failed to give Walker his right to cure his residential default and took advantage of Plaintiff's inability to protect his rights in that he was incarcerated and his liberty interests' affected. **Moreover, Scheuremann knowingly described the 1922 3rd Street property as an 11 unit apartment building when he knew that property was Walker's residence and when he should have known that it was a single-family dwelling. Scheuremann, Menist and Seldman listed the property in the foreclosure Notice in this manner to avoid giving Walker his right to cure and to later re-sell the property to Walker at a higher value. (See Copy of letter attached hereto as Exhibit #8).**

30. Seldman illegally sold all of SELKER, LLC's real properties mostly while Walker was incarcerated at undervalued prices intentionally and for purposes of creating a deficit in the company's finances and unlawfully extracting money from Walker. Seldman liquidated these properties without any written resolution[1] from Walker in violation of DC Code §29 et. seq. and in violation of SELKER, LLC's Operating Agreement. Walker reiterates that he relinquished his managerial duties to Seldman in June, 2001, and attempted to sell 30% of his shares to Seldman, such that each partner held a 50% interest in the company. Seldman never bought the shares or never paid any consideration to Walker for these shares.

31. First American, Davis Eastern Market, City Title and W.C. & A.N. Miller unlawfully handled the sales of SELKER, LLC real properties and unlawfully handled the transfer of title to

---

[1]In 2002, Seldman pursuant to a request by First American sent a resolution agreement to Walker for his signature to sell the Rhode Island Avenue property. Plaintiff refused to sign the agreement and Seldman, who visited Walker regularly, sold the property anyway and failed to inform Walker of the sale. At all times, Seldman knew where to reach Walker and they communicated by mail and personal visitations. In addition, Walker spoke to Defendant Davis of Eastern Market regarding a resolution agreement, but Plaintiff never signed any resolution agreements.

without any written resolution by Walker. Defendants listed and accomplished the sale of SELKER, LLC properties despite Plaintiff having notified them of the Lis Pendens against the transfer of title and with knowledge that a resolution agreement had to be signed before any properties belonging to SELKER, LLC could be sold.

32.    Defendant Sneed who purchased the real property located at 503 Rhode Island Avenue NW had constructive notice that Seldman was the managing member of SELKER, LLC not its sole owner and that under District of Columbia law no sale or transfer of real estate belonging to SELKER, could go forth without written resolution from a majority or all members of the company. Sneed knowingly and intentionally participated in the unlawful transfer of SELKER, LLC real property.

33.    Defendant, Woldehanna, who purchased real property located at 1934 3rd Street NW had constructive notice that Seldman as the managing member of SELKER, LLC was not its sole owner and under DC Law no sale or transfer of real estate belonging to SELKER could go forth without written resolution from the other member(s) of the LLC.  Woldehanna knowingly and intentionally participated in the unlawful transfer of SELKER, LLC real property while a Lis Pendens was recorded against said property among the DC Land Records preventing such sale or transfer.

34.    Defendant , Emery who purchased the real property located at 1964 2nd Street NW had constructive notice that Seldman was not the sole owner of SELKER, LLC and that he could not sell or transfer real estate without the written consent or written resolution of the other member (s). Emery knowingly and intentionally participated in an unlawful transfer of SELKER, LLC's real property.

35.    Defendants Monast and/or Urban Communities who purchased the real property located at 1350 Meridian Place, NW had constructive notice that Seldman was not the sole owner of SELKER, LLC and that he could not sell or transfer real property belonging to SELKER, without the written consent or resolution of the other member(s) of SELKER, LLC. Monast and/or Urban Communities knowingly, willingly and intentionally participated in an unlawful sale and transfer of SELKER, LLC's real property.

36.    Walker reserves the right to add any remaining title company, title insurance company, real estate company or broker and third party purchaser of SELKER, LLC's real property as soon as his research reveals the names of such persons or entities.

<u>COUNT I</u>

**VIOLATIONS OF 18 U.S.C. § 1961 ET. SEQ., THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ACT ("RICO") BY DEFENDANTS**

37.    Walker incorporates by reference paragraphs 1-36.

38.    Seldman has illegally foreclosed on Walker's residential property and has unlawfully used the residence and proceeds derived from the rents for personal gain, while alleging that Walker, who used the rents to pay his mortgage loan to Seldman was in arrears on the loan.

39.    McIntyre participated in the scheme described in paragraph 37 by collecting these rents, and using the proceeds along with Seldman for her own personal gain.

40.    Seldman (with the help of the real estate and title companies listed) has liquidated and depleted all of the assets of SELKER, LLC without his written consent or resolution of Walker, who owns 70% of the company. To date, Walker has received no consideration for his interests in SELKER, LLC.

10

41.    Seldman and the ILSR used SELKER, LLC and its predecessors to launder money from the ISLR, which is a non-profit organization that derives its finding from *inter alia* government grants and contracts, for private purposes and personal gain.

42.    Seldman by his actions regarding the illegal foreclosure on Walker's residence and subsequent actions pertaining thereto and by his actions in depleting SELKER, LLC's real property and liquid assets and giving no consideration under Title 29 of the D.C. Code to Walker is guilty of theft, bribery and embezzlement in violation of §§ 1962 and 1963, and §§§ 1956, 1957 and 1964[c] of the RICO ACT.

43.    Menist and Stewart owed to Walker a duty of care in assuring that the foreclosure sale was carried out in accordance with D.C. Code § 42-815.01 et. seq. failed to carry out their duties as Substitute Trustees and conspired with Seldman and received proceeds from an unlawful foreclosure sale. **Scheuremann conspired with Seldman and on information and belief with Menist and Stewart to deprive Walker of his right to cure his residential default by filing an erroneous foreclosure Notice and improperly describing the real property, so that Plaintiff could only re-purchase his property at an exorbitant price. ( about $1,000,000.00).** These Defendants are also guilty of theft and fraud under §§§ 1962, 1963 and 1964 of the RICO ACT.

44.    Seldman is guilty of racketeering activity under §18 U.S.C. §1964(e) in that Defendant deliberately sold the properties at undervalued prices in order to create a deficit in the assets. Seldman then sought to extort money from Walker to allegedly cancel the deficit.

45.    Seldman has defrauded Walker by enacting a scheme to embezzle the Company's funds and illegally remove the assets from SELKER, LLC and then attempting to replace the funds that were embezzled from the LLC by obtaining money from Walker.  Seldman has used SELKER, LLC

11

to launder and/or remove funds from the ILSR and has then replaced said funds by requesting money from Walker. Seldman's acts of racketeering and his corrupt actions including money laundering are consistent with engaging in monetary transactions derived from the unlawful sale of real property derived from a limited liability company's assets and shares and are consistent with violations under 18 U.S.C. §§ 1956 and 1957 of the RICO ACT.

46.    All of the Defendants by their unlawful and criminal actions have deprived Walker of his civil rights by taking advantage of his unfortunate circumstances regarding his incarceration. As a result of Seldman et. al.'s racketeering and corrupt actions, Walker has lost his home and all of his property interests and business assets in SELKER, LLC. Plaintiff is unable to recover from these losses.

## COUNT II
## VIOLATIONS UNDER 42 U.S.C. § 1983

47.    Walker incorporates by reference Paragraphs 1-46.

48.    Seldman et. al. have unlawfully deprived Walker of his property interests while he was unable to freely move to protect his rights due to his incarceration.

49.    Seldman has deprived Walker of any interest in SELKER, LLC's operations in that he continues to hold the managerial position, although his duties have been revoked.

50.    Seldman on information and belief has *inter alia* used SELKER, LLC to launder and remove money from the ILSR, a non-profit organization with close working ties to State and the Federal Governments. To this cause, Walker alleges that Seldman deliberately sought to remove SELKER, LLC's real properties and to remove all of Walker's interest to create a deficit in the Company's funds. Seldman then asked Walker for money to put back into the LLC and/or to pay

back the ILSR.

51.    Defendants by their unlawful actions have violated  Plaintiff's civil rights under 42 U.S.C. §1983.

## COUNT III
## FRAUDULENT CONVEYANCE

52.    Walker incorporates by reference Paragraphs 1-51.

53.    Seldman fraudulently removed SELKER, LLC's assets without resolution by Walker and illegally sold them and conveyed the profits from those sales to himself and on information and belief to the ILSR.

54.    Defendants First American, Eastern Market, Davis, City Title, W.C. & A.N. Miller, Steed, Woldehanna, Monast, Urban Communities and other unknown title companies, real estate agents/brokers and third party purchasers had constructive notice that Seldman did not have written resolution to sell SELKER, LLC's real estate and knowingly, deliberately and intentionally participated and accomplished the illegal purchase and transfer of SELKER, LLC real property. These Defendants participated in the fraudulent conveyance of SELKER, LLC real property.

55.    The fraudulent and unauthorized conveyance of SELKER, LLC's assets due entirely to Seldman's malicious, illegal disposal of company property caused huge losses to SELKER, LLC's assets without realizing the optimum market value following renovations.  Walker is unable to recover from these losses.

56.    Defendants Menist, Stewart and **Scheuremann** in conjunction with Seldman in conjunction with Seldman fraudulently conveyed Walker's residence 1922 3rd Street NW to Seldman without giving Walker the right to cure his residential default, pursuant to D.C. Code §42-815.01.

13

57.   Walker is unable to recover from the loss of his home and from the loss of his business assets.

## COUNT IV
## CONSPIRACY TO COMMIT FRAUD

58.   The factual allegations set out in Paragraphs 1-57 are incorporated by reference.

59.   Substitute Trustees, Menist and Stewart ( and **Scheuremann**) having been a part of the same business at the same address with Seldman's then attorney **Scheuremann** conspired with Seldman to effect an illegal transfer of the property from Walker to Seldman. Menist, Stewart and Seldman accomplished the issuance of a Deed of Appointment of substitute Trustees, for the express purpose of giving Seldman the unauthorized authority to foreclose on Walker's residential property. The Substitute Trustees then signed a fraudulent Trustees Deed wherein they made Seldman and his wife the grantees, Seldman circuitously and fraudulently sought to prevent Walker from taking any action against him to prevent the foreclosure by asking Walker not to file bankruptcy and by offering Walker a cash settlement for the property. Seldman never paid Walker any settlement, but instead he sent Walker a letter through his counsel Scheuremann, **his co-conspirator informing Plaintiff that he could "buy his property back" for $975,000.00.**

60.   All of the Defendants who participated in the unlawful transfer of title of SELKER, LLC real properties are guilty of conspiracy to commit fraud in that they had knowledge of how real property is transferred belonging to limited liability companies having more than one member and knew that the Operating agreement of SELKER, LLC did not give its managing member, Seldman the authority to liquidate real property without written resolution from Walker. Despite this knowledge, these parties accomplished the illegal transfer of the properties and benefitted from the

14

sales.

**COUNT V**
**COLLUSION AND UNJUST ENRICHMENT**

61.    Plaintiff incorporates by reference herein Paragraphs 1-60.

62.    Seldman et. al., unjustly enriched themselves by foreclosing on Walker's residential property and collecting the rents from the tenants for personal gain.  Seldman never applied any of the rents towards Walker's residential loan on the property, nor did they give any of the proceeds to Walker.

63.    Seldman et. al. unjustly enriched themselves by transferring title and by purchasing SELKER, LLC real estate without written resolution from Walker.  Seldman never gave Walker any proceeds from the sales to satisfy Plaintiff's interest.  Walker has lost all of his interests in SELKER, LLC's assets and cannot recover from these losses.

64.    Seldman and the relevant Title Companies, Real Estate Companies, Agents/Brokers and Title Insurance Companies after Walker filed a lis pendens in a case involving SELKER, LLC assets in the DC Superior Court, sold the remaining real property (1934 3rd St. NW) without written resolution from Walker and despite Walker's notices warning Defendant not to transfer title Company property.

**COUNT VI-BREACH OF CONTRACT AND DAMAGES**

65.    The allegations outlined in Paragraphs 1-64 are incorporated by reference herein.

66.    Seldman and the ILSR on information and belief has used SELKER, LLC as an avenue to remove money from the ILSR for personal gain.  Seldman has therefore used SELKER, LLC for a purpose other than it was intended and has breached the Operating Agreement of the LLC.

15

67. While Walker was incarcerated, Seldman failed to carry out his managerial duties of SELKER, LLC. Defendant breached the terms of the Operating Agreement and failed to properly account for the profits and losses of SELKER, LLC , and Seldman failed to give Walker the requested information about the operation of SELKER, LLC.

68. Seldman despite Walker's having revoked his managerial duties for the criminal and unlawful activities outlined above and Defendant's failure to give Walker any consideration for his shares, continues to manage SELKER, LLC and refuses to step down.

WHEREFORE, Walker and SELKER, LLC pray for the following relief:

a. Set aside the sale of 1922 3rd Street, NW Washington, DC and return Walker's residential property to him.

b. Set aside all sales of SELKER, LLC's real property sold by Seldman et. al. without any written resolution signed by Walker and return them to SELKER, LLC.

c. Revoke by judicial Order Seldman's position as manager of SELKER, LLC.

d. Actual and compensatory damages of TWO MILLION DOLLARS ($2,000,000.00) jointly and severally against Seldman, Menist, Stewart, **Scheuremann** and McIntyre for the unlawful sale of Walker's residential property.

e. Actual and compensatory damages of TEN MILLION DOLLARS ($10,000,000.00) against Seldman and the ILSR for the unlawful sale and transfer of SELKER, LLC properties and for the racketeering activities of Seldman and the ILSR that affected SELKER, LLC.

f. Actual and compensatory damages of FIVE MILLION DOLLARS ($5,000,000.00) against Seldman, First American, Eastern Market, Davis, City Title, W.C.& A.N. Miller , Steed, Woldehanna, Emrey, Monast, Urban Communities, LLC and any unknown title

companies, title insurance companies, real estate companies, agents, brokers and third party purchasers of SELKER, LLC's real property jointly and severally for the unlawful sale, transfer and purchase of SELKER, LLC real estate.

g. Punitive damages of TWO MILLION DOLLARS ($ 2,000,000.00) jointly and severally against Seldman, Menist, Stewart, **Scheuremann** and McIntyre, and TEN MILLION DOLLARS ($ 10,000,00.00) against Seldman and the ILSR, and FIVE MILLION DOLLARS ($ 5,000,00.00) against Seldman, First American, et. al., Eastern Market, Davis City Title, W.C. & A. N. Miller, Steed, Woldehanna, Emrey, Monast, Urban Communities, LLC and any unknown title companies, title insurance companies, real estate companies, agents, brokers and third party purchasers, jointly and severally parties for the emotional stress, nervous prostration, and irreparable harm caused to Walker by Defendants unlawful and egregious actions.

h. Any and all such other relief that this Court deems just and proper.

17

Respectfully submitted,

Le Bon Bruce Walker
203 Seaton Place NE
Washington, DC 20002
(202) 491-2140

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of June, 2006, a copy of the foregoing Amended

Verified Complaint was mailed first-class postage prepaid to the following:

NEIL SELDMAN
3362 Tennyson Lane NW
Washington, DC 20794

and

Institute For Local Self-Reliance
1315 5th Street SE
Minneapolis, MN 55414

and

Dianne Stewart
700 E Street SE
Washington, DC        20003

and

Elizabeth Menist
700 E Street SE
Washington, DC        20003

Carole McIntyre
1922 3rd Street NW #9
Washington, DC 20001

and

W.C. & A. N. MILLER
Development Company
Realtor Brokers,
4701 Sangamore RD
Bethesda, MD 20816

and

City Title & Escrow Co., Inc.
4400 Jenifer Street NW
Suite 350
Washington, DC 20015

and

Carolyn Davis
Eastern Market Real Estate
210 9TH Street SE, Suite 100
Washington, DC 20003

Eastern Market Real Estate
7942 Wisconsin Ave
Bethesda, MD 20814-3620

      and

First American Title Insurance Co.
401 E. Pratt, Ste #323
Baltimore, MD 21202

      and

Andrew Steed
503 Rhode Island Ave. NW
Washington, DC 20001

      and

Yohannes Woldehanna
1934 3rd Street NW
Washington, DC 20001

      and

Jonas J.. Monast
Urban Communities, LLC
1350 Meridian Pl NW
Washington, DC 20010

      and
Andrew Steed
503 Rhode Island Avenue NW
Washington, DC 20001

      and

Eric J. Emrey
1964 2nd Street NW
Washington, DC 20001

:

Le Bon Bruce Walker

5 July 2003

To Bruce Walker and LB Walker
From: Neil Seldman
Re: Selker, LLC Debt

According to our partnership agreement, LB Walker is responsible for half of Selker, LLC debt.

At this time we are facing debts of

Debt:

Marty Seldman  $185
Neil and Laura Seldman  150K
Esther Klugherz $100k
Sylvia Seldman $20k
Riggs Bank, NA $95k
Accrued interest $10k
Neil's salary  $72k

Total  $632,000

Assets:

1350 Meridian  (expect sale as is) $200k
1934 3rd Street  (expect sale in August) net $225k

Total $425,000

Debt $207,000. Please remit $103,500 to Selker, LLC at this time.

Plaintiff's Exhibit #1



**ILSR**

2425 18th Street NW
Washington, DC 20009-2096

*environmentally sound economic development*

L. B. Walker
239092
MHC P.O. 534
Jessup (MD) 20794

MHC
MARYLAND DIVISION

# SELKER, LLC

**Certified Mail**

December 4, 2003

TO:     Neil Seldman
        3362 Tennyson Lane, NW
        Washington, DC 20794

FROM:   Le Bon Bruce Walker
        203 Seaton Place, NE
        Washington, DC 20002

RE:     Relinquishment and Revocation of Managerial Duties
        of Neil Seldman by L.B. Walker of SELKER, LLC

Dear Neil,

Please be advised that on or about June, 2001 by written agreement I relinquished my managerial duties of SELKER, LLC to you on the condition that I receive consideration from you for my conveyance of 30% of my interest in the Company.

To date, however, I have received no consideration for the 30% share of my assets in SELKER, LLC that you unlawfully retained. Due to this fact and the fact that you have illegally removed approximately three-fourths of SELKER, LLC's assets by selling the real properties without any corporate resolution and without any consideration to me for these property sales, I am forced as 80% owner of SELKER, LLC to revoke our operation agreement and revoke your managerial duties of SELKER, LLC. (See D.C. Code §§§ 29-361, 29-1319(a-f)).

**Plaintiff's Exhibit #**

I am immediately taking over all of the managerial duties of SELKER, LLC. within Twenty (20) days from the date of this letter. I request you to provide me a formal accounting through the date of this "termination letter", all books, and the records of SELKER, LLC, be delivered to my attorney Lucy R. Edwards at 3001 Georgia Avenue NW, Washington, DC 20001. In addition, please forward all of Selker, LLC's mail to me, in care of my attorney.

From the date of this letter you are not to take any further action incurring liability for SELKER, LLC. You must, however, preserve the rights of Selker, LLC, and continue all actions required to assure that additional losses and liabilities do not occur.

I regret the deterioration of our business relationship and in view of the current lawsuit pending against you and others in the DC Superior Court, as well as, your expressed desire to settle that lawsuit, I am willing to enter into a proper settlement agreement with you to dispose of the lawsuit. I may be reached at (202) 529-5773, should you have any questions regarding this letter and the revocation of your managerial duties of the corporation.

Very truly yours,

Le Bon Bruce Walker

2

LB WALKER
MHC, 239092, Fl, 37
Box 534
Jessup, MD 20794

December 15, 2001


Mr. Neil Seldman
3362 Tennyson Ln., N.W.
Washington, DC

RE:  **NOTICE OF REQUEST TO CURE DEFAULT**
     1922 3rd Street, N.W., DC

Dear Mr. Seldman:

Yesterday I received from you via Certified mail a notice of
Default, Deed of Trust and Note, dated January 27, 2000, 1922
3rd Street, N.W., Washington, DC.

**THIS IS MY NOTICE OF INTENT TO CURE.**

Pursuant to the instructions provided in your Notice of Default,
I am hereby "contacting you before making a tender to cure"
the default.  Please advise the amount due for arrearages,
cost and attorney fees.  Upon receipt of your advice how much
money is required, I will make the required payment without
delay.

When I spoke to you a few days ago and you offered to buy this
property I advised you that I would be paying you all arrearages
and interest shortly thereafter.  At that time why did you
not tell me that you were sending me a notice of default.
Is it that it would be less costly for you to take my property
by default rather than to purchase for a fair price?

Neil, I am shocked by this action that you have taken.  You
have been a good friend, and I never would have expected such
a tactic from you, on top of everything else that you know
my wife and I are presently going through.

I have also asked my son, Bruce Walker, to contact you to get
the amount required to be paid pursuant to your notice of
default.


Sincerely,

LB Walker


Cc:  Bruce Walker


Exhibit # 4

MHC, 239092, Fl, 37
Box 534
Jessup, MD 20794

December 26, 2001

CERTIFIED MAIL RETURN RECEIPT
REQUESTED AND FIRST CLASS MAIL
Mr. Neil Seldman
3362 Tennyson Ln., N.W.
Washington, DC

RE:  SECOND NOTICE OF REQUEST TO CURE DEFAULT
     1922 3rd Street, N.W., DC

Dear Mr. Seldman:

Immediately following receipt of a notice of default from you
via certified mail, on or about December 15, 2001, I immediately
sent you a Notice Of Request To Cure Default. I handed an
envelope containing my said REQUEST, addressed to your address
at 3362 Tennyson, Ln., N.W., Washington, DC, with first class
postage affixed, to staff here at this prison and requested
the envelope be sent by the United States Postal Service.

At the same time I repeatedly tried to contact you by telephone.
I also asked my son, Bruce Walker, to contact you. Subsequently,
Bruce told me that he called both your office and your home
and left messages requesting you to phone him. He said he spoke
to your wife and left a specific message that he must speak
to you to obtain information required to cure the default.

When I did not hear from you and upon advice from Bruce that
he had not been able to contact you to obtain requirements
to cure the default, I wrote to you again and addressed the
issue of payment due you and other issues of concern to both
you and me.

I followed the instructions in your "Notice of Default" to:
"please contact me before making a tender to cure your
default..."

I have acted in good faith and in accordance with your
instructions. Due to your failure to respond and your
unavailablity and your failure to advise me the amount due
you to cure arrearages, you have prevented me from tendering
the money due to you to cure the default.

Please advise me the amount due you for arrearages, including
interest, accrued cost and attorney fees. I will tender the
amount due you to cure any default upon receipt of your advice
to me.



I apologize for your inconvenience. Please forward to me specific requirements so that I can get your money to you without further delay. Please send to me via Certified Mail.

Again, thank you for your help.

Sincerely

LB Walker

Cc:  Bruce Walker

F

LB WALKER
MBC, 239092, Fl, 37
Box 534
Jessup, MD  20794

December 29, 2001

Mr. Neil Seldman
3362 Tennyson Ln., N.W.
Washington, DC

RE:  DEMAND FOR LAWFUL RIGHT TO CURE DEFAULT
     1922 3rd Street, N.W., DC

Dear Neil,

I am totally appalled and disappointed in you.

First, you send me a notice of default, wherein you instruct me
to "contact you before making a tender to cure."

I contacted you by letter, sent from here via first class mail; I
attempted repeatedly to contact you by telephone, and my son,
Bruce Walker, has called your office and home several times.

In accordance with the conditions stated in your notice of
default, a concerted effort has been made by me and my son Bruce
to contact you for the expressed purpose of getting your advice
of the amount due to cure the arreages due you.  You have not
responded to my request asking you how much is owed you, that you
demanded, so that I can make payment and cure the default.  You
have not been available by telephone or returned Bruce's
telephone calls.

Now I receive a "notice of foreclosure sale", when you have
prevented me my right to cure the arrearage.

Unless you advise me the amount due to you for arrearages,
interest and cost and allow me an opportunity to cure the default
according to law, I shall avail myself of all rights and remedies
available under the law.  DC has laws against predatory lending
practices.  I have a right to cure.

Please, let us both not waste time and money on lawyers.  Allow
me to pay you what I owe you as agreed.

Sincerely,

LB Walker

Cc:  Bruce Walker ✓


Exhibit 5

NOV 30  '01 22:25   TO-3320463                FROH-JOHN SCHEUERHANN PC                                1-396  P.02/02  F-591

November 28, 2001

CERTIFIED MAIL RETURN RECEIPT REQUESTED
AND FIRST CLASS MAIL
Mr. L.B. Walker
Ms. Patricia Walker
1904 3d Street, N.W.
Washington, D.C. 20001

RE: NOTICE OF DEFAULT, Deed of Trust & Note dated January 27, 2000 , 1922 3d Street, N.W.

Dear Mr. & Ms. Walker:

I am the beneficiary and secured party under the provisions of the note secured by a Deed of Trust on real property located at 1922 3d Street, N.W. in Washington, D.C.  Please be advised that you are in default.  Your default consists of your failure to pay the periodic installments due under the note. In addition, pursuant to the provisions of the Deed of Trust you are liable for my costs and attorneys fees occasioned by your default.

You are required to cure this default within fifteen (15) days.  You may cure this default by the payment of all arrearages in full with interest under the note as of the date of tender along with a sum sufficient to pay my accrued costs and attorneys fees.  Should you fail to cure this default as demanded herein I shall avail himself of all rights and remedies available under the note and deed of trust, including without limitation the commencement of a lawsuit under the note and or foreclosure of the real property securing said note.

Please contact me before making a tender to cure your default for the correct payoff figure.

Sincerely yours,

Neil Seldman

JES sr

cc:    John E. Scheuermann, Esquire



# Self-Reliance Inc.

2425 18th Street, NW Washington, D.C. 20009 (202) 232-4108

CERTIFIED MAIL

7001 1940 0004 4618 5506

**RETURN RECEIPT REQUESTED**

F-1-37

Leon Walter 239092
Maryland House of Corrections
P.O. Box 534
Jessup, MD.
20794



U.S. POSTAGE
PAID
WASHINGTON, DC
20009
DEC 03 '01
AMOUNT
$3.94
0002369-05

0000

20794

GOVERNMENT OF THE DISTRICT OF COLUMBIA

OFFICE OF TAX AND REVENUE



Doc# 2001120909

NOTICE OF FORECLOSURE SALE OF REAL PROPERTY
OR CONDOMINIUM UNIT

(Pursuant to Public Law 90-566, approved October 12, 1968)

To:   (List Name and Address of each owner of the real property encumbered by said deed of trust, mortgage, or security instrument.)

    L.B. Walker
    1904 3d Street, N.W.
    Washington, D.C. 20001

FROM: John E. Scheuermann        PHONE: 202-547-9180

YOU ARE HEREBY NOTIFIED THAT IN ORDER TO SATISFY THE DEBT SECURED BY THE DEED OF TRUST, MORTGAGE, OR OTHER SECURITY INSTRUMENT, THE REAL PROPERTY OR CONDOMINIUM UNIT HEREIN DESCRIBED WILL BE SOLD AT A FORECLOSURE SALE TO BE HELD ON   January 15, 2002   , AT THE OFFICE OF Alex Cooper Auctioneers, Inc., 5301 Wisconsin Ave, NW, Suite 750, at 12:45 AM/PM. THIS SALE DATE IS SUBJECT TO POSTPONEMENT FOR A PERIOD NOT TO EXCEED THIRTY (30) CALENDAR DAYS FROM THE ORIGINAL DATE OF FORECLOSURE SALE, AFTER WHICH THIS NOTICE OF FORECLOSURE SHALL EXPIRE.

Security Instrument recorded in the land records of the District of Columbia at the Recorder of Deeds on   01/28/2000

Liber:                        Folio:                     Instrument No.  8480

Maker(s) of Note secured by the instrument:  L.B. Walker joined by his wife,
    Patricia Walker for the sole purpose of waiver of dower
(Last known address)

Description of Property:  11 unit apartment building
                         (two story brick, dwelling, apartment building, vacant lot, condominium unit, etc.)
Address:  1922 3d St., NW, Washington, D.C.
Lot & Square No:  10                    /  3089          or Parcel No: _____
Holder of the Note: Neil Seldman  202-232-4108, 3362 Tennyson St, NW,
                    (Name)          (Phone No)              (Address)  Washington, DC 20015
Balance owed on the note: $  185,946.15
Minimum balance required to cure default obligation pursuant to D.C. Law 5-82 "Right to Cure a Residential Mortgage Foreclosure Default Act of 1984." $  N/A

Person to contact
to stop foreclosure sale: John E. Scheuermann, 202-547-9180  700 E St, SE
                         (Name)          (Phone No)       (Address) Washington, DC 20003

    I, hereby certify that a Notice of Foreclosure Sale was sent to the present owner(s) of the real property encumbered by said deed of trust, mortgage, or other security instrument described above, by certified mail, return receipt on  12/14/01  ; and I further certify that I understand that Public Law 90-566 prohibits any foreclosure sale under power of sale provision contained in any deed of trust, mortgage, or other security instrument until after the owner(s) of the real property encumbered by said deed of trust, mortgage, or security instrument has been given written notice of such sale, and the Recorder of Deeds, D.C. has received a copy of such notice at least 30 days in advance of such sale.

12/14/01                    Neil Seldman
(Date)                      (Signature of the Noteholder or his agent)

    I, Elena I. Moore          , a Notary Public in and for the District of Columbia
DO HEREBY CERTIFY THAT  neil seldman  party/ies to this Notice of Foreclosure Sale bearing date on the 14th day of December 2001, personally appeared before me and executed the said Notice of Foreclosure Sale and acknowledged the same to be his/her/their act and deed.

Given under my hand and seal this the 14th day of December, 2001.

                            Elena I. Moore
                            Notary Public, District of Columbia
    Elena I. Moore          My Commission Expires 11-30-2005
    Notary Public

Exhibit 16

Return to:

Scheuermann & Terhune
Att: Elena Moore
700 E 9+, SE
Washington, D.C. 20003

Doc# 2001120909
Book:
Page:
Filed & Recorded
12/14/2001 02:39:45 PM
HENRY RILEY
RECORDER OF DEEDS
WASHINGTON D.C. RECORDER OF DEEDS
SURCHARGE        $    5.00
RECORDING        $   15.00

2

# SCHEUERMANN & TERHUNE
## ATTORNEYS AT LAW

John E. Scheuermann
Karen Leigh Terhune (D.C. & MD)
—————
Gopa Khandwala (MD)
Elizabeth Menist (D.C. & VA)

700 E Street, S.E.
Washington, D.C. 20003
Telephone: (202) 547-9180
Fax: (202) 547-2050

December 27, 2001

Mr. L.B. Walker
#239092
Post Office Box 534
Jessup, Maryland 20794

RE: Foreclosure: 1922 3d Street, N.W., Washington, D.C.

Dear Mr. Walker:

Mr. Seldman has forwarded a copy of your letter dated December 20, 2001 to me with instructions that I address with you the upcoming foreclosure on 1922 3d Street, N.W. At our strong recommendation our client has authorized this firm to go forward and sell this property at foreclosure on January 15, 2002 to satisfy your debt to Mr. Seldman. A copy of the foreclosure notice is enclosed.

In light of your past business relationships with our client and the unfortunate circumstances of your present situation, Mr. Seldman held off taking this action to protect his family's financial investment in 1922 3d Street as long as he could. He could not wait any longer.

You can still avoid losing this property by paying the Seldman Note plus interest through the date of payment and all costs and attorneys fees per the instrument. If it is your intention to satisfy this debt before January 15, 2002 please call--or have your representative call--for current payoff information.

We truly regret having to take this action. However, this firm sees no other alternative if it is going to fulfill its obligation to protect our client. I remain

EXHIBIT 7

Mr. L.B. Walker
Page 2
December 27, 2001

Sincerely yours,

John E. Scheuermann

JES/sr
Enclosure

cc:    Mr. Neil Seldman

# SCHEUERMANN & TERHUNE
## ATTORNEYS AT LAW
700 E Street, S.E.
Washington, D.C. 20003
Telephone: (202) 547-9180
Fax: (202) 547-2050

John E. Scheuermann
Karen Leigh Terhune (D.C. & MD)

Gopa Khandwala (D.C. & MD)
Elizabeth Menist (D.C. & VA)

Dianne M. Stewart, J.D., M.B.A.
(Business Compliance Specialist)

June 25, 2002

Mr. Le Bon Bruce Walker
MHC 239092.D
Box 534
Jessup, Maryland 20794

Dear Mr. Walker:

This firm is legal counsel to Neil and Laura Seldman. Reference is made to your letter to Mr. Seldman dated June 11, 2002 in which you mis-characterized the matters discussed by you and Mr. Seldman at a meeting on May 29, 2002. To avoid a re-occurrence of the above, all communications pertaining to real property located at 1922 3d Street, N. W. should be directed to this firm and not to either Mr. or Mrs. Seldman.

Contrary to the statements contained in your letter please be advised that you have no current ownership interest, legal or equitable, in 1922 3d Street, N. W. You lost that interest at foreclosure. Moreover, the only thing Mr. Seldman has agreed to do, and the only thing he is willing to do, is to extend to you an offer to purchase this property for the sum of $975,000 cash, no contingencies, all settlement costs and transfer and recordation taxes to be paid by the purchaser and with settlement in 30 days. No purchase rights will vest until a contract embodying these terms is signed by all parties. Until a contract is signed, Mr. & Mrs. Seldman reserve the right to solicit, entertain and/or accept other offers.

If you have an interest in purchasing 3d Street on the terms set forth, please let me know. I remain

Sincerely yours,

John E. Scheuermann

JES/ll

EXHIBIT 8

UNITED STATES
PB8739848
00.340 0 JUN 25 02
WASHINGTON, DC          20003

* * *
129
4850 #
0413

SCHEUER'ANN & TERHUNE
700 E Street, S.E. • Washington, D.C. 20003



Mr. Le Bon Bruce Walker
MHC 239092.D
Box 534
Jessup, Maryland 20794