IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LE BON BRUCE WALKER, ET. AL.,
        Plaintiffs,

v.

NEIL SELDMAN, ET. AL.,
        Defendants.

No. 06-CV-00603 (G.K.)

**OPPOSITION TO OR, IN THE ALTERNATIVE,
FOR SUMMARY JUD DEFENDANT WOLDEHANNA'S
MOTION TO DISMISS JUDGMENT**

COMES NOW PLAINTIFFS LE BON BRUCE WALKER ("Walker") and SELKER, LLC and respectfully oppose Defendant Yohannes Woldehanna's ("Woldehanna") Motion to Dismiss, or in the Alternative, for Summary Judgment. Walker refers the Court to the Memorandum of Points and Authorities below as grounds for this Opposition.

WHEREFORE the premises considered in the Memorandum of Points and Authorities below, Walker prays that this Court deny Woldehanna's Motion to Dismiss or in the Alternative for Summary Judgment.

Respectfully submitted,

/s/
Le Bon Bruce Walker, *pro se*
203 Seaton Place, NE
Washington, DC 20002
(202) 491-2940

# EXHIBIT 2

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of July, 2006, a copy of the foregoing was mailed first class, postage prepaid to the following:

Michael N. Russo, Jr. & Stephen A. Oberg
125 West Street 4th Floor
Post Office Box 2289
Annapolis, Maryland  21404-2289

David D. Hudgins, Esquire
515 King Street, Suite 400
Alexandria, VA, 22314

James A. Sullivan, Jr., Esquire
MILES & STOCKBRIDGE
11 N. Washington Street, Suite 700
Rockville, MD 20850

Albert A. Foster, Jr., Esquire
Peter K. Tomopa, Esquire
Dillingham & Murphy, LLP
1155 Connecticut Ave NW Ste 1120
Washiington, DC 20036

Carole McIntyre
1922 3rd Street NW #9
Washington, DC 20001

George T. Masson, Jr, Esquire.
1900 M Street NW Ste 410
Washington, DC 20036-3532

F. Joseph Nealon, Esquire
Kirsten E. Keating
Ballard Spahr Andrews & Ingersoll, LLP
601 13th Street NW Ste 1000 South
Washington, DC 20005

Robert A. Scott, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
300 East Lombard Street, 18th Floor
Baltimore, Maryland 21202

City Title & Escrow Co., Inc.
4400 Jenifer Street NW Ste 350
Washington, DC 20015

Jonas J.. Monast
Urban Communities, LLC
1350 Meridian Pl NW
Washington, DC 20010

/s/
_____
Le Bon Bruce Walker

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LE BON BRUCE WALKER, ET. AL., :
          Plaintiffs, :
                                 : No. 06-CV-00603 (G.K.)
                                 :
v. :
                                 :
NEIL SELDMAN, ET. AL., :
          Defendants. :
_____:

**MEMORANDUM OF POINTS AND AUTHORITIES**

Woldehanna argues primarily in his Motion that he is simply an innocent bystander, a third party who purchased SELKER, LLC real property that was formerly owned by SELKER from a Virginia based Limited Liability Company (1934 3rd Street, LLC). Defendant also argues that Walker, et. al. provided no actual or constructive notice of their claims regarding the property. Woldehanna further argued that Walker lacks standing to bring this action on behalf of the LLC because SELKER is not represented by counsel. Walker, et. al. argue that all of Woldehanna's arguments must fail in this instance.

As a Argument matter of course, Walker et. al. submit that Woldehanna's Motion for Summary Judgment should be dismissed on procedural grounds. Pursuant to Federal Rule Civ. Proc 12 (b), when a moving party presents matters outside the complaint, the Court normally treats the motion as one for summary judgment under Rule 56. Under this Rule, the moving party must file

3

a separate statement of genuine facts not in dispute so as to be entitled to judgment as a matter of law. Woldehanna's Motion to Dismiss or in the Alternative, for Summary Judgment, did not contain a separate statement of genuine material facts not in dispute. Therefore, Walker et. al. maintain that the Motion should normally not be granted for this reason.

**I. Woldehanna had Constructive Notice of Walker, et al's Claims Prior to the Purchase of SELKER, LLC Real Property.**

A genuine issue of material fact arises in this case over whether Woldehanna had or should have had notice of Plaintiffs' claims at the time when he and his wife purchased 1934 3rd Street NW ("the property"). Walker maintains that Woldehanna had constructive notice of his claims by virtue of the recordation of a lis pendens on June 17, 2003 against the property among the Land Records at the DC Recorder of Deeds Office, known as Document No. 2003076091. (See copy of Notice of Lis Pendens attached hereto as Exhibit #1).

The Notice of Lis Pendens brought to the public's attention Walker's claims against Seldman for illegally foreclosing his rights to his interest in the property. The transfer of SELKER, LLC's real estate to the Virginia based LLC and the subsequent sale of the property to Woldehanna both occurred after the Notice of Lis Pendens was recorded by the Office of DC Recorder of Deeds. In addition, not only did Walker record the Notice of Lis Pendens pursuant to DC Code §42-1207, he sent notice of the Lis Pendens to the Real Estate Company (and to Seldman) in June 2003 and to the listing Agents whom he believed were handling the sales of his properties. (See Copy of Certified letter attached hereto as Exhibit #2). Since it is accepted Court policy that deeds provide constructive notice of ownership rights, a Notice of Lis Pendens precludes the transfer of real estate

4

unless it is officially released by the party or the Court. (See DC Code §42-1207 et seq).

Walker maintains that the recording of the Lis Pendens cancels Mr. Woldehanna's Deed even though he allegedly purchased the property from another owner while the Lis Pendens was and still is in effect and Defendant is not the bona fide purchaser and there is a cloud upon his title. Walker has now produced evidence of his Lis Pendens against any transfer of the property and as such a genuine dispute of material fact arises as to the validity of Woldehanna's title. The evidence presented herein also gives rise to a genuine dispute of material fact as is whether Woldehanna knew or should have known that he could not purchase this property or whether he conspired with Seldman and/or Seldman and the Virginia based LLC to exact a fraudulent sale. The real issue here is that Woldehanna's Motion to Dismiss, or in the Alternative, for Summary Judgment cannot be granted in that Woldehanna can make no showing that no lis pendens was in effect when he purchased the property and he can make no showing at this stage that his actions were not consistent with the claims raised in the Verified and Amended Verified Complaint against him, i.e. fraudulent conveyance, conspiracy to commit fraud, RICO and Civil rights violations. It is well settled that summary judgment is rarely granted when fraud is alleged. (See *Richardson v. District of Columbia*, 522 A.2d 1295 (DC 1987) ("....where motion for summary judgment is based solely on the testimony of an interested party and knowledge of the basis for that testimony is largely in the hands of the witness, summary judgment ordinarily should not be granted. See also *Green v. Gibson*, 613 A.2d 361 (DC 1992); *Willis v. Cheek*, 387 A.2d 716 (DC 1978)("summary judgment is to be used sparingly in cases involving motive or intent.").

In the instant case, resolution at trial is the only remedy available to the parties. Woldehanna

is not entitled to judgment as a matter of law or to dismissal of the claims against him in this issue.

## II. Walker Has Standing to Bring This Action

Woldehanna argues first that the claims brought in Walker's name must be dismissed because Walker as a member of SELKER, LLC, is not a proper party to this action and secondly, SELKER, LLC must be represented by counsel. Plaintiffs contend that Woldehanna's arguments must fail under the particular circumstances of this case. Pursuant to the provisions of the DC Limited Liability Company Act, (the "LLC Act") a member of a LLC cannot ordinarily be a party to a suit in the name of the LLC except in two limited circumstances and either circumstance forms a sufficient basis to permit a member to be a proper party.

DC Code §20-1015 (2001) provides in relevant part:

> A member of a limited liability company is not a proper party to a proceeding by or against a limited liability company, except where (1) the object of the proceeding is to enforce a member's right against or liability to the limited liability company, or (2) as provided in §§ 29-1043 through 29-1096.

Walker contends that both of these exceptions apply to the instant case. The Verified Complaint and Amended Verified Complaint has alleged with particularity that Seldman sold improved real property belonging to SELKER, LLC at undervalued prices in order to extort money from Walker. Indeed, Seldman, the other partner in the LLC has alleged that Walker failed to make contributions to SELKER, LLC and performed substandard work. Amended Verified Complaint at p21; Seldman's Answer at Seventh Defense. In this action, Walker seeks to defend his right against any liability to SELKER, LLC for money that he does not owe to the company. Conversely, Plaintiff seeks to restore and/or receive funds that belong to him as a member of SELKER. Here the first

exception is satisfied, although Walker is suing Seldman, the other member of the LLC for his unlawful actions pertaining to his activities regarding SELKER, LLC real property.

The second prong of the exceptions to a member being a party in an action brought by an LLC is also satisfied. Although the instant action is one where one of the Defendants is a member of SELKER, LLC and its former manager, Walker who controls 70% of the interest in the, Company seeks to restore Company assets by bringing suit against Seldman and the other Defendants for illegally removing and illegally obtaining title to the real properties. In this scenario, Walker is the only member of the LLC who can fairly and adequately represent his interests to avoid liability (since the LLC is made up of only Walker and Seldman) and SELKER's interests in attempting to put back the depleted assets from the Company. It is clear in the Verified Complaint and Amended Verified Complaint that Walker was the only member who could bring the action in that he revoked Seldman's position as manager after he made diligent attempts to get Seldman to stop removing SELKER's assets. Walker's claim is consistent with being a derivative action under DC Code §§ 29-1043-29-1046. Woldehanna is not entitled to judgment as a matter of law on this issue since Walker can bring his claim on behalf of himself[1] and behalf of SELKER, LLC.

Walker et. al. argue that the particular circumstances of this case permit Plaintiff, Walker to bring this action on behalf of SELKER, LLC, notwithstanding the fact an LLC is an artificial entity that is better served by not being represented by a layman (non-lawyer). Plaintiffs have established

---

[1] Walker notes here that the claim involving the property located at 1922 3rd Street NW, WDC are excepted since that property was Walker's residence and not owned by SELKER, LLC.

7

above that Walker can bring this action on behalf of himself and SELKER, LLC under DC Code §29-1015 (1) and (2), given the unique circumstances and facts of this case. Moreover, Walker contends that the case law cited by Woldehanna, namely *Shamey v. Hickey,* 433 A.2d 1111 (DC 1981) and others, is inapposite to the facts in the instant case in that these cases involve legal representation for corporations. In this instance and because LLC's are more loosely constructed than corporations, Walker maintains that he can bring an action on behalf of SELKER against Seldman and the Defendants who transferred and purchased the LLC's assets because as argued previously, he seeks to restore SELKER, LLC's assets and he seeks to defend himself against any wrongful liability to the Company. This scenario is not the same thing as a member of an LLC defending the company in an action at law to recover debts owed or failures in specific performance by the public or the Company. Woldehanna is not entitled to judgment as a matter of law in that a dispute in material fact arises as to whether Walker can be a proper party (and the LLC) pursuant to the exceptions under DC Code § 29-1015.

Another factual issue at hand here, is whether Walker as the managing member of SELKER, LLC with the majority interest can bring suit on behalf of SELKER if the LLC is no longer in good standing. Although the LLC was in good standing when the acts alleged in this Verified and Amended Complaint were committed by the Defendants, Walker has not filed his annual report with the District of Columbia Government since he revoked Seldman's position on December 4, 2004. It is well settled law in this jurisdiction, that when a corporation is not in good standing, its members become amenable to suit in their own name in actions by or against the corporation. A genuine dispute of material fact arises herein as to whether Walker can maintain an action on behalf of

SELKER, LLC in light of the Company's status with the DC Government at the time that this action was initiated. Woldehanna's Motion to Dismiss or for Summary Judgment must be denied on this issue.

### III. Seldman's Status Managing Member of SELKER, LLC Did Not Authorize Him Solely to Sell SELKER, LLC Real Estate.

Woldehanna argues that the Deed which transferred the property from SELKER, LLC to the Virginia based entity was signed before Seldman's position as manager of SELKER, LLC was revoked and therefore no liability on the part of entity or himself exists. Woldehanna misunderstands Walker's issues on this point. The issue at hand was not whether Seldman as the managing member of SELKER, LLC could sell the Company's assets, the issue was whether Seldman could sell the 1934 3rd Street property to anyone without any written resolution from Walker. Walker maintains that Seldman could not and the sale of the property and resultant titles are unauthorized and void. Thus, Walker et. al. have a definitive claim against Woldehanna for the unlawful transfer of title of SELKER, LLC's real property and Defendant is not entitled to judgment as a matter of law.

### IV. Plaintiffs' Claims Have Merit

Walker et. al. argue that they have alleged sufficient facts to maintain a cause of action against Woldehanna, Diane Stewart and Elizabeth Menist on the Counts alleged in Counts I-IV (RICO, Civil Rights, Fraudulent Conveyance and Conspiracy to Commit Fraud) of the Verified Complaint, to this extent, the claims asserted against Woldehanna cannot be dismissed at this stage in light of the above arguments as several genuine disputes of material facts exist to the defeat Woldehanna's Motion to Dismiss, or in the Alternative, for Summary Judgment.

9

# CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of July, 2006, a copy of the foregoing was mailed first class, postage prepaid to the following:

Michael N. Russo, Jr. & Stephen A. Oberg
125 West Street 4th Floor
Post Office Box 2289
Annapolis, Maryland   21404-2289

David D. Hudgins, Esquire
515 King Street, Suite 400
Alexandria, VA, 22314

James A. Sullivan, Jr., Esquire
MILES & STOCKBRIDGE
11 N. Washington Street, Suite 700
Rockville, MD 20850

Albert A. Foster, Jr., Esquire
Peter K. Tomopa, Esquire
Dillingham & Murphy, LLP
1155 Connecticut Ave NW Ste 1120
Washiington, DC 20036

Carole McIntyre
1922 3rd Street NW #9
Washington, DC 20001

George T. Masson, Jr, Esquire.
1900 M Street NW Ste 410
Washington, DC 20036-3532

F. Joseph Nealon, Esquire
Kirsten E. Keating
Ballard Spahr Andrews & Ingersoll, LLP
601 13th Street NW Ste 1000 South
Washington, DC 20005

Robert A. Scott, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
300 East Lombard Street, 18th Floor
Baltimore, Maryland 21202

City Title & Escrow Co., Inc.
4400 Jenifer Street NW Ste 350
Washington, DC 20015

Jonas J.. Monast
Urban Communities, LLC
1350 Meridian Pl NW
Washington, DC 20010

_____/s/_____
Le Bon Bruce Walker

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LE BON BRUCE WALKER, ET. AL., :
                 Plaintiffs, :
                              :    No. 06-CV-00603 (G.K.)
                              :
      v. :
                              :
NEIL SELDMAN, ET. AL., :
                 Defendants. :
_____:

**STATEMENT OF MATERIAL FACTS IN DISPUTE**

COMES NOW PLAINTIFF LE BON BRUCE WALKER AND SELKER, LLC, pursuant to Fed. R. Civ. P. Rule 56 and LCvR 7(b), and respectfully files this Statement of Facts in Dispute and states that the following facts are disputed:

1. Woldehanna had notice of Plaintiffs' claims by virtue of a Lis Pendens against 1934 3rd Street NW, Washington, DC recorded among the land records in the DC Recorder of Deeds Office on June 17, 2003 as Docketing No. 2003076091.

2. Walker can bring an action in his own name and for SELKER, LLC pursuant to the narrow exceptions outlined in DC Code § 29-1015 (1) and (2).

3. Walker has sufficient grounds to bring a derivative action on behalf of SELKER, LLC and he can bring suit on behalf of SELKER, LLC by virtue of DC Code § 29-1015 (2) and by virtue of the fact that on information and belief, SELKER, LLC is not in good standing with the DC Government.

4. Woldehanna is liable for the claims brought against him (Counts I-IV) in that he had constructive notice that Seldman sold valuable SELKER, LLC real estate without any written resolution from Walker consenting to the sale.

11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LE BON BRUCE WALKER, ET. AL., : | |
| Plaintiffs, : | |
| : | No. 06-CV-00603 (G.K.) |
| v. : | |
| NEIL SELDMAN, ET. AL., : | |
| Defendants. : | |

## ORDER

Upon full consideration of Defendant Yohannes Woldehanna's Motion to Dismiss, or in the Alternative, for Summary Judgment, the Opposition filed by Plaintiffs Le Bon Bruce Walker and SELKER, LLC, the record herein and no good cause having been shown, it is this _____ day of _____, 2006.

**ORDERED** that the Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment is **DENIED**.

_____
JUDGE
United States District Court
for the District of Columbia

copies to:

Le Bon Bruce Walker
203 Seaton Place, NE
Washington, DC 20002-1528

SELKER, LLC
3001 Georgia Ave NW
Washington, DC 20001

Michael N. Russo, Jr. Esquire. &
Stephen A. Oberg, Esquire
125 West Street 4th Floor
Post Office Box 2289
Annapolis, Maryland   21404-2289

David D. Hudgins, Esquire
515 King Street, Suite 400
Alexandria, VA, 22314

James A. Sullivan, Jr., Esquire
MILES & STOCKBRIDGE
11 N. Washington Street, Suite 700
Rockville, MD 20850

Albert A. Foster, Jr., Esquire
Peter K. Tomopa, Esquire
Dillingham & Murphy, LLP
1155 Connecticut Ave NW Ste 1120
Washington, DC 20036

Carole McIntyre
1922 3rd Street NW #9
Washington, DC 20001

George T. Masson, Jr. Esquire
1900 M Street NW Ste 410
Washington, DC 20036-3532

Robert A. Scott, Esquire
F. Joseph Nealon, Esquire
Kirsten E. Keating, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
300 East Lombard Street, 18th Floor
Baltimore, Maryland 21202

City Title & Escrow Co., Inc.
4400 Jenifer Street NW Ste 350
Washington, DC 20015

Jonas J. Monast
Urban Communities, LLC
1350 Meridian Pl NW
Washington, DC 20010