UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LE BON BRUCE WALKER, et al. | * | |
| Plaintiffs | * | |
| v. | * | Case No.: 06-CV-00603 |
| NEIL SELDMAN, et al. | * | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MOTION FOR LEAVE TO FILE COUNTERCLAIM & CROSSCLAIM

**COME NOW** Defendants, First American Title Insurance Company ("FATIC"), Eastern Market Real Estate ("Eastern Market"), Carolyn Davis ("Davis") and Eric Emrey ("Emrey") by and through Council, Baradel, Kosmerl & Nolan, P.A., Michael N. Russo, Jr., and Stephen A. Oberg, their attorneys, and pursuant to the Federal Rules of Civil Procedure file this Motion for Leave to File Counterclaim & Crossclaim in the above-captioned matter as follows:

1. A true copy of FATIC, Eastern Market, Davis and Emrey's Counter-claim and Cross-claim is attached hereto as Exhibit A.

2. The Counter-claim against Plaintiff Le Bon Bruce Walker ("Walker") seeks to quiet title to real property located at 1964 2nd Street, NW, Washington, D.C.

3. Defendant/Counter-Plaintiff Emrey purchased 1964 2nd Street from Defendant Neil Seldman ("Seldman") on June 14, 2002, for good and valuable consideration.

4. In his Second Amended Complaint Walker attacks the validity of the transfer from Defendant Selker, LLC ("Selker") to Seldman, Emrey's grantor.

5. Specifically, Walker claims Seldman, as the managing member of Selker, sold 1964 2nd Street to Seldman, individually, and that this sale was done illegally and without corporate authorization. (See generally Walker's Amended Complaint).

6. Walker claims an interest in 1964 2nd Street which threatens and clouds Emrey's interest as the purchaser of the property for good and valuable consideration and which affects Emrey's ability to transfer 1964 2nd Street or to use his property as loan collateral. This cloud must be removed.

7. FATIC, Eastern Market, Davis and Emrey therefore need to file a quiet title action against Walker, and any other individual and/or entity claiming an interest in 1964 2nd Street to remove the cloud on title and to protect Emrey's ownership interest, use and possession of the property.

8. The Defendants also wish to assert cross-claims against Seldman, the grantor that transferred 1964 2nd Street to Emrey and also against Selker, the grantor that transferred 503 Rhode Island Avenue to Andrew Steed ("Steed"). Both of these transactions were conducted by Eastern Market and insured by FATIC.

9. In connection with the sale of 1964 2nd Street and 503 Rhode Island Avenue from to Emrey and Steed, Seldman individually, and as a purported representative of Selker, made representations to Emrey, Steed, Eastern Market and Davis, about the status of title to the subject properties and his position as managing member of Selker, that included, among other things, that he had the authority to act for and on behalf of Selker; that he had the authority to legally bind Selker; and that he had the authority to sell 1964 2nd Street and 503 Rhode Island Avenue on behalf of Selker.

10. Walker has asserted in his Amended Complaint that Seldman did not have the authority to act on behalf of Selker in the sale of 1964 2nd Street and 503 Rhode Island Avenue and that he liquidated Selker's assets, including 1964 2nd Street and 503 Rhode Island Avenue illegally and without corporate authority.

11. If what Walker alleges is true, then Seldman made false representations to Emrey, Steed, Eastern Market and Davis, that included, among other things, that he had the authority to act for and on behalf of Selker; that he had the authority to legally bind Selker; and that he had the authority to sell 1964 2nd Street and 503 Rhode Island Avenue on behalf of Selker, all of which were relied upon during the subject transactions.

12. If what Walker alleges is true, then the Defendants are exposed to what may become a total failure of title with respect to the 1964 2nd Street and 503 Rhode Island Avenue properties.

13. If what Walker alleges is true, FATIC, Eastern Market, Davis and Emery need to protect their interests by asserting claims against Selker and Seldman, the true tort-feasors.

14. The filing of the Counter-claim and Cross-claim in this matter will be in the best of interest of all parties and will be in the interest of judicial economy in that all matters relating to 1964 2nd Street and 503 Rhode Island Avenue will be resolved in one proceeding.

**WHEREFORE**, for the reasons set forth above, First American Title Insurance Company, Eastern Market, Carolyn Davis and Eric Emrey, respectfully request an Order from this Court granting this Motion and providing leave to file a Counter-claim and Cross-claim in this case.

                COUNCIL, BARADEL,{PRIVATE }
                KOSMERL & NOLAN, P.A.

By:    /s/ Stephen A. Oberg
        Michael N. Russo, Jr. (Bar No.: 07322)
        Stephen A. Oberg (Bar No.: 475925)
        125 West Street, 4th Floor
        Post Office Box 2289
        Annapolis, Maryland 21404-2289

        Annapolis:  (410) 268-6600
        Baltimore:  (410) 269-6190
        Washington: (301) 261-2247

        *Attorneys for Defendants First American Title Insurance Company, Eastern Market Title, LLC, Carolyn Davis and Eric Emrey*

<u>**CERTIFICATE OF SERVICE**</u>{PRIVATE }

      I HEREBY CERTIFY that on this 1st day of September, 2006, a copy of the foregoing document was mailed, first class postage prepaid, to:

Le Bon Bruce Walker
203 Seaton Place, NE
Washington, DC 20003

                                          <u>*/s/ Stephen A. Oberg*            </u>
                                          Stephen A. Oberg