UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LE BON BRUCE WALKER, et al. | * | |
| Plaintiffs | * | |
| v. | * | Case No.: 06-CV-00603 |
| NEIL SELDMAN, et al. | * | |
| Defendants | * | |
| * * * * * * | * * * * * * | |
| FIRST AMERICAN TITLE INSURANCE COMPANY | * | |
| and | * | |
| EASTERN MARKET TITLE, LLC | * | |
| and | * | |
| CAROLYN DAVIS | * | |
| and | * | |
| ERIC J. EMREY | * | |
| Counter/Cross Plaintiffs | * | |
| v. | * | |
| LEN BON BRUCE WALKER 203 SEATON PL., N.E. WASHINGTON, D.C. 20003 | * | |
| and | * | |
| SELKER, LLC 1922 3rd STREET, N.W. WASHINGTON, D.C. 20001 | * | |
| and | * | |

|  |  |
|---|---|
| NEIL SELDMAN | * |
| 3362 TENNYSON LANE, N.W. | |
| WASHINGTON, D.C. 20794 | * |
| | * |
|     Counter/Cross Defendants | |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COUNTERCLAIM AND CROSS CLAIM

**COME NOW** Defendants and Counter/Cross Plaintiffs, First American Title Insurance Company, Eastern Market Title, LLC, Carolyn Davis, and Eric J. Emrey by Council, Baradel, Kosmerl & Nolan, P.A., Michael N. Russo, Jr. and Stephen A. Oberg, their attorneys, and hereby file this Counterclaim against Plaintiff Le Bon Bruce Walker and this Crossclaim against Defendants Selker, LLC and Neil Seldman, as follows:

### The Subject Properties

1. The subject properties are located in Washington, D.C. at 503 Rhode Island Avenue, N.W., and 1964 2nd Street, NW, and are known more specifically as follows:

> Lot Thirty-four (34) in Square South of Square Four Hundred Seventy-five (S-475) in a subdivision made by Edward Volland, as per plat recorded in Liber 65 at folio 29 among the Records of the Office of the Surveyor for the District of Columbia

(hereinafter referred to as "503 Rhode Island Avenue")

> Lot 38 in Square 3087 in a subdivision made by Catherine J. and Gertrude J. Burnes of part of Lot 6 in Block 11 in "LeDroit Park", as per plat recorded in Liber No. 43 at Folio 169 among the Land Records of the Office of the Surveyor of the District of Columbia

(hereinafter referred to as "1964 2nd Street")

The Parties

2.      Defendant and Counter/Cross Plaintiff Eric Emrey ("Emrey") is an adult resident of the District of Columbia, residing at 1964 2nd Street, NW, Washington, D.C.  Emrey purchased 1964 2nd Street from Defendant/Cross Defendant Seldman.

3.      Defendant and Counter/Cross Plaintiff Eastern Market, LLC ("Eastern Market") is a limited liability company organized under the laws of the District of Columbia with its principle place of business at 210 7th Street, S.E., Washington, D.C., 20003.  Eastern Market was the settlement company that conducted the sale of 1964 2nd Street from Seldman to Emrey and the sale of 503 Rhode Island Avenue from Selker, LLC to Andrew Steed.

4.      Defendant and Counter/Cross Plaintiff Carolyn Davis ("Davis") is an adult citizen of the District of Columbia residing at 210 7th Street, S.E., Washington, D.C., 20003.  Davis was an employee of Eastern Market at the time of the sale of 1964 2nd Street to Emrey and 503 Rhode Island Avenue to Andrew Steed.

5.      Defendant and Counter/Cross Plaintiff First American Title Insurance Company ("FATIC") is a title insurance company with an office at 1801 K Street, N.W., Suite 200-K-1, Washington, D.C., 20006.  FATIC issued a Title Insurance Policy to Emrey and Andrew Steed for the purchase of 1964 2nd Street and 503 Rhode Island Avenue.

6.      Defendant and Cross Defendant Selker, LLC, ("Selker") is a limited liability company organized under the laws of the District of Columbia with it principle place of business at 1922 3rd Street, N.W., Washington, D.C. 20001.  Selker was the owner of the 1964 2nd Street that was sold to Seldman and subsequently to Emrey and 503 Rhode Island Avenue that was sold from Selker to Andrew Steed.

7. Defendant and Counter/Cross Defendant Neil Seldman ("Seldman") is an adult citizen of the District of Columbia residing at 3362 Tennyson Lane, N.W., Washington, D.C., 20794. Upon information and belief Seldman was the managing member of Selker at the time it sold 1964 2nd Street to Seldman, individually, and 503 Rhode Island Avenue to Andrew Steed.

8. Plaintiff and Counter Defendant Le Bon Bruce Walker ("Walker") is an adult citizen of the District of Columbia residing at 203 Seaton Pl, N.W., Washington, D.C., 20003. Upon information and belief Walker was a member of Selker at the time it sold 1964 2nd Street to Seldman and 503 Rhode Island Avenue to Andrew Steed.

## Facts Common to All Counts

9. On March 18, 2002, 1964 2nd Street was sold by Selker to Seldman. The transfer was made via Deed dated March 18, 2002, by and between Selker, grantor, and Seldman, grantee, and subsequently recorded in the District of Columbia Recorder of Deeds Office.[1]

10. On March 22, 2002, 503 Rhode Island Avenue was sold by Selker to Andrew Steed ("Steed"). The transfer was made via Deed dated March 22, 2002, by and between Selker, grantor, and Steed, grantee, and subsequently recorded in the District of Columbia Recorder of Deeds Office.[2]

11. On June 14, 2002, 1964 2nd Street was sold by Seldman to Emrey. The transfer was made via Deed dated June 14, 2002, by and between Seldman, grantor, and Emrey and Kelly Metzler as joint tenants, grantee, and subsequently recorded in the District of Columbia Recorder of Deeds Office.[3]

---

[1] See March 18, 2002, Selker to Seldman Deed attached hereto as Exhibit 1.
[2] See March 2, 2002, Selker to Steed Deed attached hereto as Exhibit 2.
[3] See June 14, 2002, Seldman to Emrey Deed attached hereto as Exhibit 3.

4

12. Eastern Market conducted the settlement transactions for the transfer of 503 Rhode Island Avenue and 1964 2nd Street to Steed and Emrey, respectively. As an agent of FATIC for the limited purpose of issuing title insurance policies, Eastern Market issued a FATIC Title Insurance Policies to Steed and Emrey for the purchase of their properties.

13. On March 31, 2006, Walker filed the underlying action against Seldman and various other Defendants, asserting various allegations regarding the operation of Selker and including counts of RICO violations (Count I) and violations of 42 U.S.C 1983 (Count II).

14. On May 9, 2006, Walker filed an Amended Complaint adding additional counts and additional Defendants, including the Defendants and Counter/Cross Plaintiffs, and asserting additional allegations concerning various properties owned and sold by Selker, including 503 Rhode Island Avenue and 1964 2nd Street.[4]

15. Specifically, Walker claims Seldman and Selker sold 503 Rhode Island Avenue and 1964 2nd Street to Steed and Emrey illegally and without authorization. (See Amended Complaint at Paragraphs 25 and 29).

16. Walker claims FATIC and Eastern Market handled the transfer of the properties to Steed and Emrey without Walker's permission and despite being put on notice by Walker of a pending lawsuit against Seldman pertaining to Selker, and Walker and Seldman's business relationship. (See Amended Complaint at Paragraph 30).

17. Walker claims Steed knowingly and intentionally participated in the unlawful purchase of 503 Rhode Island Avenue and that he did so with constructive notice that the

---

[4] On July 10, 2006, Walker filed a Second Amended Complaint adding additional Defendants. Walker's Motion for Leave to file this Second Amended Complaint is still pending with this Court.

5

transaction could not go forward without a written resolution from the majority of the members of Selker. (See Amended Complaint at Paragraph 31).

18. Walker claims Emrey knowingly and intentionally participated in the unlawful purchase of 1964 2nd Street and that he did so with constructive notice that the transaction could not go forward without a written resolution from the majority of the members of Selker. (See Amended Complaint at Paragraph 33).

19. Walker sets forth other allegations regarding Seldman, Selker and the transfer of 503 Rhode Island Avenue and 1964 2nd Street including those involving RICO violations (Count I), violations of 42 U.S.C § 1983 (Count II), Fraudulent Conveyance (Count III), Conspiracy to Commit Fraud (Count IV), Collusion and Unjust Enrichment (Count V) and Breach of Contract (Count VI).

<u>Count 1 (Quiet Title & Declaratory Relief)</u><br>1964 2nd Street

20. Defendants and Counter/Cross Plaintiffs incorporate herein all previous paragraphs as if they have been restated here in their entirety.

21. Walker's claims to 1964 2nd Street and his allegations in the Amended and Second Amended Complaint are without merit.

22. 1964 2nd Street was purchased by Emrey for good and valuable consideration.

23. Walker's claim to an interest in 1964 2nd Street or to Selker's interest in 1964 2nd Street threatens and clouds Emrey's interest as the purchaser of the property for which he paid good and valuable consideration.

24. This cloud affects Emrey's ability to transfer 1964 2nd Street or to use his property as loan collateral and therefore the cloud must be removed.

WHEREFORE, for the reasons set forth above Defendant and Counter/Cross Plaintiff Eric Emrey respectfully requests that this Court:

A. Issue an Order declaring Emrey as the owner of 1964 2nd Street and the only party having present and continued right to possession of the property; and

B. Issue an Order enjoining Walker, Seldman, and/or Selker and any other individual and/or entity from asserting any claim at law or otherwise, relating to any interest, possession, use or occupancy of 1964 2nd Street; and

C. Grant any further relief as the Court may deem appropriate.

### Count 2 (Fraud)
**1964 2nd Street & 503 Rhode Island Avenue**

25. Defendants and Counter/Cross Plaintiffs adopt and incorporate herein all previous paragraphs as if they have been restated here in their entirety.

26. In connection with the sale of 1964 2nd Street and 503 Rhode Island Avenue to Emrey and Steed, Seldman individually, and as a purported representative of Selker, made representations to Emrey, Steed, Eastern Market and Davis, about the status of title to the subject properties and his position as managing member of Selker, that included, among other things, that he had the authority to act for and on behalf of Selker; that he had the authority to legally bind Selker; and that he had the authority to sell 1964 2nd Street and 503 Rhode Island Avenue on behalf of Selker.

27. Walker has asserted in his Amended Complaint that Seldman did not have the authority to act on behalf of Selker in the sale of 1964 2nd Street and 503 Rhode Island Avenue and that he liquidated Selker's assets, including 1964 2nd Street and 503 Rhode Island Avenue illegally and without corporate authority.

28.     If what Walker alleges is true, then Seldman made false representations to Emrey, Steed, Eastern Market and Davis, that included, among other things, that he had the authority to act for and on behalf of Selker; that he had the authority to legally bind Selker; and that he had the authority to sell 1964 2nd Street and 503 Rhode Island Avenue on behalf of Selker.

29.     If what Walker alleges is true, then Seldman knew the representations he made to Emrey, Steed, Davis, Eastern Market and FATIC were false; he made the representations for the purpose of defrauding Emrey, Steed, Eastern Market and Davis; and he knew they would rely on his representations for the transfer of the 1964 2nd Street and 503 Rhode Island Avenue properties.

30.     Emrey, Steed, Eastern Market, Davis and FATIC all relied on Seldman's representations and if Walker's allegations are true, they did so to their detriment.

31.     If what Walker alleges is true, Emrey, Eastern Market, Davis and FATIC have suffered damages as a direct result of relying on Seldman's misrepresentations.

**WHEREFORE**, for the reasons set forth above Defendant and Counter/Cross Plaintiff Eric Emrey, Eastern Market, Carolyn Davis and First American Title Insurance Company respectfully request that this Court:

A.     Enter judgment in favor of Eric Emrey, Eastern Market, Carolyn Davis and First American Title Insurance Company in compensatory damages equaling the amount of all losses awarded in favor of Le Bon Bruce Walker and against Eric Emrey, Eastern Market, Carolyn Davis and First American Title Insurance Company in this action and for punitive damages in the amount of $1,000,000.00, plus reasonable attorney fees and costs; and

8

B. Grant any further relief as the Court may deem appropriate.

## Count 3 (Indemnification)
### 1964 2nd Street & 503 Rhode Island Avenue

32. Defendants and Counter/Cross Plaintiffs adopt and incorporate herein all previous paragraphs as if they have been restated here in their entirety.

33. Walker has asserted in his Amended Complaint that Seldman did not have the authority to act on behalf of Selker in the sale of 1964 2nd Street and 503 Rhode Island Avenue and that he liquidated Selker's assets, including 1964 2nd Street and 503 Rhode Island Avenue illegally and without corporate authority and that Emrey, Eastern Market, Davis and FATIC's actions with respect to the transfer of 1964 2nd Street and 503 Rhode Island Avenue were illegal and caused him to suffer damages.

34. Emrey, Eastern Market, Davis and FATIC deny the veracity of Walker's allegations and adopt and incorporate by reference Walker's Amended Complaint and their Answer thereto.

35. If what Walker alleges is true, then Seldman made false representations to Emrey, Steed, Eastern Market, Davis and FATIC, that included, among other things, that he had the authority to act for and on behalf of Selker; that he had the authority to legally bind Selker; and that he had the authority to sell 1964 2nd Street and 503 Rhode Island Avenue on behalf of Selker.

36. If what Walker alleges is true, then Seldman's actions and the representations he made to Emrey, Steed, Eastern Market, Davis and FATIC were false and made for the purpose of defrauding Emrey, Steed, Eastern Market, Davis and FATIC during the transfers of the 1964 2nd Street and 503 Rhode Island Avenue properties.

37. While it is vigorously denied that the actions of Emrey, Eastern Market, Davis or FATIC in any way caused and/or contributed to Walker's alleged injuries, and damages, in the event that Walker should prevail in any of his claims against Emrey, Eastern Market, Davis or FATIC, Emrey, Eastern Market, Davis or FATIC allege their actions were based on the representations of Seldman and that the sole and proximate cause of all of Walker's losses and damages, if any, would be Seldman.

38. Therefore, in the event of any judgment for Walker in the above captioned matter against, Emrey, Eastern Market, Davis or FATIC, Emrey, Eastern Market, Davis or FATIC demand judgment in the form of Indemnification and/or Contribution from Seldman including the reimbursement of all attorney's fees and costs incurred in the above captioned matter.

**WHEREFORE**, for the reasons set forth above Defendant and Counter/Cross Plaintiff Eric Emrey, Eastern Market, Carolyn Davis and First American Title Insurance Company respectfully request that this Court:

A. Enter judgment in favor of Eric Emrey, Eastern Market, Carolyn Davis and First American Title Insurance Company in compensatory damages equaling the amount of all losses awarded in favor of Le Bon Bruce Walker and against Eric Emrey, Eastern Market, Carolyn Davis and First American Title Insurance Company in this action, plus reasonable attorney fees and costs; and

B. Grant any further relief as the Court may deem appropriate.

## Count 4 (Breach of Deed Warranties)
## 1964 2nd Street

39. Defendants and Counter/Cross Plaintiffs adopt and incorporate herein all previous paragraphs as if they have been restated here in their entirety.

40. The Deed by which Seldman granted 1964 2nd Street to Emrey was a special warranty deed which made certain warranties and representations regarding the nature, scope and validity of the title the deed purported to convey to Emrey.

41. The claims asserted by Walker against 1964 2nd Street, if valid, represent a breach of Seldman's warranties, representations and promises to Emrey.

42. Upon taking possession of 1964 2nd Street, Emrey has made improvements and other investments in the property and its fair market value has exceeded the amounts for which Emrey purchased the property from Seldman. Should one or more of Walker's claims be valid, it may ultimately be determined that Emrey is ejected from possession of his property. If ejectment occurs then Emrey will suffer severe and substantial damages and incur significant costs and expenses, all caused by Seldman's breach of warranties.

**WHEREFORE**, for the reasons set forth above, Defendant and Counter/Cross Plaintiff Eric Emrey respectfully requests that this Court:

A. Enter a judgment in their favor of Eric Emrey and against Neil Seldman in the amount of $1,000,000.00 plus pre-judgment interest, post-judgment interest, costs, attorney's fees and expenses; and

B. Provide any further relief as the Court may deem appropriate.

COUNCIL, BARADEL,
KOSMERL & NOLAN, P.A.


By:   /s/ Michael N. Russo, Jr.
      Michael N. Russo, Jr. (Bar No.: 07322)
      Stephen A. Oberg (Bar No.: 475925)
      125 West Street, 4th Floor
      Post Office Box 2289
      Annapolis, Maryland 21404-2289

      Annapolis:  (410) 268-6600
      Baltimore:  (410) 269-6190
      Washington: (301) 261-2247

      *Attorneys for Defendants & Counter/Cross Plaintiffs First American, Eastern Market, Davis, and Emrey.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __ day of September 1, 2006, a copy of the foregoing document was mailed, first class postage prepaid, to:

Le Bon Bruce Walker
203 Seaton Place, NE
Washington, DC 20003


      /s/ Stephen A. Oberg
      Stephen A. Oberg

12