IN THE UNITED STATES DISTRICT
COURT FOR DISTRICT OF COLUMBIA

LE BON BRUCE WALKER, ET. AL., :
        Plaintiffs, :
                                : No. 1:06-CV-00603 (G.K.)
v. :
                                :
NEIL SELDMAN, ET. AL., :
        Defendants. :

## OPPOSITION TO DEFENDANT
## JONAS J. MONAST'S MOTION TO DISMISS

COMES NOW PLAINTIFFS, LE BON BRUCE WALKER ("Walker") and SELKER, LLC and respectfully oppose Defendant's Jonas J. Monast's ("Monast") Motion to Dismiss, pursuant to Fed. R. Civ. Proc. 12(b)(6) or alternatively for summary judgment under Rule 56(c) and refers the Court to the Memorandum of Points and Authorities below in support of this Opposition.

WHEREFORE the premises considered in the Memorandum of Points and Authorities below, Walker, et. al. pray that this Court deny Monast's Motion to Dismiss the claims against him.

Respectfully submitted,

Le Bon Bruce Walker
203 Seaton Place, NE
Washington, DC 20002
(202) 491-2940

RECEIVED
SEP 1 8 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON THIS 18th day of ___September___, 2006, a copy of the foregoing Opposition above and Memorandum of Points and Authorities below was mailed first class, postage prepaid to the following:

Michael N. Russo, Esquire
125 West Street 4th Floor
Post Office Box 2289
Annapolis, Maryland 21404-2289

David D. Hudgins, Esquire
515 King Street, Suite 400
Alexandria, VA, 22314

James A. Sullivan, Jr., Esquire
MILES & STOCKBRIDGE
11 N. Washington Street, Suite 700
Rockville, MD 20850

Albert A. Foster, Jr., Esquire
Peter K. Tomopa, Esquire
Dillingham & Murphy, LLP
1155 Connecticut Ave NW Ste 1120
Washington, DC 20036

Carole McIntyre
1922 3rd Street NW #9
Washington, DC 20001

Alfred L Scanlan, Jr. Esquire
ECCLESTON AND WOLF, P.C.
2001 S Street NW, Ste 310
Washington, DC 20009-1125

F. Joseph Nealon, Esquire
Kirsten E. Keating, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
601 13th Street NW Ste 1000 South
Washington, DC 20005

Robert A. Scott, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
300 East Lombard Street, 18th Floor
Baltimore, Maryland 21202

Robert N. Levin, Esquire
1901 Research Boulevard
Suite 400
Rockville, MD 20850

Peter I Grasis, Esquire
10555 Main Street, Suite 450
Fairfax, Virginia 22030

_____
Le Bon Bruce Walker

IN THE UNITED STATES DISTRICT
COURT FOR DISTRICT OF COLUMBIA

LE BON BRUCE WALKER, ET. AL.,          :
      Plaintiffs,                           :
                                             :  No. 1:06-CV-00603 (G.K.)
v.                                     :
                                             :
NEIL SELDMAN, ET. AL.,                 :
      Defendants.                           :
_____:

**MEMORANDUM OF POINTS AND AUTHORITIES**

In ruling on a motion to dismiss, the Court must accept as true the complaint's factual allegations, provided such factual allegations are not legal conclusions nor conclusory allegations that are unsupported by the facts set forth in the Complaint. *Andrx Pharms., Inc. v. Biovail Corp. Int'l,* 256 F.3d 799 (DC Cir. 2001). If the moving party requests and the Court alternatively treats a motion to dismiss as one under Rule 56( c ), then summary judgment may only be enforced when there are no genuine disputes of material fact and only if the moving party is entitled to judgment matter of law. Fed R. Civ Proc. 56(c) *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-323 (1986). Where there exists genuine disputes of material fact, and particularly allegations of fraud or intent, summary judgment is normally precluded. *Celotex v. Catrett,* supra, *Western Chance No. 2, Inc. v. KFC Corp,* 957 F.2d 1538, 1540 (DC Cir. 1992). Walker maintains that Monast's Motion to Dismiss for failure to state a claim nor the alternative motion for summary judgment does not survive the well-plead allegations in Plaintiffs' Verified Complaint and the Motion must be denied.

Monast is the third party purchaser of one of SELKER LLC's real properties located at 1350 Meridian Place, NW Washington, D.C. ("the property"). Defendant makes three arguments in support of his Motion. First, that Walker lacks standing to sue on behalf of SELKER; second, that

3

must be represented by counsel; and third, that the facts alleged in the Complaint make clear the property was sold to Monast during a period when the managing member, Seldman, was properly exercising his authority. Walker will oppose the arguments made by Monast in the reverse order as presented in the Motion.

As a matter of course Walker, et. al. argue that the relief sought under Fed Rule 56(c) should be denied in that Monast failed to include in his Motion a separate statement of material facts not in dispute and/or failed to submit any documents outside of the pleading (i.e. Affidavits). Summary judgment should therefore be denied in this instance. Rule 56(e). In addition, Walker also argues as a preliminary matter that Monast's Motion to Dismiss should be denied in light of Plaintiffs' request for an enlargement of time to propound Discovery requests upon all of the Defendants, including Monast. Discovery is relevant given Walkers' allegations that Defendant knowingly, purchased SELKER, LLC's real property in the absence of any written consent from Walker to the sale. Since Walker et. al.'s allegations in the Verified Complaint deal substantially with allegations of fraud and/or Defendants' knowingly purchasing SELKER's real estate under improper circumstances, summary judgment should not be granted because these allegations involves the intent of the parties. See for example, *Green v. Gibson*, 613 A.2d 361(D.C. 1992); *Nickens v. Labor Agency of Metro. Wash.*, 600 A.2d 813 (D.C. 1991); *Glekas v. Boss & Phillips, Inc.*, 437 A.2d 584 (DC 1981); *Richardson v. District of Columbia*, 522 A.2d 1295 (DC 1987).

**The Managing Member of SELKER, LLC lacked the Authority to sell SELKER's Real Estate Without Resolution by Walker.**

Monast alleges that he and his predecessor in title acquired the property when the authority of the managing member (Seldman) of Selker was not at issue. As Walker has argued in his various Oppositions to Defendants' Motions to Dismiss or for Summary Judgment, Seldman's duties as

4

managing member of SELKER, LLC did not entitle him to sell any of the Company assets without the written consent of Walker. There certainly exists a genuine dispute of material fact over whether the language of the Operating Agreement of SELKER permitted Seldman to sell the real property solely by virtue of his position as managing member. Walker argues that it does not and the Motion to Dismiss cannot survive in this instance. See for example, *International Bd. of Painters v. Hartford Accident & Indem. Co.*, 388 A.2d 36 (DC 1978).

Walker et. al. argue herein that nothing in the Operating Agreement provided this authority to Seldman. In fact, the Amended Operating Agreement clearly states at paragraph 3:

> Neither member may assign his interests, rights, powers or benefits in this LLC without the written consent of the other member (copy of Amended Agreement attached hereto as Exhibit#1)

Further support for Walker, et al.'s position is found in D.C. Code §29-1017 (d) which provides in relevant part:

> (d) Unless otherwise provided in the articles of organization or an operating agreement (1) the members of a limited liability company shall vote in proportion to their respective interests in the profits of the limited liability company, and (2) *decisions concerning the affairs of the limited liability company shall require the consent of those member's with voting rights holding at least a majority of the interest in the profits of the limited liability company.*

The language in the Operating Agreement of SELKER, LLC coupled with the language of §29-1017 (d) clearly indicate that Seldman with only a 50% interest in the Company profits was without authority to liquidate any of the Company real estate without the written consent of Walker. The Motion to Dismiss must be denied on this issue because the Verified Complaint states a claim against Monast and there exists a genuine dispute of material fact as to Seldman's authority to transfer SELKER, LLC's real estate in his own right without any written resolution form Walker.

**Representation of SELKER, LLC by Counsel is Excepted Pursuant to D.C. Code §29-1015 and Walker can be a Party Under These Exceptions.**

Normally corporations (and presumably limited liability companies must be represented by counsel) with two exceptions provided in DC Code §29-1015. The first is where the object of the proceeding is to enforce a member's right against or liability to the limited liability company, or (2) in a derivative action pursuant to §§ 29-1043-1046. Likewise, a member of a limited liability company is not a proper party to such a proceeding unless these two exceptions apply. Walker et. al. first argue that the §29 of the DC Code does not provide that limited liability companies must be represented by counsel like in the case of corporations.

Walker maintains as he has in his Opposition to the other Defendants' Motions to Dismiss alleging similar grounds, that he is a proper party to this action because Seldman has alleged that he (Walker) owes money to the Company after Seldman liquidated all of the Company assets and that Walker failed to provide substantial work on the Company's real properties (See Plaintiff's Amended Complaints and Seldman's Answer to Amended Complaint). Walker's status as a member of SELKER, LLC under this exception makes him a proper party along with Selker, LLC. The action brought by Walker in the right of SELKER, LLC is also a derivative action under the second exception of §29-1015 in that Walker seeks a judgment to recover the funds belonging to the LLC unlawfully removed by Seldman. Monast's Motion to Dismiss or for summary judgment must also be denied on these issues.

Respectfully submitted,

Le Bon Bruce Walker

IN THE UNITED STATES DISTRICT
COURT FOR DISTRICT OF COLUMBIA

LE BON BRUCE WALKER, ET. AL., :
       Plaintiffs, :
                          : No. 1:06-CV-00603 (G.K.)
v. :
                          :
NEIL SELDMAN, ET. AL., :
       Defendants. :

## PLAINTIFFS' STATEMENT OF GENUINE ISSUES OF MATERIAL FACT IN DISPUTE

1. Monast purchased the real property originally belonging to SELKER, LLC located at 1350 Meridian Place, NW, Washington D.C. without the written consent of Walker.

2. Walker **never** consented to having any of SELKER, LLC's real properties liquidated.

3. Monast had constructive notice that Title to 1350 Meridian Place NW, Washington, DC belonging to SELKER, LLC could not be sold without the written consent of all of the members of the LLC.

4. Walker is a member of SELKER, LLC and was a member at the time of the sale of 1350 Meridian Place, NW, Washington, DC.

5. Walker is a proper party to this action along with SELKER, LLC because he seeks to replace the value of the liquidated real properties back into the Company and he seeks to absolve himself of the alleged liability to the Company claimed by Seldman.

                                                                Respectfully submitted,

                                                                Le Bon Bruce Walker
                                                                203 Seaton Pl., NE
                                                                Washington, DC 20002
                                                               (202) 491-2940

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON THIS 18th day of September, 2006, a copy of the foregoing Statement of Genuine Issues of Material Fact in Dispute was mailed first class, postage prepaid to all of the Defendants listed above.

*/s/ Le Bon Bruce Walker*
Le Bon Bruce Walker

IN THE UNITED STATES DISTRICT
COURT FOR DISTRICT OF COLUMBIA

| | |
|---|---|
| LE BON BRUCE WALKER, ET. AL.,  :<br>Plaintiffs,  :<br>  :<br>v.  :<br>  :<br>NEIL SELDMAN, ET. AL.,  :<br>Defendants.  :<br>_____: | No. 1:06-CV-00603 (G.K.) |

## ORDER

Upon full consideration of Defendant Jonas Monast Motion to Dismiss, the Opposition filed thereto, the record herein and good cause not having been shown, it is this \_\_\_ day of _____ \_\_\_\_, 2006,

**ORDERED**   that the Motion to Dismiss is hereby denied.

_____
Judge Gladys Kessler

cc:
Le Bon Bruce Walker
203 Seaton Pl NE
Washington, DC 20001

SELKER, LLC
3001 Georgia Ave NW
Washington, DC 20001

Michael N. Russo, Esquire
125 West Street 4th Floor
Post Office Box 2289

Annapolis, Md   21404-2289

David D. Hudgins, Esquire
515 King Street, Suite 400
Alexandria, VA, 22314

James A. Sullivan, Jr., Esq.
MILES & STOCKBRIDGE
11 N. Washington St, Ste 700
Rockville, MD 20850

Albert A. Foster, Jr., Esquire

8

Peter K. Tomopa, Esquire
Dillingham & Murphy, LLP
1155 Connecticut Ave NW Ste 1120
Washington, DC  20036

Carole McIntyre
1922 3rd Street NW #9
Washington, DC 20001

Alfred L Scanlan, Jr. Esquire
ECCLESTON AND WOLF, P.C.
2001 S Street NW, Ste 310
Washington,  DC 20009-1125

F. Joseph Nealon, Esquire
Kirsten E. Keating, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
601 13th Street NW Ste 1000 South
Washington, DC 20005

Robert A. Scott, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
300 East Lombard Street, 18th Floor
Baltimore, Maryland 21202

Robert N. Levin, Esquire
1901 Research Boulevard Ste 400
Rockville, MD 20850

Peter I Grasis, Esquire
10555 Main Street, Suite 450
Fairfax, Virginia 22030

Operating Agreement

The undersigned members, Neil Seldman and L.B. Walker, of Selker, LLC hereby adopt the following Amendment to the Operating Agreement of Selker, LLC this 7th day of June 2001. Pursuant to the District of Columbia Limited Liability Company Act. This amendment relates back top June 7, 2000 as to the share of profits and losses.

In consideration of the mutual promises set forth herein, the members by majority vote agree as follows:

Neither member may assign his interests, rights, powers or benefits in this LLC without the written consent of the other member.

MANAGEMENT: The management of Selker, LLSC shall be changed from L.B. Walker to Neil Seldman. The undersigned herein are the sole members at this time. The manager shall be responsible for the day to day operations of the company and for assigning the value of contributions that are not in cash, such as hourly work.

PROFITS AND LOSSES: The members shall share the profits, losses and ownership of the company on the following basis: Neil Seldman 50%: L.B. Walker 50%.

The members shall also make contributions, as needed, to the company on the aforementioned basis. Loans by a member or a member's family are not contributors but debts of Selker, LLC.

All other aspects of the Operating Agreement dated June 7th, 2000 shall remain in full force and effect unless subsequently modified

Neil Seldman __[signature]__ Date __June 2001__

L.B. Walker __[signature]__ Date __18 June 2001__

[Notary seal: EZECHI ANONYE, NOTARY PUBLIC, BALTIMORE COUNTY, MD, COMM. EXP. 10-01-04, signed 6/18/01]

Exhibit #1    000055

(3)