IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LE BON BRUCE WALKER * | |
| * | |
| Plaintiff * | |
| * | |
| vs. * | Case No. 1:06-cv-00603-GK |
| * | |
| NEIL SELDMAN, et al. * | |
| * | |
| Defendants * | |

**ANSWER OF DEFENDANT, NEIL SELDMAN
TO SECOND AMENDED COMPLAINT**

COMES NOW the Defendant, Neil Seldman, by his undersigned counsel, pursuant to Fed. R. Civ. P. Rules 8 and 12 and in answer to the Second Amended Verified Complaint To Add John E. Scheuermann for Wrongful Foreclosure, Illegal Sales of Company Property, Civil Rights Violations, Conspiracy, Theft, Bribery, Embezzlement Under the Rico Act (the "Second Amended Complaint"), states as follows:

**FIRST DEFENSE**

Counts I through VI of the Second Amended Complaint fail to state claims upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff, Le Bon Walker lacks the authority to sue this Defendant in a representative capacity for Selker, LLC and has failed to comply with the requirements of D.C. Code §§ 29-1015, 29-1043 and 29-1045, Fed. R. Civ. P. Rules 23.1 and 23.2

**THIRD DEFENSE**

The claims of the Plaintiff in Counts I through VI of the Second Amended Complaint are barred, in whole or in part, by virtue of the fraudulent, illegal and wasteful conduct of Le Bon Walker, who made payments for substandard work performed by Veteran's, Inc., a company which he solely owned, and made unallocated payments to himself, Veteran's, Inc. and his son during his tenure as managing member of Selker, LLC, formerly known as Seldman Walker, LLC, and by virtue of his failure to make capital contributions as required pursuant to the terms of the Operating Agreements for this entity.

**FOURTH DEFENSE**

That the claims of the Plaintiff in Counts I through VI of the Second Amended Complaint are barred, in whole or in part, by the doctrine of laches.

**FIFTH DEFENSE**

That the claims of the Plaintiff in Counts I through VI of the Second Amended Complaint are barred, in whole or in part, by the doctrine of waiver.

**SIXTH DEFENSE**

That the claims of the Plaintiff in Counts I through VI of the Second Amended Complaint are barred, in whole or in part, by the doctrine of estoppel.

**SEVENTH DEFENSE**

That the claims of the Plaintiff in Counts I through VI of the Second Amended Complaint are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

## EIGHTH DEFENSE

That the claims of the Plaintiff in Counts I through VI of the Second Amended Complaint are barred, in whole or in part, by the applicable statute of limitations.

## NINTH DEFENSE

Plaintiff has failed to join necessary parties.

## TENTH DEFENSE

That in response to the specific allegations contained in the Second Amended Complaint, this Defendant states as follows:

1. The first unnumbered paragraph of the Second Amended Complaint states a legal conclusion which requires no response from this Defendant.

2. That he admits the allegations contained in Paragraph 1 of the Second Amended Complaint.

3. That he denies the allegations of Paragraph 2 of the Second Amended Complaint, as alleged.

4. That he denies the allegations of Paragraph 3 of the Second Amended Complaint, as alleged.

5. That he admits that ILSR is a non-profit organization, concerned with environmental and economic development issues, that it receives public and private funds and that it has offices in Minneapolis and the District of Columbia. All other allegations contained in Paragraph 4 of the Second Amended Complaint are denied.

6. That he admits the allegations contained in Paragraph 5 of the Second Amended Complaint to the extent that Plaintiff is referring to a "Deed of Appointment of Substitute Trustees" recorded on December 14, 2001.

7. That he admits the allegations contained in Paragraph 6 of the Second Amended Complaint to the extent that Plaintiff is referring to a "Deed of Appointment of Substitute Trustees" recorded on December 14, 2001.

8. That he admits that Defendant Scheuermann was his counsel and further states that the Notice of Foreclosure speaks for itself. That he is without knowledge or information sufficient to admit or deny the balance of the allegations of Paragraph 7 of the Second Complaint, which are, therefore, denied.

9. That he is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Second Amended Complaint, which are, therefore, denied.

10. The allegations contained within Paragraph 9 of the Second Amended Complaint are vague, ambiguous and/or unintelligible and are, therefore, denied as alleged.

11. The allegations contained within Paragraph 10 of the Second Amended Complaint are vague, ambiguous and/or unintelligible and are, therefore, denied as alleged.

12. The allegations contained within Paragraph 11 of the Second Amended Complaint are vague, ambiguous and/or unintelligible and are, therefore, denied as alleged.

13. The allegations contained within Paragraph 12 of the Second Amended Complaint are vague, ambiguous and/or unintelligible and are, therefore, denied as alleged.

14. That he is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Second Amended Complaint, which are, therefore, denied as alleged.

15. That he is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Second Amended Complaint, which are, therefore, denied as alleged.

16. That he is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Second Amended Complaint, which are, therefore, denied.

17. That he is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Second Amended Complaint, which are, therefore, denied.

18. That he admits the allegations contained in Paragraph 17 of the Second Amended Complaint.

19. That he admits the allegations contained in Paragraph 18 of the Second Amended Complaint; however denies that Seldman "executed" the Deed of Trust.

20. That he denies the allegations of Paragraph 19 of the Second Amended Complaint, as alleged.

21. That he denies the allegations contained in Paragraph 20 of the Second Amended Complaint, as alleged.

22. That he admits that Walker relinquished his managerial duties to Seldman and that Seldman was responsible for the day-to-day operations of Selker by written agreement, but

denies the balance of the allegations of Paragraph 21 of the Second Amended Complaint, as alleged.

23. That he denies the allegations of Paragraph 22 of the Second Amended Complaint.

24. That he denies the allegations of Paragraph 23 of the Second Amended Complaint.

25. That he denies the allegations of Paragraph 24 of the Second Amended Complaint.

26. That he denies the allegations of Paragraph 25 of the Second Amended Complaint.

27. That he denies the allegations of Paragraph 26 of the Second Amended Complaint, as alleged.

28. That he admits that Walker was incarcerated in 2001, and denies the balance of the allegations contained in Paragraph 27 of the Second Amended Complaint.

29. That he denies the allegations of Paragraph 28 of the Second Amended Complaint.

30. That he denies the allegations of Paragraph 29 of the Second Amended Complaint.

31. That he denies the allegations of Paragraph 30 of the Second Amended Complaint.

32. That he denies the allegations of Paragraph 31 of the Second Amended Complaint.

33. That he denies the allegations of Paragraph 32 of the Second Amended Complaint.

34. That he denies the allegations of Paragraph 33 of the Second Amended Complaint.

35. That he denies the allegations of Paragraph 34 of the Second Amended Complaint.

36. That he denies the allegations of Paragraph 35 of the Second Amended Complaint.

37. That Paragraph 36 contains no factual allegations and therefore does not warrant a response.

38. That in response to Paragraph 37, he adopts and incorporates by reference his responses to Paragraphs 1-36.

39. That he denies the allegations of Paragraph 38 of the Second Amended Complaint.

40. That he denies the allegations of Paragraph 39 of the Second Amended Complaint.

41. That he denies the allegations of Paragraph 40 of the Second Amended Complaint.

42. That he denies the allegations of Paragraph 41 of the Second Amended Complaint.

43. That he denies the allegations of Paragraph 42 of the Second Amended Complaint.

44. That he denies the allegations of Paragraph 43 of the Second Amended Complaint.

45. That he denies the allegations of Paragraph 44 of the Second Amended Complaint.

46. That he denies the allegations of Paragraph 45 of the Second Amended Complaint.

47. That he denies the allegations of Paragraph 46 of the Second Amended Complaint.

48. That in response to Paragraph 47, he adopts and incorporates by reference his responses to Paragraphs 1-46.

49. That he denies the allegations of Paragraph 48 of the Second Amended Complaint.

50. That he denies the allegations of Paragraph 49 of the Second Amended Complaint.

51. That he denies the allegations of Paragraph 50 of the Second Amended Complaint.

52. That he denies the allegations of Paragraph 51 of the Second Amended Complaint.

53. That in response to Paragraph 52, he adopts and incorporates by reference his responses to Paragraphs 1-51.

54. That he denies the allegations of Paragraph 53 of the Second Amended Complaint.

55. That he denies the allegations of Paragraph 54 of the Second Amended Complaint.

56. That he denies the allegations of Paragraph 55 of the Second Amended Complaint.

57. That he denies the allegations of Paragraph 56 of the Second Amended Complaint.

58. That he denies the allegations of Paragraph 57 of the Second Amended Complaint.

59. That in response to Paragraph 58, he adopts and incorporates by reference his responses to Paragraphs 1-57.

60. That he denies the allegations of Paragraph 59 of the Second Amended Complaint.

61. That he denies the allegations of Paragraph 60 of the Second Amended Complaint.

62. That in response to Paragraph 61, he adopts and incorporates by reference his responses to Paragraphs 1-60.

63. That he denies the allegations of Paragraph 62 of the Second Amended Complaint.

64. That he denies the allegations of Paragraph 63 of the Second Amended Complaint.

65. That he denies the allegations of Paragraph 64 of the Second Amended Complaint.

66. That in response to Paragraph 65, he adopts and incorporates by reference his responses to Paragraphs 1-64.

67. That he denies the allegations of Paragraph 66 of the Second Amended Complaint.

68. That he denies the allegations of Paragraph 67 of the Second Amended Complaint.

69. That he denies the allegations of Paragraph 68 of the Second Amended Complaint.

70. That he denies that Plaintiff is entitled to any of the requested relief as alleged in paragraphs "a" through "h."

WHEREFORE, this Defendant, having fully answered the Second Amended Complaint filed herein by the Plaintiff, prays that this Court enter an Order dismissing all counts of the Second Amended Complaint, with costs, including reasonable attorney's fees.

Respectfully Submitted,

MILES & STOCKBRIDGE P.C.

   /s/ James A. Sullivan, Jr.
G. VANN CANADA, JR. (D.C. Bar #366414)
JAMES A. SULLIVAN, JR. (D.C. Bar #475145)
11 North Washington Street
Suite 700
Rockville, Maryland 20850
Telephone: (301) 762-1600

Attorneys for Defendant, Neil Seldman

## LCvR 5.4(b)(5) CERTIFICATE

I HEREBY CERTIFY that the original signed document is in the possession of the undersigned and that it is available for review upon request by a party or by the Court.

                                                    /s/ James A. Sullivan, Jr.
                                                    James A. Sullivan, Jr.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of September, 2006, a copy of the foregoing was mailed via first class mail, postage prepaid, to the following:

        Le Bon Bruce Walker
        203 Seaton Place, N.E.
        Washington, D.C. 20003

                                                  /s/ James A. Sullivan, Jr.
                                                   James A. Sullivan, Jr.