UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Le Bon Bruce Walker, et al.    )
                               )
v.                             )    Case No. 1:06-cv-00603-GK
                               )
Neil Seldman, et al.           )

CITY TITLE & ESCROW CO., INC.'S REPLY
TO THE OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT[1]

Comes now City Title & Escrow Co., Inc. ("City Title") and for reply to the Opposition filed by Plaintiffs to its Motion for Summary Judgment respectfully shows the Court as follows:

Rule 56(f)

At various places in the Opposition, Mr. Walker claims that the Court should defer ruling on the many pending dispositive motions until he has a chance to do discovery. There is a Rule that covers the situation where additional discovery is required and that is Rule 56(f), F.R.Civ.P. which provides as follows:

> (f) When Affidavits are Unavailable. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Plaintiffs have provided no such Affidavit.

The fact is the Motion filed by City Title is directed to the allegations of the pleadings filed by Plaintiffs. Rule 11 being what it is, Plaintiffs had the burden of conducting an investigation prior

---

[1] Although the Pleading is entitled "Verified Compliant," it is, in fact, not verified. On September 1, 2006, Plaintiffs filed a Second Amended Verified Complaint which added a new Defendant (John E. Scheurman, Esq.). The Second Amended Complaint is verbatim identical to the Amended Complaint in regard to the allegations against City Title. It is respectfully requested that the Court treat the Motion for Summary Judgment, including this Reply as applying to the Second Amended Complaint.

to suing parties that had no involvement in the dispute between Mr. Walker and Mr. Seldman. City Title has been accused of fraud, racketeering, collusion, conspiracy, fraudulent conveyancing, unjust enrichment and other nefarious activities in pleadings that do not recite a single factual basis for such allegations. The Opposition identifies no factual basis for such allegations.

There is no reason for this Court not to end this travesty now.

<u>Pro Se Representation of the LLC</u>
<u>Standing</u>

City Title pointed out at page 5 of its Motion that Mr. Walker is not an attorney and that he cannot represent the LLC. At pages 9-10 of the Opposition, Mr. Walker claims that he is authorized to act for the LLC under D.C. Code § 29-1015. In fact, that statute does not apply. It states:

> A member of a limited liability company is not a proper party to a proceeding by or against a limited liability company, except where (1) the object of the proceeding is to enforce a member's right against or liability to the limited liability company, or (2) as provided in §§ 29-1043 through 29-1046.

In this instance Mr. Walker is not attempting to enforce his rights "against" the LLC nor is the LLC asserting that he owes it any money therefore the object of this suit has nothing to do with any liability of his to the LLC.

The claims of the LLC must be dismissed because Mr. Walker is not a lawyer and it cannot appear pro se. Because the only claims made against City Title are that it handled settlements where the LLC's property was transferred, dismissal of the LLC's claims necessarily disposes of the claims against City Title. The real estate belonged to the LLC and it is the only party which can assert its rights. . All lawsuits must be brought in the name of the real party at interest and in this case that would be the LLC. The pleadings on behalf of the LLC were not signed by a licensed attorney, one admitted to practice in this Court and they must be dismissed.

At page 10 of the Opposition Mr. Walker claims that he could sue City Title in his own name because the value of his interests in the LLC were reduced by the sale of the LLC's assets. That simply is not a valid argument. The statute specifically says that a member of an LLC is not a "proper party" and therefore this Court must dismiss the claims of the LLC because it is not represented by a lawyer and Mr. Walker's personal claims because he is not a proper party in this action.

<center>Jurisdiction</center>

City Title's Motion pointed out that Plaintiffs were claiming that this Court had diversity jurisdiction despite the fact that Mr. Walker is a D.C. resident as are many of the Defendants, including City Title. Motion, page 2. At page 5 of Plaintiffs' Opposition Mr. Walker admits that fact but then argues that because several of the Defendants are not D.C. residents that this Court does have diversity jurisdiction. 28 U.S.C. 1332 requires "complete diversity." In re Tobacco/Governmental Health Care Costs Litigation, 100 F.Supp.2d 31, 38 (D.D.C. 2000).

The Opposition , page 5, points to the fact that claims are made under Federal statutes and therefore this Court has federal question jurisdiction. As shown in City Title's Motion and in the Motions of other Defendants, the RICO and §1983 claims are entirely spurious. They were clearly inserted into what is a very local real estate dispute between Mr. Walker and Mr. Seldman. Parties should not be permitted create Federal jurisdiction by calling a state claim a Federal claim.

<center>The Opposition Is Not Supported by a Statement of Material Facts
That Meets the Requirements of the Rules</center>

The Motion for Summary Judgment was supported by a detailed Statement of Material Facts that relied upon the sworn Affidavit of Wanda Carr. Not one of the facts set out in that Statement

is challenged in Plaintiffs' latest abuse of the Rules and processes of this Court. Those facts establish that City Title relied upon an Amendment to the Operating Agreement of Selker, LLC which made Mr. Seldman the Managing Member of the LLC. Mr. Walker does not deny that he signed the Amended Operating Agreement or that it was in force at the time that City Title acted.

In the face of that evidence, Plaintiffs have attached to their Opposition a Statement of Material Facts in Dispute that is not supported by Affidavit or record citation. It is not a "Statement of Material Facts" at all. In content, it is simply a mishmash of legal conclusions and not very good ones at that.

Paragraph 1 of Plaintiffs' Statement argues the legal effect of the Operating Agreement and Amended Operating Agreement. Those are not facts. They are legal conclusions. The claim that Mr. Seldman did not have authority to act is inconsistent with Mr. Walker's signature on the Amended Operating Agreement making Mr. Seldman the Managing Member and his admission in footnote 1 of the Opposition that he turned management of the LLC over to Mr. Seldman because Mr. Walker was incarcerated. No record citation is provided to support Mr. Walker's conclusions.

Paragraph 2 of Plaintiffs' Statement asserts that City Title "unlawfully transferred" Selker's real estate because there was no "written resolution from Walker." That is not a fact. It is an argument and a legal conclusion. The legal argument element of the claim, namely a need for Mr. Walker's written approval, is wrong for reasons to be shown below. There was, however, a written document from Mr. Walker, namely the Amended Operating Agreement, which Mr. Walker admits in the body of the Opposition. No record citation is provided to support Mr. Walker's conclusions.

Paragraph 3 of Plaintiffs' Statement asserts that Mr. Walker never consented to these transfers. That is not under oath but it does seem to state a "fact." However, as shown below, the

law did not require such a resolution and nothing in the Opposition demonstrates that such a resolution was required. Thus, the fact is not material. No record citation is provided to support Mr. Walker's conclusions.

Paragraph 4 of Plaintiffs' Statement states that City Title did not seek a written resolution from Walker before handling these transactions. In fact, as shown in Ms. Carr's Affidavit, City Title had the Amended Operating Agreement signed by Mr. Walker which made Mr. Seldman the Managing Member and as will be shown below, Mr. Walker admitted in the Opposition that he turned management of the LLC over to Mr. Seldman. No record citation is provided to support Mr. Walker's conclusions.

Paragraph 5 of Plaintiffs' Statement asserts that Seldman never owned 50% of the LLC "because he never tendered any consideration for the additional shares." That is a legal conclusion, and a false one, and one that is irrelevant to City Title which had the right to rely on the documents identified by Ms. Carr in her Affidavit. See, footnote 1 to the Opposition where Mr. Walker states "Walker gave Seldman additional shares in the Company to 50% . . . . Walker also by agreement between the parties, tuned [sic] over management of SELKER, LLC to Seldman because he could not manage the company from prison." The claims regarding the ownership of the interests in the LLC are not material. Mr. Seldman had been entrusted with management of the LLC's affairs and he had been appointed Managing Member. No record citation is provided to support Mr. Walker's conclusions.

Paragraph 6 of Plaintiffs' Statement alleges that Seldman breached the Operating Agreement by "exceeding his duties as managing member . . . and by liquidating Company properties without Walker's written consent." That is a legal argument, one not supported in the Statement or in the

Opposition. No record citation is provided to support Mr. Walker's conclusions. No suggestion is made as to how third parties would have known that Mr. Seldman was abusing his apparent authority to act for the LLC.

Paragraph 7 of Plaintiffs' Statement is a nonsensical claim that City Title could not transfer an LLC's property "without the consent of all persons having an interest in such property." The only person "having an interest" in the subject property was the LLC. It is uncontested, indeed it is necessary to Plaintiffs' case, that the subject properties belonged to the LLC. Mr. Walker was, therefore, not a person "having an interest in such property." There is no rule of law suggested in the Opposition that every single owner of an LLC has to individually approve of a sale. No record citation is provided to support Mr. Walker's conclusions.

Paragraph 8 of Plaintiffs' Statement is a claim that discovery should be permitted prior to ruling on any of the dispositive motions in this case. That is not a "fact."

Paragraph 9 of Plaintiffs' Statement is a claim that the "Amended Operating Agreement is questionable or void" because Mr. Seldman made a scrivener's error in dating his signature. It is noteworthy that Mr. Walker does not deny that *he* signed the Amended Operating Agreement or that Mr. Seldman signed the Amended Agreement or that City Title relied and had a right to rely upon the Amended Operating Agreement. The claim that such a document is not legally efficacious is ludicrous. At minimum, the document (signed by Mr. Walker) created apparent authority in Mr. Seldman to bind the LLC. In any event, the "facts" regarding the document are not controverted. Both Mr. Seldman and Mr. Walker signed the document. Mr. Seldman apparently wrote the wrong date on the document. Mr. Walker does not suggest why that causes there to be a triable issue of fact.

The Court is requested to accept the Statement of Facts appearing as part of City Title's Motion for Summary Judgment as true and to disregard the Statement appended to the Opposition. LCvR 7(h) provides, in pertinent part, as follows;

> Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement. An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement. Each such motion and opposition must also contain or be accompanied by a memorandum of points and authorities required by sections (a) and (b) of this rule. In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.[2]

Based upon the foregoing, the Opposition is legally inadequate to deflect City Title's Motion because it does not comply with the Rules and because it fails to demonstrate a triable issue of fact to be present.

<center>D.C. Code §29-1017</center>

Plaintiffs' argue, without explanation, throughout the Opposition that D.C. Code §29-1017 was a barrier to the settlements handled by City Title. It is not. The exact argument made by Mr. Walker is that "only individuals possessing a majority of the shares in an LLC may be authorized to transfer or sell company assets with consent of the other members." Opposition, page 8. The statute contains no such language nor does it trump the Amended Operating Agreement which gave Mr. Seldman management power over the affairs of the LLC. As noted above, at footnote 1 of the Opposition, Mr. Walker makes the fatal admission that "Walker also by agreement between the parties, tuned [sic] over management of SELKER, LLC to Seldman because he could not manage

---

[2] Rule 56(e), F.R.Civ.P. applies the same requirements.

<b></b>

the company from prison."

D.C. Code §29-1017 (d), which appears to be the part of the statute upon which Mr. Walker relies, states, in pertinent part:

> Unless otherwise provided in the articles of organization or an operating agreement . . . (2) decisions concerning the affairs of the limited liability company shall require the consent of those members with voting rights holding at least a majority of the interests in profits of the limited liability company

The Amended Operating Agreement was approved by one hundred percent of the ownership interests. It satisfied the "Unless otherwise provided" exception to the statute.

It is, of course, obvious that corporations and partnerships and limited liability companies generally require majority rule for matters submitted to the owners for approval. That does not mean third parties dealing with such entities have to look beyond the representations of the entity's authorized representatives and in this case, that was Mr. Seldman.

Under Mr. Walker's theory, a title company would need proof that a majority of General Motors Corporation shareholders approved a real estate transaction before it could handle a transaction involving property belonging to General Motors. That simply is not the law.

There is nothing in the law that required City Title to look beyond the Amended Operating Agreement. Mr. Walker admits that he did not attempt to terminate the management powers granted Mr. Seldman until the end of 2003. See, Exhibit 2 to the Second Amended Complaint. As shown in Ms. Carr's Affidavit which was an attachment to the Motion, City Title had no involvement with any Selker transaction after 2002.

<center>RICO- Count I</center>

The Second Amended Complaint does not allege the existence of a racketeer influenced

organization. It does not identify what connection City Title allegedly had with such an organization. It does not set out in the specific terms required by Rule 9(b), F.R.Civ.P., what fraudulent acts City Title is alleged to have committed. At pages 10-11 of the Opposition, Mr. Walker alleges that because City Title received payment for performing settlement company services that it is liable under RICO. That is ridiculous. Under Mr. Walker's theory, if Mr. Seldman paid to park his car while attending a settlement related to the Selker properties the garage owner would be subject to RICO liability.

City Title respectfully submits that uncontroverted material facts demonstrate its entitlement to judgment as to Count I

## The §1983 Claim - Count II

At page 6 and then again at Page 12 of the Opposition, Mr. Walker makes the bizarre argument that §1983 applies to the Defendants herein despite the fact that they were not state actors., His stated theory is because he was incarcerated by the State of Maryland which did not allow in to "to attend to his business affairs" that the private parties sued herein are parties subject to §1983. Under that theory, if an inmate is divorced by his or her spouse while incarcerated, and the former spouse then marries another, the parson officiating at the second wedding is a potential §1983 defendant.

At page 12 he makes the further argument that since LLC was subject to governmental regulation, all Defendants herein are liable under the Civil Rights Act as if they were state actors. That is ridiculous. All business entities are subject in one way or another to State regulation. That cannot be the basis for a state action claim against the business entity. Every automobile driver is also regulated State authorities. Under Mr. Walker's theory, if one of those drivers deprived him of

his property by colliding with his automobile, the resulting litigation could be brought under §1983.

He argues that because Defendant ILSR was a non-profit organization, the State was somehow involved in the transactions for that Defendant. Aside from the fact that such a claim is ludicrous, the uncontested facts as set out in Ms. Carr's Affidavit establish that City Title was not involved in any transaction to which ILSR was a party. Thus, even if ILSR were a state actor because of its tax status, that would be irrelevant to any claim against City Title.

City Title respectfully submits that uncontroverted material facts demonstrate its entitlement to judgment as to Count II. There is no state action and there is no state actor in this case.

### Count III - Fraudulent Conveyance

There are no allegations in the Second Amended Complaint that pass muster under Rule 9(b) that City Title was involved in any fraudulent activity. In the Opposition, this claim is reduced to Mr. Walker's familiar misreading of D.C. Code §29-1017. Even if Mr. Walker were right about §29-1017, he is not, a third party relying on the Amended Operating Agreement which had been signed by Mr. Walker is not guilty of "fraud."

City Title respectfully submits that uncontroverted material facts demonstrate its entitlement to judgment as to Count III. There is no state action and there is no state actor in this case.

### Count IV - Conspiracy

This is simply a rehash of Mr. Walker's misunderstanding of D.C. Code §29-1017. The fact that a title company relied upon a document signed by Mr. Walker does not evidence a conspiracy between the title company and Mr. Seldman to injure Mr. Walker. See, Opposition, page 14.

City Title respectfully submits that uncontroverted material facts demonstrate its entitlement to judgment as to Count IV. There is no state action and there is no state actor in this case.

### Count V - Unjust Enrichment

At pages 14-15 of the Opposition, Mr. Walker again relies on his claim that City Title could not accept Mr. Seldman's instructions despite the Amended Operating Agreement which Mr. Walker had signed because "Seldman lacked the authority to sell on his own without any written agreement from Walker." Opposition, page 15. This is, again, a rehash of Mr. Walker's misunderstanding of D.C. Code §29-1017.

City Title respectfully submits that uncontroverted material facts demonstrate its entitlement to judgment as to Count V. There is no state action and there is no state actor in this case.

### Count VI - Breach of Contract

City Title's Motion pointed out that it was not party to any contract with Mr. Walker. His Opposition simply ignores the issue and does not mention Count VI. City Title respectfully submits that uncontroverted material facts demonstrate its entitlement to judgment as to Count VI.

### Conclusion

Mr. Walker has a history of meritless lawsuits and meritless appeals to go along with the 10 felonies for which he has been convicted. He is indifferent to the rules of any court, or the law, or the facts. He is indifferent to the damage he causes the innocent persons. It is respectfully submitted that this Court should end this case now.

Respectfully submitted,

_____
Robert N. Levin, #79137
Law Offices of Robert N. Levin, PC
1901 Research Boulevard
Suite 400
Rockville, MD 20850
Tel:   (301) 517-8727
Fax:   (301) 762-4056
Email:  r.levin@erols

Certificate of Service

I hereby certify that on September 21, 2006, I caused copies of this document to be served by ECF on all parties except Plaintiffs who were served by US Mail on:

Le Bon Walker
203 Seaton Pl., N.E.
Washington, D.C. 20002

Selker, LLC
3001 Georgia Ave., N.W.
Washington, D.C. 20001

_____/s/_____
Robert N. Levin