IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LE BON BRUCE WALKER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. NO. 1:06-cv00603 GK |
| | ) |
| NEIL SELDMAN, *et al.* | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT JONAS J. MONAST'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

COMES NOW the Defendant, Jonas J. Monast, ("Monast"), and for his Reply Memorandum in Support of his Motion to Dismiss, states as follows:

The Amended Complaint contains only one factual allegation, as opposed to legal conclusions or conclusory allegations, which pertains to the Defendant Monast, i.e., that Monast is the third party purchaser of property that once belonged to Selker, LLC. From that one factual allegation, the Plaintiffs, in a conclusory fashion, allege liability of Monast for violations of the RICO statute, civil rights violations, fraudulent conveyance, conspiracy to commit fraud, collusion and unjust enrichment. The Plaintiffs have not sufficiently alleged facts to support any of those causes of action as against Monast, and therefore the Amended Complaint should be dismissed as against Defendant Monast.

In reviewing an Amended Complaint upon a Motion to Dismiss, a court "need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)(citing Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 2944, 92 L.E.2d 209

(1986)). In the instant case, *the only factual allegation in the Complaint concerning Monast is the allegation in Paragraph 15, as follows.*

> Defendant Jonas J. Monast and Urban Communities, LLC are on information and belief an individual and an entity residing in and doing business in the District of Columbia and who are the third party purchasers of real property belonging to Selker, LLC located at 1350 Meridian Place, NW, WDC [sic] 20010.

The only other allegations in the Amended Complaint that appear to include Monast are merely conclusions, and do not allege facts.

Thus, with regard to Count I (RICO), the Amended Complaint merely alleges at Paragraph 45 that "[a]ll of the Defendants by their unlawful and criminal actions have deprived Walker of his civil rights . . ." However, the Amended Complaint does not allege any "unlawful and criminal actions" by Monast. Likewise, with regard to Count II (Violations under 42 U.S.C. § 1983), the Amended Complaint merely alleges at Paragraph 50 that "Defendants by their unlawful actions have violated Plaintiff's civil rights . . ." Again, however, the Amended Complaint does not allege any "unlawful actions" by Monast.

With regard to Count III (Fraudulent Conveyance), the Complaint merely alleges at Paragraph 53 that all of the various Defendants "had constructive notice that Seldman did not have written [sic] resolution to sell SELKER, LLC's real estate and knowingly, deliberately and intentionally participated and accomplished the illegal purchase and transfer of SELKER, LLC real property." The Amended Complaint, however, does not alleged any facts alleging that Monast had notice nor does it allege any knowing, deliberate or intentional act by Monast in participating in an illegal purchase. Indeed, the Amended Complaint does not even allege that Monast took the property from Selker, LLC. Rather, the Amended Complaint states that Monast was a "third party purchaser" because, in fact, Monast had purchased the property from an intervening grantor. On the face of the Amended Complaint, Monast did not participate in

any way in the transfer of any assets out of Selker, LLC.

With regard to Count IV (Conspiracy to Commit Fraud), the Amended Complaint merely alleges that "[a]ll of the Defendants who participated in the unlawful transfer of title of SELKER, LLC real properties are guilty of conspiracy to commit fraud in that they had knowledge of how real property is transferred belonging to limited liability companies having more than one member  ." The Amended Complaint does not contain any factual allegations the Monast knew anything about Selker, LLC, or how property is transferred. Indeed, Monast was a "third party purchaser" and did not buy the property from Selker, LLC. Count IV does not even allege any agreement that would be the basis of the conspiracy.

With regard to Count V (Collusion and Unjust Enrichment), it does not appear that the Plaintiffs are seeking relief from Monast. To the extent that the Plaintiffs seek relief from Monast, the Plaintiffs have not alleged any facts that Monast has been unjustly enriched. Indeed, it appears that Count V is based on allegations that Defendant Seldman was unjustly enriched by conveying property for consideration, and not sharing the proceeds with Plaintiff Walker. See the Amended Complaint at paragraph 62. Those allegations do not state a basis for liability against Monast.

The Plaintiffs' final alleged cause of action in Count VI (Breach of Contract) does not seek any relief from Monast. It alleges that Defendant Seldman breached the Selker, LLC, operating agreement.

WHEREFORE, Defendant, Jonas J. Monast, by counsel, respectfully requests that the Court dismiss the claims against him, with prejudice, and order such other and further relief as is appropriate.

JONAS J. MONAST<br>By Counsel

RATHBUN & GOLDBERG, P.C.
10555 Main Street, Suite 450
Fairfax, Virginia  22030
(703) 383-9580
(703) 383-9584 Fax


By:   /s/ Peter I. Grasis
    Peter I. Grasis
    D.C. Bar No. 449475
    Counsel for Jonas J. Monast
lawyers/monast/plead04.reply.pg

## CERTIFICATE OF SERVICE

A true copy of the foregoing document was forwarded via first class mail, postage pre-paid, this 28th day of September, 2006, to:

Albert A. Foster, Jr.
DILLINGHAM & MURPHY LLP
1155 Connecticut Avenue, NW
Suite 1120
Washington, DC 20036

David D. Hudgins
HUDGINS LAW FIRM
515 King Street
Suite 400
Washington, DC 22314

Kirsten E. Keating
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
601 13th Street, NW
Suite 1000 South
Washington, DC 20005

Robert N. Levin
ROBERT N. LEVIN, PC
1901 Research Blvd
Suite 400
Rockville, MD 20850

George Taylor Masson, Jr.
HAMILTON & HAMILTON, LLP
1900 M Street, NW
Suite 410
Washington, DC 20036-3532

Eric Michael Rome
EISEN & ROME
One Thomas Circle, NW
Suite 350
Washington, DC 20005

Michael N. Russo, Jr.
COUNCIL, BARADEL, KOSMERL & NOLAND, P.A.
125 West Street, 4th Floor
P.O. Box 2289
Annapolis, MD 21404-2289

Alfred Long Scanlan, Jr.
ECCLESTON AND WOLF, P.C.
729 East Pratt Street
Suite 700
Baltimore, MD 21202-4460

James Andrew Sullivan, Jr.
MILES & STOCKBRIDGE, P.C.
11 North Washington Street
Suite 700
Rockville, MD 20850-4229

Peter Karl Tompa
DILLINGHAM & MURPHY, LLP
1155 Connecticut Avenue, NW
Washington, DC 20036

First American Title Insurance Co.
401 E. Pratt Street, SE, Ste. 323
Baltimore, MD 21202

Eastern Market Real Estate
7942 Wisconsin Ave.
Bethesda, MD 20814-3620

Eric J. Emrey
1964 2nd Street, N.W.
Washington, D.C. 20001

Carolyn Davis
Eastern Market Real Estate
210 9th Street, SE, Suite 100
Washington, D.C. 20003

Le Bon Bruce Walker
203 Seaton Place, NE
Washington, D.C. 20002

                                                  ___/s/ Peter I. Grasis____
                                                  Peter Grasis

6