UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Le Bon Bruce Walker, et al.     )
                                )
v.                              )     Case No. 1:06-cv-00603-GK
                                )
Neil Seldman, et al.            )

<u>Report by City Title & Escrow, Co., Inc.</u>
<u>Pursuant to this Court's Order of August 24, 2006 (Document 58)</u>

Comes now Defendant City Title & Escrow Co., Inc. ("City Title"), by and through counsel, and makes this report to the Court in response to the Order entered August 24, 2006 (Document 58 on this record). The subject Order required City Title to report to the Court when the Second Amended Complaint had been served. It required "the parties" rather than just City Title to file a status report by October 1, 2006.

I. Service of Second Amended Complaint

The Order required City Title to "inform the Court as soon as all Defendants have been served with the Second Amended Complaint." While it is unusual for a Defendant to track such a matter, City Title has attempted to do so and makes the following report:

ECF Service

Because the Second Amended Complaint was posted on the ECF system of this Court, it is believed that all Defendants have received a copy of the Second Amended Complaint. Whether that is adequate service is a matter for the parties and the Court to resolve and no party other than W.C. and A.N. Miller Company has informed the undersigned that it is challenging service in this matter.

Counsel for the newly added Defendant, John E. Scheurman, have advised the undersigned that while there may have been technical difficulties with service on Mr. Scheurman, they are not going to make service an issue.

<u>W.C. and A.N. Miller</u>

As to the adequacy of service for jurisdictional purposes, it is believed that only Defendant W.C. and A.N. Miller Company ("Miller") has taken the position that it has not been properly served in this matter. On August 30, 2006, the undersigned wrote to all counsel asking to be informed of the service situation in regard to the Second Amended Complaint. Counsel for Miller has indicated that it was still Miller's position that it had not been properly served in this matter.

Miller has filed a Motion to Quash Service which has been opposed by Plaintiffs. See, Documents 27, 40 , and  44.

<u>II. Status Report</u>

The Order directs  the"parties" to file a status report. City Title does not believe that it has sole responsibility for such a report. The undersigned has not heard from any other parties as to their views as to the status issues. If the following does violence to the position of any party, the undersigned apologizes.

Ordinarily it would be the Plaintiffs who initiate the drafting of such a report.  Plaintiff Walker has called the undersigned an indicated that he intended to file a  Motion for Clarification to find out how the Status Report was to be put together. However, out of an abundance of caution City Title will advise the Court as follows:

As City Title reads the record, every Defendant has a dispositive motion pending, see Documents 8, 10, 11, 12, 16, 35, 45, 46, 59, 75, with the exception of Miller which has the aforementioned Motion to Quash Service pending and John E. Scheurman who has not filed an Answer as yet.  Plaintiffs have opposed the defense motions.

There has been no Rule 26 meeting nor status scheduling conference in this matter.

Plaintiffs have filed a Motion to Stay these proceedings because they have filed a related action in the Superior Court, Document 48. That Motion has been opposed by most Defendants, see Documents 51, 56, 57, 60 and 66.

In a recent telephone conversation, Mr. Walker indicated that the properties at issue in the new Superior Court case are not the same properties that are at issue in this action. He also indicated that he intended to take an earlier Superior Court case that did involve one of the properties in this case and some Defendants in this case to the United States Supreme Court. City Title is not involved in either of the Superior Court actions.

Plaintiffs have filed a Motion for Extension of Time to Answer Discovery, to Propound Discovery and to Stay Proceedings Pending Discovery, Document 69 which has been opposed in in Document 72.[1]

There is a Counterclaim pending against Plaintiff Walker filed by Defendants Eastern Market Title, LLC, Carolyn Davis, First American Title Insurance Co., and Eric J. Emery, Document 67, and those same Defendants have filed a Crossclaim against Plaintiff Selker, LLC and Defendant Neil Seldman, Document 68. The undersigned has not seen answers or other responses to the Counterclaim or Crossclaim.

Conclusion

Speaking solely for City Title, the undersigned respectfully requests that the pending dispositive motions be resolved before the parties are put to any further expense.

---

[1] Speaking solely for City Title, it also opposes that Motion. Plaintiffs have no case. This Court has no jurisdiction. Plaintiff Walker has no standing. Selker, LLC cannot appear pro se. These matters have been well established in the many pending motions.

        Respectfully submitted,

                /s/
        _____
        Robert N. Levin, #79137
        Law Offices of Robert N. Levin, PC
        1901 Research Boulevard
        Suite 400
        Rockville, MD 20850
        Tel:   (301) 517-8727
        Fax:  (301) 762-4056
        Email:  r.levin@erols.com

G:\C.Title\pldg\report.wpd