IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LE BON BRUCE WALKER | * |
| | * |
| Plaintiff | * |
| | * |
| vs. | *   Case No. 1:06-cv-00603-GK |
| | * |
| NEIL SELDMAN, et al. | * |
| | * |
| Defendants | * |

**ANSWER OF CROSS-DEFENDANTS, NEIL SELDMAN AND SELKER, LLC
TO CROSS-CLAIM**

COMES NOW the Cross-Defendants, Neil Seldman and Selker, LLC, by their undersigned counsel, pursuant to Fed. R. Civ. P. Rules 8 and 12 and in answer to the Cross-Claim filed by Cross-Plaintiffs, First American Title Insurance Company, Eastern Market Title, LLC, Carolyn Davis and Eric J. Emrey (the "Cross-Claim") and state as follows:

**FIRST DEFENSE**

The Cross-Claim fails to state claims upon which relief can be granted.

**SECOND DEFENSE**

Cross-Defendants reserve the right to rely upon each and every defense asserted in Neil Seldman's Answer to the Second Amended Complaint as if fully set forth herein.

## THIRD DEFENSE

That in response to the specific allegations contained in the Cross-Claim, Cross-Defendants state as follows:

1. That the allegations contained in Paragraph 1 of the Cross-Claim are admitted.

2. That Cross-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 2 of the Cross-Claim and deny the balance of the allegations contained in Paragraph 2 of the Cross-Claim, as alleged.

3. That Cross-Defendants admit that Eastern Market was the settlement company that conducted the sale of 503 Rhode Island Avenue from Selker, LLC to Andrew Steed, and are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 3 of the Cross-Claim.

4. That Cross-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Cross-Claim.

5. That Cross-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Cross-Claim.

6. That Cross-Defendants admit that Selker, LLC is a limited liability company organized under the laws of the District of Columbia and that Selker, LLC was the owner of the properties identified therein. Cross-Defendants deny the balance of the allegations of Paragraph 6 of the Cross-Claim, as alleged.

7. That Cross-Defendants admit the allegations contained in Paragraph 7 of the Cross-Claim.

8. That Cross-Defendants admit the allegations contained in Paragraph 8 of the Cross-Claim.

9. That the Deed attached to the Cross-Claim speaks for itself. The allegations contained within Paragraph 9 are denied to the extent that they may be inconsistent with said Deed.

10. That the Deed attached to the Cross-Claim speaks for itself. The allegations contained within Paragraph 10 are denied to the extent that they may be inconsistent with said Deed.

11. That the Deed attached to the Cross-Claim speaks for itself. The allegations contained within Paragraph 11 are denied to the extent that they may be inconsistent with said Deed.

12. That Cross-Defendants admit that Eastern Market conducted the settlement transaction for the transfer of 503 Rhode Island Avenue and are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 12 of the Cross-Claim.

13. The pleadings filed in this action speak for themselves. The allegations contained within Paragraph 13 are denied to the extent that they may be inconsistent with said pleadings.

14. The pleadings filed in this action speak for themselves. The allegations contained within Paragraph 14 are denied to the extent that they may be inconsistent with said pleadings.

15. The pleadings filed in this action speak for themselves. The allegations contained within Paragraph 15 are denied to the extent that they may be inconsistent with said pleadings.

16. The pleadings filed in this action speak for themselves. The allegations contained within Paragraph 16 are denied to the extent that they may be inconsistent with said pleadings.

17. The pleadings filed in this action speak for themselves. The allegations contained within Paragraph 17 are denied to the extent that they are deemed inconsistent with said pleadings.

18. The pleadings filed in this action speak for themselves. The allegations contained within Paragraph 18 are denied to the extent that they are deemed inconsistent with said pleadings.

19. The pleadings filed in this action speak for themselves. The allegations contained within Paragraph 19 are denied to the extent that they are deemed inconsistent with said pleadings.

20. That in response to Paragraph 20, Cross-Defendants adopt and incorporate by reference the responses to Paragraphs 1 through 19.

21. That Cross-Defendants admit the allegations contained in Paragraph 21 of the Cross-Claim.

22. That Cross-Defendants admit the allegations contained in Paragraph 22 of the Cross-Claim.

23. That the allegations contained in Paragraph 23 state a legal conclusion to which no response is required. To the extent that a response is required, Cross-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.

24. That the allegations contained in Paragraph 24 state a legal conclusion to which no response is required. To the extent that a response is deemed required, Cross-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

25. That in response to Paragraph 25, Cross-Defendants adopt and incorporate by reference the responses to Paragraphs 1 through 24.

26. That Cross-Defendants admit that Seldman was the managing member of Selker, LLC, that he had the authority to act for and on behalf of Selker, LLC, that he had the authority to sell 1964 2nd Street and 503 Rhode Island Avenue and that certain representations were made in that regard. That Cross-Defendants deny the balance of the allegations contained in Paragraph 26 of the Cross-Claim, as alleged.

27. The pleadings filed in this action speak for themselves. The allegations contained within Paragraph 27 are denied to the extent that they are deemed inconsistent with said pleadings.

28. That Cross-Defendants deny the allegations of Paragraph 28 of the Cross-Claim, as alleged.

29. That Cross-Defendants deny the allegations of Paragraph 29 of the Cross-Claim, as alleged.

30. That Cross-Defendants deny the allegations of Paragraph 30 of the Cross-Claim, as alleged.

31. That Cross-Defendants deny the allegations of Paragraph 31 of the Cross-Claim, as alleged.

32. That in response to Paragraph 32, Cross-Defendants adopt and incorporate by reference the responses to Paragraphs 1 through 31.

33. The pleadings filed in this action speak for themselves. The allegations contained within Paragraph 33 are denied to the extent that they are deemed inconsistent with said pleadings.

34. The pleadings filed in this action speak for themselves. The allegations contained within Paragraph 34 are denied to the extent that they are deemed inconsistent with said pleadings.

35. That Cross-Defendants deny the allegations of Paragraph 35 of the Cross-Claim, as alleged.

36. That Cross-Defendants deny the allegations of Paragraph 36 of the Cross-Claim, as alleged.

37. That Cross-Defendants deny the allegations of Paragraph 37 of the Cross-Claim, as alleged.

38. That Cross-Defendants deny the allegations of Paragraph 38 of the Cross-Claim, as alleged.

39. That in response to Paragraph 39, Cross-Defendants adopt and incorporate by reference the responses to Paragraphs 1 through 38.

40. That the Deed attached to the Cross-Claim speaks for itself and the allegations contained within Paragraph 40 are denied to the extent that they are deemed inconsistent with said Deed.

41. That Cross-Defendants deny the allegations contained in Paragraph 41 of the Cross-Claim, as alleged.

42. That Cross-Defendants deny that any warranties were breached as alleged, and are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 42 of the Cross-Claim.

WHEREFORE, the Cross-Defendants, Neil Seldman and Selker, LLC, having fully answered the Cross-Claim filed herein by the Cross-Plaintiffs, First American Title Insurance

Company, Eastern Market Title, LLC, Carolyn Davis and Eric J. Emrey pray that this Court enter an Order dismissing the Cross-Claim, with costs, including reasonable attorney's fees.

                Respectfully Submitted,

                MILES & STOCKBRIDGE P.C.


                  /s/ James A. Sullivan, Jr.
                G. VANN CANADA, JR. (D.C. Bar #366414)
                JAMES A. SULLIVAN, JR. (D.C. Bar #475145)
                11 North Washington Street
                Suite 700
                Rockville, Maryland 20850
                Telephone: (301) 762-1600

                Attorneys for Cross-Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of October, 2006, a copy of the foregoing was mailed via first class mail, postage prepaid, to the following:

>Le Bon Bruce Walker
>203 Seaton Place, N.E.
>Washington, D.C. 20003

>/s/ James A. Sullivan, Jr.
>James A. Sullivan, Jr.