Law Offices Of
# ROBERT N. LEVIN, P.C.
1901 RESEARCH BOULEVARD
SUITE 400
ROCKVILLE, MARYLAND 20850-3164

TELEPHONE (301) 517-8727
TELECOPIER (301) 762-4056
E-Mail r.levin@erols.com

August 30, 2006

| | |
|---|---|
| Le Bon Bruce Walker, *pro se* <br> 203 Seaton Place, NE <br> Washington, DC 20003 | George Taylor Masson, Jr., Esq. <br> Hamilton & Hamilton, LLP <br> 1900 M Street, NW, Suite 410 <br> Washington, DC 20036 |
| Selker, LLC <br> 3001 Georgia Avenue, NW <br> Washington, DC 20001 | James Andrew Sullivan, Jr., Esq. <br> Miles & Stockbridge, PC <br> 11 North Washington Street, Suite 700 <br> Rockville, Maryland 20850 |
| David D. Hudgins, Esq. <br> Hudgins Law Firm <br> 515 King Street, Suite 400 <br> Washington, DC 22314 | Michael N. Russo, Jr., Esq. <br> Council, Baradekm Kosmerl & Noland, PA <br> 125 West Street, 4th Floor <br> P.O. Box 2289 <br> Annapolis, Maryland 21404 |
| Eric M. Rome, Esq. <br> One Thomas Circle, NW, #850 <br> Washington, DC 20005 | Jonas J. Monast <br> Urban Communities, LLC <br> 1350 Meridan Pl., NW <br> Washington, DC 20010 |
| Albert A. Foster, Jr., Esq. <br> Peter Karl Tompa, Esq. <br> Dillingham & Murphy, LLP <br> 1155 Connecticut Ave., NW, #1120 <br> Washington, DC20036 | Carol McIntyre <br> 1922 3rd Street, NW, #9 <br> Washington, DC 20001 |

    Re: <u>Walker et al. v. Seldman et al.</u>

Dear Counsel and Plaintiffs:

    I represent City Title & Escrow Co., Inc. in the captioned. As you will have noticed, in her Order of August 24, 2006, Judge Kessler ordered me as counsel for City Title & Escrow Co., Inc. to inform the Court when all parties have been served with the Second Amended Complaint. It would normally be the duty of a Plaintiff to provide that information but perhaps the Court was

**EXHIBIT 1**

Law Offices Of
# ROBERT N. LEVIN, P.C.

All Parties
August 28, 2006
Page 2

concerned about relying entirely upon pro se parties to do so.

    I do not read the Court's Order as relieving Plaintiffs from providing proof of service. Obviously, I cannot offer proof of service and so the next best thing is for me to simply ask all of you to advise me as to whether your clients have been served with the Second Amended Complaint. I am also asking Plaintiffs for their information in this regard. If service has not been accomplished to date but is later accomplished, please let me know when that happens.

    Does anyone know who will be representing the new Defendant?

    The Status Report is due on October 1, 2006. If I have heard from you that any of your clients have been served, I will put that in the Report. If I hear from you that any of your clients have not been served, I will put that in the Report. If I have not heard from you, I will advise the Court that I do not know what the status of the service issue is as to your client(s).

    Finally, there is the question of what constitutes service of the Second Amended Complaint. The Court's Order granting leave to file a Second Amended Complaint did not specify that the pleading attached to the Motion, if it was attached to the Motion, was deemed to have been filed and served. I take it from the Judge's language that Plaintiffs are to file the new pleading and cause it to be served which means that she did not think the amended pleading had been filed as of the time of her Order. That being the case, no one has been served as yet. As stated in Judge Kessler's Order:

> Plaintiff is being allowed to file a Second Amended Complaint. It must be served on Defendants and they must be given the appropriate period of time in which to respond.

    The method of service is not specified in the Order and I will leave it to your own legal judgment as to the issue of whether any service attempted by Plaintiffs is adequate

    A copy of this message is being mailed to Mr. Walker.

    Thank you all for your cooperation.

Very truly yours,

Robert N. Levin

RNL:dec
cc: Client
G:\C.Title\textofemail.wpd