IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LE BON BRUCE WALKER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| **v.** ) | |
| ) | |
| **NEIL SELDMAN**, *et al.,* ) | CASE NO. 1:06-cv-00603-GK |
| ) | |
| Defendants, ) | |
| _____) | |

**DEFENDANT INSTITUTE FOR LOCAL SELF-RELIANCE'S
OPPOSITION TO SECOND MOTION FOR EXTENSION OF TIME**

Defendant, Institute for Local Self-Reliance ("ILSR"), by its undersigned counsel, files this Opposition to Plaintiffs' Second Motion to Enlarge Time to File Opposition to Institute for Local Self-Reliance's Motion for Summary Judgment.[1] The Court should deny this untimely Motion and instead treat ILSR's Motion for Summary Judgment as conceded.[2]

The Court has already given Plaintiffs ample time to respond to ILSR's Motion for Summary Judgment. In an order dated August 21, 2006 (Document No. 52), the Court extended the time for any opposition until September 21, 2006. That Order stated in part, "[i]f Plaintiffs do not respond, the Court will treat the Motion as granted and enter judgment in favor of the Defendant." (Order at 1-2.)

---

[1] The exact status of Plaintiff Selker, LLC remains unclear to ILSR, i.e., whether Walker can sue on its behalf and represent it *pro se*. Another party (City Title) has already filed a motion for summary judgment on this issue.

[2] Plaintiffs' Rule LCVR 7(m) statement is inaccurate. Undersigned counsel has no record that Plaintiff Walker ever attempted to contact him for consent to this Motion.

On August 31, 2006, Plaintiffs nonetheless filed their First Motion to Enlarge Time. (Document No. 63.) Without waiting for the time for ILSR to respond to elapse, the Court granted that Motion in a Minute Order dated September 7, 2006, and extended Plaintiffs' time to respond to ILSR's Motion for Summary Judgment again to October 1, 2006. Instead of responding to that Motion, however, Plaintiffs have filed a second Motion for Extension of Time, purportedly to locate certain documents Plaintiff Walker believes would support his Motion. (Memorandum at 2.) Given the nature of ILSR's Motion on *res judicata* and *collateral estoppel* grounds, their actual relevance is dubious, at best; however, even assuming they are relevant, the proper course would have been for Walker to file his opposition, and then file a further motion to supplement the record with any additional documents that were unavailable to him at the time.

Providing Walker with yet further time to respond to ILSR's Motion for summary judgment when he already has had almost 2 months to respond is prejudicial to ILSR and, if granted, will most likely require ILSR to file its own Motion for Extension of Time.[3] In short, Plaintiffs voluntarily decided to bring this matter against ILSR and a host of other defendants, and should be required to comply with the Court deadlines their own actions prompted.

WHEREFORE, Defendant, ILSR, respectfully requests that this Court deny Plaintiffs' Motion to Enlarge Time and instead "treat the Motion [for Summary Judgment as granted and enter judgment in favor of the Defendant."

---

[3] Undersigned counsel has long been scheduled to be out of the country from October 22 to 29 and, therefore, will be unavailable to work on any reply to Plaintiffs' motion at that time.

2

                Respectfully submitted,

/s/ Peter K. Tompa
Albert A. Foster, Jr., Esquire
Bar Number 464009
aaf@dillinghammurphy.com

Peter K. Tompa, Esquire
Bar Number 413752
pkt@dillinghammurphy.com

Dillingham & Murphy, LLP
1155 Connecticut Avenue N.W.
Suite 1120
Washington, D.C. 20036
Telephone: (202) 835-9880
Facsimile:  (202) 835-9885
Counsel for Institute for Local Self-Reliance

### **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of October, 2006, a copy of the Foregoing Opposition and Draft Order was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

/s/ Peter K. Tompa
Peter K. Tompa, Esquire