UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LE BON BRUCE WALKER, ET. AL., | : | |
| Plaintiffs, | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| NEIL SELDMAN, ET. AL., | : | No. 06-CV-00603(G.K.) |
| Defendants, | : | |
| | : | |
| | : | |
| FIRST AMERICAN, ET. AL., | : | |
| Counter-Plaintiffs, | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| LE BON BRUCE WALKER, ET. AL., | : | |
| Counter-Defendants, | : | |
| | : | |
| | : | |
| FIRST AMERICAN, ET. AL., | : | |
| Cross-Plaintiffs, | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| NEIL SELDMAN, ET. AL., | : | |
| Cross-Defendants. | : | |

**RECEIVED**

OCT 1 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## OPPOSITION TO DEFENDANT INSTITUTE FOR LOCAL SELF-RELIANCE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

COME NOW PLAINTIFFS LE BON BRUCE WALKER ("Walker") and SELKER, LLC

and respectfully oppose Defendant the Institute for Local Self-Reliances's ("ILSR") Memorandum

of Points and Authorities in Support of Motion for Summary Judgment and refer the Court to the

Memorandum of Points and Authorities below in support of this Opposition.

WHEREFORE the premises considered in the Memorandum of Points and Authorities below, Walker, et.al. pray that this Court deny the relief sought in the ILSR's Motion for Summary Judgment.

Respectfully submitted,

Le Bon Bruce Walker
203 Seaton Pl., NE
Washington, DC 20002
(202) 491-2940

## CERTIFICATE OF SERVICE

I hereby certify that on this _15th_ day of ___October___, 2006, a copy of the foregoing Opposition above and Memorandum of Points and Authorities below was mailed first class, postage prepaid to the following:

Michael N. Russo,  Esquire
125 West Street 4th Floor
Post Office Box 2289
Annapolis, Md   21404-2289

James A. Sullivan, Jr., Esq
MILES & STOCKBRIDGE
11 N Washington St, Ste 700
Rockville, MD 20850

Albert A. Foster, Jr., Esquire
Peter K. Tomopa, Esquire
Dillingham & Murphy, LLP
1155 Connecticut Ave NW
Ste 1120
Washington, DC  20036

David D. Hudgins, Esquire

515 King Street, Suite 400
Alexandria, VA, 22314

Carole McIntyre
1922 3rd Street NW #9
Washington, DC 20001

Alfred L Scanlan, Jr. Esquire
ECCLESTON & WOLF, PC
2001 S Street NW, Suite 310
Washington  DC 20009-1125

Robert N. Levin, Esquire
1901 Research Boulevard Ste 400
Rockville, MD 20850

F. Joseph Nealon, Esquire
Kirsten E. Keating, Esquire

Ballard Spahr Andrews
 & Ingersoll, LLP
601 13th St NW Ste 1000 South
Washington, DC 20005

Robert A. Scott, Esquire
Ballard Spahr Andrews
& Ingersoll, LLP
300 East Lombard St, 18th Fl
Baltimore, Maryland 21202

Peter I. Grasis, Esquire
10555 Main Street, Suite 450
Fairfax, Virginia 23030

Le Bon Bruce Walker

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

LE BON BRUCE WALKER, ET. AL.,                    :
                       Plaintiffs,    :
                                        :

       v.    :

NEIL SELDMAN, ET. AL.,                    :    No. 06-CV-00603(G.K.)
                     Defendants,    :
_____:

FIRST AMERICAN, ET. AL.,                    :
               Counter-Plaintiffs,    :

       v.    :

LE BON BRUCE WALKER, ET. AL.,                    :
               Counter-Defendants,    :
_____:

FIRST AMERICAN, ET. AL.,                    :
               Cross-Plaintiffs,    :

       v.    :

NEIL SELDMAN, ET. AL.,                    :
               Cross-Defendants.    :
_____:

## MEMORANDUM OF POINTS AND AUTHORITIES

The ILSR incorrectly and wrongfully argues that Plaintiffs' claims against it are barred under

the principles of *res judicata* and collateral estoppel. Defendant seeks to piggyback on the

3

arguments raised by Defendants Neil Seldman, ("Seldman"), Elizabeth Menist ("Menist"), Dianne Stewart ("Stewart") regarding DC Superior Court Case No. 03-CA-3883 which involved the real property located at 1922 3rd Street NW, Washington, DC. The ILSR was not and is not a party to any of the litigation currently going on in the DC Superior Court wherein Seldman, Menist and Stewart were named as parties and the allegations against the ILSR are not the same nor were they resolved by the DC Superior Court. In fact, Walker has previously argued and adopts that argument herein that the allegations against Seldman, Menist, and Stewart are not barred by the doctrines of *res judicata* or collateral estoppel. (See Plaintiffs' Opposition to Motion to Dismiss filed 7/20/06 in entirety; See also Plaintiffs' Opposition to City Title's Motion for Summary Judgment filed 9/1/06 at 3-7).

## I. COUNTER- STATEMENT OF THE FACTS

Walker and SELKER, LLC brought claims against the ILSR's unlawful activities which were never argued the DC Superior Court and which extend beyond the Superior Court Case No. 03-CA-3882. To that extent, the Superior Court case relied upon by the ILSR has no bearing upon the ILSR's unlawful activities involving Walker (Veterans Inc.) and SELKER and these activities directly affected both Plaintiffs.

Plaintiffs allege at Paragraphs 24, 41, 45, 50, 66 of the Second Amended Verified Complaint that the ILSR and Seldman defrauded Walker by channeling or laundering funds through Walker's businesses, namely Veteran's Inc. and SELKER, LLC and by obtaining "loans" from Walker but requesting that Plaintiff put "donation" on the memo line on the check. Seldman led Walker to believe that he owned the ILSR and Walker alleges that Seldman took Walker's property and SELKER's assets for personal gain and then attempted to defraud Walker by indicating that he

4

owned thousands of dollars to SELKER, LLC to *inter alia* put the funds back into the ILSR'S

budget.

The Second Amended Complaint at ¶ 26 states in pertinent part:

> Seldman, on information and belief, utilized funds from SELKER, LLC
> and Walker's former company Veteran's Inc., to channel or launder
> funds from the ILSR and to replace funds unlawfully taken from the
> non-profit institute for his personal use or to use for profit. Seldman
> carried out these acts by requesting funds from Walker and or Veterans,
> Inc. or SELKER, LLC to "cover" budget shortages or funds that
> Seldman was supposed to have in ILSR's operating budget....Seldman
> by taking loans from Veterans, Inc. was manipulating funds into and
> out of the ILSR.  Seldman asked Walker to advance funds from
> Veterans, Inc. to the ILSR so that Seldman could show additional
> money into the ILSR when he made his presentation to the ILSR's
> Board of Directors.  Seldman promised to get the money back to
> Plaintiff through the ILSR.  Seldman...also removed funds from the
> ILSR by channeling funds through Veterans, Inc. and SELKER, LLC
> for development of real property in the District of Columbia including
> real property located at 1835 18th Street NE, Washington, DC while
> utilizing some of these funds for personal use or profit.

Walker, et. al. brought claims against the ILSR for violations of RICO for *inter alia* money

laundering and embezzlement which was accomplished by deliberately underselling SELKER,

LLC's real properties and then scheming to embezzle Company's funds and illegally remove the

assets from SELKER, LLC followed by attempting to replace the embezzled funds from the LLC

by obtaining money from Walker.  See ¶ 45 of the Second Amended Complaint.  Plaintiffs alleged

violations against the ILSR under 42 U.S.C. § 1983 in light of the ILSR' s status as a non-profit

organization with close working ties and a close symbiotic relationship with the State and Federal

governments for its President's use of ILSR's funds by channeling them through Plaintiff's business

in a manner not consistent with the purposes of SELKER, LLC.  Walker and SELKER lastly brought

claims of Breach of Contract and damages against Seldman and the ILSR for their participation in

an illegal scheme to defraud Walker and for the improper use of SELKER, LLC for personal gain.

## II ARGUMENT

### A. Walker's Claims Against the ILSR are Not Barred by the Doctrine of *Res Judicata* and Collateral Estoppel

Summary judgment should be precluded in this instance because, as Walker, et. al. have

alleged in their Responses to the dispositive Motions filed by the other Defendants to this action,

that the claims against the ILSR involve the motives and intent of this entity in its attempt to defraud

Walker and SELKER, LLC and to use the Plaintiffs to conceal money laundering and embezzlement.

Such allegations require testimony at trial and/or Discovery such that summary disposition of the

case as to the ILSR should be denied at this time. See *Renfro v. U.S.*, 04-CV-2574 (N.D. Tex. 2006);

*Estate of Nannie Hager v. Richard Snider, et. al.*, 216 W. Va. 574 (2004); *Blose v. Humana, Inc.*,

No. 05-CA-001546-MR (Ky Ct. of App. 2006).

The ILSR cannot move for summary judgment on the ground that the DC Superior Court

action in 03-CA-3882 has already adjudicated the disputed claim on the merits; and, therefore it

should not be re-litigated because of "claim preclusion" *(res judicata)* or "issue preclusion"

(collateral estoppel). Neither of these principles apply to the ILSR for several reasons: (1) the ILSR

was never a party to DC Super Ct. No. 03-CA-3882; (2) the issues or claims against the ILSR were

brought by Walker and SELKER, LLC and no resolution in any court has been determined regarding

SELKER and these claims; (3) the issues in 03-CA-3882 have not been completely resolved as has

been argued previously. The matter of the dismissal of Walker's case with prejudice and the unlawful award of legal fees in that case is pending and is before the DC Court of Appeals (DC App. No. 06-00479); (4) This Court has diversity jurisdiction over the ILSR and the claims against it are Federal claims which were never a part of the action in No. 03-CA-3882 in the DC Superior Court.

Thus, even though the claims against the ILSR involve unlawful money dealings with respect to Walker's and SELKER's holdings, the relief sought by Plaintiffs against the ILSR involve actual, compensatory and punitive damages for the "unlawful sale and transfer of SELKER, LLC properties and for the racketeering activities of Seldman and the ILSR that affected SELKER, LLC, and for irreparable harm caused to Walker by Defendants unlawful and "egregious actions." (Pl. Amend., Complaint prayer for relief at (e) and (g). This is not the same thing as the relief sought in DC Super. Ct Case No. 03-CA-3882 and the claims against the ILSR is excepted from the principles of *res judicata* and collateral estoppel on this point.

Walker presents evidence herein to demonstrate that his claims against the ILSR are not meritorious. See Plaintiff's Affidavit and other Exhibits attached hereto as Exhibits 1-6. Moreover, it is exactly the nature of business of the ILSR, namely a not-for-profit organization that makes Walker, et. al.'s claims against it so egregious.

**1. *Res Judicata* does not Preclude any Claims against the ILSR based on the Property Located at 1922 3rd Street.**

Plaintiffs incorporate by reference their arguments raised in the previous Sections of this Opposition. The ILSR makes an erroneous attempt to attach or label the federal claims and torts against it as those claims growing out of the same causes of action that exist in DC Super Ct. No.

03-CA-3882.[1] This is an improper and erroneous assumption for several reasons. The ILSR is not and never was a party to the action in 03-CA-3882. Secondly, the issues surrounding the ILSR grew out of its unlawful involvement in Walker's businesses namely SELKER, LLC and Plaintiff's former Company, Veteran's Inc. and these issues while affecting Walker directly were not a part of the claims in DC Super. Ct. 03-CA-3882 involving Plaintiff's personal residential property. Thus, the cause of action involving the ILSR is not remotely identical or closely related to those issues in the DC Superior Court case. Even if this Court could find any similarity between the claims in 03-CA-3882 in the State Court and the claims against the ILSR in the Federal Court (which it should not), the Federal claims and constitutional claims against the ILSR coupled with the pending appeal of the Order in the State Court, should operate as a bar to any *res judicata* and collateral estoppel effects. *Family Division Trial Lawyers of the Superior Court DC, Inc. v. Moultrie*, 725 F.2d 695, 704 (DC Cir. 1984)(observing that District Courts might "hesitate" to apply claim preclusion to constitutional attacks that a "party could have brought  but did not" in litigation over past transactions).

The ILSR argues that the requirements to impose *res judicata* and collateral estoppel effects

---

[1]

Walker has previously argued in his Oppositions to Defendants Seldman's, Menist's and Stewart's dispositive Motions that he is not precluded from bringing his claims against them in this Court since they involve federal questions apart from the litigation claims in the DC Superior Court since no final resolution has been entered in the 03-CA-3882 case in light of the pending appeal before the DC Court of Appeals (No. 06-CV-00479). See for example, *Martin v. Malhoyt*, 830 F. 2d 237, 264 (DC Cir. 1987)("According preclusive effect to a judgment from which an appeal has been taken..... risks denying or granting relief on the basis of a judgment that is subsequently overturned. Consequently, care should be taken in dealing with judgments that are final, but still subject to direct review). Walker also argues herein that the Order from which he noted the appeal involved not only the trial court's grant of attorney's fees and costs and the cancelling and releasing of the Lis Pendens, it involved the dismissal with prejudice of Walker's claims to unlawful foreclosure in 03-CA-3882.

on the Order in DC Super. Ct. No. 03-CA-3882 to the claims against it in this case have been met. This is absolutely not the case. The ILSR outlines the four factors necessary for *res judicata* to apply as (1) the identity of the parties in both suits; (2) a judgment rendered by a court of competent jurisdiction; (3) a final judgment on the merits; and (4) an identity of the cause of action in both suits. (quoting *U. S. Industries Inc. v. Blake Constr. Co.,* 765 F.2d 195, 205 (D.C. Dir. 1985). None of the four factors apply to the decision in 03-CA-3882 with respect to the ILSR. First of all, the ILSR's argument that since Walker is the Plaintiff in both actions he is therefore the party against whom *res judicata* is asserted is without merit. The mere fact that Walker initiated two Complaints involving different parties and different causes of action hardly applies *res judicata* effects upon the second action.

The second and third factors for *res judicata* effects to apply is also not met in the instant scenario. While the DC State forums are competent jurisdictions to render decisions, such courts cannot easily resolve questions of diversity jurisdiction or Federal questions especially where due process issues are alleged. Moreover, it is accepted legal argument that a due process or federal claim, even if in a subsequent action, which arises from the same cause of action as the first claim imposes no *res judicata* effects such as the scenario in the instant case. See for example *Stanton v. District of Columbia Court of Appeals,* 127 F. 3d 72 (DC Cir. 1997)(where D.C. Court never considered Stanton's due process claims on the merits, there is no possibility that issue preclusion would bar them"). The ILSR further erroneously argues that the pendency of the appeal from an Order dismissing the case with prejudice under SCR Civ 41(b) and granting attorney's fees and costs and canceling and releasing the Lis Pendens does not affect the finality of the judgment rendered in the DC Superior Court. What is important here is that this Order is on appeal, and District Courts

9

are reluctant to grant dispositive motions arguing *res judicata* effects where there is a possibility that the relevant order may be overturned. It has also been previously argued that the diversity jurisdiction in regards *inter alia* to the federal claims could be properly entertained in the U. S. District Court and the jurisdiction of the DC Superior Court and therefore the effect of its decision is barred under the doctrine of *non forum conviens*. See *Blake v. Profession Travel Corp.*, 768 A. 2d 572 (DC 2001). Finally, the issues before this Court are not the same issues as those in the DC Superior Court No. 03-CA-3882 and they do not grow out of the same claims. This has been argued throughout this Opposition.

The fourth factor necessary to impose *res judicata* effects upon the Order in the DC Superior Court is not present in the case against the ILSR. The ILSR improperly argues that since Walker's RICO Claims and the Superior Court claims grow out of the same transaction, this Court should apply a "transactional approach." Such an approach is not the proper venue here in that the claims do not grow out the same transaction. The issues in 03-CA-3882 regarding the wrongful foreclosure on Walker's residence are not, as argued earlier, the same thing as claims growing out of the ILSR's unlawful actions regarding SELKER, LLC's assets as well as, the ILSR's unlawful actions surrounding Walker's former Company Veterans', Inc. These latter claims before this Court obviously have no bearing on the prior disposition in the DC Superior Court and there exists genuine disputes of material fact as to any *res judicata* effects that the DC Superior Court case would have in regards to the claims against the ILSR. Summary judgment must be precluded on these issues.

**2. Adjudication of the Claims Against the ILSR are not Precluded Under the Doctrine of Collateral Estoppel.**

Walker incorporates by reference the issues and arguments outlined in the previous

Sections of this Opposition.

The doctrine of collateral estoppel ("issue preclusion") may be invoked against a party where (1) the issue has actually been litigated; (2) has been determined by a valid, final judgment on the merits; (3) has been determined after a full and fair opportunity for litigation by the party; and (4) under circumstances where the determination was essential judgment and not merely dictum. *Wilson v. Hart*, 829 A. 2d 511, 514 (DC 2003); *Howard University v. Lacy*, 829 A.2d 733, 736 (DC 2003). Contrary to the ILSR's assertions, none the above criteria have been met to invoke the doctrine of collateral estoppel. The ultimate issue before this Court is not the same as the one actually litigated before the DC Superior Court; these instant claims are more closely aligned as to whether the ILSR defrauded SELKER, LLC and Veteran's Inc., and used these companies for an improper purpose. These grounds were not related to the claims in the older case in the DC Superior Court. The ILSR construes the language that "Seldman defrauded Walker too loosely in this context." Moreover, collateral estoppel with respect to the claims in DC Superior Court No. 03-CA-3882 are hardly fatal to Walker's RICO claim, his § 1983 claim and his claim for breach of contract (violating the Operating Agreement of SELKER, LLC) and damages against the ILSR. How could issues pertaining to the foreclosure on Walker's residence be the same thing as the improper use of the Plaintiffs' businesses by the ILSR (and Seldman)? In short, there are no issue preclusion effects of the litigation in 03-CA-3882 to the claims in the Verified Complaints before this Court.

Based upon the arguments striking collateral estoppel effects as to the first criteria, the second criteria is not met. The ILSR basically tries to lump unrelated claims together to stretch the effects of the litigation in the DC Superior Court matter to cover the claims against it. The litigation in the DC Superior Ct. case is totally unrelated to the issues pertaining to the ILSR in this case.

Thus, the second criteria is not met. It is obvious that the third and fourth factors under the collateral estoppel doctrines are not met by the litigation in the DC Superior Court in that those claims are separate and independent from the claims now pending against the ILSR before this Court. Summary judgment should be denied to the ILSR based again upon the numerous genuine disputes of material fact that preclude dismissal of Walker's et. al.'s claims against it at this time.

Respectfully submitted,

Le Bon Bruce Walker

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

LE BON BRUCE WALKER, ET. AL.,                    :

                Plaintiffs,          :

                                 :

      v.                                          :

                                 :

NEIL SELDMAN, ET. AL.,                           :       No. 06-CV-00603(G.K.)

                Defendants.         :

_____:

FIRST AMERICAN, ET. AL.,                         :

                Counter-Plaintiffs,   :

      v.                                          :

                                 :

LE BON BRUCE WALKER, ET. AL.,                    :

                Counter-Defendants.  :

_____:

                                 :

FIRST AMERICAN, ET. AL.,                         :

                Cross-Plaintiffs,    :

      v.                                          :

                                 :

NEIL SELDMAN, ET. AL.,                           :

                Cross-Defendants.    :

_____:

# PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF
# MATERIAL FACT IN SUPPORT OF OPPOSITION TO DEFENDANT
# THE INSTITUTE FOR LOCAL SELF-RELIANCE'S MOTION FOR
# SUMMARY JUDGMENT

COMES NOW PLAINTIFFS LE BON BRUCE WALKER ("Walker") and SELKER, LLC and pursuant to Fed. R. Civ. P Rule 56, file this Statement of Genuine Disputes of Material Fact in Support of their Opposition to Defendant, the Institute for Local Self-Reliance's ("ILSR") Motion for Summary Judgment and state that the following facts are disputed:

1.    The trial court in DC Super Ct. Case No. 03-CA-3882 at trial on April 25, 2005, denied Walker's first and only Motion for Continuance, requested because Walker's counsel had been suspended from the practice of law just prior to the trial date and his substitute counsel could not attend in light of his attendance in another previously scheduled court appearance, leaving Walker without counsel and unable to proceed *pro se*.

2.    None of the allegations in the Verified Complaint in the DC Superior Court filed on May 12, 2003, were ever adjudicated on the merits.

3.    Walker noted an appeal from the Order denying his request for continuance docketed as Appeal No. 05-CV-1049. The Order was upheld by granting Neil Seldman's ("Seldman") Motion for Summary Affirmance on the grounds solely of the trial court's discretion to grant or deny a continuance. (See DC App Ct. Order attached hereto as Exhibit #7).

4.    The trial court entered a final Order dismissing Walker's case with prejudice in 03-CA-3882 on the same grounds outlined above (SCR Civ. Rule 41(b) )and granting attorney's fees and costs and the release and cancellation of the Lis Pendens.

5.    Walker noted an appeal of the trial court's Order in Case No. 03-CA-3882 entered on 4/13/06 which is pending in the DC Court of Appeals (No. 03-CA-00479).

6.    The present case  filed by Walker and SELKER, LLC in this Court  include federal

claims (RICO and 42§1983 violations) and claims of fraud and conspiracy against not only the Defendants named as parties in DC Super. Ct. No. 03-CA-3882 but against numerous other Defendants who were involved with the transfer of title to SELKER, LLC real properties, which is not the same action in the DC Superior Court case on appeal.

7.    There has been no adjudication in any court on the merits of any of Walker's and SELKER's claims.

8.    The claims against the ILSR do not relate to the unlawful foreclosure on Walker's residential property, which was the subject of DC Superior Court Case No. 03-CA-3882; these claims relate to the ILSR's dealings in laundering money through Walker's businesses-namely SELKER, LLC and his former Company Veterans, Inc. (See Exhibits attached hereto as 1-6).

9.    The claims against the ILSR involve the unlawful use of the non-profit Corporation's funds and misappropriating such funds by, *inter alia*, giving loans to Walker and SELKER, LLC and asking that Walker put "donation" instead of loan repayment on his repayment checks. Officers of the ILSR also sought money from Walker to cover "shortfalls" in ILSR's budget and promise to pay Walker back.

10.    Walker et. al. alleges pursuant, to the Amended and Second Amended Verified Complaint filed in this court, that the ILSR used SELKER, LLC (and formally Veteran's Inc.) for a purpose not intended by its Operating Agreement to launder and embezzle money from the ILSR for the personal gain of some of its Officers.

11.    Plaintiffs have a pending Motion in this case to permit the propounding of Discovery Requests upon all of the Defendants, including the ILSR.

12.     Walker, et. al. have alleged improper motives and fraudulent intent on the part of the Defendants in this case, including the ILSR.

13.     Plaintiffs have requested that Discovery be allowed prior to any ruling on the dispositive Motions, including the ILSR's Motion for Summary Judgment in order to facilitate their ability to adequately prosecute their claims of motive and intent.

Respectfully submitted,

Le Bon Bruce Walker
203 Seaton Place NE
Washington, DC 20002
(202) 491-2940

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY THAT ON THIS 15th day of October, 2006, a copy of the foregoing Statement of Genuine Disputes of Material Fact was mailed first class, postage prepaid to all of the Defendants listed in the Certificate of Service of the Opposition and Memorandum of Points and Authorities above.

Le Bon Bruce Walker

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

LE BON BRUCE WALKER, ET. AL.,    :
                Plaintiffs,    :
                                :

        v.    :
                                  :

NEIL SELDMAN, ET. AL.,    :    No. 06-CV-00603(G.K.)
               Defendants,    :
_____:

FIRST AMERICAN, ET. AL.,    :
           Counter-Plaintiffs,    :
                                :

        v.    :

LE BON BRUCE WALKER, ET. AL.,    :
           Counter-Defendants,    :
_____:

FIRST AMERICAN, ET. AL.,    :
           Cross-Plaintiffs,    :
                                :

        v.    :

NEIL SELDMAN, ET. AL.,    :
           Cross-Defendants.    :
_____:

## ORDER

Upon full consideration of Defendant, the Institute for Local Self Reliance's Memorandum

of Points and Authorities in Support of the Motion for Summary Judgment, Plaintiffs' Opposition

thereto, the record herein and it appearing that genuine disputes of material fact exist so as to

preclude summary judgment as a matter of law, it is this ____day of _____ 2006,

**ORDERED**   that the Motion is denied.

_____
Judge Gladys Kessler

Copies:

Le Bon Bruce Walker
203 Seaton Pl., NE
Washington, DC 20002

SELKER, LLC
3001 Georgia Ave NW
Washington, DC 20001

Michael N. Russo,  Esquire
125 West Street 4th Floor
Post Office Box 2289
Annapolis, Md   21404-2289

David D. Hudgins, Esquire
515 King Street, Suite 400
Alexandria, VA, 22314

James A. Sullivan, Jr., Esquire
MILES & STOCKBRIDGE
11 N Washington Street, Ste 700
Rockville, MD 20850

Albert A. Foster, Jr., Esquire
Peter K. Tomopa, Esquire
Dillingham & Murphy, LLP
1155 Connecticut Ave NW Ste 1120
Washington, DC  20036

Carole McIntyre
1922 3rd Street NW #9
Washington, DC 20001

Alfred L Scanlan, Jr. Esquire
ECCLESTON & WOLF, PC
2001 S Street NW, Suite 310
Washington  DC 20009-1125

F. Joseph Nealon, Esquire
Kirsten E. Keating, Esquire
Ballard Spahr Andrews
& Ingersoll, LLP
601 13th St NW Ste 1000 South
Washington, DC 20005

Peter I Grasis, Esquire
10555 Main Street, Suite 450
Fairfax, Virginia   22030

Robert A. Scott, Esquire
Ballard Spahr Andrews
& Ingersoll, LLP
300 East Lombard St, 18th Fl
Baltimore, Maryland 21202

Robert N. Levin, Esquire
1901 Research Boulevard
Suite 400
Rockville, MD 20850