**EXHIBIT 4**

**National Association of Concerned Veterans**
1350 Okie Street, NE · Washington, DC 20002
(202) 462-7690 · Fax (202) 727-5971

# CONTRACT

THIS CONTRACT, made and entered into this 1st day of October 1999, by and between the Institute for Local Self-Reliance (ILSR), 2425 18th Street, NW, Washington, DC 20009 (hereinafter referred to as "Consultant") and the National Association of Concerned Veterans (NACV), 1904 Third Street, NW, Washington, DC 20001 (hereinafter referred to as the "Contractor").

WITNESSETH:

WHEREAS the Contractor desires to engage the Consultant to provide project management and implementation assistance related to the purchase, renovation, and resale of houses in Washington, D.C.'s Ward 5 and

WHEREAS, Consultant desires to render such services and warrants that it possesses the capability to satisfactorily render such services;

NOW, THEREFORE, in consideration of the premises and the mutual covenants and agreements described below, the parties agree as follows:

1. **Engagement of the Contractor.** Contractor agrees to engage the Consultant and the Consultant agrees to perform the services described in Paragraph 3 in accordance with the terms and conditions described in this contract.

2. **Compensation.** The Consultant shall be compensated for the work and services to be performed under this contract in the amount not to exceed 4.5% of the resale price for each unit renovated. Expenses, including labor, will be reimbursed no more than 5 days subsequent to submittal of ILSR's invoices.

3. **Scope of Services.** The Consultants shall do, perform, and carry out services including but not limited to:

   - Identifying and researching potential real properties in Washington, D.C.'s Ward 5 for purchase and renovation;
   - Networking with citizens and organizations in Carver Terrace, Langston Dwellings, Ivy City, and Trinidad to build awareness of housing renovation and sales endeavors;
   - Educating citizens in these neighborhoods about ongoing project efforts of NACV;
   - Identifying and interviewing candidates from the Ward for training and employment;
   - Participating in meetings and negotiations with community leaders and city officials regarding NACV's housing renovation efforts in Ward 5
   - Drafting, reviewing, and/or analyzing business plans for community-based enterprises; and
   - Facilitating and/or participating in negotiations with donors and lenders to secure project capital and investments.

4. **Time of Performance.** The effective date of this Contract is October 10, 1999 for work to be performed through and completed by November 1, 1999.

5. **Ownership of Work.** Consultant's work shall be the property of Consultant.

6. **General Terms and Conditions.** Payments to the Consultant will be made upon submittal of an invoice from Consultant, and no later than 5 days following the resale of units, individually or severally.

7. **Location of Work.** At the Consultants' discretion, with most direct tasks necessarily performed in Washington, DC.

100232

8. **Independent Contractor not Employee.** No provision of this Contract, act of the Consultant in the performance of the Contract, or act of Contractor in the performance of this Contract, shall be construed as making the Consultant the agent, servant, or employee of the National Association of Concerned Veterans.

9. **Entire Agreement.** This Contract incorporates all prior negotiations, interpretations, and understandings between parties and is the full and complete expression of their Contract.

10. **Amendments.** Any change, alteration, deletion, or addition to the terms set forth in this Contract must be in the form of a written amendment signed by both parties, unless otherwise specified herein.

IN WITNESS WHEREOF, NACV and ILSR, acting by and through their duly authorized officers, agree to the terms and conditions of the Contract, as set forth above, by signing here:

Signature: _____   Date: 1 oct 99
Neil Seldman
Institute for Local Self-Reliance

Signature: _____   Date: October 1, 1999
L.B. Walker
for National Association of Concerned Veterans

100233

**EXHIBIT 5**

SELDMAN WALKER, LLC
301 N 7 STREET, NW
WASHINGTON, DC  20001

202.328.0180
FAX NO:  202.332.6015

## LOAN AGREEMENT

This Loan Agreement made this 7th day of July, 2000, by and between Marty Seldman, lender, and Seldman Walker, L.L.C., borrower.

Seldman Walker, L.L.C. on this date has borrowed One Hundred Thousand Dollars ($100,000.00) from Marty Seldman, receipt of which is hereby acknowledged.

The terms for the said loan are as follows:

1. Term of loan: six (6) months from the date first stated above. Principle shall be repaid in full, plus any accrued interest.
2. Interest rate: 9.5% A.P.R., payable monthly, at the end of the month in which said interest is earned. The first interest payment shall be due and payable on August 1, 2000.

This loan is collateralized by Seldman Walker owned property located at 503 Rhode Island Ave., N.W., Washington, DC 20001 and 1934 3rd Street, N.W., Washington, DC 20001.

AGREED, this _____ day of July, 2000.

SELDMAN WALKER, L.L.C.                                NEIL SELDMAN

_(signature)_                                          _(signature)_

177234

**EXHIBIT 6**


**INSTITUTE FOR LOCAL SELF-RELIANCE**

NATIONAL OFFICE
2425 18th Street N
Washington, DC
20009
Phone: (202) 232-4
Fax: (202) 332-046
ilsr@igc.org

MIDWEST OFFICE:
1313 5th Street SE
Minneapolis, MN
55414
Phone: (612) 379-3
Fax: (612) 379-392
www.ilsr.org

August 15, 2000

LB Walker
1904 Third St., NW
Washington DC 20001

Dear Mr. Walker,

Our auditors, Larson Allen Weishair & Co., LLP, are conducting an audit of our financial statements for the year ended June 30, 2000. Our records show the following loan made to you:

1. Loan Amount: $20,000

2. Interest Rate: 0%

3. Date of Loan: October 1, 1999

4. Terms: 66 payments of $300 and one of $200, due on the 15th of each month, beginning November 15, 1999, and ending April 15, 2005; OR, $1,000 per each of 20 housing units, due upon the closing date for the sale of the unit, with the balance due no later than April 15, 2005.

5. Collateral: None

6. Balance due as of June 30, 2000: $17,500

Please state below whether this information is in agreement with your records. If it is not, please furnish any information you have that will help our auditors reconcile the difference.

After signing and dating your reply, please mail it directly to Brenda Bijnagte at Larson Allen Weishair & Co., LLP, in the enclosed envelope.

Yours truly,

Michael Jollon Sr.
Michael Jollon
Operations Manager, Washington DC Office


To: Larson Allen Weishair & Co., LLP
From: LB Walker

The above information regarding the loan with the Institute for Local Self-Reliance agrees with our records with the following exceptions (if any): _____
_____
_____

Signature: _____
Title: _____
Date: _____

August 31, 2001

<u>NOTES FROM MEETING, LB AND NEIL, 8/31/01 @ MHC</u>

I. SELKER, LLC   (Construction Manager has not performed to expected schedule)

   A. 1964 2nd Street, N.W., DC
1. To date, worked only on 1964 2nd. St. N.W.
2. Construction cost exceeded expected budget @ $56,000+
3. Completion of construction expected 8/31/01
4. Cabinets & appliances being delivered next week from Home Depot
5. Ready to put on market for sale.
6. Expected sale price: low $300,000s

   B. 1922 3rd Street, N.W., DC
1. Second trust, due Neil, are two (2) months past due.
2. Agreed, when 1922 is sold LBW will pay Neil the second mortgage balance due, plus $15,000. ($15,000 consist of $10,000 borrowed from Neil's brother, plus $5,000 borrowed from Neil by Cecil Bird.)

   C. LB requested Neil's assistance to obtain cash fr[om] equity that LB holds in DC properties, by refinancing, second mortgages, or whatever method that may be suggeste[d] by fiance experts that Neil will contact.
1. Obtain cash and hold for LB, to be disbursed according to LB's instructions.
2. Neil will phone two individuals in the real estate business to ascertain best sources.

   D. LB and Neil discussed briefly an amount that may or may not be due Neil. The matter was tabled for futu[re] discussion, when LB returns home and has historical notes available to reference. Following is a brief synopsis:
      There was an exchange of money made between Neil and LB to balance financial projections made Jane to ILSR's board, when she projected income that did not materialize from the sale of a proto-type "demonstration house" located on 18th Street, N.E., DC. Jane arbitrarily canceled income due Veterans, Inc. and refused to pay Veterans, Inc. money due Veterans for options installed in the 18th Street, N.E. house. To show cash flow that

Jane projected in her presentation to ILSR's board Neil requested LB to make a cash donation to ILSR. At the time Veterans owed ILSR a loan balance of approximately $15,000. Neil loaned Veterans $25,000 (LB signed a note to Neil for the $25,000) to cover the cash shortfall. The $25,000 loan was to be repaid at the end of one year. The plan agreed between Neil and LB was that ILSR would subsequently forgive the $15,000 loan due ILSR from Veterans, and Neil would use from his share of Selker profits to pay money due Veterans for Veteran's options, etc. on the 1835 18th St., N.E. house, plus money donated by LB. From those funds the $25,000 loan due Neil from Veterans would be repaid. The bottom line equals a zero, (-0-).

LB and Neil discussed and agreed to shelf the matter until LB is free to produce transactional notes for discussion with Neil.

E. Books:
Neil promised to send LB books.
NOTE: 1. Books must be mailed by a bookstore directly to LB.
2. I have an interest in hydroponic farming. I would enjoy a book on the subject.

F. Neil asked if LB needs anything for comfort.
ANS: For the moment - No. Thanks.

**EXHIBIT 7**

Case 1:06-cv-00603-GK    Document 87-3    Filed 10/16/2006    Page 10 of 11

# District of Columbia
# Court of Appeals



No. 05-CV-1049

LE BON BRUCE WALKER,      Appellant,      CAB3882-03

v.

NEIL SELDMAN, et al.,      Appellees.

BEFORE: Schwelb and Glickman, Associate Judges, and Nebeker, Senior Judge.

## JUDGMENT

On consideration of appellees' motion for summary affirmance, appellant's opposition and cross-motion for summary reversal and appellee's reply, it is

ORDERED that appellant's motion for summary reversal is denied. It is

FURTHER ORDERED that appellees' motion for summary affirmance is granted. See *Jones v. Cain*, 804 A.2d 322, 330 (D.C. 2002). It is

FURTHER ORDERED and ADJUDGED that the order on appeal is hereby affirmed.

ENTERED BY THE DIRECTION OF THE COURT:

GARLAND PINKSTON, JR.
Clerk of the Court

Copies to:

Honorable Frederick H. Weisberg

Clerk, Superior Court

James A. Sullivan, Jr., Esquire
G. Vann Canada, Jr., Esquire
11 N. Washington Street, Suite 700
Rockville, MD 20850

Craig Brodsky, Esquire
One South Street, 20th Floor
Baltimore, MD 21202

Le Bon Bruce Walker
203 Seaton Place, NE
Washington, DC 20002

lw