IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LE BON BRUCE WALKER,** *et al.,* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| **v.** ) | |
| ) | |
| **NEIL SELDMAN,** *et al.,* ) | CASE NO. 1:06-cv-00603-GK |
| ) | |
| Defendants, ) | |
| ) | |

**DEFENDANT INSTITUTE FOR LOCAL SELF-RELIANCE'S
REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant, Institute for Local Self-Reliance ("ILSR"), by its undersigned counsel, files this Reply in Support of its Motion for Summary Judgment.[1] In its initial memorandum, ILSR demonstrated that Walker's claims are barred by the doctrines of res judicata and collateral estoppel. In its opposition, Plaintiffs cannot seriously contest that ILSR has shown:(1) an identity of parties; (2) a judgment by a court of competent jurisdiction; and (3) a final judgment on the merits for res judicata purposes.[2] Plaintiffs have likewise failed to really contest that there was a "valid, final judgment on the merits" or that Plaintiff Walker "had a full and fair opportunity for litigation" for collateral estoppel purposes. For that reason, ILSR will utilize this reply to demonstrate that there is an "identity of the causes of action" under the D.C. Circuit's "transactional

---

[1] Plaintiffs' opposition, filed over sixty (60) days after ILSR filed its motion, is untimely. As set forth further in ILSR's Opposition to Plaintiffs' Second Motion to Enlarge Time, ILSR respectfully requests the Court to refuse to accept Plaintiffs' late filing and instead treat ILSR's motion as conceded.

[2] ILSR relies on its opening memorandum on these points as well as the briefing of co-defendants, most notably Mr. Seldman.

approach" and that the ultimate issues in both cases is the same for collateral estoppel purposes.[3]

### 1. Walker's Causes of Action are Related for Res Judicata Purposes.

In its initial memorandum, ILSR demonstrated that the "because the D.C. Circuit applies a 'transactional approach,' the Court must treat all Walker's claims as one identical claim for purposes of res judicata." (Mem. at 6.) In his opposition, Walker argues that "the cause of action involving ILSR is not remotely identical or closely related to those issues in the Superior Court case." (Opposition Mem. at 8.) This argument, however, fails in light of the "transactional approach" of the Restatement (Second) of Judgments adopted under District law.[4]

The "transactional approach" gives "weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. The *Restatement* approach reflects a trend in the direction of requiring that a plaintiff present in one suit all the claims for relief he may have arising out of the same transaction or occurrence." *U.S. Industries, Inc. v. Blake Constr. Co., Inc.,* 246 U.S. App. D.C. 326, 336, 765 F.2d 195, 205 (1985) (internal citations and quotations omitted). Significantly, under this standard, "new claims need not have actually been adjudicated in an earlier action to be barred by *res judicata.*

---

[3] Walker attaches what purports to be an Affidavit and documents in support of his claim to his opposition. As this material is irrelevant to ILSR's motion except to impeach Walker's claim that the two matters are "unrelated," ILSR will not seek to rebut the substance of his allegations here.

[4] Walker's suggestion that res judicata does not apply because he has asserted federal and constitutional claims has absolutely no merit. Even a cursory review of the cases cited at Mem. 8-9 indicates that the weighty constitutional issues involved in those cases are not present here.

2

[Rather] [i]t is sufficient if the claims 'could have been raised' at an earlier juncture." *Velikonia v. Ashcroft,* 355 F. Supp. 2d 197, 201 (D.D.C. 2005).

As set forth in ILSR's opening memorandum at 2, the Superior Court action related to the alleged "illegal foreclosure" of certain property loacated at 1922 3rd Street. Here, Walker himself also paints the "illegal foreclosure" of the same 1922 3rd Street Property as part and parcel of his claims in this action against ILSR. (*See* Second Amended, Verified Complaint, Count I at ¶¶ 38, 41, 46, Count II at ¶¶ 48, 50, 51.). As such, Walker's efforts to relitigate the foreclosure of the 1922 3rd Street Property in this case belie his claim that the Superior Court action against Seldman and his claims against ILSR in this action are unrelated.

Walker's "Affidavit"[5] and its supporting documentation also undercut Walker's arguments. In his Affidavit, Walker states, "Seldman made me believe that ILSR was his company" and then goes onto to discuss the alleged "illegal foreclosure" of the 1922 3rd Street property. (Affidavit ¶ 7.) Finally, the 1999-2001 dates of the attachments to Walker's Affidavit are also significant. They show that even if Walker's claims against ILSR are considered "new" they should still be barred under the principle of res judicata as they 'could have been raised' in the Superior Court action that was filed on May 12, 2003.

**2. The Ultimate Issue in Both Suits is Related for Collateral Estoppel Purposes.**

In its opening memorandum, ILSR demonstrated that the ultimate issue before the Court now is the same that was actually litigated before the Superior Court—whether

---

[5] ILSR notes this Affidavit fails to comport with the normal form, i.e., there is no indication that the notary who witnessed Walker's signature is licensed by the District of Columbia.

3

Seldman defrauded Walker. (Mem. at 7.) In response, Walker claims this is not the case, and instead echoes his arguments with respect to res judicata. In particular, he states, "[t]he ultimate issue before this Court is not the same as the one actually litigated before the DC Superior Court; these instant claims are more closely aligned as to whether the ILSR defrauded SELKER, LLC and Veteran's Inc., and used these companies for an improper purpose." (Opp. Mem. at 11.)

In so doing, Walker not surprisingly takes an overly restrictive approach to collateral estoppel, which, after all, is designed to prevent repetitious litigation of what is essentially the same dispute. As such, Walker predictably ignores the import of the D.C. Circuit's decision in *Stanton v. District of Columbia Court of Appeals,* 326 U.S. App. D.C. 404, 409-410, 127 F.3d 72, 78 (1997). In that case, the Court also adopted for purposes of collateral estoppel the same Restatement (Second) of Judgments approach that the Court has adopted for purposes of res judicata. *Id.* That approach assumes collateral estoppel may apply where there is a substantial overlap between two successive disputes—in other words, Walker's efforts to distinguish his claims against ILSR do not control where the ultimate issue in each successive suit is the same.

In this regard, Walker also ignores the fact that the Second Amended Complaint paints the alleged "wrongful foreclosure" of 1922 3rd Street as part and parcel of the supposed efforts to defraud Walker. (*See* Second Amended, Verified Complaint, Count I at ¶¶ 38, 41, 46, Count II at ¶¶ 48, 50, 51.). Accordingly, the Court should also reject Walker's claims and hold that collateral estoppel applies.

4

WHEREFORE, Defendant, ILSR, respectfully requests that this Court grant its Motion for Summary Judgment on res judicata and collateral estoppel grounds and enter judgment in favor of the ILSR.

Respectfully submitted,

/s/ Peter K. Tompa
Albert A. Foster, Jr., Esquire
Bar Number 464009
aaf@dillinghammurphy.com

Peter K. Tompa, Esquire
Bar Number 413752
pkt@dillinghammurphy.com

Dillingham & Murphy, LLP
1155 Connecticut Avenue N.W.
Suite 1120
Washington, D.C. 20036
Telephone: (202) 835-9880
Facsimile:  (202) 835-9885
Counsel for Institute for Local Self-Reliance

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of October, 2006, a copy of the Reply was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

/s/ Peter K. Tompa
Peter K. Tompa, Esquire