IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LE BON BRUCE WALKER ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | CASE NO. 1:06-cv-00603-GK |
| NEIL SELDMAN, *et al.* ) | |
| ) | |
| Defendants ) | |

DEFENDANT ANDREW STEED'S
MOTION FOR SUMMARY JUDGMENT

Comes now defendant Andrew Steed ("Mr. Steed"), by and through undersigned counsel, pursuant to Fed. R. Civ. P. 56 and LCvR 7(h), and files this Motion for Summary Judgment on the grounds that there are no material facts in genuine dispute and Mr. Steed is entitled to entry of judgment of dismissal as a matter of law as to all claims against him, as more fully set forth below. In support of this Motion, defendant incorporates that accompanying Memorandum of Points and Authorities and Statement of Material Facts Not in Genuine Dispute.

Wherefore, Mr. Steed, respectfully requests that this Court grant this Motion for Summary Judgment and enter judgment in his favor along with such other and further relief which this Court deems appropriate.

BLUMENTHAL & SHANLEY

/s/ Carol S. Blumenthal
Carol S. Blumenthal #351403
1700 17th Street, NW #301
Washington, DC  20009
(202) 332-5279

(202) 265-7419 Fax
blumshan@aol.com

## LCvR5.4(b)(5) CERTIFICATE

I hereby certify that the original signed document is in the possession of the undersigned and that it is available for review upon request by a party or by the Court.

/s/ Carol S. Blumenthal
Carol S. Blumenthal

## Certificate of Service

I hereby certify that on this 21st day of November 2006, a copy of the foregoing Motion for Summary Judgment was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail, first class postage pre-paid. Parties may access this filing through the Court's system.

I hereby certify that a copy of this Motion and all attachments was sent via first class mail this 21st day of November 2006, to: LeBon Bruce Walker, 203 Seaton Place NE, Washington, D. C. 20002.

/s/ Carol S. Blumenthal
Carol S. Blumenthal

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LE BON BRUCE WALKER    )<br>                                             )<br>     Plaintiff                            )<br>                                             )<br>     v.                                     )<br>                                             )  CASE NO. 1:06-cv-00603-GK<br>NEIL SELDMAN, *et al.*         )<br>                                             )<br>     Defendants                     )  | |

DEFENDANT ANDREW STEED'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF THE
MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56 and LCvR 7(a) and (h), Mr. Steed respectfully requests that the Court dismiss all claims against him. Even assuming *arguendo*, that the Amended Verified Complaint states a cause of action against him, which defendant specifically denies, any claims are barred by lack of subject matter jurisdiction, by plaintiff's lack of standing, Statute of Limitations, and collateral estoppel.

**The Amended Verified Complaint**

In the six count Verified Amended Complaint ("Complaint"), plaintiff makes no claim for recovery against Mr. Steed in Count II (Violation of 42 U.S.C. 1983), Count V (Collusion and Unjust Enrichment), or Count VI (Breach of Contract and Damages).

In Count I (Racketeer Influenced and Corrupt Organization Act "RICO"), Count III (Fraudulent Conveyance) and Count IV (Conspiracy t Commit Fraud), plaintiff claims that certain real property assets of SELKER, LLC were improperly sold by the LLC,s manager, defendant Neil Seldman, at below market prices. As a result, plaintiff, a member of the LLC, claims that he has been deprived of his interest in the LLC's assets and profits and that he has otherwise been damaged.

Plaintiff cites Mr. Steed as being involved in only one of the several questionable transactions. In paragraph 12 of the Complaint, plaintiff identifies Mr. Steed as the purchaser of 503 Rhode Island Avenue, N.W., Washington, DC ("Property"), a property owned by SELKER, LLC. Settlement on the sale occurred on March 22, 2002, at which time Mr. Steed paid $77,000.00 for the Property and took out a $65,000.00 mortgage for repairs. (See HUD-1 Settlement Statement attached hereto as Exhibit A)

Plaintiff admits that at the time of the sale, defendant Neil Seldman was the manager of SELKER, LLC, (Complaint at paragraph 29), although plaintiff purports to have revoked Mr. Seldman's managerial authority more than two and a half years *later,* on December 4, 2004. (Complaint at paragraph 24). At settlement on the sale of the Property, Mr. Seldman executed the documents transferring the Property from SELKER, LLC to Mr. Steed. Since plaintiff did not execute the settlement documents, and there was not a corporate resolution allowing the sale, plaintiff claims the sale to be improper and requests that the Court set it aside.

He claims that Mr. Steed had constructive notice 1) that Neil Seldman, although the manager of SELKER, LLC, was not the sole owner; and, 2) that there is a statutory requirement for a written resolution of a majority of all members of an LLC prior to the transfer of assets. He further claims that Mr. Sneed knowingly and intentionally participated in an unlawful transfer of SELKER, LLC real estate. (Complaint at paragraph 31) In plaintiff's view, Mr. Steed's participation in the sale was an unlawful and criminal action depriving plaintiff of his civil rights, (Complaint at paragraph 45), and the sale itself, a fraudulent conveyance. (Count III of the Complaint)

As a remedy, plaintiff seeks to set aside the sale of the Property to Mr. Steed, and

to recover from him and other defendants $5,000,000.00 in compensatory damages and a like sum for punitive damages.

**The Court Lacks Subject Matter Jurisdiction**

In the Complaint, plaintiff alleges that this Court has diversity jurisdiction; however, the allegations of the Complaint illustrate that diversity jurisdiction cannot lie. In paragraph 1 of the Complaint plaintiff alleges that he is a resident of the District of Columbia, while in paragraphs 12, 13, 14, and 15 he alleges that Mr Steed, and defendants Woldehanna, Emery, Monast and Urban Communities, LLC are also residents of the District of Columbia. Therefore, there is no diversity jurisdiction in this case.

The Complaint cites the federal question statute, 28 U.S.C. 1331 as a basis of jurisdiction (although he wrongly claims the statute as that for diversity jurisdiction). For reasons set forth in the Motion to Dismiss filed by Defendants Stewart and Menist at pages 4-5 of their Memorandum, which argument is adopted here by reference, there is no federal question jurisdiction

**Plaintiff Lacks Standing to Bring This Case**

The Complaint at paragraph 31 claims that Defendant Sneed "knowingly and intentionally participated in the unlawful transfer of SELKER, LLC real property" located at 503 Rhode Island, Ave., N.W., Washington, DC ("Property"). Assuming, *arguendo,* that Defendant Sneed's purchase of the Property was wrongful in any respect, the aggrieved party would be SELKER, LLC, not plaintiff.

SELKER, LLC, however, is not a proper party to this suit, because, as a limited liability company, it may only appear before the Court through counsel. *See, Roosevelt Land, LP v. Childress,* 2006 WL 1877014, *3(D.D.C.);cf, LCvR 83.6(a); LCvR44.1.

Since no counsel has entered an appearance on behalf of SELKER, LLC, the Complaint must be dismissed.

At the same time, plaintiff, Le Bon Bruce Walker, as an individual, has failed to make any cognizable personal claim against Mr. Steed. Mr. Steed's dealings were with SELKER, LLC and its acknowledged manager, Neil Seldman. He paid SELKER, LLC for the Property. Exhibit A. Neither party to the sale has properly requested the sale to be rescinded, nor have any circumstances been claimed which would support a setting aside of the sale as between the participating parties, had such a request been made. In this context, plaintiff is a stranger to the transaction and has no standing to pursue rescission of the sale.

**Plaintiff's Claim for Damages is Barred by the Statute of Limitations**

D.C. Code 12-301 identifies the time limitations for filing of a claim after accrual of an action. Plaintiff's claim for damages under Count IV (Conspiracy to Commit Fraud) is governed by a *three* year Statute of Limitations. D.C. Code 12-301(8)

Mr. Steed purchased the Property on March 22, 2002. As reflected in the docket, he filed the original complaint in this case on March 31, 2006, and the Amended Verified Complaint on May 8, 2006, *four* years after his cause of action accrued. Accordingly, plaintiff's claim for damages is barred by the Statute of Limitations and must be dismissed.

**Plaintiff Has No Claim Under the Racketeer Influence and Corrupt Organization Act ("RICO")**

In order to state a claim under RICO, a plaintiff must allege that Mr. Steed participated in an enterprise through the existence of two or more predicate acts

constituting a pattern of racketeering activity.  18 U.S.C. 1962(a)-(c); *GE Investment Private Placement Partners II v. Parker, 247 F.3d 543, 548-549 (4th Cir. 2001)*

"Racketeering activity" is defined by a list of criminal offenses which are enumerated at 18 U.S.C. 1961(l) and include engaging in monetary transactions in property derived from specified unlawful activity under 18 U.S.C. 1957.  A "pattern of racketeering activity" is defined as "requiring at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity."  18 U.S.C. 1961(5).

In this case, the Complaint fails to identify any criminal act of Mr. Steed.  Mr. Steed, merely purchased a house.  Assuming, *arguendo,* that that act somehow constituted a racketeering activity, Mr. Steed cannot properly be charged under RICO for a single act.  In *Western Association Limited Partnership v. Market Square Associates, 235 F.3d 629 (D.C. Cir. 2001),* the Court held that the plaintiff had failed to state a legally cognizable claim under RICO because it had alleged only "a single scheme, a single injury, and a single victim (or single set of victims)." which failed to satisfy the continuity requirement under RICO's pattern of racketeering activity.

As in *Western Association,* plaintiff here alleges a single scheme, a single injury (loss of interest in the business assets of SELKER, LLC), and a single victim, himself.  Even viewing the allegations of the Complaint most favorably to plaintiff, he has failed to a cause of action under RICO against Mr. Steed upon which relief may be granted.  Accordingly, defendant moves for dismissal of the Complaint against him.

**The Complaint Must Be Dismissed Under the Doctrine of Collateral Estoppel**

The central argument advanced by plaintiff in his claim for relief is that the actions of defendant Neil Seldman (in concert with other defendants) defrauded plaintiff of the value of his interest in SELKER, LLC. If Mr. Seldman did not defraud plaintiff, then he has no claims in this case against any defendant.

In its Motion for Summary Judgment, defendant Institute for Local Self-Reliance argues that the issue of whether defendant Seldman defrauded plaintiff was actually litigated before the D.C. Superior Court and that final judgment was entered in favor of Mr. Seldman. *Walker v. Seldman et al. CA 03-3882.* The Institute argues that based on the D.C. Superior Court litigation, plaintiff is collaterally estopped from prosecuting the case at bar. *Institute for Local Self-Reliance's Memorandum of Points and Authorities in Support of Motion for Summary Judgment at p. 7*

Mr. Steed hereby adopts and incorporates by reference the Institute's argument as well as those of defendant Seldman (as set forth in his Motion for Partial Summary Judgment) as if fully set forth herein. While not a party to the prior litigation, Mr. Steed is entitled to rely upon its preclusive effects under the doctrine of collateral estoppel. *Howard University v. Lacey, 828 A.2d 733, 736 (D.C. 2002)*

**The Conveyance of the Property to Mr. Steed Was Proper**

Plaintiff admits in the Complaint that defendant Neil Seldman was the managing member of SELKER, LLC at the time of the conveyance of the Property to Mr. Steed. At that time and until plaintiff's letter to Mr. Seldman of December 4, 2004, the authority of Mr. Seldman to execute the documents of conveyance was not in question. Accordingly, Mr. Steed should be viewed as a *bona fide purchaser* without notice of any defect in the title conveyed. *Osin v Johnson, 243 F.2d 653, 100 U.S. App. D.C. 230(1957)*

In any event, as argued above, the only entity which could properly seek to set aside the conveyance and re-title the Property in the seller, SELKER, LLC, is SELKER, LLC which is not properly before the court, since it is not represented by counsel.

**Conclusion**

Other defendants in this case have filed dispositive motions based on failure of plaintiff to state a claim under RICO or Section 1983, absence of federal jurisdiction, *res judicata* and collateral estoppel.  Mr. Steed hereby adopts and incorporates the aruguments set forth in the Motion to Dismiss filed by defendants Steward and Menist, and those of the Motion to Dismiss or in the Alternative for Summary Judgment filed by defendant Woldehanna, and those of the Motion for Partial Summary Judgment filed by defendant Neil Seldman as if fully set forth herein.

 Based on the arguments set forth above and incorporated herein, the Complaint against Mr. Steed must be dismissed.

                          BLUMENTHAL & SHANLEY

                          /s/ Carol S. Blumenthal
                          Carol S. Blumenthal #351403
                          1700 17th Street, NW #301
                          Washington, DC  20009
                          (202) 332-5279
                          (202) 265-7419 Fax
                          blumshan@aol.com

## LCvR5.4(b)(5) CERTIFICATE

I hereby certify that the original signed document is in the possession of the undersigned and that it is available for review upon request by a party or by the Court.

                          /s/ Carol S. Blumenthal
                          Carol S. Blumenthal

**Certificate of Service**

I hereby certify that on this 21<u>st</u> day of November 2006, a copy of the foregoing Motion for Summary Judgment was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail, first class postage pre-paid. Parties may access this filing through the Court's system.

I hereby certify that a copy of this Motion and all attachments was sent via first class mail this 21st day of November 2006, to: LeBon Bruce Walker, 203 Seaton Place NE, Washington, D. C. 20002.

/s/ Carol S. Blumenthal
Carol S. Blumenthal

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LE BON BRUCE WALKER ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) CASE NO. 1:06-cv-00603-GK | |
| NEIL SELDMAN, *et al.* ) | |
| ) | |
| Defendants ) | |

DEFENDANT ANDREW STEED'S STATEMENT
OF MATERIAL FACTS NOT IN GENUINE DISPUTE

1. On March 22, 2002, Andrew Steed purchased real property located at 503 Rhode Island Avenue, N.W., Washington, D.C. ("Property") from SELKER, LLC for a purchase price of $77,000.00. Exhibit A

2. At the time of the sale, defendant Neil Seldman was the manager of SELKER, LLC, and in that capacity, he executed the documents necessary to transfer title to the Property to Andrew Steed. *Complaint at paragraph 20.*

3. On December 4, 2003, plaintiff wrote a letter to defendant Seldman acknowledging that Seldman was, up to that time, the manager of SELKER, LLC, and purporting to remove Seldman from that role within twenty days from the date of the letter. *Complaint at paragraph 24.*

4. The only action of Andrew Steed complained of by plaintiff, is Mr. Steed's purchase of the Property. *Complaint.*

5. The original complaint in this case was filed on March 31, 2006 and the Amended Verified Complaint was filed on May 8, 2006. *Docket.*

6. Plaintiff is not an attorney licensed to practice law in the District of Columbia. *Plaintiff signs pleadings pro se and does not include attorney bar number.*

7. Plaintiff is a resident of the District of Columbia. Defendant Andrew Steed is a resident of the District of Columbia. *Complaint at paragraphs 1 & 12.*

/s/ Carol S. Blumenthal
Carol S. Blumenthal #351403
1700 17th Street, NW #301
Washington, DC  20009
(202) 332-5279
(202) 265-7419 Fax
blumshan@aol.com

## LCvR5.4(b)(5) CERTIFICATE

I hereby certify that the original signed document is in the possession of the undersigned and that it is available for review upon request by a party or by the Court.

/s/ Carol S. Blumenthal
Carol S. Blumenthal

**Certificate of Service**

I hereby certify that on this 21st day of November 2006, a copy of the foregoing Motion for Summary Judgment was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail, first class postage pre-paid. Parties may access this filing through the Court's system.

I hereby certify that a copy of this Motion and all attachments was sent via first class mail this 21st day of November 2006, to: LeBon Bruce Walker, 203 Seaton Place NE, Washington, D. C. 20002.

/s/ Carol S. Blumenthal
Carol S. Blumenthal

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LE BON BRUCE WALKER ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) CASE NO. 1:06-cv-00603-GK | |
| NEIL SELDMAN, *et al.* ) | |
| ) | |
| Defendants ) | |

ORDER

This matter having come before the Court on Defendant Andrew Steed's Motion for Summary Judgment, and after review of the Motion and any Opposition thereto, and review of the record herein, and there appearing to be no material facts in genuine dispute and that defendant is entitled to judgment as a matter of law, it is this _____ day of _____, 2006

ORDERED that defendant Andrew Steed's Motion for Summary Judgment is hereby GRANTED, and it is

FURTHER ORDERED that JUDGMENT on all counts of the Amended Verified Complaint is hereby entered in favor of Andrew Steed and the claims against him are dismissed.

_____
U.S. District Judge