UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LE BON BRUCE WALKER, et al.<br><br>    Plaintiffs<br><br>v.<br><br>NEIL SELDMAN, et al.<br><br>    Defendants | Civil Action No. 06-CV-00603 |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS**

Defendant W.C. and A.N. Miller Development Company (Miller), by and through undersigned counsel and pursuant to LCvR 7(d), hereby submits its Reply Memorandum in further support of its Motion to Dismiss, and states as follows.

ARGUMENT

Consistent with Plaintiffs' practice to date, they fail to cite any authority to support their arguments. The two bases proffered in Plaintiffs' opposition are: (1) that Miller's Motion to Dismiss is "premature" in light of Plaintiffs' Motion for Leave to Extend Time to Effectuate Service Upon Registered Agent for Defendant W.C. and A.N. Miller Development Company (Motion for Leave); and (2) that dismissing their Complaint would cause them to suffer "unfair prejudice".

The first basis is ludicrous. The Motion to Dismiss was filed on November 29, 2006. Civil Docket in Case No. 1:06-cv-00603-GK. The Motion for Leave was filed on December 11, 2006. Civil Docket in Case No. 1:06-cv-00603-GK. Plaintiffs' argument that the Motion to Dismiss is "premature" solely because the Motion for Leave, filed almost two weeks later, seeks relief that is inconsistent with the Motion to Dismiss defies common sense and is, to be kind,

frivolous.[1]  If at all applicable, Plaintiffs' argument favors the Motion to Dismiss: since the Motion to Dismiss was filed well before the Motion for Leave, and since each motion seeks relief that is inconsistent with the other, logic dictates that the Motion for Leave is premature since the Motion to Dismiss was still pending at the time the former was filed.

The second premise asserted by Plaintiffs is equally unavailing.  Pursuant to Rule 4(m), Plaintiffs must show "good cause" for their failure to timely and properly serve Miller with the summons and Complaint.  Plaintiffs bear the burden of establishing "good cause".  Shaw v. District of Columbia, 2006 U.S. Dist. LEXIS 29423 at * 25 (D.D.C.), citing, e.g., Habib v. General Motor Corp., 15 F.3d 72, 73 (6th Cir. 1994).  The primary focus in making a "good cause" determination is on "the plaintiff's reasons for not complying with the time limit in the first place."[2]  Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997).  Plaintiffs neglect to state any reasons, not to mention any "good cause", for their failure to timely and properly serve Miller with process.  Moreover, any prejudice[3] worked on Plaintiffs by granting the Motion to Dismiss is not part of the "good cause" determination.  Plaintiffs' Opposition leaves the Court without any sufficient basis with which to deny the Motion to Dismiss.

WHEREFORE, Defendant W.C. and A.N. Miller Development Company respectfully request the Court to grant its Motion to Dismiss and dismiss with prejudice Plaintiff's Complaint against Defendant, and to grant to Defendant all other relief the Court finds warranted.

---

[1] Equally unpalatable is Plaintiffs' claim that they served a Miller "Representative" within the 120-day time period. Opp. to Mot. to Dismiss at p. 4.  As clearly stated in Miller's Motion to Quash Service and the affidavit attached thereto, the person "served" by Plaintiffs' process server was a summer intern. A summer intern, to wit, a temporary clerical employee, hardly constitutes a "representative" of the employing corporation.

[2] Plaintiffs' inadvertence or negligence in effecting service does not suffice for "good cause". Shaw, 2006 U.S. Dist. LEXIS at *26.  Neither a lack of prejudice to Miller nor Miller's knowledge of the action constitute "good cause". Id.

[3] Plaintiffs' describe Miller as "one of the key Defendants".  Opp. to Mot. to Dismiss at p. 4.  If Miller is such an important defendant, then Plaintiffs' would have taken more care to ensure proper service.  Plaintiffs were able to properly serve other Defendant corporations in this matter, e.g. City Title & Escrow Co., Inc., and evidently had the knowledge and ability to properly serve Miller.  This "key defendant" label appears to be a pretext for Plaintiffs' failure to present any substantive arguments in support of their Opposition.

Respectfully submitted,

_____
Alfred L. Scanlan, Jr. (#395048)
Timothy P. Kilgore (#494512)
ECCLESTON AND WOLF, P. C.
2001 S Street, N. W., Suite 310
Washington, DC 20009-1125
(202) 857-1696

### LCvR 5.4(b)(5) CERTIFICATE

I HEREBY CERTIFY that the original signed document is in the possession of the undersigned and that it is available for review upon request by a party or by the Court.

_____
Timothy P. Kilgore

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of December 2006, a copy of the foregoing was sent via first class mail, postage prepaid, to:

Le Bon Bruce Walker
203 Seaton Place, N.E.
Washington, D.C. 20003

Selker, LLC
3001 Georgia Avenue, N.W.
Washington, D.C. 20001

_____
Timothy P. Kilgore