UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LE BON BRUCE WALKER, et al.<br><br>   Plaintiffs<br><br>v.<br><br>NEIL SELDMAN, et al.<br><br>   Defendants | Civil Action No. 06-CV-00603 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR LEAVE TO EXTEND TIME TO EFFECTUATE SERVICE UPON REGISTERED AGENT FOR DEFENDANT W.C. AND A.N. MILLER DEVELOPMENT COMPANY**

Defendant W.C. and A.N. Miller Development Company (Miller), by and through undersigned counsel and pursuant to LCvR 7(b), hereby submits its Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Leave to Extend Time to Effectuate Service Upon Registered Agent for Defendant W.C. and A.N. Miller Development Company (Motion for Leave), and states as follows.

ARGUMENT

I.   PLAINTIFFS CITE THE INCORRECT AUTHORITY FOR THE RELIEF SOUGHT.

In seeking leave to serve Miller well beyond the permissible time period pursuant to Federal Rule of Civil Procedure 4(m), Plaintiffs cite Rule 6(b) as the relevant authority. The applicable rule for seeking an extension of time to serve a defendant with process is clearly Rule 4(m). *See* Shaw v. District of Columbia, 2006 U.S. Dist. LEXIS 29423 at *25 (D.D.C.); and FED. R. CIV. P. 4(m). Both rules require a "good cause" showing by the movant, but the two rules require different showings to establish "good cause". Importantly, a plaintiff's inadvertence or negligence does not constitute "good cause" under Rule 4(m), Shaw, supra, at

*26, whereas inadvertence and neglect may suffice for Rule 6(b)(2) "good cause", *see, e.g.* Raymond v. Int'l Business Machines Corp., 148 F.3d 63 (2nd Cir. 1998).

Plaintiffs fail to look to or apply Rule 4(m) in requesting permission from the Court to serve Miller almost four months beyond the requisite deadline[1]. Plaintiffs' motion should accordingly be denied.

WHEREFORE, Defendant W.C. and A.N. Miller Development Company respectfully requests the Court to deny Plaintiffs' Motion for Leave to Extend Time to Effectuate Service Upon Registered Agent for Defendant W.C. and A.N. Miller Development Company, and to grant to Defendant all other relief the Court deems appropriate.

II.  PLAINTIFFS FAIL TO SHOW "GOOD CAUSE".

Even if Rule 6(b)(2) could be employed to grant to Plaintiffs the relief sought, Plaintiff's fail to carry their burden under that rule. That rule permits the Court to allow the belated act to be done upon motion for "good cause" showing that the failure to timely perform the act was the result of "excusable neglect". FED. R. CIV. P. 6(b)(2).

The moving party under Rule 6(b)(2) bears the burden of proving "good cause", i.e. excusable neglect. *E.g.* Yonofsky v. Wernick, 362 F.Supp. 1005, 1012 (S.D.N.Y. 1985), *citing* C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1165, at 622 (1969). "To establish excusable neglect […] a movant must show good faith and a reasonable basis for noncompliance. In re Painewebber Ltd. P'ships Litig., 147 F.3d 132, 135 (2nd Cir. 1998), *citing* 1 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE P 6.06(3)(b) (3d ed. 1997).

Plaintiffs offer no good faith or any reasonable basis for their failure to timely and properly serve Miller. *See* In re Painewebber Ltd. P'ships Litig, supra. Plaintiffs merely cite the

---

[1] Pursuant to Rule 4(m), Plaintiffs were required to effect service of the summons and Complaint on Miller by August 14, 2006, i.e. 120 days after the Complaint was filed on March 31, 2006. FED. R. CIV. P. 4(m).

"societal preference" in the wrong jurisdiction[2] as the sole basis for allowing them to do that which they could have and should have done in the 4 months prior to the August 14, 2006 deadline[3], which deadline is almost four months ago to date.  Irrespective of what Plaintiffs "maintain", they fail to carry their Rule 6(b)(2) burden, assuming *arguendo* that Rule 4(m) does not apply, to merit the relief requested.  Plaintiffs' motion should accordingly be denied.

WHEREFORE, Defendant W.C. and A.N. Miller Development Company respectfully requests the Court to deny Plaintiffs' Motion for Leave to Extend Time to Effectuate Service Upon Registered Agent for Defendant W.C. and A.N. Miller Development Company, and to grant to Defendant all other relief the Court deems appropriate.

Respectfully submitted,

_____/s/_____
Alfred L. Scanlan, Jr. (#395048)
Timothy P. Kilgore (#494512)
ECCLESTON AND WOLF, P. C.
2001 S Street, N. W., Suite 310
Washington, DC 20009-1125
(202) 857-1696

---

[2] Plaintiffs cite a District of Columbia Court of Appeals case, whereas this matter is obviously in federal court.
[3] *See* note 1, supra.  Plaintiffs' assertion that they served a Miller "officer" is contrary to facts known by Plaintiffs. As clearly stated in Miller's Motion to Quash Service and the accompanying affidavit, service was effected on a Miller summer intern.  Labeling a summer intern as an "officer" of the corporation exudes bad faith.

**LCvR 5.4(b)(5) CERTIFICATE**

I HEREBY CERTIFY that the original signed document is in the possession of the undersigned and that it is available for review upon request by a party or by the Court.

_____/s/_____
Timothy P. Kilgore

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of December 2006, a copy of the foregoing was sent via first class mail, postage prepaid, to:

Le Bon Bruce Walker
203 Seaton Place, N.E.
Washington, D.C. 20003

Selker, LLC
3001 Georgia Avenue, N.W.
Washington, D.C. 20001

_____/s/_____
Timothy P. Kilgore

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LE BON BRUCE WALKER, et al.

    Plaintiffs

v().

NEIL SELDMAN, et al.

    Defendants

Civil Action No. 06-CV-00603

**ORDER**

Upon consideration of Plaintiffs' Motion for Leave to Extend Time to Effectuate Service Upon Registered Agent for Defendant W.C. and A.N. Miller Development Company, Defendant W.C. and A.N. Miller Development Company's Opposition thereto, any reply thereto, and the entire record of this case, it is on this _____ day of _____2007, hereby

ORDERED that Plaintiffs' Motion for Leave to Extend Time to Effectuate Service Upon Registered Agent for Defendant W.C. and A.N. Miller Development Company be, and the same hereby is, DENIED.

_____
United States District Court Judge

-6-