IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LE BON BRUCE WALKER | * |
| Plaintiff | * |
| vs. | * Case No. 1:06-cv-00603-GK |
| NEIL SELDMAN, et al. | * |
| Defendants | * |

**DEFENDANT, NEIL SELDMAN'S MOTION FOR
ATTORNEYS' FEES AND COSTS**

COMES NOW, Defendant, Neil Seldman, by and through his undersigned counsel, pursuant to Fed. R. Civ. P. 54(d) and LCvR 54.2, and hereby files this Motion for Attorneys' Fees and Costs, and for grounds in support thereof, states as follows:

1. On January 18, 2007, this Court Entered an Order [#102] and Memorandum Opinion [#103] dismissing any and all claims asserted by Plaintiff, Le Bon Bruce Walker's ("Walker") in his Second Amended Complaint, including those claims asserted against Defendant, Neil Seldman.

2. As the prevailing party in this case, Defendant, Neil Seldman is entitled to his attorneys' fees and costs pursuant to the terms of a Deed of Trust executed by Walker on January 27, 2000.

3. Defendant, Neil Seldman adopts and incorporate herein the attached Memorandum of Points and Authorities in Support of this Motion for Attorneys' Fees and Costs.

WHEREFORE, Defendant, Neil Seldman, respectfully requests that this Honorable Court enter an Order granting the relief requested herein and entering a judgment and in favor of

Defendant, Neil Seldman against Plaintiff, Le Bon Bruce Walker for attorneys' fees of $17,415.00 and costs of $268.47, in the total amount of $17,683.47 and any further relief which this Court deems appropriate.

Respectfully Submitted,

MILES & STOCKBRIDGE P.C.

　/s/ James A. Sullivan, Jr.
G. VANN CANADA, JR. (D.C. Bar #366414)
JAMES A. SULLIVAN, JR. (D.C. Bar #475145)
11 North Washington Street
Suite 700
Rockville, Maryland 20850
Telephone: (301) 762-1600

Attorneys for Defendant, Neil Seldman

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of February, 2007, a copy of the foregoing was mailed via first class mail, postage prepaid, to the following:

Le Bon Bruce Walker
203 Seaton Place, N.E.
Washington, D.C. 20003

　/s/ James A. Sullivan, Jr.
James A. Sullivan, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LE BON BRUCE WALKER | * |
| Plaintiff | * |
| vs. | * Case No. 1:06-cv-00603-GK |
| NEIL SELDMAN, et al. | * |
| Defendants | * |

**DEFENDANT, NEIL SELDMAN'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF MOTION FOR
ATTORNEYS' FEES AND COSTS**

COMES NOW, Defendant, Neil Seldman, by and through his undersigned counsel, pursuant to Fed. R. Civ. P. 54(d) and LCvR 54.2, and hereby files this Memorandum of Points and Authorities in Support of his Motion for Attorneys' Fees and Costs, and for grounds in support thereof, states as follows:

**I.   INTRODUCTION**

In this lawsuit, Walker asserted claims against several defendants, including Defendant, Neil Seldman, on the basis of 1) violation of the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961-1968; 2) violations of 42 U.S.C. § 1983; 3) "fraudulent conveyance"; 4) conspiracy to commit fraud; 5) "collusion and unjust enrichment"; and 6) breach of contract. This case involved, inter alia, the propriety of the foreclosure sale of the property located at 1922 3rd Street, N.W., Washington, D.C. (the "1922 3rd Street Property"), under the terms of a Deed of Trust (the "Seldman Deed of Trust") executed by Walker on January 27, 2000, securing repayment of a loan from Defendant, Neil Seldman in the amount of $174,000.00. Pursuant to Paragraph 10

of the Seldman Deed of Trust which was recorded on January 28, 2000, as Instrument #200008480 among the Land Records of the Recorder of Deeds for the District of Columbia:

> [i]n the event that Grantor [Walker] breaches any of the covenants, undertakings or warranties of this Deed of Trust, or <u>institutes or defends any litigation in an attempt to prevent Holder [Seldman] from enforcing the terms of the Deed of Trust or Note and does not prevail in that litigation, then Holder will be entitled to damages from the Grantor, including the amount of any counsel fees and other litigation expenses incurred in enforcing the Deed of Trust and Note</u>."

(Emphasis supplied). A true and correct copy of the Seldman Deed of Trust is attached hereto as **Exhibit A**.[1]

On January 18, 2007, this Court Entered an Order [#102] and Memorandum Opinion [#103] granting summary judgment in favor of all defendants on the basis that Walker's RICO and 42 U.S.C. § 1983 claims were barred by principles of *res judicata* because of prior litigation in the Superior Court involving the same series of connected transactions, including the foreclosure sale of the 1922 3rd Street Property. This Court declined to exercise jurisdiction over the remaining state-law claims and dismissed Walker's case. As a prevailing party in this case, Defendant, Neil Seldman is entitled to his attorneys' fees and litigation costs pursuant to the aforementioned terms of the Seldman Deed of Trust.[2]

## II. ARGUMENT

The law of the District of Columbia incorporates the "American Rule" under which each litigant bears his or her own attorneys' fees and litigation expenses. F.D.I.C. v. Bender, 127 F.3d 58, 63 (D.C. Cir. 1997). An exception to this "American Rule" arises, however, when the parties allocate the fees and expenses among themselves by contract. Id.; Concord Enterprises, Inc. v.

---

[1] In the prior litigation, this document was attached and incorporated as an exhibit to Walker's verified complaint filed in the Superior Court.

[2] As the prevailing party in the prior litigation brought by Walker in the Superior Court of the District of Columbia arising out of the same Deed of Trust, the Court entered an award of attorneys' fees and costs against Walker on April 14, 2006. A true and correct copy of the Superior Court's Order dated April 14, 2006 is attached hereto and incorporated herein as **Exhibit B**.

Binder, 710 A.2d 219, 225 (D.C. 1998).  Thus, where a contractual agreement expressly provides for the payment of attorneys' fees, the trial court does not have any discretion to award no fees at all.  Bender, 127 F.3d at 64; Concord Enterprises, 710 A.2d at 225.   The Court's discretion is limited to ascertaining what amount constitutes a reasonable fee award.  Id.

In other words, absent public policy considerations or other unusual circumstances, the duty of the trial court is to give meaning to the full agreement of the parties, as interpreted by controlling case law.  Concord Enterprises, 710 A.2d at 225.  Consequently, when a Deed of Trust awards to a lender all costs and expenses of litigation arising out of the Deed of Trust, such a provision will generally be in force so long as it does not reimburse a party for greater than reasonably incurred expenses.  Id.

A common method for calculating the amount of attorneys' fees awards is to multiply the number of hours reasonably expended by a reasonable hourly rate.  Bender, 127 F.3d at 66 n.5.  The number of hours reasonably expended is determined by considering the total number of hours expended and disallowing unproductive time.  Id.  The reasonable hourly rate is determined by reference to the prevailing market rate in the relevant community.  Id.

Furthermore, the District of Columbia has adopted a list of 12 factors to be considered by the trial judge in determining attorneys' fee awards:  1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation and ability of the attorneys; 10) the "undesirability" of the case; 11) the nature and

3

length of the professional relationship with the client; and 12) awards in similar cases.  Bender, 127 F.3d at 66 n.6; Ginsberg v. Tauber, 678 A.2d 543, 552 (D.C. 1996).

Based upon these principles, there is no question that Seldman is entitled to attorneys' fees under the express provisions of the Seldman Deed of Trust.  As the prevailing party in the prior litigation brought by Walker in the Superior Court of the District of Columbia involving the same Deed of Trust, the Court entered an award of attorneys' fees and costs against Walker on April 14, 2006.  (See Exhibit B).  As the Superior Court found, "the provision for attorneys' fees in the Deed of Trust is clear and unambiguous.  The only question for the court is whether the fees requested are reasonable."  (See Exhibit B at 2)  The result should be no different in this case.

Clearly, the filing of the present action, which sought to set aside the foreclosure sale of 1922 3rd Street Property, was another attempt by Walker to prevent Seldman from enforcing the terms of the Seldman Deed of Trust.  Furthermore, by virtue of this Court's Memorandum Opinion and Order entered on January 18, 2007, Seldman is the prevailing party.  Consequently, the only question for this Court to decide is whether or not the fees requested by Seldman are reasonable.

Defendant, Seldman has provided all invoices and billing memoranda, which detail the hourly rates and the time expended in defending this case from April of 2006 through January of 2007. (See attached **Exhibit C**).  The reasonableness of Defendant, Seldman's attorneys' fees is supported by the Affidavit of G. Vann Canada, Jr., who has been in practice since 1966, and who certifies, inter alia, that the hours expended on this case by counsel for Defendant Seldman were fair and reasonable, and the hourly rates charged by counsel for Defendant, Seldman for the

4

services rendered are consistent with the market rates in the D.C. metropolitan area. (See attached **Exhibit C)**.

WHEREFORE, Defendant, Neil Seldman, respectfully requests that this Honorable Court enter an Order granting the relief requested herein and entering a judgment and in favor of Defendant, Neil Seldman against Plaintiff, Le Bon Bruce Walker for attorneys' fees of $17,415.00 and costs of $268.47, in the total amount of $17,683.47 and any further relief which this Court deems appropriate.

    Respectfully Submitted,

    MILES & STOCKBRIDGE P.C.


    __/s/ James A. Sullivan, Jr.__
    G. VANN CANADA, JR. (D.C. Bar #366414)
    JAMES A. SULLIVAN, JR. (D.C. Bar #475145)
    11 North Washington Street
    Suite 700
    Rockville, Maryland 20850
    Telephone: (301) 762-1600

    Attorneys for Defendant, Neil Seldman


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of February, 2007, a copy of the foregoing was mailed via first class mail, postage prepaid, to the following:

    Le Bon Bruce Walker
    203 Seaton Place, N.E.
    Washington, D.C. 20003


    __/s/ James A. Sullivan, Jr.__
    James A. Sullivan, Jr.