Doc# 2000008480

# DISTRICT OF COLUMBIA DEED OF TRUST

THIS DEED OF TRUST made this 27th day of January, 2000, by and between L B WALKER, joined by his wife, Patricia Walker who joins herein for the sole and limited purpose of waiver of dower, whose address is 1904-3rd Street, NW, Washington, DC 20001, hereinafter referred to a "Grantor" and C. BARRY MITCHELL and R. BRUCE MITCHELL, Trustees;

WHEREAS, Grantor is justly indebted unto NEIL SELDMA, (herein the "Holder") whose address is: 3362 Tennyson Street, NW, Washington, DC 20015, in the principal sum of ONE HUNDRED SEVENTY-FOUR THOUSAND U. S. Dollars ($174,000.00) being granted for purchase money loaned or money loaned on the hereinafter described land and premises which has an address of 1922-3rd Street, NW, Washington, DC 20001 for which amount the said Grantor has executed and delivered herewith one (1) certain promissory note (herein the "Note") bearing even date herewith and bearing interest and terms of repayment as therein prescribed.

The said Note has been identified by the Notary Public taking the acknowledgment to these presents as witness his notation and seal on the same.

Any notice to the Grantor provided for in this Deed of Trust or the said note shall be given by mailing such notice by certified mail addressed to Grantor at the property address stated above, or to such other address as Grantor may designate by notice to the Holder. Any notice to the Holder shall be given by mailing such notice by certified mail, return receipt requested, to the Holder at the address stated above, or such other address as may be designated by notice to the Grantor.

NOW, THEREFORE, THIS DEED OF TRUST WITNESSETH: That to secure the prompt payment of said indebtedness and all charges and advances as in said promissory Note and as herein provided, the Grantor, in consideration of the sum of One Dollar in hand paid by said Trustees at and before the sealing and delivering of these presents, the receipt of which is hereby acknowledged, does hereby grant and convey in fee simple unto the Trustees the land and premises lying and being in the District of Columbia, and described as follows:

Lot 10 in Block 13 in A. L. Barber and Company's subdivision of LeDroit Park, as per plat recorded among the Records of the Office of the Surveyor of the District of Columbia in Liber Governor Shepherd at folio 15;

NOTE: At the date hereof the above described land is designated on the Records of the Assessor of the District of Columbia for purposes of assessment and taxation as Lot numbered Ten (10) in Square numbered Thirty Hundred Eighty-nine (3089).

together with all the improvements in anyway appertaining thereto, and all the estate, right, title,

1



EXHIBIT A

interest, and claim, either at law or in equity or otherwise however, of the Grantor, of, in, to, or out of the said land and premises;

IN TRUST to permit said Grantor to use and occupy the said described land and premises and to receive the rents, issues, and profits thereof, until default be made in the payment of any indebtedness hereby secured and in the performance of the conditions and obligations made and stipulated in the said Note or in the performance of any covenant or agreement contained in this trust; and upon the full payment of all of said Note and any extensions or renewals thereof, and interest thereon, and all moneys advanced or expended as provided for in said promissory Note or as herein provided, and all other fees and costs for the enforcement or protection of the security instrument, including but not limited to 'in-house attorney, paralegal, courier and property inspection fees and costs at the same rate as could be obtained from outside firms, or, alternatively, reasonable fees from outside firms (all at the lender's discretion), charges, commissions, and expenses, at any time before the sale herein provided for to release and re-convey the said land and premises unto and at the cost of the Grantor or the party or parties then claiming under said Grantor.

The Grantor, for himself and his successors and assigns, covenants and agrees as a part of this trust, as follows:

1. Purposely omitted:

2. That Grantor will pay the indebtedness evidenced by the Note secured hereby, all taxes and assessments relating to the land and premises herein described, ground rents, all charges against the property, and all other sums which are required to be paid by him under the terms of said promissory Note or this Deed of Trust, including costs, expenses and fees and costs for the enforcement or protection of the security instrument, including but not limited to in-house attorney, paralegal, courier and property inspection fees and costs at the same rate as could be obtained from outside firms, or, alternatively, reasonable fees from outside firms (all at the lender's discretion) incurred by the Trustees or the holder of said note ("Holder") with respect to this trust, the said Note or the land and premises herein described, and in default of any such payment the Holder may pay the same, and any sum or sums so paid shall be added to the debt hereby secured, shall be payable on demand, shall bear full Note interest, and shall be secured by this Deed of Trust.

3. That Grantor will keep the said premises in as good order and condition as they are now and will not commit or permit any waste thereof, reasonable wear and tear excepted; and that Grantor will not act or fail to act in any manner which will jeopardize the lien of this Deed of Trust.

4. That Grantor will keep the improvements now existing, or hereafter erected on said land, insured against loss by fire and other hazards, casualties and contingencies in such amounts

2

and for such periods as may be required by the Holder, and will pay promptly, when due, any premiums on such insurance. All insurance shall be carried with companies and in form subject to approval by the Holder and the policies and renewals thereof shall be held by said Holder and have attached thereto loss payable clauses in favor of and in form acceptable to the Holder. The Holder can obtain insurance if the Borrower fails to provide insurance on aforesaid and demand immediate reimbursement from the Borrower. In event of loss Grantor will give immediate notice by mail to the Holder, who may make proof of loss if not made promptly by the Grantor, and each insurance company concerned is hereby authorized and directed to make payment for such loss directly to and to the order of the Holder, and the insurance proceeds or any part thereof may be applied by such Holder at his option either to the reduction of the indebtedness hereby secured or to the restoration or repair of the security property. In the event of sale under the terms of this Deed of Trust or other transfer of title to said security property in extinguishment of the indebtedness secured thereby, all right, title and interest of the Grantor in and to any insurance policies then in force shall pass to the purchaser or grantee.

     5.    That in the event the ownership of the security property becomes vested in a person other than Grantor, the Holder may at its option declare the entire debt due and payable in full or without notice to the Grantor, deal with such successor or successors in interest with reference to this instrument and the indebtedness secured hereby in the same manner as with Grantor, and any extension of the time of the payment of the indebtedness or any other modification of the terms of the indebtedness at the instance of the then owner shall not relieve the Grantor of his liability on the Note hereby secured or from the performance of any of the covenants and agreements contained herein whether said extension or modification be made without the consent of the Grantor.

     6.    That the irrevocable power to substitute one or more of the trustees named herein or substituted therefor is expressly waived to the Holder of the Note secured by this Deed of Trust to be exercised any time hereafter no matter how often without notice and without specifying any reason therefor by filing for record among the land records where this instrument is recorded a Deed of Appointment, and thereupon all of the title and estate, powers, rights and duties of the Trustee thus superseded shall terminate and shall be vested in the successor trustee or trustees. The Grantor and the Trustees herein named or that hereafter may be substituted hereunder expressly waive notice of the exercise of this power, the giving of bond by any trustee, and any requirement for application to any Court for the removal, substitution or appointment of a trustee hereunder.

     7.    That each Trustee acting hereunder shall be paid a fee of $40.00 for each document which Grantor is required to execute under the terms of this Deed of Trust.

     8.    That Grantor's failure to perform any of his obligations under this Deed of Trust or under said Note shall constitute a default and all 'indebtedness secured hereby shall immediately become due and payable at the option of the Holder. Any time thereafter, at the request of the Holder, the Trustees shall have the power and it shall be their duty to sell said land and premises or any part thereof at public auction, in such manner, at such time and place, upon such terms and conditions, and upon such public notice as the Trustees may deem best for the interest of all concerned, consisting of advertisement in a newspaper of general circulation in the county or city in which the security property is located for at least once a week for two consecutive weeks or for

such period as applicable law may require and, in case of default of any purchaser, to resell with such postponement of sale or resale and upon such public notice thereof as the Trustees may determine, and upon compliance by the purchaser with the terms of sale, and upon judicial approval as may be required by law, convey said land and premises 'in fee simple to and at the cost of the purchaser, who shall not be liable to see to the application of the purchase money; and from the proceeds of sale: FIRST, to pay all proper costs and charges, including but not limited to court costs, advertising expenses, auctioneer's allowance, the expenses, if any, required to correct any irregularity in the title, premium for Trustees' bond, auditor's fee, fees and costs for the enforcement or protection of the security instrument, including but not limited to in-house attorney, paralegal, courier and property inspection fees and costs at the same rate as could be obtained from outside firms, or, alternatively, reasonable fees from outside firms (all at the lenders discretion), and all other expenses of sale incurred in and about the protection and execution of this trust, and all moneys advanced for taxes, assessments, insurance, and with interest thereon as provided herein, and all taxes due upon said land and premises at time of sale, and to retain as compensation a commission of five percent (5%) on the amount of said sale or sales; SECOND, to pay the whole amount then remaining unpaid of the principal of said Note, and interest thereon to date of payment, and any advances made by the holder of the Note, together with interest thereon at the Note rate of interest, whether the same shall be due or not, it being understood and agreed that upon such sale before maturity of the Note the balance thereof shall be immediately due and payable; THIRD, to pay liens of record against the security property according to their priority of lien and to the extent that funds remaining 'in the hands of the Trustees are available; and LAST, to pay the remainder of said proceeds, if any, to the Grantor, his heirs, personal representatives, successors or assigns upon the delivery and surrender to the purchaser of possession of the said land and premises, less costs and expenses of obtaining possession.

     9.    That if the security property shall be advertised for sale, as hereinabove provided, and not sold, Grantor will pay all costs in connection therewith, including, but not limited to advertising, attorney's fees and a Trustees' commission of 2 ½% of the then unpaid principal balance of the indebtedness, and the same shall be secured in like manner as other charges and expenses relating to the execution of this trust and bear interest at the rate stated in said Note.

     10.    In the event that Grantor breaches any of the covenants, undertakings or warranties of this Deed of Trust, or institutes or defends any litigation in an attempt to prevent Holder from enforcing the terms of the Deed of Trust or Note and does not prevail in that litigation, then Holder will be entitled to damages from the Grantor, including the amount of any counsel fees and other litigation expenses incurred in enforcing the Deed of Trust and Note.

     11.    That Grantor warrants specially the property herein conveyed and that Grantor will execute such further assurances thereof as may be requisite.

     12.    In the event of a foreclosure under the Deed of Trust, all escrowed funds held by the holder of the Note secured by the superior Deed of Trust would be credited to the benefit of the recipient of the trustees deed following the foreclosure sale.

13. All water and sewer charges are to be paid by the property owner when rendered.

14. All parties to this Deed of Trust and the Note waive any right to a jury trial in the event that any litigation ensues.

15. The powers herein, when granted to two or more trustees, may be exercised by any of them acting individually or by all acting together.

16. The proceeds of the Note secured by this Deed of Trust are to be used for business or investment purposes and shall be used for the conduct of business or investment as provided in Title 28-3301 of the District of Columbia Code.

17. The provisions of this Deed of Trust shall be binding upon and inure to the benefit of Grantor, his heirs, personal representatives, successors and assigns, the Trustees and any successor, or substitute trustee or trustees, and the holder of the Note hereby secured. Whenever used herein, the singular shall include the plural, the plural the singular, and the use of any gender shall be applicable to all genders.

18. This Deed of Trust hereby incorporates the terms and conditions of the Note of the same date herein.

19. Each provision of this Deed of Trust, and the Note incorporated herein, shall be valid and enforced to the fullest extent permitted by law. If any provision of this Deed of Trust or Note shall to any extent be invalid or unenforceable, then such provision shall be deemed to be replaced by the valid and enforceable provision most substantively similar to such invalid or unenforceable provision, and the remainder of the Deed of Trust and Note shall not be affected thereby.

IN WITNESS WHEREOF the Grantor has hereunto set his/her or their hand(s) and seal(s) on the day and year first hereinbefore written.

_____(SEAL)
L B Walker

_____(SEAL)
Patricia Walker

DISTRICT OF COLUMBIA
STATE OF
COUNTY/CITY OF                              , to wit:

    I, the undersigned, a Notary Public, in and for the jurisdiction aforesaid, do hereby certify that this instrument was acknowledged before on this _____ day of _____, 2000 by L B Walker and Patricia Walker.

                                                     Notary Public

My Commission expires: 5/31/04

AFTER RECORDING MAIL TO:
Mr. Neil Seldman
3362 Tennyson Street, NW
Washington, DC 20015

6

```
Book:
Pages:    —
Filed & Recorded
   01/28/00  08:54:55 AM
HENRY M. TERRELL
RECORDER OF DEEDS
WASHINGTON D.C. RECORDER OF DEEDS
  SURCHARGE        $       5.00
  RECORDING        $      35.00
  RECORDATION TAX  $   1,914.00
```