SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

LE BON BRUCE WALKER,
    Plaintiff

v.                                       Civil Action No. 03-3882
                                          Calendar 14

NEIL SELDMAN, et al.,
    Defendants.

### ORDER

This matter is again before the court on Defendant Seldman's motion for cancellation and release of the notice of lis pendens and his motion for a judgment awarding attorneys' fees and costs. On April 25, 2005, the court dismissed Plaintiff's action pursuant to Super. Ct. Civ. R. 41(b). The order was docketed on April 27, 2005. Defendant Seldman timely filed his motions on May 11, 2005. On July 25, 2005 (docketed July 26, 2005), the court denied Plaintiff's motion for reconsideration of the April 25, 2005 order of dismissal. Plaintiff appealed that order, and Defendants noted a cross-appeal. In its July 25, 2005 order, the court deferred ruling on Defendant's instant motions pending the outcome of any appeals. On December 21, 2005, the Court of Appeals summarily affirmed this court's denial of Plaintiff's motion for reconsideration of the order of dismissal, and on February 14, 2006, the Court of Appeals denied Plaintiff's petition for rehearing and rehearing en banc. On February 15, 2006, the Court of Appeals dismissed Defendants' cross-appeal as moot. On February 24, 2006, Defendant Seldman filed a supplement to his motion to include the additional attorneys' fees and costs incurred defending Plaintiff's appeal. On March 15, 2006, Plaintiff filed in the Court of Appeals a motion to recall

4/13/06
Order docketed and copies mailed from Chambers, First Class Mail, to parties indicated above on 4/14/06.


EXHIBIT B

the mandate. The Court of Appeals denied that motion in an order entered April 6, 2006. Defendant Seldman's motions are therefore finally ripe for decision.

Defendant's motion for cancellation and release of the notice of lis pendens will be granted. Pursuant to D.C. Code § 42-1207(d), Defendant Seldman now has a final judgment of dismissal and he is entitled to an order canceling and releasing the notice of lis pendens.

Defendant Seldman is also entitled to an award of attorneys' fees and costs. Plaintiff defaulted on his mortgage. Defendant Seldman foreclosed. Plaintiff filed this action seeking to set aside the foreclosure alleging, <u>inter alia</u>, wrongful foreclosure, conspiracy to commit fraud and unjust enrichment. Plaintiff's Deed of Trust provided, in pertinent part:

> In the event that Grantor breaches any of the covenants, undertakings or warranties of this Deed of Trust, or institutes or defends any litigation in an attempt to prevent Holder from enforcing the terms of the Deed of Trust or Note and does not prevail in that litigation, then Holder will be entitled to damages from the Grantor, including the amount of any counsel fees and other litigation expenses incurred in enforcing the Deed of Trust and Note.

Plaintiff, to say the least, "does not prevail in that litigation." He narrowly escaped summary judgment and then elected not to proceed on the day of trial. There has now been entered a final judgment of dismissal, and Plaintiff has exhausted all rights of appeal.[1] The provision for attorneys' fees in the Deed of Trust is clear and unambiguous. The only question for the court is whether the fees requested are "reasonable." <u>Concord Enterprises, Inc. v. Binder</u>, 710 A.2d 219, 225 (D.C. 1998). The court has carefully scrutinized Defendant's statement of fees submitted by his counsel. The amount, while large, is fully justified by the nature of the litigation. The hours spent by counsel were reasonably necessary to defend the action brought by

---

[1] It is both wrong and disingenuous for Plaintiff to argue that the dismissal of this action was not a judgment on the merits. Pursuant to Super. Ct. Civ. R. 41(b), the dismissal is an adjudication on the merits. Moreover, Plaintiff's election not to proceed to trial on April 25, 2005, deprived Defendants of their opportunity to demonstrate once and for all that Plaintiff's challenge to the foreclosure was without merit.

2

Case 1:06-cv-00603-GK   Document 104-3   Filed 02/01/2007   Page 3 of 4
Case 1:06-cv-00603-GK   Document 43   Filed 08/03/2006   Page 3 of 4

Plaintiff, and the hourly rates charged by the attorneys were certainly commercially reasonable considering the competence and experience of the attorneys involved.[2]

As the prevailing party, Defendant Seldman is entitled to an award of costs pursuant to Super. Ct. Civ. R. 54(d). This covers filing fees and other ordinary court costs. Extraordinary costs are recoverable under Rule 54-I. This certainly includes deposition transcripts, records search and fees for copying, and other expenses for materials to be used at trial or necessary for the preparation of an adequate defense. Defendant Seldman also seeks costs for Westlaw research, long distance calls, travel to court, parking and the like. Whether or not the court would exercise its discretion to award these amounts pursuant to Rule 54-I, they are plainly reasonable under the circumstances of this case and recoverable as a matter of contract under Paragraph 10 of the Deed of Trust.

For the foregoing reasons it is this 13th day of April, 2006,

ORDERED that judgment shall be entered in favor of Defendants dismissing the complaint with prejudice; and it is further

ORDERED that, pursuant to D.C. Code §42-1207(d), the judgment shall expressly provide that the notice of lis pendens recorded in the Land Records of the District of Columbia Recorder of Deeds as instrument no. 58964 on May 14, 2003, is cancelled and released; and it is further

---

[2] At least some of the attorneys' fees charged were attributable to the rather haphazard way in which Plaintiff chose to litigate his action. Even a cursory review of the motions and orders in the court file demonstrates Plaintiff's numerous defaults in his discovery obligations and failure to prosecute his case with reasonable diligence.

3

ORDERED that the judgment for Defendant Seldman shall include the award of attorneys' fees in the amount of $ 91,702.50 and costs in the amount of $3,367.05, plus the cost of canceling and releasing the notice of lis pendens, plus interest on these amounts at the statutory rate from the date of judgment.

/JUDGE FREDERICK H. WEISBERG

Copies to:

Lucy Edwards
3001 Georgia Avenue, N.W.
Washington, D.C. 20001

James Sullivan
Miles & Stockbridge
11 North Washington Street, Suite 700
Rockville, MD 20850

Craig Brodsky
One South Street, 20th Floor
Baltimore, MD 21202

Le Bon Bruce Walker
203 Seaton Place, N.E.
Washington, DC 20002