RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NANCY M.
MAYER-WHITTINGTON
CLERK

| | | |
|---|---|---|
| LE BON BRUCE WALKER, ET. AL., | : | |
| | : | |
| Plaintiffs, | : | No. 1:06- CV-00603 (GK) |
| | : | |
| v. | : | |
| | : | |
| NEIL SELDMAN, ET. AL., | : | |
| | : | |
| Defendants. | : | |

**RECEIVED**

FEB 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PLAINTIFFS' OPPOSITION TO DEFENDANT, NEIL SELDMAN'S MOTIONS FOR ATTORNEYS' FEES AND COSTS AND FOR CANCELLATION AND RELEASE OF NOTICE OF LIS PENDENS

COME NOW PLAINTIFFS LE BON BRUCE WALKER ("Walker") and SELKER, LLC and respectfully oppose the Motions of Defendant Neil Seldman ("Seldman") for Attorneys' Fees and Costs and for Cancellation and Release of Notice of Lis Pendens. Walker et al. refer the Court to the Memorandum of Points and Authorities below as grounds for this Opposition.

WHEREFORE the premised considered as fully set out in the Memorandum of Points and Authorities below, Plaintiff prays that this Court deny Seldman's Motions for Attorneys' Fees and Costs and for Cancellation and Release of Notice of Lis Pendens.

Respectfully submitted,

Le Bon Bruce Walker
203 Seaton Place NE
Washington, DC 20002
(202) 491-2940

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of February, 2007, a copy of the foregoing Opposition above and Memorandum of Points and Authorities below was mailed first class, postage prepaid to: James A. Sullivan, Jr., Esquire, and to G. Vann Canada, Jr., Esquire, 11 N. Washington, Street, Suite 700, Rockville, MD 20850 and to all interested parties.

Le Bon Bruce Walker

2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

LE BON BRUCE WALKER, ET. AL.,           :
                                        :
                    Plaintiffs,         :   No. 1:06- CV-00603 (GK)
v.                                      :
                                        :
NEIL SELDMAN, ET. AL.,                  :
                                        :
                    Defendants.         :
_____       :

## MEMORANDUM OF POINTS AND AUTHORITIES

Walker et. al., contend that Seldman is not entitled to receive attorneys fees and costs for his defense against Plaintiffs' claims nor is he entitled to the release of the notice of lis pendens at this time. On February 15, 2006, Walker filed a Notice of Appeal in this Court to the United States Court of Appeals for the DC Circuit from this Court's Order of January 18, 2007 granting *inter alia* partial summary judgment to Seldman and dismissing Walker et. al.'s Second Verified Complaint. Seldman argues that as the prevailing party in this case, he is entitled to receive attorneys fees and litigation costs, pursuant to paragraph 10 of the Deed of Trust executed between Seldman and Walker and secured by the real property located at 1922 3rd Street, NW, Washington DC ("the property"). Seldman argues that under Fed. R. Civ. P54(d) and LCvR 54, 2, he is entitled to his legal fees since a final judgment has been entered in his favor.

Walker argues here that this Court cannot say at this juncture that Seldman is the prevailing

3

party by virtue of the fact that Plaintiffs have sought review of its Order in the Appellate Court. The final determination of who the prevailing party is now rests with the higher Court. Walker et. al. contend that it would be an appropriate measure for this Court to deny any request for attorneys fees and for the release and cancellation of the Notice of Lis Pendens until the issues on appeal have been decided. See for example, *Williams Enterprises, et al. v. Sherman R. Smoot, Co., et. al,* 938 F. 2d 230, 237 (D.C. Cir. 1991)(damages to prevailing party pursuant to contract due after final resolution including all appeals); *Democratic Central Committee of the District of Columbia v. Washington Metro. Area Transit Comm'n,* 842 F.2d 402, 405 (DC Cir 1998)(U.S. Court of Appeals declined to rule on request for attorneys' fees pending remand to Commission); *U.S. Industries, Inc., v. Blake Const. Co.,* 765 F.2d 195, 200 (DC Cir. 1985)(District Court held action seeking recovery of litigation expenses in abeyance pending resolution of subcontract case appeal), See also *Breiner v. Daka, Inc.,* 806 A.2d 180, 183 (DC 2002))(filing of a motion for attorneys' fees will not affect the finality or appealability of a judgment. If judgment is appealed, the Court may... defer the ruling, or may deny the motion without prejudice and provide a new period for filing after resolution of the appeal. Rule 54(d)(2)(B) ).

Walker maintains that given this Court's ruling that the case is dismissed on *res judicata* grounds in light of the DC Superior Court's decision and that Court deferred its ruling on Seldman's Motions for attorneys' fees and for costs and for release and cancellation of Notice of Lis Pendens pending resolution of Walker's appeal, this Court should also deny Seldman's Motions at this juncture. The U. S. District Court should also deny the Motion for Attorneys'Fees and Costs pending resolution of the appeal in this case because the award is excessive, and includes, for example, costs for defending against a counter-claim and a cross-claim filed by another Defendant.

4

Moreover, there are exorbitant costs for sending such things as e-mails to non-parties and responses to pleadings that do not appear to be a part of the case. It is reasonable to argue here that an award of almost $ 20,000.00 for legal fees and costs to Seldman for his defense against allegations in a Complaint that never reached the trial stage, where no discovery was ever propounded upon Seldman and where the Court granted Seldman's Motion for Summary partial judgment while the case was in its early stages is excessive.[1] The Motion for Attorneys Fees and Costs should be denied or denied pending resolution of Walker's appeal out of fairness to Plaintiff, so that he may freely exercise his right to an appeal from the Order of this Court entered on January 18, 2007.

The Motion for Cancellation and Release of Notice of Lis Pendens should be denied by operation of the DC Code governing recording of notices of lis pendens among the Land Records of the DC Recorder of Deeds. DC Code § 42-1207(d) regarding the release of a notice of lis pendens states in relevant part:

> If judgment is rendered in the action or proceeding against the party who filed the notice of the pendency, the judgment shall order the cancellation and release of the notice at the expense of the filing party as part of the costs of the action or proceeding.....In a case in which an appeal from such judgment would lie, the prevailing party shall not record the judgment until after the expiration of the latest of the following: (1) The time in which an appeal may be filed; (2) The time in which an appeal, which has been applied for, has been refused; or (3) Final judgment has been entered by the appellate court from an appeal which was granted.

The language of § 42-1207(d) of the DC Code is consistent with the argument that the

---

[1]The DC Superior Court awarded Seldman almost $ 100, 000.00 in legal fees and costs for his defense against Walker's claims. That award which is also excessive is the subject of a petition for a writ of certiorari pending before the United States Supreme Court to the DC Court of Appeals. Plaintiff also notes here that the award included Seldman's legal fees for his defense against Walker's appeal, which was entered by the trial court.

Motion for Cancellation and Release of Notice of Lis Pendens should not be granted or it should certainly be stayed pending resolution of Walker et al.'s appeal from this Court's Order of January 18, 2007. Here again the reasoning is that a notice of lis pendens cannot be cancelled and released until it is apparent to the whole world who the prevailing party actually is. Such determination cannot be made until the non-prevailing party has exhausted his rights to an appeal and the merits of the appeal has been concluded.

Should this Court decide not to defer its ruling on the Seldman's Motion for Attorneys Fees and Costs (which it should deny), Walker et. al maintain that the Motion should be denied because the legal fees and costs requested by Seldman do not derive from the contractual agreement executed by Walker in the form of the Deed of Trust secured by the property. Seldman argues that he is entitled to his legal fees and costs based upon the language of the Deed of Trust. Paragraph 10 of the Deed of Trust executed by Walker on January 27, 2000, securing the loan from Seldman for $174,000.00 provides:

> In the event that Grantor breaches any of the covenants, undertakings or warranties of this Deed of Trust, or institutes or defends any litigation in an attempt to prevent Holder from enforcing the terms of the Deed of Trust or Note and does not prevail in that litigation, the Holder will be entitled to damages from the Grantor, including the amount of any counsel fees and other litigation expenses incurred in enforcing the Deed of Trust and Note.

The right of Seldman in this instance to collect legal fees and costs derives solely from his efforts to enforce the Deed of Trust and Note and not from a tort action alleging wrongful foreclosure which is collateral to the right of the Note Holder to collect his debt. The following facts are important to this issue. In December , 2002, and while Walker was incarcerated in Jessup, Maryland

6

State Penitentiary, Seldman directed the Substitute Trustees, Elizabeth Menist and Diane Stewart to begin foreclosure proceedings. On January 15, 2002, the foreclosure sale was carried out and Seldman took title to the property by way of a Substitute Trustees Deed[2] conveying title to Defendant. Walker brought suit against Seldman for varied torts growing out of the foreclosure sale on May 12, 2003, almost a year and a half after Seldman directed his Substitute Trustees to foreclose on the property.

A strict reading of Paragraph 10 of the Deed of Trust executed by Walker to secure the loan in favor of Seldman is consistent with Walker's argument that Seldman was not entitled to receive his legal fees based upon the contractual provisions (Deed of Trust) because no contractual provisions existed when Walker brought suit in the DC Superior Court. Seldman had conveyed title to the property in another. Thus, the terms of the contract or Deed of Trust and Note had already been enforced, and Walker's liability to Seldman was over. The contract obviously did not survive the foreclosure in that the value of property far exceeded the value of the Note and the Noteholder (Seldman) received his relief by foreclosing on the property.

Walker's action was not an action to prevent a foreclosure or to prevent Seldman from enforcing the Deed of Trust which would have possibly invoked the terms of Deed of Trust at Paragraph 10 (entitlement of Seldman to his reasonable legal fees as the prevailing party). Here,

---

[2]Walker was unaware of the fact that the Substitute Trustees had carried out the foreclosure because he was waiting for Seldman to give him the amount needed to cure his default, pursuant to Seldman's letters and/or he believed that he was in negotiations with Seldman to refinance the property. Walker did not know that the foreclosure had taken place until around June, 2002, when Seldman's attorney John Scheureman sent him a letter indicating that Seldman would sell him the property back for $ 975,000.00. On or about December 24, 2002, Seldman and his wife refinanced the property and received the sum of $ 364,631.50 from the refinancing.

there was no Deed of Trust to enforce; Seldman had already foreclosed and collected the money

owed him by Walker. Seldman seeks to collect legal fees a third time on a non-existent Deed of

Trust which did not exist when Walker brought his action for unlawful foreclosure in the DC

Superior Court or in this Court.

Walker's action was collateral to Seldman's foreclosure on the property and the request for

attorneys fees by Seldman grew out of that collateral procedure and not out of any attempt on

Walker's part to sue Seldman for purposes of preventing a foreclosure, where Seldman alleged a

breach of the terms of the Deeds of Trust. In other words, Seldman's reliance upon the terms of the

Deed of Trust to automatically collect the full amount of his legal fees and costs amounts to relying

upon a moot issue. There was no Deed of Trust encumbering Walker to Seldman after the

foreclosure. Seldman's reliance upon the Deed of Trust or the contractual agreement to argue that

the trial court, in this instance, does not have any discretion to deny an award of legal fees is

erroneous and the "American Rule" in the District of Columbia applies hereto. *F.D.I. C. v. Bender,*

127 F.3d 58, 63 (D.C. Cir. 1997); *Alyeska Pipeline Services Co. v. Wilderness Society,* 421 U.S. 240,

247 (1975). This is not the same scenario as in, for example, *Concord Enterprises, Inc. v. Binder,*

710 A.2d 219, 225 (DC 1998) where the action derived from the terms of a contractual agreement.

If this Court were to exercise its discretion to award attorneys fees and costs, it must do so

under a different standard than the one relied upon by Seldman and this standard would certainly

involve the reasonableness of the request in derogation to the American Rule. *Launay v. Launay,*

*Inc.,* 497 A.2d 443 (DC 1985); In re *Antioch University,* 482 A.2d 133, 135-136 (DC 1984).

Exceptions to the American Rule for attorneys fees not derived from a contractual agreement

between parties as outlined in *Launay v. Launay,* supra at 449-451 permit: (1) an award of attorneys

8

fees to an individual who possesses or recovers a fund or property for the benefit of others; (2) an award of attorneys fees when the other party has acted in bad faith, vexatiously, wantonly, or for other oppressive reasons and (3) an award of legal fees when the legislature has made "specific and explicit" provisions for the allowance of attorneys fees under selected statutes. It is plain that none of these exceptions apply to the case at bar. Seldman did not obtain the property for a purpose other than for his own interest. Walker, contrary to Seldman's assertions in his Motion for Attorneys' Fees and Costs, did not act in bad faith or for a frivolous purpose simply because this Court ruled that Plaintiffs' Complaint be dismissed on res judicata grounds and there is no legislative statute that would automatically award legal fees to Seldman as the prevailing party in this litigation. In short, there are no sufficient grounds for this Court to award Seldman legal fees and costs in this case.

The simple facts herein notwithstanding this Court's Order of January 18, 2007, are that Plaintiff, due largely to Seldman's actions, is without his home. He has lost all of his business interests in SELKER, LLC's real property and any profits that could have been derived from the business. Plaintiff has incurred $100,000.00 payable to Seldman for Defendant's legal fees in another court pursuant to a non-enforceable Deed of Trust. In addition, Walker has incurred huge legal bills in his attempts to seek relief from Seldman's actions. It would be an injustice for this Court to award Seldman additional legal fees again on the grounds that such fees were justified by operation of the Deed of Trust that was voided in January 2002 by foreclosure, long before any action was ever brought in any DC Court. Walker would request that should this Court be inclined to award Seldman any legal fees before resolution of Plaintiffs' appeal, it hold an evidentiary hearing to determine the reasonableness of Seldman's request prior to any decision on the Motions.

Respectfully submitted,

Le Bon Bruce Walker

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LE BON BRUCE WALKER, ET. AL.,     :

                             :

                Plaintiffs,    :  No. 1:06- CV-00603 (GK)

                             :

         v.                   :

                             :

NEIL SELDMAN, ET. AL.,         :

                             :

              Defendants.   :

_____:

## <u>ORDER</u>

Upon full consideration of Plaintiffs' Opposition to Defendant, Neil Seldman's Motions for

Attorneys' Fees and Costs and for Cancellation and Release of Notice of Lis Pendens, this opposition

submitted thereto, the record herein, and good cause not having been shown, it is this _____

day, of _____, 2007,

**ORDERED**    that the Motions are DENIED and/or it further,

**ORDERED**    that a hearing in this matter is scheduled for _____ 2007.


                                          _____

                                          Judge Gladys Kessler

Copies to:

Le Bon Bruce Walker
203 Seaton Place NE
Washington, DC 20002


SELKER, LLC
3001 Georgia Ave NW
Washington, DC 20001


G. Vann Canada, Jr., Esquire
James A. Sullivan, Jr., Esquire
11 North Washington Street
Suite 700
Rockville, MD 20850