UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LE BON BRUCE WALKER, ET. AL., :

        Plaintiffs, :    No. 06-CV-00603 (G.K.)

v. :

NEIL SELDMAN, ET. AL., :

        Defendants. :

**RECEIVED**
MAY 2 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**MOTION FOR RECONSIDERATION OF ORDER ENTERED ON
MAY 17, 2007 GRANTING DEFENDANT, NEIL SELDMAN'S MOTION
FOR CANCELLATION AND RELEASE OF NOTICE OF LIS PENDENS**

**Rule 7.1 Statement**

I hereby certify that I was unable to reach counsel for Defendant, Neil Seldman to seek his consent to the filing of this Motion.

**Motion for Reconsideration of Order Entered on May 17, 2007 Granting Defendant, Neil Seldman's Motion for Cancellation and Release of Notice of Lis Pendens**

COMES NOW PLAINTIFF, LE BON BRUCE WALKER ("Walker") pro se, and respectfully moves this Court for an Order reconsidering and vacating its Order entered on May 17, 2007 granting Defendant, Neil Seldman's ("Seldman") Motion for Cancellation and Release of Notice of *Lis Pendens* on the grounds that entry of such Order is plainly wrong given the posture of this case. Walker refers the Court to the Memorandum of Points and Authorities below in support of this Motion.

WHEREFORE the premises considered in the Memorandum of Points and Authorities as fully set out below, Walker prays that this Court grant the Motion and Vacate its Order entered on May 17, 2007, cancelling and releasing the Notice of Lis Pendens recorded among the land records in the DC Recorder of Deeds' Office as Instrument #2006050770. Alternatively this Court should

enter an Order staying the enforcement of the Judgment entered on January 17, 2007 granting summary judgment to Seldman.

Respectfully submitted,

Le Bon Bruce Walker
203 Seaton Place, NE
Washington, DC 20002
(202) 491-2940

## CERTIFICATE OF SERVICE

I hereby certify that on this __25th__ day of __May__, 2007, a copy of the foregoing Motion above and Memorandum of Points and Authorities below, was mailed first class, postage prepaid to:

| | | |
|---|---|---|
| James A. Sullivan, Jr., Esq,<br>G. Van Canada, Jr., Esquire<br>MILES & STOCKBRIDGE<br>11. North Wash St, Ste 700<br>Rockville, MD 20850<br><br>Michael N. Russo, Jr., Esq<br>& Stephen A. Oberg, Esq<br>125 West Street 4th Floor<br>P.O. Box 2289<br>Annapolis, Md 21404-2289<br><br>Robert N. Levin, Esquire<br>1901 Research Blvd., Ste 400<br>Rockville, MD 20850 | Carol Blumenthal, Esquire<br>1700 17th Street NW, Ste 301<br>Washington, DC 20005<br><br>David D. Hudgins, Esquire<br>515 King Street, Suite 400<br>Alexandria, VA, 22314<br><br>Albert A. Foster, Jr., Esquire<br>Peter K. Tomopa, Esquire<br>Dillingham & Murphy, LLP<br>1155 Conn Ave NW Ste 1120<br>Washington, DC 20036<br><br>Peter I Grasis, Esquire<br>10555 Main St, Suite 450<br>Fairfax, Virginia 22030 | Alfred L. Scanlan, Jr. Esq<br>ECCLESTON & WOLF, PC<br>2001 S Street NW, Ste 310<br>Washington, DC 20009-1125<br><br>F. Joseph Nealon, Esquire<br>Kirsten E. Keating, Esquire<br>Ballard Spahr Andrews &<br>Ingersoll, LLP<br>601 13th St NW Ste 1000 S<br>Washington, DC 20005<br><br>Robert A. Scott, Esquire<br>Ballard Spahr Andrews &<br>Ingersoll, LLP<br>300 East Lombard St, 18th Flr<br>Baltimore, Md 21202 |

Le Bon Bruce Walker

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LE BON BRUCE WALKER, ET. AL.,          :
                                        :   No. 06-CV-00603 (G.K.)
                Plaintiffs,   :

v.                                      :

NEIL SELDMAN, ET. AL.,                  :

                Defendants.    :

**MEMORANDUM OF POINTS AND AUTHORITIES**

On May 17, 2007 this Court entered an Order cancelling Walker's Notice of Lis Pendens recorded among the land records pursuant to DC Code §42-1207 (d). Walker maintains that the Court erred in entering this Order at this time and that the Order should be vacated or stayed for the reasons outlined below.

On February 15, 2007, Walker filed a notice of appeal to the United States Court of Appeals for the DC Circuit[1] from this Court's Order entered on January 17, 2007 granting partial summary judgment to Seldman and dismissing Walker's case. The appeal was docketed on February 28, 2007 and assigned case no. 07-7027. Walker argues that the U.S. District Court improperly released and cancelled the Notice of Lis Pendens in light of Walker's pending appeal at this stage, because it is

---

[1] On April 10, 2007, the United States Court of Appeals for the District of Columbia Circuit entered an Order requiring Walker to pay the docketing fee and the filing fee to the Clerk of the U.S. District Court for the District of Columbia or face dismissal for lack of prosecution. Walker tendered the payment timely pursuant to the Order and filed a response to the Court's show cause Order regarding the status of SELKER, LLC as a party to the appeal. SELKER is not the relevant party in this instance.

3

not certain who the prevailing party will be. The cancelling and release of the Notice of Lis Pendens therefore provides an avenue for a possible third-party purchaser to take title to the property (1922 3rd Street NW Washington, DC) and a means for the U.S. Court of Appeals to possibly apply the mootness doctrine to Walker's issues on appeal. This would be prejudicial to Plaintiff/Appellant.

The Recordation of the Notice of Lis Pendens acts as a bar or stay and it keeps the case in its current posture until the rights of the parties are finally decided. DC Code § 42-1207(d) provides in pertinent part:

> (d) If judgment is rendered in the action or proceeding against the party who filed the notice of the pendency the judgment shall order the cancellation and release of the notice at the expense of the filing party as part of the costs of the action or proceeding. When appropriate, the court may also impose sanctions for the filing. In a case in which an appeal from such judgment would lie the prevailing party shall not record the judgment until after the expiration of the latest of the following: (1) The time in which an appeal may be applied; (2) The time in which an appeal, which has been applied for, has been refused; or (3) Final judgment has been entered by the appellate court from an appeal which has been granted....

Under this section of the D.C. Code, the Notice of Lis Pendens remains in place until any appeal has been decided and the prevailing party shall not record [or act upon] the Judgment. This Court's Order releasing and cancelling the Notice of Lis Pendens permits Seldman to proceed with the sale of the property pending Walker's appeal. This is not the purpose of the D.C. Code regarding the pendency of actions involving real property situated in the District of Columbia. (See D.C. Code § 42-1207 et. seq.). Walker submits that the Court's Order as it stands frustrates the purposes for which this section of the Code was enacted or put another way, the Order lifts the stay already in existence to permit the entry of the rights of a third party purchaser so that Walker would have to seek a stay from the District Court or the U.S. Court of Appeals for the DC Circuit. Seeking a stay form the Court is not guaranteed and it is, therefore, left up to the discretion of the Court. This is

not the purpose of enacting §42-1207 et. seq. with respect to real property.

A stay of some means is appropriate here because as discussed earlier, the effect of this Court's Order prematurely cancelling and releasing the Notice of Lis Pendens pending appeal and before the prevailing party is finally determined gives rise to the possible inclusion of rights of unrelated parties which could moot out Walker's rights on appeal. Such a circumstance poses an unfair prejudice to Walker. This Court must uphold the provisions of the DC Code (§ 42-1207 (d) (1-3) and defer any ruling on the Motion for Release and Cancellation of the Notice of Lis Pendens or in the alternative, issue a stay of the Order granting summary judgment pending its review on appeal.

A stay of the Order should be granted because Walker believes he is likely to prevail on the merits of his appeal in the District Court. Seldman will suffer no prejudice if a stay is granted because he is in possession of the property and has demonstrated no urgent financial need to sell the property. Walker on the other hand will suffer irreparable harm if he is unfairly deprived of the protections under §42-1207 and if no stay by this Court is put in place, Walker will most assuredly have his appeal rendered moot. The public will be harmed because the Order of the Court violates the intent and purposes of the "Fairness In Real Estate Transactions . . . Act" enacted as D.C. Code §42-1207, et. seq. which was designed to strengthen the common law concept of lis pendens in civil actions. *Virginia Petroleum Jobbers Association v. Federal Power Commission*, 259 F.2d 921, 925 (D.C. Cir. 1958).

Respectfully submitted,

_/s/ Le Bon Bruce Walker_
Le Bon Bruce Walker

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LE BON BRUCE WALKER, ET. AL.,          :
                                        No. 06-CV-00603 (G.K.)
          Plaintiffs,   :

v.                                      :

NEIL SELDMAN, ET. AL.,                 :

          Defendants.  :

## ORDER

Upon full consideration of Plaintiff's Motion for Reconsideration of Order Entered on May 17, 2007, Granting Defendant, Neil Seldman's Motion for Cancellation and Release of Notice of Lis Pendens, any opposition thereto, the record herein and good cause having been shown, it is this _____ day of _____, 2007,

**ORDERED** that the Motion is granted and it is further,

**ORDERED** that the Order entered on May 17, 2007 releasing and cancelling the notice of lis pendens is vacated, and/or it is,

**ORDERED** that the Motion of Defendant to cancel and release the notice of lis pendens is held in abeyance pending Plaintiff's appeal and/or the Order of this Court entered on January 17, 2007 is stayed pending appeal.

_____
JUDGE GLADYS KESSLER

cc:

Le Bon Bruce Walker
203 Seaton Place, NE
Washington, DC  20002

James A. Sullivan, Jr., Esq,
G. Van Canada, Jr., Esquire
MILES & STOCKBRIDGE
11. North Wash St, Ste 700
Rockville, MD 20850

Michael N. Russo, Jr., Esquire
& Stephen A. Oberg, Esquire
125 West Street 4th Floor
P.O. Box 2289
Annapolis, Maryland  21404-2289

Robert N. Levin, Esquire
1901 Research Blvd., Ste 400
Rockville, MD 20850

Carol Blumenthal, Esquire
1700 17th Street NW, Ste 301
Washington, DC  20005

David D. Hudgins, Esquire
515 King Street, Suite 400
Alexandria, VA, 22314

Albert A. Foster, Jr., Esquire
Peter K. Tomopa, Esquire
Dillingham & Murphy, LLP
1155 Conn Ave NW Ste 1120
Washington, DC  20036

Peter I Grasis, Esquire
10555 Main St, Suite 450
Fairfax, Virginia  22030

Alfred L. Scanlan, Jr. Esq
ECCLESTON & WOLF, P.C.
2001 S Street NW, Suite 310
Washington, DC  20009-1125

F. Joseph Nealon, Esquire
Kirsten E. Keating, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
601 13th St NW, Suite 1000 S
Washington, DC  20005

Robert A. Scott, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
300 East Lombard St, 18th Floor
Baltimore, Md  21202